NIELSEN, MERKSAMER, PARRINELLO,
  MUELLER & NAYLOR, LLP
JAMES R. PARRINELLO, SBN #63415
SEAN P. WELCH, SBN #227101
2350 KERNER BLVD., SUITE 250
SAN RAFAEL, CA 94901
TELEPHONE (415) 389-6800
FAX        (415) 388-6874
e-mail: jparrinello@nmgovlaw.com

*Attorneys for Defendant*
W.J. Deutsch & Sons, Ltd.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RENWOOD WINERY, INC.,<br><br>   *Plaintiff,*<br><br>v.<br><br>W.J. DEUTSCH & SONS, LTD., a New York Corporation, and DOES 1-50, inclusive,<br><br>   *Defendants.* | Case No.  C 08-02848 JCS<br><br>**NOTICE OF MOTION AND MOTION TO: (a) DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FAILURE TO STATE A CLAIM FOR RELIEF; AND (b) COMPEL ARBITRATION**<br><br>DATE:  July 18, 2008<br>TIME:  9:30 a.m.<br><br>Hon. Joseph C. Spero |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

     PLEASE TAKE NOTICE that on July 18, 2008, at 9:30 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court before the Honorable Joseph C. Spero, in Courtroom A, located on the 15th Floor at 450 Golden Gate Avenue, San Francisco, California, Defendant W.J. DEUTSCH & SONS, LTD. ("Defendant") will and hereby does move this Court as follows:

## MOTION TO DISMISS

Defendant moves the Court to dismiss Plaintiff RENWOOD WINERY, INC.'s complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) because this Court lacks subject matter jurisdiction over this dispute and said complaint fails to state a claim upon which relief can be granted.  Defendant makes this motion on the basis that the claims set forth in Plaintiff's complaint are unquestionably subject to arbitration under the parties' agreement to arbitrate.

## MOTION TO COMPEL ARBITRATION

Defendant further moves the Court to compel the parties to arbitration pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 1 et. seq., in accordance with the parties' agreement to arbitrate.

This motion is based on the Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of James R. Parrinello and exhibits attached thereto and filed herewith, and the pleadings and papers on file in this action.

Date:  June 11, 2008

Nielsen, Merksamer, Parrinello,
Mueller & Naylor, LLP

By: _____
        James R. Parrinello, Esq.
        ATTORNEYS FOR W.J. DEUTSCH & SONS, LTD.

2

1   NIELSEN, MERKSAMER, PARRINELLO,
        MUELLER & NAYLOR, LLP
2   JAMES R. PARRINELLO, SBN #63415
    SEAN P. WELCH, SBN #227101
3   2350 KERNER BLVD., SUITE 250
    SAN RAFAEL, CA 94901
4   TELEPHONE (415) 389-6800
    FAX        (415) 388-6874
5   e-mail: jparrinello@nmgovlaw.com

6   *Attorneys for Defendant*
    W.J. Deutsch & Sons, Ltd.

7

8                   UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  RENWOOD WINERY, INC.,                )      Case No.  C 08-02848 JCS
                                         )
13      *Plaintiff,*                      )      **MEMORANDUM OF POINTS &**
                                         )      **AUTHORITIES IN SUPPORT**
14  v.                                   )      **OF MOTION TO: (a) DISMISS**
                                         )      **FOR LACK OF SUBJECT-**
15  W.J. DEUTSCH & SONS, LTD., a New York )      **MATTER JURISDICTION AND**
    Corporation, and DOES 1-50, inclusive, )      **FAILURE TO STATE A CLAIM**
16                                       )      **FOR RELIEF; AND (b)**
        *Defendants.*                     )      **COMPEL ARBITRATION**
17                                       )
                                         )
18                                       )      DATE:   July 18, 2008
19                                       )      TIME:   9:30 a.m.
                                         )
20                                       )
                                         )      Hon. Joseph C. Spero
21                                       )
                                         )
22                                       )
                                         )
23  _____)

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**Preliminary Statement**

This Memorandum of Points and Authorities is submitted on behalf of W.J. Deutsch & Sons, Ltd. ("WJD"), in support of its motion to (a) dismiss the complaint of plaintiff Renwood Winery, Inc. ("Renwood") in this action pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and (b) compel arbitration pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 1 et. seq. As detailed below, the claims set forth in the complaint are unquestionably subject to arbitration under the parties' agreement to arbitrate, an agreement which Renwood has acknowledged to be binding and valid by the Demand for Arbitration it has also filed, based upon virtually identical factual allegations.

**The Services Agreement And Its Arbitration Provision**

In March 2006, Renwood and Deutsch entered into a services agreement whereby WJD became Renwood's exclusive service provider to purchase, market and sell Renwood's wine products as of April 1, 2006 (the "Services Agreement"). (A copy of the Services Agreement is annexed as Exhibit 1 to the accompanying Declaration of James Parrinello ("Parrinello Decl.") and itself is annexed as Exhibit A to the Complaint which is annexed to the Parrinello Decl. as Exhibit 2.)

The dispute resolution provision of the Services Agreement provides that any dispute, controversy or claim arising from, or regarding the terms and operation of, the Services Agreement must be submitted to mediation and, if not resolved by mediation, to arbitration pursuant to JAMS rules ("Arbitration Provision"). More specifically, the Arbitration Provision states in pertinent part:

> <u>Any</u> dispute regarding the terms and operation of this agreement, and <u>any</u> controversy or claim arising from of this agreement, shall first be submitted to mediation in the City and County of Sacramento by a mutually agreeable mediator. . . .
> In the event mediation does not resolve the claim or controversy, the parties will submit the matter to binding arbitration in the City and County of Sacramento, by a mutually-agreeable arbitrator, or in the event agreement cannot be reached, then to an arbitrator

1

appointed by the Superior Court in and for the County of Sacramento. . . .

The arbitration proceedings shall take place pursuant to Comprehensive Rules and Procedures of JAMS . . . .

Exhibit 1 at Section XII.E (emphasis added).

### The Parties' 2006/2007 Demands For Arbitration and Mediation

Disputes concerning Renwood's and WJD's rights and obligations under the Services Agreement began almost immediately after they entered into the Services Agreement. Accordingly, in October 2006, WJD filed a Demand for Arbitration (Exhibit 3 to Parrinello Decl.). Renwood did not make any objection whatsoever to the arbitrability of those claims, which claims involved the very sales standards and "cure" provisions issues which are at issue in Renwood's current action and arbitration. Rather, it interposed a Cross-Demand for Arbitration ("2007 Cross-Demand for Arbitration," Exhibit 4 to Parrinello Decl.).

In accordance with the terms of the Arbitration Provision, the parties attempted to mediate with the assistance of former Napa County Presiding Judge and now JAMS mediator, Scott Snowden. Ultimately these efforts resulted in the parties signing an Interim Agreement which was to be a precursor to a written amendment to the Services Agreement. Renwood, however, refused to go forward with the Interim Agreement and contemplated amendment in late January 2008.

### The Current Renwood Action And Arbitration

Renwood commenced the instant action in Superior Court, Napa County, on June 9, 2008, and, on the very same day, WJD effectuated the removal of this action to this Court on the basis of diversity jurisdiction. Renwood's complaint contains two causes of action: one for a writ of possession and, if that request is not granted, for injunctive relief. These causes of action are based entirely on WJD's purported breaches of the Services Agreement. (Complaint, Exhibit 2 to Parrinello Decl.) Shortly before it filed the Complaint, Renwood filed a Demand for Arbitration with JAMS which includes

2

most, if not all, of the allegations set forth in its Complaint.  (Parrinello Decl., Exhibit 5.) Notably, the Complaint fails to mention the parties' obligation to arbitrate any disputes under the Services Agreement or that Renwood had already filed a Demand for Arbitration.

As addressed below, the instant action is nothing more than an improper effort by Renwood to circumvent its obligation to arbitrate certain claims under the Services Agreement.  Renwood has fully acknowledged the arbitrability of "any" controversy or claim arising from the Services Agreement as evidenced by, among other things: (i) Renwood's failure to object to WJD's 2006 Demand for Arbitration, (ii) Renwood's 2007 Cross-Demand for Arbitration, and (iii) Renwood's June 2008 Demand for Arbitration. Renwood's tactics will not be countenanced under the Federal Arbitration Act ("FAA") and controlling 9th Circuit case law, which both mandate that this action be dismissed.

## Argument

## I.    The Federal Arbitration Act (FAA) Governs The Arbitration Provision

The FAA, 9 U.S.C. § 1 et. seq., applies to arbitration agreements in contracts involving transactions in interstate commerce. *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003).  In *Citizens Bank*, the Supreme Court established a low threshold for the FAA's application, holding that it applies to activities which merely affect commerce. *Id.*  Here, the FAA governs the parties' arbitral rights and obligations, since the activities engaged in pursuant to the Services Agreement (*i.e.*, WJD's nationwide marketing of Renwood's products) unquestionably affect commerce.

## II.    As The Parties Unquestionably Delegated The Issue Of Arbitrability To An Arbitrator, The Action Must Be Dismissed

While there can be no valid issue that the claims contained in Renwood's Complaint are subject to arbitration, even if there was, such issue must be resolved by the arbitrator, not the Court.  "The question whether the parties have submitted a particular dispute to arbitration, i.e., the question of arbitrability, is an issue for judicial

3

determination [u]nless the parties clearly and unmistakably provide otherwise." *Clyde Bergemann, Inc. v. Sullivan, Higgins & Brion, PPE LLC*, Civ. Case No. 08-162-KI, 2008 U.S. Dist. LEXIS 40371, at *3 (D. Or. May 14, 2008) (*quoting Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)) (alteration in original) (internal quotation marks omitted).[1]  In *Clyde Bergemann*, the employee handbook contained an arbitration clause and further provided that any arbitration should be in accordance with the rules of the American Arbitration Association (AAA).  2008 U.S. Dist. LEXIS 40371, at *4-5. Because the AAA rules provided that the arbitrator had the power to determine the question of arbitrability, the court held that such adoption of the AAA rules evinced the parties' clear agreement to leave to the arbitrator questions as to arbitrability.  *See also Qualcomm*, 466 F.3d at 1371 (same).

In the instant matter, the Arbitration Provision expressly states that "[t]he arbitration proceedings shall take place pursuant to Comprehensive Rules and Procedures of JAMS . . . ." Exhibit 1 at XII.E.  Rule 11(c) of JAMS, entitled Interpretation of Rules and Jurisdictional Challenges," states:

> Jurisdictional and arbitrability disputes, including disputes over the existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

*See* JAMS Rule, Exhibit 6 to Parrinello Decl.  Accordingly, as in *Clyde Bergemann* and *Qualcomm*, the parties have agreed that any question of arbitrability (and there is no valid

---

[1] If the court concludes that the parties intended to delegate the authority to decide arbitrability to an arbitrator, then the court should perform only a "limited inquiry to determine whether the assertion of arbitrability is 'wholly groundless.'" *Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1371 (9th Cir. 2006).  Here, it is beyond question that WJD's assertion of arbitrability is not wholly groundless.  Indeed, any contention otherwise itself would be "wholly groundless.

4

question in the instant matter) must be resolved by the arbitrator.  The Action should be dismissed forthwith.

## III.    The Result Will Be The Same If the Court Determines The Question of Arbitrability

Even if it is the Court which determines whether the claims in the action are subject to arbitration, the result must be the same.  "The standard for demonstrating arbitrability is not high. The Supreme Court has held that the FAA leaves no place for the exercise of discretion by a district court, but instead mandates that district courts direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) (*citing Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985)).  The FAA reflects the "liberal federal policy favoring arbitration agreements" and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).  Indeed, the 9th Circuit has acknowledged that the "factual allegations need only 'touch matters' covered by the contract containing the arbitration clause." *Simula*, 175 F.3d at 721 (*citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 624 n.13 (1985)).

Based on the FAA's "strong federal policy favoring arbitration," the court's inquiry into arbitrability is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1128, 1130 (9th Cir. 2000) (*citing* 9 U.S.C. § 4; *Simula*, 175 F.3d at 719).

### A.    Renwood Has Repeatedly Acknowledged That A Valid Agreement To Arbitrate Exists

It is beyond dispute that a valid agreement to arbitrate exists.  Renwood has fully acknowledged the arbitrability of any claim or controversy arising from the Services Agreement as evidenced by, among other things:  (i) Renwood's acquiescence in WJD's

5

2006 Demand for Arbitration, (ii) Renwood's own 2007 Cross-Demand for Arbitration, and (iii) Renwood's June 2008 Demand for Arbitration.  Thus, the validity of the parties' agreement to arbitrate is not at issue.

## B.    The Agreement To Arbitrate Encompasses The Dispute At Issue

As already demonstrated, the Arbitration Provision requires arbitration of <u>any</u> dispute, claim or controversy "arising from" or "regarding the terms and operation of" the Services Agreement.  Exhibit 1 at XII.E.  This type of clause is "the paradigm of a broad clause."  *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995) (clause submitting "[a]ny claim or controversy arising out of or relating to th[e] agreement" to arbitration was broad enough to cover claims involving collateral agreement which did not contain a similar clause) (alterations in original); *see also Mitsubishi*, 473 U.S. at 617; *Simula*, 175 F.3d at 720-21.

The principal claim in the Complaint is Renwood's demand for a Writ of Possession.[2]  This claim is based upon allegations that WJD breached the Services Agreement and seeks a remedy provided under the Services Agreement, under circumstances specified therein.[3]  Whether or not Renwood is entitled to this relief is a dispute, claim or controversy arising from the Services Agreement. There cannot be any dispute that the broad Arbitration Provision in the Services Agreement encompasses the claims asserted in Renwood's Complaint.

---

[2] In its Complaint, Renwood requests that if a writ of possession is not granted, injunctive relief be granted.  Renwood's alleged entitlement to injunctive relief is based upon the identical factual allegations upon which it seeks a writ of possession.

[3] That the Services Agreement sets forth the circumstances under which Renwood might obtain a writ of attachment and/or execution (Section VII.B(b)) and Renwood seeks a writ of possession is of no consequence since when "determining whether a particular claim falls within the scope of the parties' arbitration agreement, we focus on the allegations in the complaint rather than the legal causes of action asserted." *Collins*, 58 F.3d at 20-21.  Even if the Services Agreement did not provide specifically for the parties to obtain a writ, the factual allegations upon which Renwood seeks relief still "arise from" the Services Agreement.

## IV.    Renwood Should Be Compelled To Arbitrate And Its Complaint Should Be Dismissed

The Ninth Circuit has made it clear that where a broad arbitration clause – such as the Arbitration Provision here – requires the plaintiff to arbitrate the claims in its complaint, the plaintiff is barred from litigating its claims in court. *See Simula*, 175 F.3d at 725-26; *Chiron*, 207 F.3d at 1134; *Sparling v Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). For example, in *Simula*, the court held that the district court correctly refused to grant the plaintiff's injunctive relief based upon the fact that the plaintiff's claims were arbitrable. *Simula*, 175 F.3d at 726. Further, in both *Simula* and *Sparling* the Ninth Circuit affirmed the District Courts' orders dismissing the plaintiffs' complaints. *Id.; Sparling,* 864 F.2d at 638. As one District Court has very recently held, "considering the broad scope of the parties' arbitration agreement and the federal policy favoring arbitration, the court concludes that KKE's claims are subject to mandatory binding arbitration. Consequently, they fail to state a claim upon which relief can be granted." *KKE Architects, Inc. v. Diamond Ridge Dev. LLC*, Case No. CV-07-06866, 2008 U.S. Dist. LEXIS 17127, at *17 (C.D. Cal. Mar. 3, 2008). Thus that court dismissed the complaint. *Id.* at *18. Likewise WJD is entitled to an order compelling arbitration and dismissing Renwood's Complaint.

### Conclusion

For all of the foregoing reasons, WJD respectfully requests that this Court (i) compel Renwood to comply with the arbitration provision contained in the Services Agreement, (ii) dismiss Renwood's Complaint in its entirety, and (iii) grant any further relief this Court deems just and proper.

Date: June 11, 2008

Nielsen, Merksamer, Parrinello,
Mueller & Naylor LLP

By: _____

James R. Parrinello, Esq.
ATTORNEYS FOR W.J. DEUTSCH & SONS, LTD.

7