WHITNEY A. DAVIS, SBN 149523
MARIA S. ROSENFELD, SBN 186116
CHARTER DAVIS, LLP
1730 I Street, Ste. 240
Sacramento, CA  95814
(916) 448-9000
(916) 448-9009

ATTORNEYS FOR PLAINTIFF
RENWOOD WINERY, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENWOOD WINERY INC. ) <br><br> Plaintiff, ) <br><br> vs. ) <br><br> W.J. DEUTSCH & SONS LTD., a New York Corporation, and DOES 1-50 inclusive, ) <br><br> Defendants. ) | Case No.: CV 08 2848 PJH <br><br> **NOTICE OF HEARING ON BEHALF OF RENWOOD WINERY, INC.** <br> **IN SUPPORT OF APPLICATION FOR** <br><br> **(1)EX PARTE WRIT OF POSSESSION,** <br> **(2)TEMPORARY RESTRAINING ORDER PENDING HEARING ON WRIT OF POSSESSION,** <br> **(3) WRIT OF POSSESSION** <br> **(4) PRELIMINARY INJUNCTION** <br><br> **Date:** <br> **Time:** <br> **Dept:** |

TO THE CLERK OF THE COURT, THE COURT, AND ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on _____ at _____ or as

soon thereafter as the matter may be heard, in Dept._____of the above-entitled Court,

located at  450 Golden Gate Avenue, 16th Floor, San Francisco California, plaintiff RENWOOD

WINERY INC. ("RENWOOD") will and hereby does move this Court ex parte for an order

issuing a writ of possession, or, in the alternative, for a temporary restraining order/injunctive relief ("Application").

Defendant W.J. DEUTSCH & SONS LTD. ("WJD") and their counsel were originally given notice of this Application in similar form on June 4, 2008. (See Declaration of Whitney A. Davis served herewith.) The matter was originally set for filing/hearing in Napa County Superior Court on June 9, 2008. However, on June 9, 2008, defendant W.J. DEUTSCH & SONS LTD. thereafter immediately removed the matter to the United States District Court, Northern District, before any temporary restraining order/alternative relief could issue. Accordingly, plaintiff RENWOOD re-submits the papers requesting that the Court grant its ex parte writ of possession or alternatively temporary restraining order under California Code Civ. Proc. § 511.010 *et. seq.* as incorporated by Federal Rules of Civil Procedure, Rule 64.

This Application is made on the grounds that Defendant WJD is in wrongful possession of certain cure inventory representing personal property collateral. RENWOOD seeks an ex parte writ of possession following WJD'S contractual defaults/breaches relating to the wine sales and services agreement of March 2006 entered into by and between RENWOOD and WJD. The agreement requires that RENWOOD produce 16 wines organized in four tiers and that WJD exert its "best efforts" to market and sell those wines. WJD also guaranteed a 15% growth in RENWOOD sales by product and by tier for each month during the first five years of the contract. This means that if WJD did/does not sell the wine, WJD must buy the wine itself to cure the breach of the performance standard. Additionally, WJD must ensure that depletions of distributor inventory to retailers not fall below 80% of the sales performance standard.

As is described in more detail within the accompanying points and authorities, WJD has breached the services agreement, (1) by accumulating and then selling out the enormous cure inventory, located in American Canyon, CA, before selling from RENWOOD inventory, and (2) at the same time, failing to cure contract breaches of the sales performance standard per the service agreement for many months. WJD is past due on cure invoices totaling in excess of $2 million. RENWOOD has a security interest in that cure inventory per the security agreement and UCC-1 filings. The sale of wine from the WJD cure inventory before satisfying monthly sales requirements or cure demands constitutes an unfair business practice, in that WJD has used the

2

1  cure to delay payment and breach the contract. (See accompanying declarations of Robert

2  Smerling and Danica Ratkovich filed and served herewith.)

3  Based on the above, and given the immediate danger of the cure inventory quickly

4  disappearing (per WJD's recent "sell off scheme") RENWOOD applies for an ex parte writ of

5  possession to mandate the return of the cure inventory collateral and to prevent WJD from

6  wrongfully selling off cure inventory without curing contractual breaches under the services

7  agreement. Due to WJD'S defaults on its contractual obligations to RENWOOD per the services

8  agreement, RENWOOD has sent notices of cure and also made demand for the cure inventory in

9  which it has a security interest, but WJD has refused to comply. RENWOOD seeks the court's

10 assistance in enforcing its rights to possession of its cure inventory before WJD sells off more

11 cure inventory, wrongfully diverting RENWOOD's collateral, and wrongfully profiting from the

12 cure inventory.

13 The instant writ of possession relief is a request for interim relief pending arbitration,

14 demanded separately before Sacramento JAMS. The arbitration demand (a copy of which is on

15 file as Exhibit B to the declaration of Whitney A. Davis accompanying RENWOOD's

16 opposition to motion to dismiss papers) was filed at or about the same time as its request in state

17 court, seeking to obtain ex parte writ of possession relief and accompanying injunctive relief as

18 provisional relief to preserve the status quo pending arbitration. RENWOOD's goal is to

19 recover and/or "freeze" (pending arbitration determination on the merits) certain cure inventory

20 representing collateral in the possession of defendant WJD, following WJD'S contractual

21 defaults/breaches relating to the Services Agreement.

22 Nothing in either the Federal Arbitration Act (to the extent it is deemed applicable) or

23 the California Arbitration Rules prohibit interim provisional relief ordered by the Court. To the

24 contrary, Rule 24e of the JAMS rules permit such relief explicitly. (JAMS rules are attached as

25 Exhibit D to the declaration of Whitney Davis supporting RENWOOD's opposition to motion

26 to dismiss filed by WJD.)

27

28

1   PLEASE TAKE FURTHER NOTICE THAT, alternatively, if for any reason the ex parte

2   writ of possession does not issue, RENWOOD seeks a temporary restraining order directing WJD

3   to preserve the remaining cure inventory pending a noticed hearing on RENWOOD's application

4   for writ of possession.

5   This Application is made on the ground that there is good cause to issue the writ of

6   possession or, in the alternative, issue a temporary restraining order. This Application is based on

7   the attached Memorandum of Points and Authorities, the Declarations of Robert Smerling, (initial

8   declaration and supplemental declaration) Danica Ratkovich, and the accompanying application

9   for Ex Parte Writ of Possession, accompanying Ex Parte Writ of Possession declaration of

10  Whitney A. Davis, the accompanying Compendium of Exhibits, and related papers filed

11  concurrently herewith, on all pleadings, papers, records and files herein, and upon such further

12  argument and evidence as may be considered by the Court.

13

14  DATED: June 30 2008                    CHARTER DAVIS, LLP

15

16                                         _____

17                                         WHITNEY A. DAVIS

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF HEARING ON BEHALF OF RENWOOD WINERY INC.
FOR (1) EX PARTE WRIT OF POSSESSION OR (2) TEMPORARY RESTRAINING ORDER OR
(3) WRIT OF POSSESSION OR (4) PRELIMINARY INJUNCTION

1  WHITNEY A. DAVIS, SBN 149523
   MARIA S. ROSENFELD, SBN 186116
2  CHARTER DAVIS, LLP
   1730 I Street, Ste. 240
3  Sacramento, CA  95814
   (916) 448-9000
4  (916) 448-9009

5  ATTORNEYS FOR PLAINTIFF
   RENWOOD WINERY, INC.
6

7                    UNITED STATES DISTRICT COURT

8                FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11  RENWOOD WINERY INC.                )   Case No.: CV 08 2848 PJH
                                       )
12                                     )
                                       )   **MEMORANDUM OF POINTS AND**
13                                     )   **AUTHORITIES ON BEHALF OF**
              Plaintiff,               )   **RENWOOD WINERY, INC.**
14                                     )   **IN SUPPORT OF APPLICATION FOR**
         vs.                           )
15                                     )
                                       )   **(1)EX PARTE WRIT OF POSSESSION,**
16                                     )   **(2)TEMPORARY RESTRAINING ORDER**
    W.J. DEUTSCH & SONS LTD.,  a New   )   **PENDING HEARING ON WRIT OF**
17  York Corporation, and DOES 1-50    )   **POSSESSION,**
    inclusive,                         )   **(3) WRIT OF POSSESSION**
18                                     )   **(4) PRELIMINARY INJUNCTION**
                                       )
19            Defendants.              )
                                       )   **Date:**
20                                     )   **Time:**
                                       )   **Dept:**
21                                     )
                                       )
22                                     )
                                       )
23  _____)

24

25

26

27

28

# I.
# INTRODUCTION

Plaintiff RENWOOD WINERY INC. (hereinafter "RENWOOD") hereby submits the following Memorandum of Points and Authorities in support of its application for an ex parte application for a writ of possession or, in the alternative, a temporary restraining order pertaining to certain cure inventory collateral as discussed herein.  To the extent ex parte writ of possession relief is denied, and a temporary restraining order instead issues pending a noticed hearing on the writ of possession, RENWOOD submits points and authorities in support of its writ of possession application concurrently herein.  Lastly, if for any reason the Court denies the writ of possession application, a request for preliminary injunction is made to, at the very least, preserve the status quo as to the subject cure inventory pending judgment on the verified complaint filed and served herewith.

Defendant W.J. DEUTSCH & SONS LTD. ("WJD") and their counsel were originally given notice of this Application in similar form on June 4, 2008.  (See Declaration of Whitney A. Davis served herewith.)  The matter was originally set for filing/hearing in Napa County Superior Court on June 9, 2008.  However, on June 9, 2008, defendant W.J. DEUTSCH & SONS LTD. thereafter immediately removed the matter to the United States District Court, Northern District, before any temporary restraining order/alternative relief could issue.  Accordingly, plaintiff RENWOOD re-submits the papers requesting that the Court grant its ex parte writ of possession or alternatively temporary restraining order under California Code Civ. Proc. § 511.010 *et. seq.* as incorporated by Federal Rules of Civil Procedure, Rule 64.

The instant writ of possession relief is a request for interim relief pending arbitration, demanded separately before Sacramento JAMS.  The arbitration demand (a copy of which is on file as Exhibit B to the declaration of Whitney A. Davis accompanying RENWOOD's opposition to motion to dismiss papers) was filed at or about the same time as its request in state court, seeking to obtain ex parte writ of possession relief and accompanying injunctive relief as provisional relief to preserve the status quo pending arbitration.  RENWOOD's goal is to recover and/or "freeze" (pending arbitration determination on the merits) certain cure inventory

MEMORANDUM OF POINTS AND AUTHORITIES ON BEHALF OF RENWOOD WINERY INC.
FOR (1) EX PARTE WRIT OF POSSESSION OR (2) TEMPORARY RESTRAINING ORDER OR
(3) WRIT OF POSSESSION OR (4) PRELIMINARY INJUNCTION

1    representing collateral in the possession of defendant WJD, following WJD'S contractual

2    defaults/breaches relating to the Services Agreement.

3          Nothing in either the Federal Arbitration Act (to the extent it is deemed applicable) or

4    the California Arbitration Rules prohibit interim provisional relief ordered by the Court.

5    WJD's motion to compel arbitration is mooted by RENWOOD's demand for arbitration.  To the

6    contrary, Rule 24e of the JAMS rules permit such relief explicitly. (JAMS rules are attached as

7    Exhibit D to the declaration of Whitney Davis supporting RENWOOD's opposition to motion

8    to dismiss filed by WJD.) Additionally, the Ninth Circuit has established that a party to an

9    arbitration agreement may seek provisional injunctive relief in court, ***specifically provisional***

10   ***relief in the form of a writ of possession***. (*PMS Distributing Co., Inc. v. Huber & Suhner, A.G.*,

11   863 F.2d 639, 642 (9th Cir. 1988).) Therein, the Court ruled that a district court **can** grant

12   injunctive relief in an arbitrable dispute pending arbitration, in line with the congressional desire

13   to enforce arbitration agreements given that any ruling to the contrary would frustrate the

14   Court's ability to maintain and preserve the status quo pending arbitration.

15         RENWOOD applies for Writ of Possession relief under California Code of Civil

16   Procedure § 512.010 to recover certain cure inventory representing personal property collateral

17   in the possession of defendant W.J. DEUTSCH & SONS (hereinafter "WJD" and/or

18   "Defendant".)  RENWOOD seeks a writ of possession (ex parte or by noticed hearing as the

19   Court deems necessary) following WJD'S contractual defaults/breaches relating to the wine sales

20   and services agreement of March 2006 entered into by and between  RENWOOD and WJD.

21   (**Exhibit A**, attached to the accompanying Compendium of Exhibits.)  The agreement requires

22   that RENWOOD produce 16 wines organized in four tiers and that WJD exert its "best efforts"

23   to market and sell those wines. WJD also guaranteed a 15% growth in RENWOOD sales by

24   product and by tier for each month during the first five years of the contract.  This means that if

25   WJD did/does not sell the wine, WJD must buy the wine itself to cure the breach of the

26   performance standard.  Additionally, WJD must ensure that depletions of distributor inventory to

27   retailers not fall below 80% of the sales performance standard.

28

MEMORANDUM OF POINTS AND AUTHORITIES ON BEHALF OF RENWOOD WINERY INC.
FOR (1) EX PARTE WRIT OF POSSESSION OR (2) TEMPORARY RESTRAINING ORDER OR
(3) WRIT OF POSSESSION OR (4) PRELIMINARY INJUNCTION

1    As is described in more detail herein, WJD has breached the services agreement,  (1) by

2  accumulating and then selling out the enormous cure inventory, located in American Canyon,

3  CA,  before selling from RENWOOD inventory, and (2) at the same time, failing to cure contract

4  breaches of the sales performance standard per the service agreement for many months.  WJD is

5  past due on cure invoices totaling in excess of $2 million.  RENWOOD has a security interest in

6  that cure inventory per the security agreement and UCC-1 filings.  The sale of wine from the

7  WJD cure inventory before satisfying monthly sales requirements or cure demands constitutes an

8  unfair business practice, in that WJD has used the cure to delay payment and breach the contract.

9  (See accompanying declarations of Robert Smerling and Danica Ratkovich filed and served

10  herewith.)

11    Based on the above, and given the immediate danger of the cure inventory quickly

12  disappearing (per WJD's recent "sell off scheme")  RENWOOD applies for an ex parte writ of

13  possession to mandate the return of the cure inventory collateral and to prevent WJD from

14  wrongfully selling off cure inventory without curing contractual breaches under the services

15  agreement.  Due to WJD'S  defaults on its contractual obligations to RENWOOD per the

16  services agreement, RENWOOD has sent notices of cure and also made demand for the cure

17  inventory in which it has a security interest, but WJD has refused to comply.  RENWOOD seeks

18  the court's assistance in enforcing its rights to possession of its cure inventory before WJD sells

19  off more cure inventory, wrongfully diverting RENWOOD's collateral, and wrongfully profiting

20  from the cure inventory.  If for any reason the ex parte writ of possession does not issue,

21  RENWOOD seeks a temporary restraining order directing WJD to preserve the remaining cure

22  inventory pending a noticed hearing on RENWOOD's application for writ of possession.  In

23  order to streamline the process, RENWOOD likewise includes herein authorities supporting the

24  noticed writ of possession hearing.  If for any reason the writ of possession does not issue

25  following noticed hearing, a request for preliminary injunction is also made herein.

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES ON BEHALF OF RENWOOD WINERY INC.
FOR (1) EX PARTE WRIT OF POSSESSION OR (2) TEMPORARY RESTRAINING ORDER OR
(3) WRIT OF POSSESSION OR (4) PRELIMINARY INJUNCTION

## II.
## FACTUAL SUMMARY

RENWOOD and WJD executed a wine sales and service agreement in March of 2006. (**Exhibit A**, attached to the accompanying declaration of Robert Smerling.) The agreement requires that RENWOOD produce 16 wines organized in four tiers and that WJD exert its "best efforts" to market and sell those wines. (See accompanying Declaration of Robert Smerling (hereinafter "Smerling Dec") at ¶ 5; Declaration of Danica Ratkovich (hereinafter "Ratkovich Dec" at ¶ 6.) WJD also guaranteed a 15% growth in Renwood sales by product and by tier for each month during the first five years of the contract. This means that if WJD did not sell the wine, WJD had to buy the wine itself to cure the breach of the performance standard. Additionally, WJD had to ensure that depletions of distributor inventory to retailers could not fall below 80% of the sales performance standard. (*Id.* Smerling Dec at ¶ 5; Ratkovich Dec at ¶ 7.)

The Services Agreement also required that RENWOOD pay WJD a marketing contribution or allowance for each case depleted to a retailer on some of the wines. WJD could only send a marketing contribution bill to Renwood on a quarterly basis. (Smerling Dec at ¶ 6.) In the Services Agreement, WJD agreed to guarantee 15% sales growth over the previous year, on a monthly basis; i.e. the "performance standard." The monthly performance standards were pre-calculated for a five-year period. Per the terms of the agreement, WJD must cure any sales shortfall below the performance standard, by product and by tier, within 15 days of cure demand by Renwood. (Smerling Dec at ¶ 8; Ratkovich Dec at ¶ 7.) There is no limitation in the contract as to when Renwood can call for a cure. (*Id.*)

The 16 Renwood wines that are covered by the Services Agreement are grouped by tiers. "Tiers" are product categories. Tier 1 contains Proprietary wines; Tier 2 includes the "Amador County" wines; Tier 3 includes "Red Label" value wines; and Tier 4 contains dessert wines. (Smerling Dec at ¶ 9.) Tiers 2 & 3 represent 85% of Renwood's annual domestic sales historically. (*Id.*)

MEMORANDUM OF POINTS AND AUTHORITIES ON BEHALF OF RENWOOD WINERY INC.
FOR (1) EX PARTE WRIT OF POSSESSION OR (2) TEMPORARY RESTRAINING ORDER OR
(3) WRIT OF POSSESSION OR (4) PRELIMINARY INJUNCTION

WJD was required to fulfill its obligation as follows:  the monthly sales requirements for Tiers 1&4 had to be fulfilled 100% from those tiers, respectively; but the monthly requirement for Tiers2&3 had to be fulfilled from only 85% from those respective tiers, with a flexibility allowance that permitted the remaining 15% of the requirement to be satisfied from overages in any other tier. (Smerling Dec at ¶ 10.)  As an accommodation to WJD, during the first three months of the relationship (the "Transition Period") the Service Agreement provided that WJD only had to meet 100% of the prior year's sales for April, May and June 2006.  Therefore, the 15% increase would not be applied until July, 2006. (Smerling Dec at ¶ 11; Ratkovich Dec ¶¶ 11-13.)

The Renwood fiscal year runs from July to June.  The Transition period included April, May and June, 2006.  Fiscal Year 2007 commenced on July 1, 2006.  During the Transition Period, WJD experienced a $300,000 shortfall out of the $2.1 million sales standard. (Smerling Dec at ¶ 12; Ratkovich Dec at ¶¶ 14.) The shortfall included a 1,100-case sale to Beverages & More that RENWOOD closed before the WJD agreement was signed.  RENWOOD invoiced WJD for the 1,100 cases, but WJD still refuses to pay it. (*Id.*)

Cure notices were sent to WJD after the Transition Period.  WJD created a conflict because it tried to borrow July 2006 sales to make up the $300,000 deficit from June in order to meet its Transition Period cure obligations. (Smerling Dec at ¶¶ 13-15; Ratkovich at ¶ 15.) RENWOOD protested WJD's actions.  By WJD borrowing sales from July 2006 to cure the Transition Period shortfall, WJD started fiscal year 2007 with a shortfall.   The WJD sales shortfall ballooned to $2.5 million by the end of November, 2007, merely seven months into the contract. (*Id.*) The WJD cure inventory grew dramatically.  Their decision to ship from their inventory instead of from RENWOOD's caused larger monthly shortfalls in their sales guarantee. The sales shortfall and cure issue became a problem during Fiscal 2007 because WJD fell too far behind the sales guarantee.  By the year's end in June of 2007, WJD would only have sold about $3 million of the $8.217 million performance standard. (Smerling Dec at ¶ 16; Ratkovich at ¶ 16-17.)

MEMORANDUM OF POINTS AND AUTHORITIES ON BEHALF OF RENWOOD WINERY INC.
FOR (1) EX PARTE WRIT OF POSSESSION OR (2) TEMPORARY RESTRAINING ORDER OR
(3) WRIT OF POSSESSION OR (4) PRELIMINARY INJUNCTION

Thereafter, WJD began a practice of acknowledging cure(s) in 15 days, placing an order for the cure goods 10 to 15 days thereafter, paying RENWOOD 35 days after their order is shipped. This departure from the prior contractual arrangement moved RENWOOD's cash flow back between 50-60 days. (Smerling Dec at ¶ 19; Ratkovich Dec at ¶ 18-23.)

They also manipulated the shipping date by refusing to accept goods within 15 days from the cure demand. If WJD would have sold the goods to a distributor instead of buying the goods from RENWOOD for cure purposes, WJD would have had to pay RENWOOD for the same wine 60 days earlier. WJD then began to use the cure as a way to stretch-out payment terms another 60 days. WJD amassed a huge "cure" inventory of RENWOOD wine, then filled distributor orders from the cure inventory before ordering from RENWOOD's inventory. (*Id.* Smerling Dec at ¶ 19; Ratkovich at ¶ 24-30) This cut-off cash flow to RENWOOD, Despite RENWOOD's objection, and lengthy discussion through a year of mediation, WJD continued this cure practice until February of 2008. At that point, WJD stopped even acknowledging the cure demands of RENWOOD, and started to sell-off the cure inventory. (*Id.*) RENWOOD has a security interest in that cure inventory evidence by UCC filings and the terms of the Services Agreement. (Smerling Dec at ¶ 20.)

In the year before hiring WJD, RENWOOD shipped 96,000 cases of wine and collected the proceeds directly from the distributors. After hiring WJD, and more importantly, after RENWOOD refused WJD's demand to reduce the 15% sales guarantee, WJD disrupted the shipment and payment procedures dramatically. (Smerling Dec at ¶ 21.) To date in Fiscal 2008, WJD has shipped about 44,000 cases from the cure inventory as compared to 12,680 cases from RENWOOD's inventory. (Smerling at ¶ 26; Ratkovich at ¶ 27-30.)

WJD is selling out the enormous cure inventory before selling from RENWOOD inventory, and at the same time, WJD has not cured contract breaches of the sales performance standard for many months. WJD is past due on cure invoices exceeds $2 million. Renwood has a security interest in that cure inventory. (Smerling Dec at ¶¶59-60.)

MEMORANDUM OF POINTS AND AUTHORITIES ON BEHALF OF RENWOOD WINERY INC.
FOR (1) EX PARTE WRIT OF POSSESSION OR (2) TEMPORARY RESTRAINING ORDER OR
(3) WRIT OF POSSESSION OR (4) PRELIMINARY INJUNCTION

The sale of wine from the WJD cure inventory before satisfying monthly sales requirements or cure demands constitutes an unfair business practice, in that WJD has used the cure to delay payment and breach the contract.  (Smerling Dec at ¶ 61; See Ratkovich Dec ¶¶ 31-50 re: specifics regarding falsification data.)  By cutting off sales revenue from contracted wines, WJD is eliminating revenue to prevent RENWOOD from funding its harvest of grapes for the next vintage.  The grapes of an entire vintage will be ruined, causing irreparable injury in the form of lost inventory.  RENWOOD's wines cannot be made with grapes from other vineyards, nor could RENWOOD buy grapes to replace them as the unique Grandpere and Grandmere grapes, blended into many of the other RENWOOD wines, can only be grown at RENWOOD. (Smerling Dec at ¶ 62.)

## III.
## LEGAL ANALYSIS

### A.   THE APPLICATION FOR WRIT OF POSSESSION SHOULD BE GRANTED.

Code of Civil Procedure §§ 511.010 through 516.050 set forth the statutory provisional remedy of claim and delivery.  The remedy of claim and delivery may be asserted to secure possession of personal property pending the outcome of an action. (Code Civ. Proc. §512.010.) Ownership is not the determinative issue.  Rather, the ultimate issue is the right to possession. (Code of Civ. Proc. §512.010; see also, *RCA Service Company v. Superior Court of San Francisco County* (1982) 137 Cal.App.3d 1, 3).

#### 1. Good Cause Exists for Renwood's Application for Writ Of Possession to be Issued *Ex Parte*.

Pursuant to § 512.020(b)(3) of the Code of Civil Procedure, the Court may issue an ex parte writ of possession where the defendant acquired the property in the course of a trade or business for commercial purposes and:

> (i)   The property is not necessary for the support of the defendant or his family; and

   (ii)   There is an immediate danger that the property will
become unavailable to levy by reason of being transferred,
concealed, or removed from the state or will become
substantially impaired in value by acts of destruction or by
failure to take care of the property in a reasonable manner;

   (iii)   The ex parte issuance of a writ of possession is necessary
to protect the property.

See C.C.P. § 512.020(b)(3).

The requirements of section 512.020 are met. The declarations of Robert Smerling and
Danica Ratkovich filed in support hereof contain substantial evidence to support that there is an
immediate danger of loss, destruction, transfer, or concealment to the subject cure inventory.
(see declarations of Robert Smerling and Danica Ratkovich supporting this application and
specific factual recitation above with reference to declarations.) First, WJD obtained the cure
inventory in the ordinary course of business, and not for personal and/or household purposes.
Second, the cure inventory consists of wine inventory and thus is inherently mobile and subject
to being moved. Third, WJD is depriving RENWOOD of its security interest collateral on a
daily basis, and has now concocted a scheme whereby the cure inventory collateral is being
diverted/sold off, thus constituting an immediate and present danger, necessitating ex parte
relief. (*Id.*)

## 2.   Renwood Has Established the Probable Validity of its Claim to Possession of the Cure Inventory

The requirement that the claim has probable validity before a writ may issue is satisfied
where it appears more likely than not that the moving party, here RENWOOD, will obtain a
judgment against its opponent, WJD, as regards to the claim for possession of the cure inventory.
(Code Civ. Proc. §511.090.)

Section 512.060 of the Code of Civil Procedure provides that a writ of possession shall be
issued if plaintiff establishes the probable validity of the claim to possess the property. Section
511.090 defines "probable validity" as where it is more likely than not that the plaintiff will
obtain a judgment against the defendant on that claim. Thus, this standard requires that a plaintiff
demonstrate only a prima facie case for the claim.

MEMORANDUM OF POINTS AND AUTHORITIES ON BEHALF OF RENWOOD WINERY INC.
FOR (1) EX PARTE WRIT OF POSSESSION OR (2) TEMPORARY RESTRAINING ORDER OR
(3) WRIT OF POSSESSION OR (4) PRELIMINARY INJUNCTION

The statement of facts set forth above, as supported by the declarations of Robert Smerling and Danica Ratkovich filed in support, establish that RENWOOD has proven a prima facie case with regard to its cause of action for possession of personal property/injunctive relief. A person who is entitled to the possession of personal property held by another may bring an action for the specific recovery of that property. (Code Civ. Proc. §512.010 *et. seq.*) An action for possession of personal property can be brought only by a person who is entitled to immediate possession of the property. (*Commercial & Sav. Bank v. Foster* (1930) 210 Cal. 76, 79-80.) The person need not be the absolute owner or be vested with legal title, so long as the person holds some qualified interest that entitles the person to possession of the property. (*Id.*)

The Declarations of Robert Smerling and Danica Ratkovich, summarized above, (see factual summary) establish probable cause for RENWOOD's claim to possession of the subject cure inventory. The declarations cumulatively establish the following key facts:

- RENWOOD and WJD entered into a wine sales and services agreement requiring that RENWOOD produce 16 wines organized in four tiers and that WJD exert its "best efforts" to market and sell those wines.

-Per the agreement, if WJD did not sell the wine, WJD had to buy the wine itself to cure the breach of the performance standard.

- Over time WJD experienced a $300,000 shortfall out of the $2.1 million sales standard during the initial transition period.

-Cure notices were sent.

-WJD then turned to borrowing sales to cure its transitional period shortfall. The WJD sales shortfall ballooned to $2.5 million by the end of November, 2007, merely seven months into the contract.

-The WJD cure inventory grew dramatically. WJD then turned to shipping out from the cure inventory rather than RENWOOD's inventory per the contract.

-By the year's end in June of 2007, WJD would only have sold about $3 million of the $8.217 million performance standard.

-Thereafter, WJD began a practice of acknowledging cure(s) in 15 days, placing an order for the cure goods 10 to 15 days thereafter, paying RENWOOD 35 days after their order is

MEMORANDUM OF POINTS AND AUTHORITIES ON BEHALF OF RENWOOD WINERY INC.
FOR (1) EX PARTE WRIT OF POSSESSION OR (2) TEMPORARY RESTRAINING ORDER OR
(3) WRIT OF POSSESSION OR (4) PRELIMINARY INJUNCTION

shipped. This departure from the prior contractual arrangement moved RENWOOD's cash flow back between 50-60 days.

-They also manipulated the shipping date by refusing to accept goods within 15 days from the cure demand. If WJD would have sold the goods to a distributor instead of buying the goods from RENWOOD for cure purposes, WJD would have had to pay RENWOOD for the same wine 60 days earlier.

-WJD then began to use the cure as a way to stretch-out payment terms another 60 days. WJD amassed a huge "cure" inventory of RENWOOD wine, then filled distributor orders from the cure inventory before ordering from RENWOOD's inventory. This cut-off cash flow to RENWOOD.

-Despite RENWOOD's objection, and lengthy discussion through a year of mediation, WJD continued this cure practice until February of 2008. At that point, WJD stopped even acknowledging the cure demands of RENWOOD.

-At this point, WJD has turned to a practice of selling out the enormous cure inventory before selling from RENWOOD inventory, and at the same time, WJD has not cured contract breaches of the sales performance standard for many months. WJD is past due on cure invoices exceeding $2.5 million. Renwood has a security interest in that cure inventory.

(See accompanying declarations of Robert Smerling and Danica Ratkovich.)

The above scenario establishes RENWOOD's right to immediate possession of the cure inventory as a remedy for WJD'S failure to cure its contractual breaches and new scheme of wrongfully selling out the cure inventory. The requested relief is also necessary to protect and preserve the cure inventory collateral. WJD's repeated and continuing failure to cure its breaches and further, practice of selling off the cure inventory prior to other inventory forever deprives RENWOOD of its security interest in the cure inventory and proceeds generated from wrongful sale/diversion of the same. Once the cure inventory is diverted/sold off, RENWOOD is without remedy.

### 3. The Court Should not require an Undertaking by RENWOOD

The purpose of the undertaking requirement is to indemnify the defendant against the

MEMORANDUM OF POINTS AND AUTHORITIES ON BEHALF OF RENWOOD WINERY INC. FOR (1) EX PARTE WRIT OF POSSESSION OR (2) TEMPORARY RESTRAINING ORDER OR (3) WRIT OF POSSESSION OR (4) PRELIMINARY INJUNCTION

consequence of a taking that may later be adjudged to be wrongful. (*Symes Cadillac Inc. v. Insurance Co. of North America* (1977) 66 Cal.App.3d 905, 909.)

Under Code of Civil Procedure section 515.010(b), the bond for a writ of possession is *not* required if the defendant has *no economic interest or equity in the cure inventory*:

> (b) If the Court finds that the defendant has no interest in the property the Court shall waive the requirement of the plaintiff undertaking and shall include in the order for issuance of the writ the amount of the defendant's undertaking sufficient to satisfy the requirements of subdivision (b) of Section 515.020.

In this case, WJD can have no economic interest in the cure inventory as the cure inventory has an estimated value of $1,761,400.00 but WJD owes RENWOOD more than $3 million (Supplemental Declaration of Robert Smerling Declaration.)

Under California Code of Civil Procedure § 515.020(a), any redelivery bond posted by WJD must be in the same amount as RENWOOD's bond (if required) or in an amount determined by the court. Herein, to permit redelivery on a bond less than the value of the cure inventory would be a serious injustice to RENWOOD. RENWOOD thus requests that any redelivery bond be no less than the value of the cure inventory.

### 4. In Conjunction with Granting of the Writ, the Court Should Order a Levying Officer to Enter WJD's business as Necessary to Recover the Cure Inventory

RENWOOD has established the probable cause requirement of California Code of Civil Procedure § 512.060(b) to enter a private place:

> No writ directing the levying officer to enter a private place to take possession of any property shall be issued unless the plaintiff has established that there is probable cause to believe that such property is located there.

RENWOOD has established probable cause to believe the cure inventory is located at Western Wine Services, 875 Hanna Drive, American Canyon, CA. Attached as Exhibit B to the accompanying verified complaint is a true and correct copy of the precise identifying information concerning the subject cure inventory at this location.

As a separate basis to allow entry to WJD'S premises, RENWOOD submits that the services agreement stipulates on behalf of WJD to filing and satisfaction of writs of

11

attachment/execution aimed against contracted product inventory including that "owned" by WJD. (**Exhibit A** to the declaration of Robert Smerling at p. 8 (i)(b).) Thus, implied permission is indeed contemplated within the agreement and is warranted at this time.

## B. IN THE ALTERNATIVE, THE COURT MUST ISSUE A TEMPORARY RESTRAINING ORDER.

At the same a plaintiff files an application for a writ of possession, or as here, an ex parte writ of possession, the plaintiff may also seek a temporary restraining order ("TRO") to prevent the defendant from transferring any interest in the property or from otherwise disposing the cure inventory property. (Code Civ. Proc. § 513.010.) The same elements to establish grounds for a writ of possession apply for a TRO *except* that the plaintiff need only show that there is only a "probability" that the property will disappear or be damaged. (*Id.* § 513.010(b)(3). )This is a lesser standard than what is required for a writ of possession.

As discussed above, RENWOOD has established the probable validity of its claim for possession of personal property and has established that WJD has no interest in the subject cure inventory. (See Code Civ. Proc. §§ 511.090; 515.010(b).) Again, RENWOOD herein establishes the probable validity of its claim by and through the accompanying declarations of Robert Smerling and Danica Ratkovich illustrating that WJD is in breach of the services agreement, has failed to cure its contractual breaches, and now engages in a practice of wrongfully selling the cure inventory, depleting RENWOOD's secured interest. RENWOOD is continually and irreparably harmed by WJD's contractual breaches, failure to cure and the diversion of cure inventory. Certainly, there is more than enough evidence to show that there is at least a "probability" that the cure inventory will disappear if a TRO does not issue. The irreparable harm here is real. The TRO is necessary to maintain the status quo and to ensure that the cure inventory is not lost, destroyed, transferred or concealed.

Specific request is made that any TRO be issued for 22 days rather than 15 days. (CCP §513.010(a), 527(d)(1).) Good cause exists for this request for the cure inventory will disappear if the TRO expires prior to any noticed writ of possession hearing going forward on 16 court days notice.

## C.  IN THE ABSENCE OF ISSUANCE OF ITS WRIT OF POSSESSION EX PARTE OR POST HEARING, RENWOOD IS ENTITLED TO A PRELIMINARY JUNCTION

The above authorities permit the Court to issue a writ of possession either ex parte or upon noticed hearing.  If for any reason, the Court declines issuance of a writ of possession on an ex parte basis, and further declines to issue such an order after noticed hearing,  RENWOOD applies for injunctive relief to protect its interest in the cure inventory during this lawsuit. Injunctive relief is available under California Code of Civil Procedure section 526(a) permits a plaintiff to seek an injunction:

(1) When it appears by the complaint that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually.

(2) When it appears by the complaint or affidavits that the commission or continuance of some act during the litigation would produce waste, or great and irreparable injury, to a party to the action.

Again, WJD has not cured its breaches under the services agreement.  RENWOOD is continually and irreparably harmed by WJD's contractual breaches, failure to cure and the diversion of cure inventory by wrongful sale.  Injunctive relief is particularly proper herein, as RENWOOD's security interest in the cure inventory is easily and quickly lost as WJD continues to sell off the cure inventory and spends the proceeds without accounting to RENWOOD, and continues to ignore the notices to cure which have gone unpaid.  WJD has demonstrated a clear unwillingness to meet its contractual obligations and/or otherwise surrendering its cure inventory per the agreement which grants RENWOOD a security interest in this personal property.   WJD is past due on cure invoices totaling $2.5 million. (See declarations of Robert Smerling and Danica Ratkovich.)

If the Court does not issue injunctive relief, RENWOOD is in danger of having its secured position diminished further, causing great and irreparable injury to RENWOOD if injunctive relief is not granted.  Lastly, the net effect of WJD's actions is a complete halt of cash flow to RENWOOD, impacting its ability to facilitate/fund its next harvest.

MEMORANDUM OF POINTS AND AUTHORITIES ON BEHALF OF RENWOOD WINERY INC.
FOR (1) EX PARTE WRIT OF POSSESSION OR (2) TEMPORARY RESTRAINING ORDER OR
(3) WRIT OF POSSESSION OR (4) PRELIMINARY INJUNCTION

1    For all the reasons set forth above in support of the issuance of a temporary restraining

2 order and writ of possession, RENWOOD likewise satisfies the requirements for injunctive relief

3 in the form of a preliminary injunction to maintain the status quo during litigation of this matter.

### IV.
### CONCLUSION

6    For the foregoing reasons, RENWOOD respectfully requests that the court issue an ex

7 parte Order for Writ of Possession, or alternatively that the court issue a temporary restraining

8 pending noticed hearing on RENWOOD's application for writ of possession order to maintain

9 the status quo, and restrain WJD from continuing its failure to cure contractual breaches, and

10 preventing its continued diversion and profit of the cure inventory at issue in this litigation, in

11 which RENWOOD has a security interest.  If for any reason the Court declines to issue the writ

12 Either ex parte or as part of a noticed hearing, RENWOOD seeks injunctive relief in the form of

13 a preliminary injunction to maintain the status quo as to the cure inventory for the pendency of

14 litigation.

16 DATED: June 30, 2008          CHARTER DAVIS, LLP

19 _____
    WHITNEY A. DAVIS

MEMORANDUM OF POINTS AND AUTHORITIES ON BEHALF OF RENWOOD WINERY INC.
FOR (1) EX PARTE WRIT OF POSSESSION OR (2) TEMPORARY RESTRAINING ORDER OR
(3) WRIT OF POSSESSION OR (4) PRELIMINARY INJUNCTION

1  WHITNEY A. DAVIS, SBN 149523
   MARIA S. ROSENFELD, SBN 186116
2  CHARTER DAVIS, LLP
   1730 I Street, Ste. 240
3  Sacramento, CA  95814
   (916) 448-9000
4  (916) 448-9009

5  ATTORNEYS FOR PLAINTIFF
   RENWOOD WINERY, INC.
6

7                    UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11  RENWOOD WINERY INC.          )  Case No.:  CV 08 2848 PJH
                                 )
12                               )
                                 )
13                               )
            Plaintiff,           )
14                               )  **APPLICATION FOR WRIT OF**
        vs.                      )  **POSSESSION EX PARTE AND FOR**
15                               )  **TEMPORARY RESTRAINING ORDER**
                                 )
16                               )  **Date:**
    W.J. DEUTSCH & SONS LTD.,  a New )  **Time:**
17  York Corporation, and DOES 1-50  )  **Dept:**
    inclusive,                   )
18                               )
                                 )
19          Defendants.          )
                                 )
20                               )
                                 )
21                               )
                                 )
22                               )
                                 )
23  _____

24

25

26

27

28

            APPLICATION FOR WRIT OF POSSESSION
     EX PARTE AND FOR TEMPORARY RESTRAINING ORDER

CD-100

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>WHITNEY DAVIS, SBN 149523<br>CHARTER DAVIS LLP<br>1730 I STREET STE. 240<br>SACRAMENTO, CA  95814<br>TELEPHONE NO.: (916) 448-9000    FAX NO. *(Optional):* (916) 448-9009<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* RENWOOD WINERY INC. | FOR COURT USE ONLY |

**ENDORSED**

JUN 0 9 2008

Clerk of the Napa Superior Court

By: S. FEHINA
Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  NAPA
STREET ADDRESS: 825 BROWN STREET
MAILING ADDRESS: 825 BROWN STREET
CITY AND ZIP CODE: NAPA, CA 94559-3031
BRANCH NAME: NAPA SUPERIOR COURT-HISTORIC COURTHOUSE

PLAINTIFF: RENWOOD WINERY INC.

DEFENDANT: W.J. DEUTSCH & SONS LTD.

| | |
|---|---|
| APPLICATION FOR WRIT OF POSSESSION ☐ AFTER HEARING<br>☑ EX PARTE ☑ AND FOR TEMPORARY RESTRAINING ORDER | CASE NUMBER:<br>26 - 42837?? |

1. Plaintiff* has filed a complaint and makes claim for delivery of property in the possession of the defendant named in b.
   a. Plaintiff *(name):*  RENWOOD WINERY INC.
   b. Defendant *(name):*  W.J. DEUTSCH & SONS LTD.

2. Plaintiff applies for *(check all that apply):*
   a. ☐   Writ of possession after hearing (Code Civ. Proc., (C.C.P.), § 512.010).
   b. ☑   Ex parte writ of possession (C.C.P., § 512.020). *(File Declaration for Ex Parte Writ of Possession, form CD-180.)*
   c. ☑   Temporary restraining order (C.C.P., § 513.010). *(File Application for Temporary Restraining Order, form CD-190.)*

3. The basis of the plaintiff's claim and right to possession of the claimed property is specified in ☑ a written document, a copy of which is attached. ☑ the verified complaint. ☑ the attached declaration. ☑ the following facts *(specify):*

   See Accompanying Memorandum of Points and Authorities in support of Application for Ex Parte Writ of Possession and alternatively TRO filed/served concurrently herewith; See also Accompanying Compendium of Exhibits, Accompanying Declarations of Whitney Davis, Robert Smerling and Danica Ratkovich filed/served concurrently herewith.  See also Verified Complaint filed/served herewith.

4. Claimed property *(Describe, state value, and further identify any property that is a farm product (Code Civ.Proc., § 511.040) or inventory held for sale or lease (Code Civ. Proc., § 511.050)):*

   See Attachment

☑   Continued on Attachment 4.

* "Plaintiff" includes cross-complainant, "defendant" includes cross-defendant, and "complaint" includes cross-complaint.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CD-100 [Rev. January 1, 2006]

**APPLICATION FOR WRIT OF POSSESSION**
(Claim and Delivery)

Page 1 of 2

Code Civ. Proc., § 512.010
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

CD-100

| | |
|---|---|
| PLAINTIFF: RENWOOD WINERY INC. | CASE NUMBER: |
| DEFENDANT: W.J. DEUTSCH & SONS LTD. | |

5. A showing that the claimed property is wrongfully detained by defendant, of how the defendant came into possession of the claimed property, and, according to Plaintiff's best knowledge, information, and belief, of the reason for the defendant's detention of the claimed property, is made ☑ in the verified complaint. ☑ in the attached declaration. ☑ as follows *(specify)*:

See Accompanying Memorandum of Points and Authorities in support of Application for Ex Parte Writ of Possession and alternatively TRO filed/served concurrently herewith; See also Accompanying Compendium of Exhibits, Accompanying Declarations of Whitney Davis, Robert Smerling and Danica Ratkovich filed/served concurrently herewith. See also Verified Complaint filed/served herewith.

6. To Plaintiff's best knowledge, information, and belief the claimed property or some part of it is located as stated ☑ in the verified complaint. ☑ in the attached declaration. ☑ as follows (specify):
*(Include in this statement whether any part of the claimed property is within a private place that may have to be entered to take possession. If so, complete item 7.)*

See Accompanying Memorandum of Points and Authorities in support of Application for Ex Parte Writ of Possession and alternatively TRO filed/served concurrently herewith; See also Accompanying Compendium of Exhibits, Accompanying Declarations of Whitney Davis, Robert Smerling and Danica Ratkovich filed/served concurrently herewith. See also Verified Complaint filed/served herewith.

The subject cure inventory is located at 875 Hanna Drive, American Canyon, CA

7. ☑ Facts showing probable cause for belief that the claimed property or some part of it is located in the private place referred to in item 6 are specified ☑ in the verified complaint. ☑ in the attached declaration. ☑ as follows:

See Accompanying Memorandum of Points and Authorities in support of Application for Ex Parte Writ of Possession and alternatively TRO filed/served concurrently herewith. As a separate basis to allow entry to WJD'S premises, RENWOOD submits that the services agreement stipulates on behalf of WJD to filing and satisfaction of writs of attachment/execution aimed against contracted product inventory including that "owned" by WJD. (Exhibit A to the accompanying declaration of Robert Smerling at p. 8 (i)(b).) Thus, implied permission is indeed contemplated within the agreement and is warranted

8. The claimed property has not been taken for a tax, assessment, or fine, pursuant to statute, and *(check one)*:
   a. ☑ has not been seized under an execution against the plaintiff's property.
   b. ☐ has been seized under an execution against the plaintiff's property, but is exempt from such seizure under *(code section)*:

9. ☐ This action is subject to the ☐ Unruh Retail Installment Sales Act (Civ. Code, §§ 1801-1812.10);
   ☐ Rees-Levering Motor Vehicle Sales and Finance Act (Civ. Code, §§ 2981-2984.4).
   Facts showing that this is the proper court are specified in the ☐ verified complaint. ☐ attached declaration.

10. Total number of pages attached: ___1___

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June ___, 2008

WHITNEY A. DAVIS
_____          ▶
(TYPE OR PRINT NAME)                          (PLAINTIFF'S SIGNATURE)

Page 2 of 2

CD-100 [Rev. January 1, 2006]

**APPLICATION FOR WRIT OF POSSESSION**
**(Claim and Delivery)**

| SHORT TITLE:<br>Renwood Winery, Inc. v. W.J. Deutsch & Sons, Ltd. | CASE NUMBER: |
| --- | --- |

ATTACHMENT 4:

The cure inventory subject to writ of possession:

149322030100 RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750;  57 cases

149322040100 RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750; 0 cases

140277040100 RENWOOD BARBERA AMADOR COUNTY 2004 6/750;  0 cases

149232040000 RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750;  836 cases

149232040401 RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 1/3L; • PROMO 15 cases

149232050000 RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 200512/750;  4,211 cases

149324040100 RENWOOD ZINFANDEL JACK RABBIT FLAT 2004 6/750; 65 cases

146550060300 RENWOOD ORANGE MUSCAT AMADOR COUNTY 200612/375; 536 cases

147052030300 RENWOOD PORT SIERRA FOOTHILLS 2003 12/375; 555 cases

147052040000 RENWOOD PORT SIERRA FOOTHILLS 2004 12/750; 89 cases

149233060300 RENWOOD ZINFANDEL AMADOR ICE 2006 12/375; 26 cases

146744050000 RENWOOD DRY ROSE RED LABEL 200512/750;  425 cases

149174050000 RENWOOD VIOGNIER SIERRA SERIES 2005 12/750; 0 cases

149234050000 RENWOOD ZINFANDEL RED LABEL 200512/750; 10,799 cases

The above inventory is located at 875 Hanna Drive, American Canyon, CA.

Stated value:  $1,761,400.00

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers):*

This page may be used with any Judicial Council form or any other paper filed with the court.

Page _____

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

WHITNEY A. DAVIS, SBN 149523
MARIA S. ROSENFELD, SBN 186116
CHARTER DAVIS, LLP
1730 I Street, Ste. 240
Sacramento, CA 95814
(916) 448-9000
(916) 448-9009

ATTORNEYS FOR PLAINTIFF
RENWOOD WINERY, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RENWOOD WINERY INC. | Case No.: CV 08 2848 PJH |
| Plaintiff, | **EX PARTE WRIT OF POSSESSION** |
| vs. | **Date:** |
| | **Time:** |
| W.J. DEUTSCH & SONS LTD., a New York Corporation, and DOES 1-50 inclusive, | **Dept:** |
| Defendants. | |

CD-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Whitney A. Davis, SBN 149523
CHARTER DAVIS LLP
1730 I Street, # 240
Sacramento, CA  95814
TELEPHONE NO.: (916) 448-9000    FAX NO. (Optional): (916) 448-9009
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Renwood Winery, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  NAPA
STREET ADDRESS: 825 Brown Street
MAILING ADDRESS:
CITY AND ZIP CODE: Napa, CA  94559-3031
BRANCH NAME: Historic Courthouse

PLAINTIFF: RENWOOD WINERY, INC.

DEFENDANT: W.J. DEUTSCH & SONS, INC.

| WRIT OF POSSESSION ☐ AFTER HEARING ☑ EX PARTE | CASE NUMBER: |
|---|---|

TO THE SHERIFF OR ANY MARSHAL OF THE COUNTY OF  NAPA

YOU ARE DIRECTED:

1. To levy upon and retain in your custody, until released or sold (Code Civ. Proc., § 514.030), the following property or any part of it *(specify):*

   See Attachment

2. To enter the following private place or places to take possession of the above-described property or some part of it *(specify exact locations):*

   See Attachment

3. To return this writ and the certificate of your proceedings within 30 days after levy and service, but in no event later than 60 days after issuance of this writ.

Dated: _____    Clerk, by _____, Deputy

| (SEAL) | **NOTICE TO DEFENDANT:** The plaintiff has filed with the court a written undertaking, a copy of which is attached. You have the right to object to the plaintiff's undertaking on a ground specified in Code of Civil Procedure section 995.920 and in the manner provided in Code of Civil Procedure section 515.030 or to obtain redelivery of the property by filing a written undertaking of your own, in an amount equal to the plaintiff's undertaking or as determined by the court under Code of Civil Procedure sections 515.010 and 515.020. You also have other rights under Code of Civil Procedure sections 512.020–512.120.

If your property has been taken under an ex parte writ of possession, you may apply under Code of Civil Procedure section 512.020(b) for an order that the writ be quashed, any property levied on be released, and for other relief as provided in that section, including an award of damages for any loss sustained by you as a proximate result of the levy. |
|---|---|

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CD-130 [Rev. January 1, 2006]

**WRIT OF POSSESSION**
(Claim and Delivery)

Code Civ. Proc., §§ 512.020–512.120
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ├ Renwood Winery, Inc. v. W.J. Deutsch & Sons, Ltd. | |

The cure inventory subject to ex parte writ:

149322030100 RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750;  57 cases

149322040100 RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750; 0 cases

140277040100 RENWOOD BARBERA AMADOR COUNTY 2004 6/750;  0 cases

149232040000 RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750;  836 cases

149232040401 RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 1/3L; • PROMO 15 cases

149232050000 RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 200512/750;  4,211 cases

149324040100 RENWOOD ZINFANDEL JACK RABBIT FLAT 2004 6/750; 65 cases

146550060300 RENWOOD ORANGE MUSCAT AMADOR COUNTY 200612/375; 536 cases

147052030300 RENWOOD PORT SIERRA FOOTHILLS 2003 12/375; 555 cases

147052040000 RENWOOD PORT SIERRA FOOTHILLS 2004 12/750; 89 cases

149233060300 RENWOOD ZINFANDEL AMADOR ICE 2006 12/375; 26 cases

146744050000 RENWOOD DRY ROSE RED LABEL 200512/750;  425 cases

149174050000 RENWOOD VIOGNIER SIERRA SERIES 2005 12/750; 0 cases

149234050000 RENWOOD ZINFANDEL RED LABEL 200512/750; 10,799 cases

The above inventory is located at 875 Hanna Drive, American Canyon, CA.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page _____

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201  501

1  WHITNEY A. DAVIS, SBN 149523
   MARIA S. ROSENFELD, SBN 186116
2  CHARTER DAVIS, LLP
   1730 I Street, Ste. 240
3  Sacramento, CA  95814
   (916) 448-9000
4  (916) 448-9009

5  ATTORNEYS FOR PLAINTIFF
   RENWOOD WINERY, INC.
6

7
                    UNITED STATES DISTRICT COURT
8
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10

11
   RENWOOD WINERY INC.                )   Case No.:  CV 08 2848 PJH
12                                     )
                                       )
13                                     )
                    Plaintiff,         )
14                                     )   **DECLARATION OF WHITNEY A. DAVIS**
         vs.                           )   **IN SUPPORT OF MEMORANDUM OF**
15                                     )   **POINTS AND AUTHORITIES FOR EX**
                                       )   **PARTE WRIT OF**
16                                     )   **POSSESSION/TEMPORARY**
   W.J. DEUTSCH & SONS LTD.,  a New    )   **RESTRAINING ORDER**
17 York Corporation, and DOES 1-50     )
   inclusive,                          )
18                                     )   **Date:**
                                       )   **Time:**
19                  Defendants.        )   **Dept:**
                                       )
20                                     )
                                       )
21                                     )
                                       )
22                                     )
                                       )
23 _____     )

24

25

26

27

28

   DECLARATION OF WHITNEY A. DAVIS IN SUPPORT OF MEMORANDUM OF POINTS AND
   AUTHORITIES FOR EX PARTE WRIT OF POSSESSION/TEMPORARY RESTRAINING ORDER

1  WHITNEY A. DAVIS, SBN 149523
   MARIA S. ROSENFELD, SBN 186116
2  CHARTER DAVIS, LLP
   1730 I Street, Ste. 240
3  Sacramento, CA 95814
   Tel: (916) 448-9000
4  Fax: (916) 448-9009

5  Attorneys for ██████████
   RENWOOD WINERY, INC.
6

**ENDORSED**

JUN 0 9 2008

Clerk of the Napa Superior Court
By: _____ S. FERINA _____
                 Deputy

7

8           IN THE SUPERIOR COURT IN THE STATE OF CALIFORNIA

9                   IN AND FOR THE COUNTY OF NAPA

10

11  RENWOOD WINERY INC.              )   Case No.:  **26 - 42837**
                                     )
12           Plaintiff,              )
                                     )
13      vs.                          )   **DECLARATION OF WHITNEY A.**
                                     )   **DAVIS**
14  W.J. DEUTSCH & SONS LTD., a New York )  Date : June 9, 2008
    Corporation, and DOES 1-50 inclusive,  )  Time : 11:30a
15                                   )
             Defendants.             )   Dept. C
16  _____)

17

18      I, WHITNEY A. DAVIS, declare:

19      1.  I am an attorney at law licensed to practice before all of the courts of the State of

20          California, and am a partner of the Charter-Davis, LLP law firm, attorneys of record

21          for Renwood Winery, Inc. I have personal knowledge of the facts and circumstances

22          set forth below, and if called upon to do so could and would testify thereto.

23      2.  I originally provided notice to Jim Parinello, counsel for W.J. Deutsch and Sons,

24          Ltd. on Thursday, June 05, 2008 of Renwood's intention to seek a TRO as it was

25          originally scheduled for Friday, June 6, 2008.

26      3.  Due to the Court's calendar, and due to the fact that additional relevant information

27          came to my attention on June 5, 2008 that required revision of the moving papers.

28          my office re-scheduled the hearing to take place on Monday, June 9, 2008.

-1-
DECLARATION OF WHITNEY A. DAVIS

4. On June 5, 2008, I received information leading me to believe that W.J. Deutsch may be planning to liquidate the collateral cure inventory and "dump" the inventory at below-market prices in order to damage Renwood and the distributor network. Such a tactic had been mentioned in the past by Jim Mello, President of W.J. Deutsch, which corroborated the risk of that tactic being deployed by W.J. Deutsch. Even if W.J. Deutsch had no intention of damaging Renwood by dumping the collateral cure inventory, the fact that W.J. Deutsch has not paid Renwood for months and is past due on millions of dollars of invoices led me to believe that W.J. Deutsch is suffering a financial crisis that may compel it to liquidate the collateral cure inventory for its own cash flow needs.

5. On June 5, 2008, I advised Jim Parinello, counsel for W.J. Deutsch & Sons, of the hearing date and time for this matter. The final moving papers are scheduled to be sent to Mr. Parinello's office via e-mail on Saturday, June 7, 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 6, 2008 at Sacramento, California.

_____
Whitney A. Davis

DECLARATION OF WHITNEY A. DAVIS

1  WHITNEY A. DAVIS, SBN 149523
   MARIA S. ROSENFELD, SBN 186116
2  CHARTER DAVIS, LLP
   1730 I Street, Ste. 240
3  Sacramento, CA  95814
   (916) 448-9000
4  (916) 448-9009

5  ATTORNEYS FOR PLAINTIFF
   RENWOOD WINERY, INC.
6

7                    UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11  RENWOOD WINERY INC.              )   Case No.:  CV 08 2848 PJH
                                     )
12                                   )
                                     )
13                                   )
              Plaintiff,             )
14                                   )   **DECLARATION FOR EX PARTE WRIT OF**
         vs.                         )   **POSSESSION**
15                                   )
                                     )
16  W.J. DEUTSCH & SONS LTD.,  a New )   **Date:**
17  York Corporation, and DOES 1-50  )   **Time:**
    inclusive,                       )   **Dept:**
18                                   )
                                     )
19            Defendants.            )
                                     )
20                                   )
                                     )
21                                   )
                                     )
22                                   )
                                     )
23  _____

24

25

26

27

28

                  DECLARATION FOR EX PARTE WRIT OF POSSESSION

CD-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Whitney A. Davis, SBN 149523
CHARTER DAVIS LLP
1730 I Street, # 240
Sacramento, CA  95814

TELEPHONE NO.: (916) 448-9000    FAX NO. (Optional): (916) 448-9009

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): Renwood Winery, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA
STREET ADDRESS: 825 Brown Street
MAILING ADDRESS:
CITY AND ZIP CODE: Napa, CA  94559-3031
BRANCH NAME: Historic Courthouse

PLAINTIFF: RENWOOD WINERY, INC.

DEFENDANT: W.J. DEUTSCH & SONS, LTD.

**ENDORSED**

JUN 0 9 2008

Clerk of the Napa Superior Court
By: _____ S. FERINA
Deputy

| DECLARATION FOR EX PARTE WRIT OF POSSESSION | CASE NUMBER: 26 - 42837 |
|---|---|

1. ☐ A showing that the defendant* gained possession of the property described in the application, which was not entrusted to the defendant, by feloniously taking such property from the plaintiff* by means other than by false or fraudulent representation, pretense, or embezzlement is made in the ☐ verified complaint. ☐ attached declaration. ☐ as follows:

2. ☐ A showing that the property described in the application is a credit card is made in the ☐ verified complaint ☐ attached declaration ☐ as follows:

3. ☑ A showing that the defendant acquired possession of the property described in the application in the ordinary course of trade or business for commercial purposes, and (a) the property is not necessary for the support of the defendant or the defendant's family; (b) there is an immediate danger that the property will become unavailable to levy by reason of being transferred, concealed or removed from the state, or will become substantially impaired in value by acts of destruction, or by failure to take care of the property in a reasonable manner; and (c) the ex parte issuance of a writ of possession is necessary to protect the property is made in the ☑ verified complaint. ☑ attached declaration. ☑ as follows:

   See Attachment

4. The plaintiff ☐ has ☑ has not filed an undertaking under Code of Civil Procedure section 515.010.

5. Number of pages attached: 1

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Date: June 7, 2008

WHITNEY A. DAVIS
(TYPE OR PRINT PLAINTIFF'S NAME)

▶ _____
(PLAINTIFF'S SIGNATURE)

* "Plaintiff" includes cross-complainant, and "defendant" includes cross-defendant.

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CD-180 [Rev. January 1, 2006]

**DECLARATION FOR EX PARTE WRIT OF POSSESSION**
**(Claim and Delivery)**

Code Civ. Proc., §§ 512.010-512.120
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Renwood Winery, Inc. v. W.J. Deutsch & Sons, Ltd. | |

1  Plaintiff RENWOOD WINERY INC. directs the Court to its accompanying Memorandum of Points and
2  Authorities in support of its application for an ex parte application for a writ of possession or, in the
   alternative, a temporary restraining order pertaining to certain cure inventory collateral as discussed
3  therein. RENWOOD applies for an ex parte writ of possession to recover certain cure inventory
4  representing personal property collateral in the possession of defendant W.J. DEUTSCH & SONS
   (hereinafter "WJD" and/or "Defendant".) RENWOOD seeks the ex parte writ of possession following
5  WJD'S contractual defaults/breaches relating to a wine sales and services agreement of March 2006
6  entered into by and between RENWOOD and WJD. (Exhibit A, attached to the accompanying
   Compendium of Exhibits.)

7

8  The agreement requires that RENWOOD produce 16 wines organized in four tiers and that WJD exert its
   "best efforts" to market and sell those wines. WJD also guaranteed a 15% growth in RENWOOD sales by
9  product and by tier for each month during the first five years of the contract. This means that if WJD did/
   does not sell the wine, WJD must buy the wine itself to cure the breach of the performance standard.
10  Additionally, WJD must ensure that depletion of distributor inventory to retailers not fall below 80% of
11  the sales performance standard. As is described in more detail in the accompanying points and authorities,
   WJD has breached the services agreement, (1) by accumulating and then selling out the enormous cure
12  inventory, located in American Canyon, CA, before selling from RENWOOD inventory, and (2) at the
13  same time, failing to cure contract breaches of the sales performance standard per the service agreement
   for many months. WJD is past due on cure invoices totaling in excess of $2 million. RENWOOD has a
14  security interest in that cure inventory per the security agreement and UCC-1 filings. The sale of wine
15  from the WJD cure inventory before satisfying monthly sales requirements or cure demands constitutes an
   unfair business practice, in that WJD has used the cure to delay payment and breach the contract. (See
16  accompanying declarations of Robert Smerling and Danica Ratkovich filed and served herewith and
17  verified complaint herein.)

18  Based on the above, and given the immediate danger of the cure inventory quickly disappearing (per
19  WJD's recent "sell off scheme") RENWOOD applies for an ex parte writ of possession to mandate the
   return of the cure inventory collateral and to prevent WJD from wrongfully selling off cure inventory
20  without curing contractual breaches under the services agreement. Due to WJD'S defaults on its
21  contractual obligations to RENWOOD per the services agreement, RENWOOD has sent notices of cure
   and also made demand for the cure inventory which it has a security interest, but WJD has refused to
22  comply. RENWOOD seeks the court's assistance in enforcing its rights to possession of its cure inventory
23  before WJD sells off more cure inventory, wrongfully diverting RENWOOD's collateral, and wrongfully
   profiting from the cure inventory.

24

25  Defendant WJD was given notice on June 5, 2008 of RENWOOD's intent to seek the instant ex parte writ
   of possession or alternatively TRO.

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27
   This page may be used with any Judicial Council form or any other paper filed with the court.    Page _____

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

| SHORT TITLE:<br>Renwood Winery, Inc. v. W.J. Deutsch & Sons, Ltd. | CASE NUMBER: |
|---|---|



1

2  The cure inventory subject to writ of possession (following noticed hearing):
149322030100 RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750; 57 cases

3  149322040100 RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750; 0 cases
140277040100 RENWOOD BARBERA AMADOR COUNTY 2004 6/750; 0 cases

4  149232040000 RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750; 836 cases

5  149232040401 RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 1/3L; • PROMO 15
cases

6  149232050000 RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 200512/750; 4,211 cases

7  149324040100 RENWOOD ZINFANDEL JACK RABBIT FLAT 2004 6/750; 65 cases

8  146550060300 RENWOOD ORANGE MUSCAT AMADOR COUNTY 200612/375; 536 cases
147052030300 RENWOOD PORT SIERRA FOOTHILLS 2003 12/375; 555 cases

9  147052040000 RENWOOD PORT SIERRA FOOTHILLS 2004 12/750; 89 cases
149233060300 RENWOOD ZINFANDEL AMADOR ICE 2006 12/375; 26 cases

10  146744050000 RENWOOD DRY ROSE RED LABEL 200512/750; 425 cases

11  149174050000 RENWOOD VIOGNIER SIERRA SERIES 2005 12/750; 0 cases
149234050000 RENWOOD ZINFANDEL RED LABEL 200512/750; 10,799 cases

12  The above inventory is located at 875 Hanna Drive, American Canyon, CA.

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers):*

27  This page may be used with any Judicial Council form or any other paper filed with the court.

Page _____

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201  201

LexisNexis® Automated California Judicial Council Forms

1  WHITNEY A. DAVIS, SBN 149523
   MARIA S. ROSENFELD, SBN 186116
2  CHARTER DAVIS, LLP
   1730 I Street, Ste. 240
3  Sacramento, CA  95814
   (916) 448-9000
4  (916) 448-9009

5  ATTORNEYS FOR PLAINTIFF
   RENWOOD WINERY, INC.
6

7                    UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11  RENWOOD WINERY INC.              )   Case No.:  CV 08 2848 PJH
                                     )
12                                   )
                                     )
13                                   )
             Plaintiff,              )
14                                   )   **ORDER FOR WRIT OF POSSESSION**
        vs.                          )   **ISSUED EX PARTE**
15                                   )
                                     )
16  W.J. DEUTSCH & SONS LTD.,  a New )   **Date:**
17  York Corporation, and DOES 1-50  )   **Time:**
    inclusive,                       )   **Dept:**
18                                   )
                                     )
19           Defendants.             )
                                     )
20                                   )
                                     )
21                                   )
                                     )
22                                   )
                                     )
23  _____

24

25

26

27

28

            ORDER FOR WRIT OF POSSESSION ISSUED EX PARTE

CD-120

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Whitney A. Davis, SBN 149523<br>CHARTER DAVIS LLP<br>1730 I Street, Suite 240<br>Sacramento, CA 95814<br>TELEPHONE NO. (916) 448-9000        FAX NO. *(Optional):* (916) 448-9009<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Renwood Winery, INc. | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA
STREET ADDRESS. 825 Brown Street
MAILING ADDRESS:
CITY AND ZIP CODE: Napa, CA 94559-3031
BRANCH NAME: Historic Courthouse

PLAINTIFF: RENWOOD WINERY, INC.

DEFENDANT: W.J. DEUTSCH & SONS, LTD.

| ORDER FOR WRIT OF POSSESSION<br>☐ AFTER HEARING   ☑ EX PARTE | CASE NUMBER: |
|---|---|

### AFTER HEARING

1. ☐   The application of the plaintiff* for a writ of possession was heard as follows *(check boxes in 1c and 1d to indicate personal presence at the hearing):*

a.  Judicial Officer *(name):*

b.  Hearing date:                Time:            ☐ Dept.:          ☐ Rm.:

c.  ☐ Plaintiff *(name):*                       ☐ Attorney *(name):*

d.  ☐ Defendant *(name):*                     ☐ Attorney *(name):*

### EX PARTE

2. ☑   The application of the plaintiff for an ex parte writ of possession has been considered by the court.

3. **The court finds:**

a.  ☐   Defendant has been properly served as required by Code of Civil Procedure section 512.030.
*(Do not check this item if the application is ex parte.)*

b.  Plaintiff ☐ has   ☑ has not   filed an undertaking as required by Code of Civil Procedure section 515.010.

c.  Plaintiff has established the probable validity of the plaintiff's claim to possession of the following property *(specify):*
See Attachment

☑   Continued on Attachment 3c.

d.  ☑   There is probable cause to believe this property or some part of it is located at one or more of the following private places *(specify):*
See Attachment

☑   Continued on Attachment 3d.

*"Plaintiff" includes cross-complainant, and "defendant" includes cross-defendant.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CD-120 [Rev. January 1, 2006]

**ORDER FOR WRIT OF POSSESSION**
**(Claim and Delivery)**

Code Civ. Proc., §§ 512.020, 512.060;<br>512.070; 514.010–514.050, 515.010<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.USCourtForms.com

CD-120

| PLAINTIFF: RENWOOD WINERY, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT: W.J. DEUTSCH & SONS, LTD. | |

## ADDITIONAL FINDINGS FOR EX PARTE ISSUANCE OF WRIT OF POSSESSION

4. ☑ **The court also finds:**

   a. ☐ Defendant gained possession of the property described in item 3c, which was not entrusted to the defendant, by feloniously taking such property from the plaintiff by means other than by false or fraudulent representation, pretense, or embezzlement.

   b. ☐ The property is a credit card.

   c. ☑ Defendant acquired possession of this property in the ordinary course of the defendant's trade or business for commercial purposes, and (1) the property is not necessary for the support of the defendant or the defendant's family; (2) there is an immediate danger that the property will become unavailable to levy by reason of being transferred, concealed or removed from the state, or will become substantially impaired in value by acts of destruction, or by failure to take care of the property in a reasonable manner; and (3) the ex parte issuance of a writ of possession is necessary to protect the property.

   d. Total number of boxes checked in item 4:   2

## ORDERS

5. **IT IS ORDERED**

   a. The clerk of this court is directed to issue a writ of possession as provided in Code of Civil Procedure section 512.020, directing the sheriff or marshal within whose jurisdiction the property described in item 3c, or some part of it, is located, to seize such property and retain custody of it as provided in Code of Civil Procedure sections 514.010–514.050.

   b. ☑ The clerk is directed to issue the writ of possession immediately.

   c. ☐ The clerk is directed to issue the writ of possession upon the plaintiff's filling of a written undertaking, as required by Code of Civil Procedure section 515.010, in the amount of: $

   d. The written undertaking required by the defendant for redelivery or to stay delivery is in the amount of: $

   e. The clerk of this court is directed to attach a copy of this order and a copy of the plaintiff's undertaking to the writ of possession.

   f. The sheriff or marshal may enter the following private place(s) to take possession of the property or some part of it:

     See Attachment

   ☑ Continued on Attachment 5f.

   g. ☑ Defendant *(name):* W.J. Deutsch & Sons Ltd.
     is ordered to transfer possession of the property described in item 3c to the plaintiff. (Code Civ. Proc., § 512.070.)

**NOTICE TO DEFENDANT: Failure to comply with an order of the court to turn over possession of such property to the plaintiff may subject you to being held in contempt of court.**

6. Number of pages attached:   1

Dated: _____

               _____
                              (JUDICIAL OFFICER)

                ☐ Signature follows last attachment.

**ORDER FOR WRIT OF POSSESSION**
**(Claim and Delivery)**

| SHORT TITLE: Renwood Winery, Inc. v. W.J. Deutsch & Sons, Ltd. | CASE NUMBER: |
|---|---|

1  ATTACHMENT:  3c, 3d, 3f; 5f:

2  The cure inventory subject to ex parte writ:

3  149322030100 RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750;  57 cases
   149322040100 RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750; 0 cases
4  140277040100 RENWOOD BARBERA AMADOR COUNTY 2004 6/750;  0 cases
5  149232040000 RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750;  836 cases
6  149232040401 RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 1/3L; • PROMO 15 cases
7  149232050000 RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 200512/750;  4,211 cases
   149324040100 RENWOOD ZINFANDEL JACK RABBIT FLAT 2004 6/750; 65 cases
8  146550060300 RENWOOD ORANGE MUSCAT AMADOR COUNTY 200612/375; 536 cases
9  147052030300 RENWOOD PORT SIERRA FOOTHILLS 2003 12/375; 555 cases
   147052040000 RENWOOD PORT SIERRA FOOTHILLS 2004 12/750; 89 cases
10 149233060300 RENWOOD ZINFANDEL AMADOR ICE 2006 12/375; 26 cases
11 146744050000 RENWOOD DRY ROSE RED LABEL 200512/750;  425 cases
   149174050000 RENWOOD VIOGNIER SIERRA SERIES 2005 12/750; 0 cases
12 149234050000 RENWOOD ZINFANDEL RED LABEL 200512/750; 10,799 cases
13 The above inventory is located at 875 Hanna Drive, American Canyon, CA.

14

15

16

17

18

19

20

21

22

23

24

25

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27 This page may be used with any Judicial Council form or any other paper filed with the court.

Page _____

1  WHITNEY A. DAVIS, SBN 149523
MARIA S. ROSENFELD, SBN 186116
2  CHARTER DAVIS, LLP
1730 I Street, Ste. 240
3  Sacramento, CA  95814
(916) 448-9000
4  (916) 448-9009

5  ATTORNEYS FOR PLAINTIFF
RENWOOD WINERY, INC.
6

7                    UNITED STATES DISTRICT COURT

8                FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11  RENWOOD WINERY INC.                )  Case No.:  CV 08 2848 PJH
                                       )
12                                     )
                                       )
13                                     )
            Plaintiff,                 )
14                                     )  **TEMPORARY RESTRAINING ORDER**
        vs.                            )
15                                     )
                                       )  **Date:**
16  W.J. DEUTSCH & SONS LTD.,  a New   )  **Time:**
    York Corporation, and DOES 1-50    )  **Dept:**
17  inclusive,                         )
                                       )
18                                     )
                                       )
19          Defendants.                )
                                       )
20                                     )
                                       )
21                                     )
                                       )
22                                     )
                                       )
23  _____

24

25

26

27

28

CD-200

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Whitney A. Davis, SBN 149523<br>CHARTER DAVIS LLP<br>1730 I Street, # 240<br>Sacramento, CA 95814<br>TELEPHONE NO. (916) 448-9000    FAX NO. *(Optional):* (916) 448-9009<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name)*: Renwood Winery, Inc. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA
STREET ADDRESS: 825 Brown Street
MAILING ADDRESS:
CITY AND ZIP CODE: Napa, CA 94559-3031
BRANCH NAME:

PLAINTIFF: RENWOOD WINERY, INC.

DEFENDANT: W.J. DEUTSCH & SONS, LTD.

| TEMPORARY RESTRAINING ORDER | CASE NUMBER: |
|---|---|

1. The application of plaintiff* *(name)*: Renwood Winery, Inc.
   for a temporary restraining order having been considered by the court, the court finds:
   a. Plaintiff has filed an undertaking as required by Code Civ. Proc., § 515.010, in the amount of: $
   b. Plaintiff has established the probable validity of plaintiff's claim to possession of the following property *(describe)*:
   See Attachment 1b

   ☑ Continued on Attachment 1b.
   c. Plaintiff has established the probability that there is an immediate danger that the above-described property
   ☑ may become unavailable to levy. ☑ may become substantially impaired in value.

**IT IS ORDERED**

2. Defendant *(name)*: W.J. Deutsch & Sons, Ltd.
   is restrained from doing the following:
   a. ☑ Transferring any interest by sale, pledge, or grant of security interest, or otherwise disposing of, or encumbering
      (1) ☑ the following property *(specify)*:
         See Attachment

         ☑ Continued on Attachment 2a.
      (2) ☐ except in the ordinary course of business, the following farm products held for sale or lease:

         ☐ Continued on Attachment 2a.
      (3) ☐ except in the ordinary course of business, the following inventory:

         ☐ Continued on Attachment 2a.

* "Plaintiff" includes cross-complainant, and "defendant" includes cross-defendant.

Page 1 of 2

**TEMPORARY RESTRAINING ORDER**
(Claim and Delivery)

Code Civ. Proc., §§ 515.010, 515.020, 627<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.USCourtForms.com

CD-200

| | |
|---|---|
| PLAINTIFF: RENWOOD WINERY, INC. | CASE NUMBER |
| DEFENDANT: W.J. DEUTSCH & SONS, LTD. | |

2. b. ☑ Concealing or otherwise removing the following property in such manner as to make it less available to seizure by the levying officer *(describe):*

See Attachment

☑ Continued on Attachment 2b.

c. ☑ Impairing the value of

(1) the following property *(describe):*

See Attachment

☑ Continued on Attachment 2c.

(2) either by acts of destruction or by failure to care for the property in a reasonable manner, including the following acts:

See Attachment

☑ Continued on Attachment 2c.

d. ☑ Disposing of the proceeds from the transfer of any interest in

(1) ☐ the following farm products held for sale or lease *(describe):*

☐ Continued on Attachment 2d.

(2) ☑ the following inventory *(describe):*

See Attachment

☑ Continued on Attachment 2d.

e. Number of boxes checked in item 2: ___2___

3. ☐ The clerk of this court is directed to attach a copy of plaintiff's undertaking to this order.

4. This order will have no force or effect after *(date):* 7/1/08-sec attached    (Code Civ. Proc., §§ 513.010(c), 527.)

5. Number of pages attached: ___1___

Date: _____

_____
(JUDICIAL OFFICER)

☐ Signature follows last attachment.

CD-200 (Rev. January 1, 2006)

**TEMPORARY RESTRAINING ORDER**
(Claim and Delivery)

Page 2 of 2

SHORT TITLE:
— Renwood Winery, Inc. v. W.J. Deutsch & Sons, Ltd.

CASE NUMBER

1

2   ATTACHMENT 1b, 2(a)(1),2(b), 2(c)(1)(2),2(d)(2): (the cure inventory subject to TRO):
    149322030100 RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750:  57 cases
3   149322040100 RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750: 0 cases
    140277040100 RENWOOD BARBERA AMADOR COUNTY 2004 6/750:  0 cases
4   149232040000 RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750:  836 cases
5   149232040401 RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 1/3L: • PROMO 15
6   cases
    149232050000 RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 200512/750:  4,211 cases
7   149324040100 RENWOOD ZINFANDEL JACK RABBIT FLAT 2004 6/750: 65 cases
    146550060300 RENWOOD ORANGE MUSCAT AMADOR COUNTY 200612/375: 536 cases
8   147052030300 RENWOOD PORT SIERRA FOOTHILLS 2003 12/375: 555 cases
9   147052040000 RENWOOD PORT SIERRA FOOTHILLS 2004 12/750: 89 cases
    149233060300 RENWOOD ZINFANDEL AMADOR ICE 2006 12/375: 26 cases
10  146744050000 RENWOOD DRY ROSE RED LABEL 200512/750:  425 cases
11  149174050000 RENWOOD VIOGNIER SIERRA SERIES 2005 12/750; 0 cases
    149234050000 RENWOOD ZINFANDEL RED LABEL 200512/750; 10,799 cases
12  The above inventory is located at 875 Hanna Drive, American Canyon, CA.

13
    ATTACHMENT 4: Request is made that the instant TRO issue for 22 days upon good cause; i.e. per the
14  accompanying points and authorities there is real and immediate danger of the cure inventory
15  disappearing.  To the extent the Court requires a noticed hearing, the TRO must not expire prior to the
    noticed hearing going forward.
16

17

18

19

20

21

22

23

24

25

26  (Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, not line
    numbers):

27  This page may be used with any Judicial Council form or any other paper filed with the court.

                                            Page _____

1    WHITNEY A. DAVIS, SBN 149523
     MARIA S. ROSENFELD, SBN 186116
2    CHARTER DAVIS, LLP
     1730 I Street, Ste. 240
3    Sacramento, CA  95814
     (916) 448-9000
4    (916) 448-9009

5    ATTORNEYS FOR PLAINTIFF
     RENWOOD WINERY, INC.
6

7                           UNITED STATES DISTRICT COURT

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11   RENWOOD WINERY INC.                    )   Case No.:  CV 08 2848 PJH
                                            )
12                                          )
                                            )
13                                          )
                Plaintiff,                  )   **UNDERTAKING BY PERSONAL SURETIES**
14                                          )
           vs.                              )
15                                          )   **Date:**
                                            )   **Time:**
16                                          )   **Dept:**
     W.J. DEUTSCH & SONS LTD.,  a New       )
17   York Corporation, and DOES 1-50        )
     inclusive,                             )
18                                          )
                                            )
19              Defendants.                 )
                                            )
20                                          )
                                            )
21                                          )
                                            )
22                                          )
                                            )
23   ─────────────────────────────

24

25

26

27

28

BOND #57BSBFB8253

AT-160/CD-140

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Whitney A. Davis, SBN 149523 <br> CHARTER DAVIS LLP <br> 1730 I Street, # 240 <br> Sacramento, CA 95814 <br> TELEPHONE NO. (916) 448-9000  FAX NO. (Optional) (916) 448-9009 <br> E-MAIL ADDRESS (Optional) <br> ATTORNEY FOR (Name): Renwood Winery, Inc. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA
STREET ADDRESS: 825 Brown Street
MAILING ADDRESS:
CITY AND ZIP CODE: Napa, CA 94559-3031
BRANCH NAME: Historic Courthouse

PLAINTIFF: RENWOOD WINERY, INC.

DEFENDANT: W.J. DEUTSCH & SONS, LTD.

| ☑ Plaintiff's ☐ Defendant's | UNDERTAKING BY PERSONAL SURETIES ☐ Attachment ☑ Claim and Delivery | CASE NUMBER: |
|---|---|---|

1. ☑ Plaintiff (name): Renwood Winery, Inc.
2. ☑ Defendant (name): W.J. Deutsch & Sons, Ltd.
3. Amount of undertaking: $ 50,000.00
4. ☐ (Claim and delivery only) Address to which notice of objection to sureties may be sent (specify):

   P. O. Box 2103, 690 Asylum Avenue  Hartford, CT 06115

5. This undertaking is for ☐ attachment. ☑ claim and delivery.
6. We, the undersigned sureties, hereby submit to the jurisdiction of the court in all matters affecting our liability on this undertaking and obligate ourselves, jointly and severally, to and including the amount specified in item 3,

**ATTACHMENT**

   a. ☐ **to pay the defendant named in item 2** any amount the defendant may recover for any wrongful attachment by the plaintiff named in item 1 in the action under Code of Civil Procedure section 489.210.

   b. ☐ **to pay the plaintiff named in item 1** the value of the property released not exceeding the amount of any judgment which may be recovered by the plaintiff in an action against the defendant named in item 2 (Code Civ. Proc., § 489.310).

   c. ☐ **to pay the plaintiff named in item 1** the amount of any judgment that may be recovered by the plaintiff in the action against the defendant named in item 2 under Code of Civil Procedure section 489.320.

**CLAIM AND DELIVERY**

   d. ☐ **to the plaintiff named in item 1**, if the plaintiff recover judgment in the action, the defendant named in item 2 will pay all costs awarded to the plaintiff and all damages that the plaintiff may sustain by reason of the loss of the property, not exceeding the amount of this undertaking under Code of Civil Procedure section 515.020.

   e. ☐ **to the defendant named in item 1**, for the return of the property to the defendant if a return is ordered, and for the payment of any sum the defendant may recover against the plaintiff, not exceeding the amount of this undertaking under Code of Civil Procedure section 515.010.

7. a. (1) Surety (name): Hartford Fire Insurance Company   b. (1) Surety (name):

   (2) Occupation:                                          (2) Occupation:
   (3) Residence address:                                   (3) Residence address:


   (4) Business address:                                    (4) Business address:
       P. O. Box 2103, 690 Asylum Avenue
       Hartford, CT 06115
   (5) Address for service:                                 (5) Address for service:
       P. O. Box 2103, 690 Asylum Avenue
       Hartford, CT 06115

Page 1 of 2

**UNDERTAKING BY PERSONAL SURETIES**
**(Attachment and Claim and Delivery)**

Code Civ. Proc., §§ 482.030; 515.010, 515.020,
995.510, 995.520
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

BOND #57BSBFB8253

AT-160/CD-140

| PLAINTIFF: RENWOOD WINERY, INC. | CASE NUMBER |
|---|---|
| DEFENDANT: W.J. DEUTSCH & SONS, LTD. | |

8. a. (1) I am neither an officer of the court nor a member of the State Bar of California, but I am a resident and ☐ householder ☐ owner of real property within California and I am worth the amount of the bond in real or personal property, or both, situated in this state, over and above all my debts and liabilities, exclusive of property exempt from enforcement of a money judgment.

(2) ☐ *(Complete if undertaking exceeds $5,000.)*
I rely on the following described property belonging to me and situated in this state as qualifying me on the undertaking *(describe property and nature of declarant's interest and specify best estimate of fair market value of each item of property):*

☐ Continued on Attachment 8a.

(3) The charges, liens, impediments, or clouds against any item of property known to me and the amounts are as follows *(specify):*

☐ Continued on Attachment 8a.

9. a. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 06, 2008

► _____
(SIGNATURE OF SURETY)

JOHN SUTAK III, ATTORNEY-IN-FACT
Hartford Fire Insurance Company
_____
(TYPE OR PRINT NAME OF SURETY)

8. b. (1) I am neither an officer of the court nor a member of the State Bar of California, but I am a resident and ☐ householder ☐ owner of real property within California and I am worth the amount of the bond in real or personal property, or both, situated in this state, over and above all my debts and liabilities, exclusive of property exempt from enforcement of a money judgment.

(2) ☐ *(Complete if undertaking exceeds $5,000.)*
I rely on the following described property belonging to me and situated in this state as qualifying me on the undertaking *(describe property and nature of declarant's interest and specify best estimate of fair market value of each item of property):*

☐ Continued on Attachment 8b.

(3) The charges, liens, impediments, or clouds against any item of property known to me and the amounts are as follows *(specify):*

☐ Continued on Attachment 8b.

9. b. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

► _____
(SIGNATURE OF SURETY)

_____
(TYPE OR PRINT NAME OF SURETY)

**COURT APPROVAL**
**(Attachment only)**

The undertaking is approved.

Date:

_____
(JUDICIAL OFFICER)

☐ Signature follows last attachment.

**UNDERTAKING BY PERSONAL SURETIES**
**(Attachment and Claim and Delivery)**

# POWER OF ATTORNEY

*Direct Inquiries/Claims to:*

**THE HARTFORD**
BOND, T-4
P.O. BOX 2103, 690 ASYLUM AVENUE
HARTFORD, CONNECTICUT 06115
*call:* 888-266-3488 *or fax:* 860-757-5835)

KNOW ALL PERSONS BY THESE PRESENTS THAT:                 Agency Code: 57   556335

| | |
|---|---|
| X | **Hartford Fire Insurance Company**, a corporation duly organized under the laws of the State of Connecticut |
| | **Hartford Casualty Insurance Company**, a corporation duly organized under the laws of the State of Indiana |
| | **Hartford Accident and Indemnity Company**, a corporation duly organized under the laws of the State of Connecticut |
| | **Hartford Underwriters Insurance Company**, a corporation duly organized under the laws of the State of Connecticut |
| | **Twin City Fire Insurance Company**, a corporation duly organized under the laws of the State of Indiana |
| | **Hartford Insurance Company of Illinois**, a corporation duly organized under the laws of the State of Illinois |
| | **Hartford Insurance Company of the Midwest**, a corporation duly organized under the laws of the State of Indiana |
| | **Hartford Insurance Company of the Southeast**, a corporation duly organized under the laws of the State of Florida |

having their home office in Hartford, Connecticut (hereinafter collectively referred to as the "Companies") do hereby make, constitute and appoint,
*up to the amount of* UNLIMITED                     :
JOHN SUTAK III, JENNIFER C. ROYALL OF SAN FRANCISCO, CALIFORNIA

their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety(ies) only as delineated above by ⊠, and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof, on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

    **In Witness Whereof**, and as authorized by a Resolution of the Board of Directors of the Companies on January 22, 2004, the Companies have caused these presents to be signed by its Assistant Vice President and its corporate seals to be hereto affixed, duly attested by its Assistant Secretary. Further, pursuant to Resolution of the Board of Directors of the Companies, the Companies hereby unambiguously affirm that they are and will be bound by any mechanically applied signatures applied to this Power of Attorney.

     



Paul A. Bergenholtz, Assistant Secretary                 M. Ross Fisher, Assistant Vice President

STATE OF CONNECTICUT  }
                 } ss.    Hartford
COUNTY OF HARTFORD  }

    On this 3rd day of March, 2008, before me personally came M. Ross Fisher, to me known, who being by me duly sworn, did depose and say: that he resides in the County of Hartford, State of Connecticut; that he is the Assistant Vice President of the Companies, the corporations described in and which executed the above instrument; that he knows the seals of the said corporations; that the seals affixed to the said instrument are such corporate seals; that they were so affixed by authority of the Boards of Directors of said corporations and that he signed his name thereto by like authority.

                                               Scott E. Paseka
**CERTIFICATE**                 Notary Public
                     My Commission Expires October 31, 2012

    I, the undersigned, Assistant Vice President of the Companies, DO HEREBY CERTIFY that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is still in full force effective as of June 6, 2008
    Signed and sealed at the City of Hartford.

       

Gary W. Stumper, Assistant Vice President

PO.A 2008

WHITNEY A. DAVIS, SBN 149523
MARIA S. ROSENFELD, SBN 186116
CHARTER DAVIS, LLP
1730 I Street, Ste. 240
Sacramento, CA  95814
(916) 448-9000
(916) 448-9009

ATTORNEYS FOR PLAINTIFF
RENWOOD WINERY, INC.

IN THE SUPERIOR COURT IN THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF NAPA

RENWOOD WINERY INC.

Plaintiff,

vs.

W.J. DEUTSCH & SONS LTD.,  a New
York Corporation, and DOES 1-50
inclusive,

Defendants.

Case No.:  CV 08 2848 PJH

**AFFIDAVIT OF MICHAEL ADAIR**

1
AFFIDAVIT OF MICHAEL ADAIR

## AFFIDAVIT OF MICHAEL ADAIR

I, Michael Adair, do hereby declare:

1.  That I am a person above the age of 18 years.  I have personal knowledge of the facts and circumstances set forth below, and if called upon to do so could and would competently testify thereto.

2.  I was hired by W.J. Deutsch in approximately February, 2004.  I was employed by that company as the Northern California Chain Representative from the date of hire until March 21, 2008.  My territory included chain customers in Northern California and Hawaii.  I gave notice of resignation a few days before March 21, 2008, but W.J. Deutsch elected the separation date before the traditional two weeks had expired.  I have fifteen (15) years of experience in selling wine and spirits, which provides some of the basis for the facts set forth below.  When I left W.J. Deutsch, I directly reported to Susan Hwang, Regional Manager for Northern California and Hawaii.  Ms. Hwang reported directly to Al Della Corna, Western Vice-President.  When I was first hired by W. J. Deutsch, I reported to Scott Evans and Pat McNamara.

**Wine Sales Channels**:

3.  Wine sales historically take place in either a three (3) or four (4) level system.

4.  In a three level system, a wine supplier or winery (Level 1) will sell its wine pursuant to contract with a distributor or group of distributors (Level 2) who re-sell the wine to retailers (level 3).  In the three-level system, a supplier often supplements the sales effort by employing in-house sales representatives to make sales calls with distributors, develop special marketing or promotional programs, organize sales events or winery tours, and track/encourage distributor sales performance.  The suppliers also traditionally provide their distributors a marketing allowance to permit intermittent promotional pricing, fund marketing

AFFIDAVIT OF MICHAEL ADAIR

materials and displays, and compensate for transportation differences depending on the distance from the warehouse.

5. In a four- level system, a supplier will "outsource" most of the in-house sales function to a importer, importer or sales organization. The importer effectively manages the wine brand from the sales perspective. The importer hires the distributors of its choice. The sales commission and marketing allowances are paid to the importer by the supplier. The supplier supplements the sales effort to a lesser degree than in the three-level system with fewer in-house sales resources. The importer often handles several brands at once and has a large sales team devoted to selling all of the brands. This volume and brand control provides the importer more leverage with distributors and retailers. Importantly, the importer often controls enormous financial leverage and resources by collecting marketing allowances from the several suppliers it represents.

6. W.J. Deutsch is an importer.

7. Renwood Winery is a supplier that used to work under the three-level model. In the Spring of 2006, Renwood hired W.J. Deutsch as its importer, and thereby moved into a four-level format.

8. Wine sales are generally categorized by the location where the wine is consumed. "On-Premise" sales are those made to restaurants and bars, and are deemed "on-premise" because the final consumer drinks the wine where it is purchased (i.e. the restaurant or bar). "Off-premise" sales concern wine purchases where consumption is contemplated to take place at the customer's home. In California, the majority of off-premise sales occur at supermarket chains, beverage specialty chains such as Beverages & More, of at club stores such as Costco. The sales techniques, marketing strategies brand positioning and economics are very different depending on whether the sales target is an "on-premise" or off-premise" account.

///

**Sales Performance**:

9. Wineries enter into agreements with importers or distributors to market the wines. Those agreements generally contain sales performance requirements. The importers that, in turn, hire distributors to market the wine in a four-level system likewise generally have sales performance standards built into their agreements with the distributors.

10. As a wine and spirits sales representative, my sales performance and compensation has always been measured against a sales performance goal or requirement. The same was true when I worked at W.J. Deutsch.

11. Sales performance requirements at every level in the distribution channel are the main source of career-sensitive reward or punishment.

12. The same is generally true for wineries, whose sales performance is tracked and ranked through AC Nielsen for general depletion data.

13. An important distinction in the wine sales lexicon is the term "depletion," which is the sale of wine to a merchant that sells the wine to the consumer.

14. Distributor depletions are tracked nationally through a reporting system. Depletion data is collected by an organization known as BDN. Importers and distributors tap into this database through third-party data-sifting computer applications. The application was used by W.J. Deutsch to compile and translate the data from the database is known as "Diver," which permits the user to customize reports for their own purposes.

15. While at W. J. Deutsch, I became intimately familiar with the Diver reports, as I would be provided those reports regularly to track depletions by the distributors through whom I sold wine brands. Those reports would also be used as the measure of my performance.

///

///

///

1

2 **Renwood and the BevMo Transactions**:

3    16.  W.J. Deutsch was the importer for Renwood wine products commencing in the

4         Spring of 2006.  I was responsible for selling Renwood wine products or "sku's"

5         to chain enterprises in my territory, and my performance bonus depended on how

6         much Renwood wine I could sell.

7    17.  Soon after Renwood hired W J. Deutsch, I worked for several months to arrange

8         for Renwood to participate in BevMo's "nickel sale."   The sale was to run for a

9         few weeks in March, 2007, and was popular with customers because they could

10        buy the second bottle of wine for a nickel if the first bottle was purchased at full

11        price.  It was popular with distributors as it depleted a large volume of wine

12        (3,500 cases) in a few weeks and served as a great promotion for the brand.  It

13        was popular with me as a sale representative for the same reasons.  Everyone's

14        sales performance numbers could be greatly enhanced with even one successful

15        nickel sale.

16   18.  I arranged for Renwood sku's known as "Fiddletown," "Jackrabbit Flat," and

17        "Syrah Rose" to be the sku's for the Spring, 2007 nickel sale.  I was able to strike

18        a deal with Renwood's Robert Smerling to provide special terms to W.J. Deutsch

19        and BevMo to have these wines participate in the sale.  Another nickel sale takes

20        place in October of every year

21   19. Conflict with Renwood quickly arose because the deep discounting left little or

22        nothing for the supplier after commissions and marketing allowances.  I do not

23        know how or if that conflict was resolved, but the promotion took place and it

24        was a success.

25   20.   By October of 2007, Renwood had created three new sku's just for BevMo's

26        nickel sale, which they called "Private Label."   Since the nickel sale cut so

27        deeply on the wine prices, a special deal was reached between W.J. Deutsch and

28        Renwood which impacted commissions.  The nickel sale in October 2007 was a

great success with the private label wines, but controversy arose in the sales ranks at W.J. Deutsch because the nickel sale depletions did not appear on W.J. Deutsch's Diver reports. This meant to me that the salespeople might not receive credit against our annual goals for the large volume sale to BevMo. W.J. Deutsch never told me beforehand that Renwood's Private Label wines were never part of the contract with Renwood. By November of 2007, I was reassured by Al Della Corna that W.J. Deutsch would give the sales team credit for the BevMo nickel sales.

21. We as a sales force was not permitted to speak to Renwood employees directly about the sales performance count, or any other issue for that matter. If we had a promotional deal or marketing related questions for Renwood, we would need to clear it through a controlled hierarchy of our direct reports, then through the brand manager or others at the W.J. Deutsch headquarters in New York. This communication protocol made it extremely difficult and time consuming to get anything done, and sometimes stood as an obstacle to selling the Renwood wines. If time-sensitive issues arose. we often could not respond in time due to the communication hierarchy.

22. In January of 2008, I received depletion reports from W.J. Deutsch that showed all Renwood sales from the contracted sku's, with a separate break-out for the private label sales to BevMo.

23. During that month, we received word at a W.J. Deutsch sales meeting that the company was cutting funding for temporary price reduction programs, promotional travel and entertainment with accounts, events and samples. That announcement by W.J. Deutsch also included the message that W.J. Deutsch was changing its sales strategy to profitability rather than volume sales at a lower margin.

24. The March, 2008 nickel sale was approaching by this time, and was taking place as I was preparing to resign from W.J. Deutsch. Renwood's Private Label wines

were again going to participate. I recall checking Southern Wine & Spirit's ("SWS's") Diver report on March 14, 2008. SWS showed no inventory of Renwood's Private Label on that date, which meant to me that all Private Label wine had been sold to BevMo.

25. On April 1, 2008, I was hired as the chain sales manager for Santino Wines, which is owned by Renwood.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 2nd day of June, 2008, at Sacramento, California.

MICHAEL ADAIR

AFFIDAVIT OF MICHAEL ADAIR

1  WHITNEY A. DAVIS, SBN 149523
   MARIA S. ROSENFELD, SBN 186116
2  CHARTER DAVIS, LLP
   1730 I Street, Ste. 240
3  Sacramento, CA  95814
   (916) 448-9000
4  (916) 448-9009

5  ATTORNEYS FOR PLAINTIFF
   RENWOOD WINERY, INC.
6

7
                  IN THE SUPERIOR COURT IN THE STATE OF CALIFORNIA
8
                        IN AND FOR THE COUNTY OF NAPA
9

10

11  RENWOOD WINERY INC.                )  Case No.:  CV 08 2848 PJH
                                       )
12                                     )
                                       )
13                                     )  **AFFIDAVIT OF DANIKA RATKOVICH**
              Plaintiff,               )
14                                     )
                                       )
15      vs.                            )
                                       )
16                                     )
    W.J. DEUTSCH & SONS LTD.,  a New   )
17  York Corporation, and DOES 1-50    )
    inclusive,                         )
18                                     )
                                       )
19            Defendants.              )
                                       )
20                                     )
                                       )
21                                     )
                                       )
22                                     )
                                       )
23  _____)

24

25

26

27

28

<u>AFFIDAVIT OF DANICA RATKOVICH</u>

I, DANICA RATKOVICH, do hereby declare:

1.      That I am a person above the age of 18 years. I have personal knowledge of the facts and circumstances set forth below, and if called upon to do so could and would competently testify thereto.

2.      I was hired by Renwood Winery, Inc ("Renwood") in approximately February of 2005. I have been employed by Renwood continuously since that time, and currently hold the position of Marketing Manager. I have seven years of experience in wine marketing and restaurant management. My experience includes: tracking sales performance of our wholesaler W.J. Deutsch & Sons, Ltd. ("WJD") and the WJD distributor network; fulfilling wine orders; computing and approving promotional/ marketing allowances; and tracking winery performance. Through a license agreement provided by WJD, we use software named DIVER, which is a proprietary tracking system for sales and depletion information. It is the leading software tracking system in the wine industry. Using DIVER reports and other data, I supervise the preparing and billing for wine sales, and perform financial analysis of all sales, depletion, marketing expenses, and invoicing on a weekly and monthly basis. I report directly to Robert Smerling, Chairman and Chief Executive Officer of Renwood Winery, Inc. Renwood Winery, Inc. is a subsidiary of Renwood Group.

3.      I was informed by WJD that they were the 4th largest wine marketing company in the U.S.A. They represent YellowTail (America's largest wine brand); Georges DeBoeuf (America's largest French wine brand) and they have recorded sales of over $450 million as compared to Renwood's $8 million.

4.      I recently brought to Mr. Smerling's attention a reporting problem with WJD regarding our sales data. It was quite apparent to me that the discrepancies I found were the result of data manipulation by WJD which would cause them

1    great financial benefit.  After careful research and review, I determined that it

2    was impossible for this problem to have been a mere error on WJD's part, and

3    brought this problem immediately to Mr. Smerling's attention.

4

5    **The Services Agreement**:

6    5.    Renwood and WJD executed a wine sales and service agreement in March

7    of 2006. (See "*Services Agreement*", **Exhibit A** to *Evidentiary Exhibits*). I

8    worked closely with Mr. Smerling and other members of senior management on

9    providing data helpful to creating the *Services Agreement.*

10    6.    I understand the agreement to require Renwood to produce 16 wines

11    organized in four tiers (Section V(A), at pp. 2-3), and to require WJD to exert its

12    "best efforts" to market and sell those wines (Section VIII(A), at p. 8).

13    7.    The agreement also contained a sales performance standard that WJD had

14    to meet monthly.  WJD guaranteed 15% growth over Renwood's prior year's

15    sales on a monthly basis.  The guarantee had to be met by product and by tier for

16    every month during the first five years of the contract.  The monthly performance

17    standards were pre-calculated monthly and annually for a five-year period and

18    were set forth a *Schedule C* to the *Services Agreement*. (Section VIII(D), at pp. 9-

19    10, and *Schedule C* appended to the contract.) This means that if WJD did not

20    sell 15% more wine in a given month than that same month the year before, WJD

21    was in breach and had to buy the wine itself to cure the breach.  WJD was

22    required to cure within 15 days of demand by Renwood.  The *Services Agreement*

23    did not limit or define the interval at which Renwood could call for a cure, but

24    Renwood's practice was to send cure demands monthly, if necessary.

25    8.    Additionally, WJD had to ensure that depletions of distributor inventory

26    could not fall below 80% of the sales performance standard. (Section V(B)(i)(l),

27    at p. 5)

28

AFFIDAVIT OF DANICA RATKOVICH

9.    I understood the Services Agreement to require that Renwood pay WJD a marketing contribution for some of the wine sku's.  (Section VI, at p. 6 and *Schedule B* appended to the contract).   WJD could only send a marketing contribution bill quarterly based upon depletions from distributor inventory. These allowances applied to 8 specific wines: $5 per case on all Red Label wines except the Zinfandel and Syrah, which were $11.  The Old Vine and Fiddletown allowances were $20 per case. WJD would provide Renwood with a DIVER report with their quarterly marketing allowance invoice showing the depletions of these wines.

10.    The database from which DIVER draws its data is maintained by an independent third party called BDN, which in turn, is provided *its* data by each licensed distributor on a monthly basis. This system is the standard for the wine and alcohol industry and is used by federal and local authorities to monitor and track sales for regulation purposes.   DIVER is a software package that allows subscribers to collect and organize data into a form that is usable.

11.    The 16 Renwood wines or "sku's" that are covered by the *Services Agreement* are grouped by tiers in the *Services Agreement* (Section V at pp. 2-3) and in the Performance Standards set forth in *Schedule C*.  WJD designed its DIVER reports to likewise reflect sales by product and by tier.  Tier 1 contains Proprietary wines; Tier 2 consists of the "Amador County" wines; Tier 3 consists of "Red Label/Sierra Series" value wines; and Tier 4 contains dessert wines. Tiers 2 & 3 represent 85% of Renwood's annual domestic sales historically.

12.    WJD was required to fulfill its monthly and annual sales obligations pursuant to the figures set forth on *Schedule C*.  (Section VIII(D)(i) and (ii)). One-hundred percent (100%) of any shortfall in Tiers 1&4 had to be cured only from those tiers.  However, for flexibility purposes, only 85% of the shortfall from Tiers 2&3 had to be cured from those tiers. Because of market fluctuations and market timing, Renwood gave WJD some flexibility to make up the

remaining shortfall from Tier 2 or Tier 3 (15%) from any other tier.  I know this because during contract negotiations with WJD, I was required to perform the analysis and obtain the data by which Renwood could determine how much flexibility to give WJD.  This flexibility component to the guarantee came to be known as the "any tier" line item on the cure invoices Renwood would eventually send to WJD.

13.     As another accommodation to WJD, during the first three months of the relationship (the "Transition Period") the *Service Agreement* provided that WJD only had to meet 100% of the prior year's sales for April, May and June 2006. Therefore, the 15% increase would not be applied until July, 2006.

**The Transition Period**:

14.     The Renwood fiscal year runs from July 1 to June 30.  The Transition Period took place in April, May and June, 2006.  Fiscal Year 2007 commenced on July 1, 2006.  During the Transition Period, WJD experienced a $300,000 shortfall out of the $2.1 million sales standard.  The shortfall included a 1,100-case sale to Beverages & More that Renwood closed before the WJD agreement was signed.  WJD gave themselves credit for the sale they never made, but Renwood did not.  Sales data reporting from WJD was delayed at the outset, so it took months for Renwood to realize that WJD included the 1,100 cases in the sales data for the Transition period.  Renwood invoiced WJD for the 1,100 cases, but WJD has refused to pay it.

15.     I collected the data and helped prepare Renwood's first cure notices after the Transition Period.  WJD created a conflict because it tried to borrow July 2006 sales to make up the $300,000 deficit from June in order to meet its cure obligations.    Renwood protested WJD's actions as it violated accounting

principles.    By WJD borrowing sales from July 2006 to cure the Transition Period shortfall, WJD start fiscal year 2007 with a shortfall.

16.    I am informed and believe that WJD's President, Peter Deutsch, forbade Renwood personnel from discussing the terms of the sales guarantee with WJD sales personnel.  So, when I called the order department at WJD to inquire about their payment to cure the sales shortfalls, they had no idea what a "cure" was, or how they were supposed to resolve the cure.

17.    The shortfall ballooned to $2.5 million by the end of November, 2007, merely seven months into the contract.    The WJD cure inventory grew dramatically.  Their decision to ship from the WJD cure inventory instead of from Renwood's inventory caused larger monthly shortfalls.

**Arbitration, Shipment and Payment Changes**:

1.    In the year before hiring WJD, Renwood shipped about 96,000 cases of wine and collected the proceeds directly from the distributors.  By the end of WJD's first year of service, in June of 2007, WJD had only sold about $3 million of the $8.217 million performance standard.

2.    As the year progressed, WJD fell further and further behind the sales performance standards.  In the Fall of 2006, WJD demanded that Renwood reduce the 15% sales guarantee.  Renwood declined, so WJD started to disrupt the shipment and payment procedures dramatically.

3.    WJD filed for arbitration regarding the cure and sales guarantee in November, 2006, only 7 months into the agreement.    The arbitration was eventually cancelled after the parties entered into mediation, then an interim operating agreement.  (See *Interim Agreement*, **Exhibit B** to the *Evidentiary Exhibits*)  That interim agreement was later rejected by Renwood after Renwood

1    realized that WJD would not even comply with the agreement's modified sales

2    goals.

3    4.      Before WJD filed for arbitration, they paid Renwood regular invoices

4    within 35 days generally. Cure invoices were paid on-time.

5    5.      *After* filing for arbitration, however, WJD unilaterally declared that they

6    could cure by merely "acknowledging" the cure amount in 15 days, and not pay

7    for it. WJD would place an order for the cure goods 10 to 15 days thereafter, and

8    then pay Renwood 35 days after their order is ***shipped***. WJD also manipulated

9    the shipping date by refusing to accept goods within the 15 day cure period. This

10    departure from the prior contractual arrangement moved Renwood's cash flow

11    back between 50-60 days.  This action by WJD actually removed two months of

12    income out of Renwood's annual sales, placing Renwood in jeopardy with lender

13    covenants.

14    6.      If WJD would have sold the goods to a distributor instead of buying the

15    goods from Renwood for cure purposes, WJD would have had to pay Renwood

16    for the same wine 60 days earlier.

17    7.      WJD thus began to use the cure as a way to stretch-out payment terms

18    another 60 days. WJD amassed, then maintained, a huge "cure" inventory of

19    Renwood wine, then filled distributor orders from WJD's inventory before

20    ordering from Renwood's inventory. This stymied cash flow to Renwood.

21    Despite Renwood's objection, and lengthy discussion through a year of

22    mediation, WJD continued this cure practice until the interim agreement with

23    reduced sales and cure figures was signed. When Renwood rejected the interim

24    agreement in February of 2008, WJD stopped even acknowledging the cure

25    demands of Renwood, stated again that the cure was annual and not monthly, and

26    started to sell-off its cure inventory in lieu of selling from Renwood's stock.

27    8.      Attached to the *Evidentiary Exhibits* as **Exhibit C** is a true and correct

28    copy of two spreadsheets I prepared showing a comparative shipment history as

1    between Renwood's inventory and WJD' cure inventory.  The data for the
2    spreadsheets were obtained from both Renwood's inventory database and WJD
3    DIVER reports.

4    9.    When the comparative shipment trends of the two inventories are
5    compared to contractual events between the companies, the timing of WJD's
6    decisions regarding curing and payment track with changes in the WJD/Renwood
7    relationship.

8    10.    For example, from July to January of 2007, WJD shipped 8,974 cases from
9    its cure inventory as compared to about 28,000 cases from Renwood's inventory.

10    11.    In January, 2007, settlement talks failed and the parties were bound for
11    litigation.  Shipment trends changed dramatically.  From February 2007 to the
12    end of the fiscal year in June, 2007, WJD shipped about 23,000 cases from its
13    cure inventory, as compared to about 5,500 cases from Renwood's inventory.

14    12.    The parties abandoned arbitration in favor of mediation, which failed in
15    February of 2008.  To date in Fiscal 2008, WJD has shipped about 44,000 cases
16    from its cure inventory as compared to 12,680 cases from Renwood's inventory.

17    13.    Since WJD stopped acknowledging cures in 2008, the only money flowing
18    to Renwood from distributor sales would be new case sales that WJD decided not
19    to fill from its own cure inventory.  When WJD would run out of a specific wine
20    that was ordered from a customer, it would then place an order from Renwood.
21    (See *Letter from WJD re Exhaustion of Grandpere*, **Exhibit D** to the *Evidentiary*
22    *Exhibits*).

23

24    **WJD Falsifying Data**:

25

26    14.    WJD contracted to be the exclusive wholesaler for 16 Renwood wines.  In
27    January, 2007, Renwood created seven new wines:  four wines designed for
28    restaurants ("Tahoe Series"), and three wines made exclusively for beverage

retailer Beverages & More ("BevMo Private Label").  At the annual marketing meeting in January 2007 held at Renwood's corporate offices in Sacramento, I heard WJD President Jim Mello reject Renwood's offer to include those seven new wines in the Services Agreement as Contracted Products.  Renwood was left to market those wines on their own, which meant that the wines would not be included in the Services Agreement and would not be counted toward WJD sales performance standards.

15.     This meeting took place at the same time both parties were preparing for arbitration; when WJD had an enormous cure inventory that it owned; and at a time when WJD was not selling enough of the wines it had already contracted with Renwood to sell.

16.     Left to sell the seven wines its own, Renwood decided to use Southern Wine & Spirits as the direct distributor as they were already calling on BevMo for WJD on the 16 contracted Renwood wines.

17.     Southern agreed to purchase the 3 BevMo wines directly from Renwood Winery.  This meant that all sales and marketing data, bills, and revenue would be sent to Renwood directly without WJD involvement.  This procedure worked until WJD intervened to divert the Private Label orders to WJD, and redirect the sales and depletion data through DIVER.

18.     BevMo runs a promotion called the "Nickel Sale" for the months of March and October every year.  The promotional terms provide that if the customer buys the first bottle at full price, they can buy the second bottle for an additional 5 cents.

19.     Renwood has been a top-seller in the Nickel Sale historically.  It was again invited in October 2007 to offer three wines in the Nickel Sale, more than the entire WJD portfolio combined.

20.     For the October 2007 Nickel Sale, Renwood's Private Label was available.  Orders were placed by Southern for the three Private Label Renwood wines to be

shipped exclusively to BevMo for the October Nickel Sale.  Even though WJD was not contractually entitled to handle the BevMo sale of Private Label wines due to the rejection of those wines months before, Renwood was asked by Roy Danis, National Sales Manager for WJD, for a reduced 10% commission to handle the three Private Label wines.  As a gesture of good faith to assist in the pending mediation between WJD and Renwood, a side agreement was reached with confirming correspondence. The deal would cover only the Fall 2007 and Spring 2008 Nickel Sales, and expressly provided that the Private Label sales would not be counted toward the WJD sales performance standard, nor would a marketing allowance be paid.  (See *Renwood Side Agreement Letter*, and *BevMo Confirming e-mails* attached as **Exhibit E** to the *Evidentiary Exhibits*)

21.	WJD accepted the terms through Roy Danis.  The Nickel Sale in October 2007 was a great success with the Private Label wines.

22.	After the October, 2007 Nickel Sale, I received DIVER reports from WJD that showed all Renwood sales and depletions from the wines contracted under the Services Agreement, but with a separate break-out for the "side deal" Private Label sales and depletions for BevMo's Nickel Sale.

23.	In contrast, after the March 2008 Nickel Sale, I noticed that DIVER failed to report the three Private Label wines sales.  I contacted Southern, and they provided me with the Private Label data.

24.	Then, on April 25, 2008, the WJD DIVER depletion report was sent to Renwood attached to the WJD First Quarter Marketing Contribution demand. The DIVER report did not contain categories for the Private Label wines.  What I *did* notice was a dramatic increase in sales on Red Label Zin, Red Label Syrah and Old Vine.  (See *March 2008 Marketing Allowance Invoice*, **Exhibit F** to the *Evidentiary Exhibits*).

25.	WJD receives a marketing contribution from Renwood for depletions of Red Label Syrah at $11 per case; Red Label Zinfandel at $11 per case, and

1   Renwood Old Vine Zinfandel at $20 per case. WJD cannot charge a marketing
2   allowance for the Private Label wines sold to BevMo.

3   26.    On April 30, 2008, I saw an e-mail from Renwood's Chairman and CEO
4   Robert Smerling that was sent to WJD's Brand Manager for Renwood Francois
5   Magnant. Mr. Smerling asked Francois to explain the uncharacteristic increase in
6   depletions.    (See *BevMo Fraud e-mail string re: Francois***, Exhibit G** to th*e*
7   *Evidentiary Exhibits*). Francois' response was as follows:

> *"Robert,*
>
> *knowing that Renwood is a high priority brand in the WJD portfolio and that WJD's Fiscal Year ends in March, SWS CA made an all-out effort to maximize sales for the month of March. BevMo has historically been a supporter of Renwood and SWS executed on maximizing sales at BevMo on Red Label tier and Old Vine Zin.*
>
> *Best,*
> *François*
>
> *François Magnant*
> *Brand Manager, Renwood, [YellowTail] Reserve & Sparkling*
> *W. J. Deutsch & Sons, ltd.*
>
> *Office: 914-251-3292*

19   27.    The "SWS" to which Francois referred I understand to be Southern Wine
20   & Spirits, the WJD distributor that services the BevMo account. I took Francois'
21   response to confirm that the large increase in depletions were attributable to the
22   Red Label and Old Vine products being sold in volume at the end of WJD's
23   fiscal year which I knew to be around March 31, 2007.

24   28.    Because the sudden increase in depletions took place at the same time of
25   the March 2008 Nickel Sale, and because the Private Label wines no longer
26   appeared on WJD's DIVER report in a separate category, I sought independent
27   corroboration of the WJD representations.

28

29.     To do so, I obtained and cross-referenced the "Accounts Sold" report which was reported from WJD's DIVER system to Renwood that shows what WJD sold to BevMo in 2008 (Attached as **Exhibit H** to the *Evidentiary Exhibits*); with the "Accounts Sold" report that was reported by distributor SWS as being sold to BevMo for the same period (Attached as **Exhibit I** to the *Evidentiary Exhibits*).  The WJD report did not show a category for Private Label. The SWS report did.

30.     I compiled the data on a worksheet that I created (Attached as **Exhibit J** to the *Evidentiary Exhibits*).  As the spread sheet reflects, SWS sold 1842.8 cases of Renwood wines to BevMo for the first three months of 2008, including the Private Label wines.  Of the Petite Syrah categories of Red Label and Private Label, the SWS report shows 689 cases total, with 673 being Private Label and 16 being Red Label. Of the Zinfandel categories of Red Label and Private Label, SWS sold a total of 754 cases, with 745 cases being Private Label and 9 cases being Red Label.  Of the Old Vine Zinfandel categories of Red Label and Private Label, SWS sold a total of 333 cases, with 308 cases being Private Label and 25 cases being Red Label.

31.     Both the WJD DIVER report to Renwood, and the WJD demand for the first quarter marketing contribution shows that WJD combined the Red Label Syrah sales with the Private Label Petite Sirah sales and called them all Red Label Syrah sales.  WJD also re-named the Private Label Lodi Zinfandel as Red Label Zinfandel wines, and re-named the Private Label OFV Zinfandel as Old Vine Zinfandel.

32.     I concluded the following from this data:

-     As of March 31, 2008, SWS reported to BDN the depletion of 50 cases of Red Label wines and 1,386 cases of Private Label wines to BevMo;

-     WJD pulled that depletion data from the BDN database using DIVER;

1

2    - WJD manipulated its DIVER report to exclude the Private Label

3        category and combined the Red Label and Private Label case depletion

4        volume under only the Red Label sku's;

5

6    - On April 25, 2008, WJD sent its Quarterly Marketing Contribution

7        invoice to Renwood including the manipulated DIVER data, demanding

8        marketing allowances for Private Label wines for which they knew they

9        could receive no marketing contribution (See *WJD Marketing*

10       *Allowance Invoice*, **Exhibit F** to the *Evidentiary Exhibits*);

11

12    - On May 1, 2008, WJD employee Francois Magnant (Renwood's Brand

13        Manager) was not truthful when providing his e-mail response about

14        the facts behind the spike in Red Label sales to BevMo; (See *BevMo*

15       *Fraud e-mail string re: Francois*, **Exhibit G** to the *Evidentiary*

16       *Exhibits*).

17

18    - Later on May 1, 2008, when pressed by Renwood Chairman Robert

19        Smerling about the data, WJD employee Francois again sent the

20        manipulated DIVER data to Renwood without further explanation

21        about the Red Label sales spike; (See *BevMo Fraud e-mail string re:*

22       *Francois*, **Exhibit G** to the *Evidentiary Exhibits*).

23

24    - On May 2, 2008, Renwood Chairman Robert Smerling sent

25        correspondence to WJD owners Peter and William Deutsch concerning

26        the manipulated data and demanding an explanation. (See *BevMo*

27       *Fraud e-mail string re: Francois*, **Exhibit G** to the *Evidentiary*

28       *Exhibits*).

- On May 5, 2008, Peter Deutsch sent correspondence to Chairman Robert Smerling tacitly admitting that WJD unilaterally decided to count the Private Label cases for performance purposes, but is silent on the issue of counting those cases for purposes of the marketing contribution. (See *BevMo Fraud e-mail string re: Francois*, **Exhibit G** to the *Evidentiary Exhibits*).

- The difference between the marketing contribution demanded by WJD, and that which would be due had WJD not manipulated DIVER is $22,000.

- By counting those cases for depletion credit against the 80% depletion standard in the Services Agreement, I estimate that WJD took depletion credits in excess of $140,000.

- By counting those cases for sales credit against the Sales Performance Standard, I estimate that WJD took sales credit in excess of $140,000.

- Through my recent review of the same paperwork for the prior quarter, consisting of October, November and December 2007, I discovered that WJD engaged in the same manipulation and fraud. I estimate that WJD took more than $2,000 of marketing allowance for Private Label sales not due to them. (See *Fourth Quarter (OND) Marketing Contribution Claim Analysis*, **Exhibit K** to the *Evidentiary Exhibits*).

33.    At no point before the signing of this declaration has Renwood received an amended Marketing Contribution demand from WJD.

**The Diverted BevMo Order**:

34.     Since the Private Label wines fell outside the *Services Agreement,* WJD could not stock their warehouse or those of its distributors with the wines. Only Renwood kept the Private Label wines. BevMo ordered the Private Label wines for sale only during the Nickel Sale.

35.     SWS acted as the distributor for Renwood on the Private Label wines for the Nickel Sales in October of 2007 and March of 2008. Renwood also offered a reduced 10% commission to WJD via a side deal for order fulfillment for those two sales.

36.     To ensure prompt payment, order accuracy and appropriate customer service to BevMo, Renwood demanded that Private Label wines be ordered by SWS directly from Renwood, instead of through WJD. This protocol was followed by all concerned during the October 2007 Nickel Sale.

37.     However, weeks after the March 2007 Nickel Sale had ended, SWS faxed an order dated 4/30/2008 to WJD for 270 cases of Private Label wines worth about $60,000. (See *April 30, 2008 BevMo Invoice,* **Exhibit L** to the *Evidentiary Exhibits*).

I declare under penalty of perjury in accordance with the laws of the State of California that the foregoing is true and correct. Executed on this 2nd day of June, 2008, at Sacramento, California.

DANICA RATKOVICH

1   WHITNEY A. DAVIS, SBN 149523
    MARIA S. ROSENFELD, SBN 186116
2   CHARTER DAVIS, LLP
    1730 I Street, Ste. 240
3   Sacramento, CA  95814
    (916) 448-9000
4   (916) 448-9009

5   ATTORNEYS FOR PLAINTIFF
    RENWOOD WINERY, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  RENWOOD WINERY INC.                )   Case No.:  CV 08 2848 PJH
                                       )
12                                     )
                                       )
13                                     )
                   Plaintiff,          )
14                                     )   AFFIDAVIT OF ROBERT SMERLING
           vs.                         )
15                                     )
                                       )
16                                     )
    W.J. DEUTSCH & SONS LTD.,  a New   )
17  York Corporation, and DOES 1-50    )
    inclusive,                         )
18                                     )
                                       )
19                 Defendants.         )
                                       )
20                                     )
                                       )
21                                     )
                                       )
22                                     )
                                       )
23  _____

24

25

26

27

28

<u>AFFIDAVIT OF ROBERT I. SMERLING</u>

I, ROBERT I. SMERLING, do hereby declare:

1.      That I am a person above the age of 18 years.  I have personal knowledge of the facts and circumstances set forth below, and if called upon to do so could and would competently testify thereto.

2.      I am the founder of Renwood Winery, Inc ("Renwood").  I also act as Chairman of the Board and Chief Executive Officer of Renwood,

3.      On April 30, 2008, Renwood's Marketing Manager Danica Ratkovich brought a sales data reporting problem to my attention concerning our marketing partners, W.J. Deutsch & Sons ("WJD").   Ms. Ratkovich found case sales discrepancies and potential evidence of data manipulation by WJD which would cause them great financial benefit.

4.      WJD is the 4th largest wine marketing company in the U.S.A.  They represent Yellow Tail (America's largest wine brand) and Georges DeBoeuf (America's largest French wine brand) and that they have recorded annual sales of over $400 million as compared to Renwood's $9 million.

**The Services Agreement**:

5.      Renwood and WJD executed a wine sales and service agreement in March of 2006. (See *"Services Agreement"*, **Exhibit A** to *Evidentiary Exhibits*).

6.      The agreement requires Renwood to produce 16 wines organized in four tiers (Section V(A), at pp. 2-3), and requires WJD to exert its "best efforts" to market and sell those wines (Section VIII(A), at p. 8).

7.      The agreement also contained a sales performance standard that WJD had to meet monthly.  WJD guaranteed 15% growth over Renwood's prior year's sales on a monthly basis.  In other words, the sales requirement for October of 2007 was 15%

1    higher than the sales requirement for October, 2006, which was 15% higher than the
2    actual sales of October, 2005.

3    8.    The guarantee had to be met by tier for every month during the first five years of
4    the contract.  The monthly performance standards were pre-calculated monthly and
5    annually for a five-year period and were set forth a *Schedule C* to the *Services*
6    *Agreement*. (Section VIII(D), at pp. 9-10, and *Schedule C* appended to the contract.)
7    This means that if WJD did not sell 15% more wine in a given month than that same
8    month the year before, WJD was in breach and had to buy the wine itself to cure the
9    breach.   WJD was required to cure by purchase within 15 days of demand by
10   Renwood.  The *Services Agreement* did not limit when or how often Renwood could
11   call for a cure, but Renwood's practice was to make sure that WJD cured monthly, if
12   necessary.

13   9.    Additionally, WJD had to ensure that depletions of distributor inventory could
14   not fall below 80% of the sales performance standard. (Section V(B)(i)(l), at p. 5)

15   10.   The Services Agreement required that Renwood pay WJD a marketing
16   contribution for its top selling wines. (Section VI, at p. 6 and *Schedule B* appended
17   to the contract).  WJD could only send a marketing contribution bill quarterly based
18   upon depletions from distributor inventory.  These allowances applied to 8 specific
19   wines: $5 per case on all Red Label wines except the Zinfandel and Syrah, which
20   were $11 per case.  The Old Vine Zinfandel and Fiddletown Zinfandel allowances
21   were $20 per case. WJD would provide Renwood with a DIVER report with their
22   quarterly marketing allowance invoice showing the depletions of these wines, then
23   they would demand their marketing allowance.

24   11.   The database from which DIVER draws its data is maintained by an independent
25   third party called BDN, which in turn, is provided *its* data by each licensed
26   distributor on a daily basis as each order is shipped.  This system is the standard for
27   the wine and alcohol industry and is used by federal and local authorities to monitor

28

and track sales for regulation purposes. DIVER is a software package that allows subscribers to collect and organize data into a form that is usable.

12. The 16 Renwood wines or "sku's" that are covered by the *Services Agreement* are grouped by tiers in the *Services Agreement* (Section V at pp. 2-3) and in the Performance Standards set forth in *Schedule C*. WJD designed its DIVER reports to likewise reflect sales by product and by tier. Tier 1 contains Proprietary wines; Tier 2 consists of the "Amador County" wines; Tier 3 consists of "Red Label/Sierra Series" value wines; and Tier 4 contains dessert wines. Tiers 2 & 3 represent 85% of Renwood's annual domestic sales historically.

13. WJD was required to fulfill its monthly and annual sales obligations pursuant to the figures set forth on *Schedule C*. (Section VIII(D)(i) and (ii)). One-hundred percent (100%) of any shortfall in Tiers 1&4 had to be cured only from those tiers. However, for flexibility purposes, only 85% of the shortfall from Tiers 2&3 had to be cured from those tiers. Because of market fluctuations and market timing, Renwood gave WJD some flexibility to make up the remaining shortfall from Tier 2 or Tier 3 (15%) from any other tier. I personally spent dozens of hours analyzing data to determine how much flexibility to allow WJD on Tiers 2&3, and engaged in protracted discussions with WJD on this very subject. This flexibility component to the guarantee came to be known as the "any tier" line item on the cure invoices Renwood would eventually send to WJD.

14. As another accommodation to WJD, during the first three months of the relationship (the "Transition Period") the *Service Agreement* provided that WJD only had to meet 100% of the prior year's sales for April, May and June 2006. Therefore, the 15% increase would not be applied until July, 2006.

**The Transition Period**:

15.    The Renwood fiscal year runs from July 1 to June 30.  The Transition Period took place in April, May and June, 2006.  Fiscal Year 2007 commenced on July 1, 2006.  During the Transition Period, WJD experienced a $300,000 shortfall out of the $2.1 million sales standard.  The shortfall included a 1,100-case sale to Beverages & More that Renwood closed before the WJD agreement was signed.  WJD gave themselves credit for the sale they never made, but Renwood did not.  Sales data reporting from WJD was delayed at the outset, so it took months for Renwood to realize that WJD included the 1,100 cases in the sales data for the Transition period.  Renwood invoiced WJD for the 1,100 cases, but WJD has refused to pay it.

16.    I reviewed and approved Renwood's first cure notices sent after the Transition Period.  WJD created a conflict because it tried to borrow July 2006 sales to make up the $300,000 deficit from June in order to meet its cure obligations.  Renwood protested WJD's actions as it violated accounting principles.   By WJD borrowing sales from July 2006 to cure the Transition Period shortfall, WJD start fiscal year 2007 with a shortfall.

17.    WJD's President, Peter Deutsch, forbade Renwood personnel from discussing the terms of the Services Agreement with WJD sales personnel.

18.    The shortfall ballooned to $2.5 million by the end of November, 2007, merely seven months into the contract.  The WJD cure inventory grew dramatically.  Their decision to ship from the WJD cure inventory instead of from Renwood's inventory caused larger monthly shortfalls.

**Arbitration, Shipment and Payment Changes**:

19.   In the year before hiring WJD, Renwood shipped about 96,000 cases of wine and collected the proceeds directly from the distributors.  By the end of WJD's first year of service, in June of 2007, WJD had only sold about $3 million of the $8.217 million performance standard.

20.   As the first year progressed, WJD fell further and further behind the sales performance standards.  In the Fall of 2006, after just 6 months of sales WJD demanded that Renwood accept annual cure payments.  After I declined on Renwood's behalf, WJD started to disrupt shipment and payment procedures dramatically.

21.   Then, WJD filed for arbitration regarding the cure and sales guarantee in November, 2006, only 7 months into the agreement.  The arbitration was eventually cancelled after the parties entered into mediation. An interim operating agreement resulted from the mediation that gave WJD a reduced sales goal.  (See *Interim Agreement*, **Exhibit B** to the *Evidentiary Exhibits*)   Renwood later allowed that interim agreement to expire after Renwood realized that WJD could not even achieve the agreement's modified sales goals.

22.   Before WJD filed for arbitration, they paid Renwood regular invoices within 35 days generally.  Cure invoices were paid late.

23.   *After* filing for arbitration, however, WJD unilaterally declared that they could cure by merely "acknowledging" the cure amount in 15 days, and not pay for it. WJD would place an order for the cure goods 10 to 15 days thereafter, and then pay Renwood 35 days after their order is ***shipped***.  WJD also manipulated the shipping date by refusing to accept goods within the 15 day cure period.  This departure from the prior contractual arrangement moved Renwood's cash flow back between 50-60 days.    This action by WJD actually removed two months of income out of Renwood's annual sales, placing Renwood in jeopardy with lender covenants.

24.  If Renwood would have shipped the goods to a distributor instead of WJD, WJD would have had to pay Renwood for the same wine about 60 days earlier.

25.  WJD thus began to use the cure as a way to stretch-out payment terms another 60 days.  By then, WJD maintained, a huge "cure" inventory of Renwood wine, then filled distributor orders from WJD's inventory before ordering from Renwood's inventory.  A true and correct copy of my letter to WJD prohibiting this conduct is attached as **Exhibit M** to the Evidentiary Exhibits. This stymied cash flow to Renwood.  Despite Renwood's objection, and lengthy discussion through a year of mediation, WJD continued this cure practice until the interim agreement with reduced sales and cure figures was signed.  When Renwood rejected the interim agreement in February of 2008, WJD stopped even acknowledging the cure demands of Renwood, stated again that the cure was annual and not monthly, and started to sell-off its cure inventory in lieu of selling from Renwood's stock.      See true and correct copies of *Cure Demands*, **Exhibit N** to the *Evidentiary Exhibits*, and *Cure Analysis*, **Exhibit O** to the *Evidentiary Exhibits*.

26.  Attached to the *Evidentiary Exhibits* as **Exhibit C** is a true and correct copy of two spreadsheets I asked Danica Ratkovich to prepare showing a comparative shipment history as between Renwood's inventory and WJD' cure inventory.  The data for the spreadsheets were obtained from both Renwood's inventory database and WJD DIVER reports.

27.  When the comparative shipment trends of the two inventories are compared to contractual events between the companies, the timing of WJD's decisions regarding curing and payment track with changes in the WJD/Renwood relationship.

28.  For example, from July to January of 2007, WJD shipped 8,974 cases from its cure inventory as compared to about 28,000 cases from Renwood's inventory.

29.  In January, 2007, settlement talks failed and the parties were bound for litigation.  Shipment trends changed dramatically.  From February 2007 to the end of the fiscal

1    year in June, 2007, WJD shipped about 23,000 cases from its cure inventory, as
2    compared to about 5,500 cases from Renwood's inventory.

3    30.    The parties abandoned arbitration in favor of mediation, which failed in February
4    of 2008.  To date in Fiscal 2008, WJD has shipped about 44,000 cases from its cure
5    inventory as compared to 12,680 cases from Renwood's inventory.

6    31.    Since WJD stopped acknowledging cures in 2008, the only money flowing to
7    Renwood from distributor sales would be new case sales that WJD could not fill
8    from its own cure inventory.  When WJD would run out of a specific wine that was
9    ordered from a customer, it would then place an order from Renwood.  (See *Letter*
10   *from WJD re Exhaustion of Grandpere*, **Exhibit D** to the *Evidentiary Exhibits*).

11

12   **WJD Falsifying Data**:

13

14   32.    WJD contracted to be the exclusive wholesaler for 16 Renwood wines.  In
15   January, 2007, Renwood created seven new wines to solve distinct problems created
16   by WJD poor marketing:  four wines designed for restaurants ("Tahoe Series"), and
17   three wines made exclusively for beverage retailer Beverages & More ("BevMo
18   Private Label").   At the annual marketing meeting in January 2007 held at
19   Renwood's corporate offices in Sacramento, I personally offered WJD's President
20   Jim Mello the opportunity to include those seven new wines in the Services
21   Agreement as Contracted Products.  He abruptly declined.  Renwood was left to
22   market those wines on their own, which meant that the wines would *not* be included
23   in the Services Agreement and would not be counted toward WJD sales performance
24   standards, marketing allowances or depletion requirements. Payment and collection
25   of these wines would be Renwood's responsibility.

26   33.    This meeting took place at the same time both parties were preparing for
27   arbitration; when WJD had an enormous cure inventory that it owned; and at a time

28

1    when WJD was not selling enough of the wines it had already contracted with

2    Renwood to sell.

3    34.    Left to sell the seven wines its own, on behalf of Renwood I decided to use

4    Southern Wine & Spirits as the direct distributor as they were already calling on

5    BevMo for WJD on the 16 contracted Renwood wines.

6    35.    Southern agreed to purchase the 3 BevMo wines directly from Renwood Winery.

7    This meant that all sales and marketing data, bills, and revenue would be sent to

8    Renwood directly without WJD involvement.  This procedure worked until WJD

9    intervened to divert the Private Label orders to WJD, and redirect the sales and

10    depletion data through DIVER.

11    36.    BevMo runs a promotion called the "Nickel Sale" for the months of March and

12    October every year.  The promotional terms provide that if the customer buys the

13    first bottle at full price, they can buy the second bottle for an additional 5 cents.

14    37.    Renwood has been a top-seller in the Nickel Sale historically.  It was again

15    invited in October 2007 to offer three wines in the Nickel Sale, more than the entire

16    WJD portfolio combined.

17    38.    For the October 2007 Nickel Sale, Renwood's Private Label was available.

18    Southern placed orders directly to Renwood for the three Private Label wines to be

19    shipped to BevMo for the October Nickel Sale.    Even though WJD was not

20    contractually entitled to handle the BevMo sale of Private Label wines due to the

21    rejection of those wines months before, I was asked by Roy Danis, National Sales

22    Manager for WJD, for a reduced 10% commission to handle the three Private Label

23    wines.  As a gesture of good faith to assist in the pending mediation between WJD

24    and Renwood, I reached a side agreement with Mr. Danis with confirming

25    correspondence. The deal would cover only the Fall 2007 and Spring 2008 Nickel

26    Sales, and expressly provided that the Private Label sales would not be counted

27    toward the WJD sales performance standard, nor would a marketing allowance be

28

paid.  True and correct copies of the *Renwood Side Agreement Letter*, and *BevMo Confirming e-mails* are attached as **Exhibit E** to the *Evidentiary Exhibits*)

39.  WJD accepted the terms through Roy Danis.  The Nickel Sale in October 2007 was a great success with the Private Label wines.

40.  After the October, 2007 Nickel Sale, I received DIVER reports from WJD that showed all Renwood sales and depletions from the wines contracted under the Services Agreement, but with a separate break-out for the "side deal" Private Label sales and depletions for BevMo's Nickel Sale.

41.  In contrast, after the March 2008 Nickel Sale, I noticed that DIVER failed to report the three Private Label wines sales.  I ask Danica Ratkovich to contact Southern, and they provided me with the Private Label data.

42.  Then, on April 25, 2008, the WJD DIVER depletion report was sent to Renwood attached to the WJD First Quarter Marketing Contribution demand.  The DIVER report did not contain categories for the Private Label wines.  What I *did* notice was a dramatic increase in sales on Red Label Zin, Red Label Syrah and Old Vine.  (See *March 2008 Marketing Allowance Invoice*, **Exhibit F** to the *Evidentiary Exhibits*).

43.  WJD receives a marketing contribution from Renwood for depletions of Red Label Syrah at $11 per case; Red Label Zinfandel at $11 per case, and Renwood Old Vine Zinfandel at $20 per case.  Since WJD cannot charge a marketing allowance for the Private Label wines sold to BevMo, it is proper that no Private Label wines appeared on the WJD report sent to Renwood with the invoice for the marketing allowance.

44.  On April 30, 2008, I sent an e-mail to WJD's Brand Manager for Renwood, Francois Magnant.  I asked Francois to explain the uncharacteristic increase in depletions on the Red Label wines.  (See *BevMo Fraud e-mail string re: Francois*, **Exhibit G** to the *Evidentiary Exhibits*).  Francois' response was as follows:

> "Robert,

*knowing that Renwood is a high priority brand in the WJD portfolio and that WJD's Fiscal Year ends in March, SWS CA made an all-out effort to maximize sales for the month of March. BevMo has historically been a supporter of Renwood and SWS executed on maximizing sales at BevMo on Red Label tier and Old Vine Zin.*

*Best,*
*François*

*François Magnant*
*Brand Manager, Renwood, [YellowTail] Reserve & Sparkling*
*W. J. Deutsch & Sons, ltd.*

*Office: 914-251-3292"*

45.    The "SWS" to which Francois referred I understand to be Southern Wine & Spirits, the distributor that services the BevMo account for both WJD and Renwood. I understood Francois' response to confirm that the large increase in depletions were attributable to the Red Label and Old Vine products being sold in volume at the end of WJD's fiscal year, which I knew to be around March 31, 2007.

46.    Because the sudden increase in depletions took place at the same time of the March 2008 Nickel Sale, and because the Private Label wines no longer appeared on WJD's DIVER report in a separate category, I sought independent corroboration of WJD's story about the Red Label increases.

47.    To do so, I asked Danica Ratkovich to obtain and cross-reference the "Accounts Sold" report from WJD to Renwood that shows what WJD sold to BevMo in 2008 (Attached as **Exhibit H** to the *Evidentiary Exhibits*); with the "Accounts Sold" report that was reported by distributor SWS as being sold to BevMo for the same period (Attached as **Exhibit I** to the *Evidentiary Exhibits*).  The WJD report did not show a category for Private Label.  The SWS report did.

48.    Ms. Ratkovich provided me with a data worksheet she created (Attached as **Exhibit J** to the *Evidentiary Exhibits*).  As the worksheet reflects, SWS sold 1842.8 cases of Renwood wines to BevMo for the first three months of 2008, including the

Private Label wines. Of that total, WJD reported depletion of 689 cases of Red label Syrah. However, for the same 689 cases sold to BevMo, SWS reported depletion of 16 cases of Red Label Syrah, and depletion of 673 Private Label Petite Sirah. On the Zinfandel sku, WJD reported Red Label Zin depletions at 754 cases. However, for the same 754 cases sold to BevMo, SWS reported depletions of 745 cases of Private Label Lodi Zinfandel and only 9 cases of the Red Label Zin. On another sku, WJD reported Old Vine Zinfandel depletions at 333 cases. However, SWS reported depletion of 308 cases of Private Label OFV Zinfandel and only 25 cases of Old Vine.

49.    Both the WJD DIVER report to Renwood, and the WJD demand for the first quarter marketing contribution shows that WJD combined the Red Label Syrah sales with the Private Label Petite Sirah sales and called them all Red Label Syrah sales. WJD also did so for Private Label Lodi Zinfandel and the Red Label Zinfandel wines. WJD likewise did so for Private Label OFV Zinfandel and the Old Vine Zinfandel wines.

50.    I concluded the following from this data:

-    As of March 31, 2008, SWS reported to BDN the depletion of 50 cases of Red Label wines and 1,386 cases of Private Label wines to BevMo;

-    WJD pulled that depletion data from the BDN database using DIVER;

-    WJD manipulated its DIVER report to exclude the Private Label category and combined the Red Label and Private Label case depletion volume under only the Red Label sku's;

-    On April 25, 2008, WJD sent its Quarterly Marketing Contribution invoice to Renwood including the manipulated DIVER data, demanding marketing allowances for Private Label wines for which they knew they

could receive no marketing contribution (See *WJD Marketing Allowance Invoice*, **Exhibit F** to the *Evidentiary Exhibits*);

- On May 1, 2008, WJD employee Francois Magnant (Renwood's Brand Manager) was not truthful when providing his e-mail response about the facts behind the spike in Red Label sales to BevMo; (See *BevMo Fraud e-mail string re: Francois*, **Exhibit G** to the *Evidentiary Exhibits*).

- Later on May 1, 2008, when I pressed Francois about the issue, he again sent the manipulated DIVER data to me without further explanation about the Red Label sales spike; (See *BevMo Fraud e-mail string re: Francois*, **Exhibit G** to the *Evidentiary Exhibits*).

- On May 2, 2008, I sent correspondence to WJD owners Peter and William Deutsch concerning the manipulated data and demanding an explanation. (See *BevMo Fraud e-mail string re: Francois*, **Exhibit G** to the *Evidentiary Exhibits*).

- On May 5, 2008, Peter Deutsch sent correspondence to me which I took to tacitly admit that WJD unilaterally decided to count the Private Label cases for performance purposes, but it was silent on the issue of counting those cases for purposes of the marketing contribution. (See *BevMo Fraud e-mail string re: Francois*, **Exhibit G** to the *Evidentiary Exhibits*).

- The difference between the marketing contribution demanded by WJD, and that which would be due had WJD not manipulated DIVER is $22,000.

- By counting those cases for depletion credit against the 80% depletion standard in the Services Agreement, I estimate that WJD took depletion credits from Renwood in excess of $140,000.

- By counting those cases for sales credit against the Sales Performance Standard, I estimate that WJD took sales credit from Renwood of in excess of $140,000.

- Through my recent review of the same paperwork for the prior quarter, consisting of October, November and December 2007, I discovered that WJD engaged in the same manipulation and fraud. I estimate that WJD took more than $2,000 of marketing allowance for Private Label sales not due to them. (See *Fourth Quarter (OND) Marketing Contribution Claim Analysis*, **Exhibit K** to the *Evidentiary Exhibits*).

- At no point before the signing of this declaration has Renwood received an amended Marketing Contribution demand from WJD.

**The Diverted BevMo Order**:

51.    Since the Private Label wines fell outside the *Services Agreement,* WJD could not stock their warehouse or those of its distributors with the wines. Only Renwood kept the Private Label wines. BevMo ordered the Private Label wines for sale only during the Nickel Sale.

52.    SWS acted as the distributor for Renwood on the Private Label wines for the Nickel Sales in October of 2007 and March of 2008. Renwood also offered a reduced 10% commission to WJD via a side deal for marketing support.

53.    To ensure prompt payment, order accuracy and appropriate customer service to BevMo, Renwood demanded that Private Label wines be ordered by SWS directly from Renwood, instead of through WJD. This protocol was followed by all concerned during the October 2007 Nickel Sale.

54.    However, weeks after the March 2007 Nickel Sale had ended, SWS faxed an order dated 4/30/2008 to WJD for 270 cases of Private Label wines worth about $60,000. (See *April 30, 2008 BevMo Invoice*, **Exhibit L** to the *Evidentiary Exhibits*). The order was diverted at WJD's request in order to set-up future claims for commission, depletion credits, and sales performance standard credits and continue to control Renwood's cash flow which was seriously hurt when WJD ceased cure payments in January. I know this because the SWS representative responsible for sending the order to WJD, Steve Colburn, admitted to me that a WJD Western Sales Representative had specifically requested that he do so.

**The Irreparable Harm to Renwood**:

*Diverted Invoices*:

55.    WJD has not paid Renwood for months, and is instead deducting amounts due to Renwood from fraudulent marketing contribution claims.

56.    WJD is selling just enough wine from Renwood inventory to allow itself to offset its marketing contribution claims against the dollars it owes Renwood for the few sales it makes. All other sales are made from WJD cure inventory, allowing WJD to receive that sales revenue, and not Renwood. At the same time, WJD is not acknowledging Renwood cure demands, and is therefore not paying Renwood any money, and not re-stocking the WJD cure inventory that it is depleting.

57.    If the diversion of BevMo orders by WJD is permitted to continue, WJD will collect the sales revenues from those sales and retain it for offset against whatever money it contends Renwood owes it for marketing contributions or commissions.

1    58.    WJD has no contractual right to collect the sales revenue from BevMo sales of

2        Private Label wines.

3    59.    By WJD cutting off sales revenue from contracted wines, the further theft, delay

4        or diversion of non-contracted BevMo orders and revenues will eliminate enough

5        revenue to prevent Renwood from funding its harvest of grapes for the next vintage.

6        The grapes of an entire vintage will be ruined.  Renwood's wines cannot be made

7        with grapes from other vineyards, nor could Renwood buy grapes to replace them as

8        the unique Grandpere and estate grapes, blended into many of the other Renwood

9        wines, can only be grown at Renwood.    Renwood owns the only recognized

10       Grandpere zinfandel vineyard in the world.

11   *Sales Inventory Priority*:

12   60.    WJD is selling out its enormous cure inventory before selling from Renwood

13       inventory, and at the same time, WJD has not cured contract breaches of the sales

14       performance standard for many months.  WJD is past due on cure invoices totaling

15       approximately $2.5 million.

16   61.    Renwood has a security interest in that cure inventory.

17   62.    The sale of wine from the WJD cure inventory before satisfying monthly sales

18       requirements or cure demands constitutes an unfair business practice, in that WJD

19       has used the cure to delay payment and breach the contract.

20   63.    WJD is well aware of Renwood's lender covenants.  WJD's decision to cut-off

21       Renwood's cash flow will cause effective June, 2008 a breach of lender covenants

22       and a default on all vineyard loans.  All credit has been essentially exhausted.  What

23       this means is that, absent court intervention to stop these unfair business practices,

24       Renwood will not be able to fund its harvest.

25   64.    Even if Renwood could harvest its own grapes, the grapes cannot be crushed and

26       placed into bottles.  Renwood cannot purchase the bottles.  Even *if* the grapes could

27       be crushed, Renwood's tanks are full to capacity until the wine is bottled.  Further, a

28       full tank farm would mean that Renwood cannot fulfill grape contracts with its

suppliers.  The grapes cannot be purchased, and even if they could, they cannot be crushed due to the full tanks.  If Renwood does not fulfill those grape contracts, it will lose those contracts for the foreseeable future.

65.    By removing a vintage, Renwood will have no inventory to sell.  By preventing the purchase of bottles, Renwood will have no place to put the wine for future sales, even if it could find a way to harvest the grapes.

66.    The irreparable injury to Renwood that is being caused by WJD's inventory sales scheme is the loss of a vintage, the loss of long-term grape contracts, and the end of the Renwood brand.

I declare under penalty of perjury in accordance with the laws of the State of California that the foregoing is true and correct.  Executed this 4th day of June, 2008, at Sacramento, California.

ROBERT I. SMERLING

1   WHITNEY A. DAVIS, SBN 149523
    MARIA S. ROSENFELD, SBN 186116
2   CHARTER DAVIS, LLP
    1730 I Street, Ste. 240
3   Sacramento, CA  95814
    (916) 448-9000
4   (916) 448-9009

5   ATTORNEYS FOR PLAINTIFF
    RENWOOD WINERY, INC.
6

7                   UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11  RENWOOD WINERY INC.            )   Case No.:  CV 08 2848 PJH
                                   )
12                                 )
                                   )
13                                 )
             Plaintiff,            )
14                                 )   SUPPLEMENTAL AFFIDAVIT OF ROBERT
         vs.                       )   SMERLING
15                                 )
                                   )
16                                 )
    W.J. DEUTSCH & SONS LTD.,  a New )
17  York Corporation, and DOES 1-50 )
    inclusive,                     )
18                                 )
                                   )
19           Defendants.           )
                                   )
20                                 )
                                   )
21                                 )
                                   )
22                                 )
                                   )
23  _____

24

25

26

27

28

            SUPPLEMENTAL AFFIDAVIT OF ROBERT SMERLING

1  WHITNEY A. DAVIS, SBN 149523
   MARIA S. ROSENFELD, SBN 186116
2  CHARTER DAVIS, LLP
   1730 I Street, Ste. 240
3  Sacramento, CA 95814
   (916) 448-9000
4  (916) 448-9009

5  ATTORNEYS FOR ▓▓▓▓▓▓▓▓
   RENWOOD WINERY, INC.

6

7

**ENDORSED**

JUN 0 9 2008

Clerk of the Napa Superior Court
By: _____S. FERINA_____
                    Deputy

8              IN THE SUPERIOR COURT IN THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF NAPA

10

11  RENWOOD WINERY INC.                    )   Case No.:  **26-42837**
12                                         )
                                           )
13                                         )   **SUPPLEMENTAL AFFIDAVIT OF ROBERT**
              Plaintiff,                    )   **SMERLING IN SUPPORT OF**
14                                         )   **APPLICATION FOR EX PARTE WRIT OF**
       vs.                                  )   **POSSESSION, OR ALTERNATIVELY**
15                                         )   **TEMPORARY RESTRAINING ORDER**
                                           )   **PAPERS**
16  W.J. DEUTSCH & SONS LTD., a New         )
17  York Corporation, and DOES 1-50        )   **Date:   June 9, 2008**
   inclusive,                              )   **Time:   11:30 a.m.**
18                                         )   **Dept:   ~~6~~ Historic Courthouse, Dept - C**
                                           )   **Hon. Francisca P. Tischer, P.J.**
19            Defendants.                   )
20                                         )
                                           )
21                                         )
22                                         )
                                           )
23  ───────────────────────────────

24

25       I, ROBERT SMERLING, upon oath, declare as follows:

26       1.  That I am a person above the age of 18 years.  I have personal knowledge of

27  the facts and circumstances set forth below, and if called upon to do so could and would

28  competently testify thereto.

2.  I am the founder and CEO of Renwood Group and Renwood Winery, Inc.

3.  My best estimate of the value of the cure inventory as it now sits, is approximately $100 per case, or $1,761,400.  I reached this estimate as the CEO of Renwood Winery based upon the average wholesale price or "F.O.B.."

4.  Southern Wine & Spirits is a distributor of Renwood wine, and is historically responsible for producing approximately 40% of the Renwood sales volume.  Southern's Owner and President, Wayne Chaplin, told me last Friday that he was interested in buying the cure inventory in order to prevent W.J. Deutsch from ruining the market by dumping the cure inventory at lower prices to another distributor or selling direct to Cost Plus or other discounters that operate outside of our normal chain of distribution.  We do not do business with them for a number of reasons, but foremost, because in the past they have proven themselves as heavy discounters that disrupt the market. I, too have the same fear, as I was warned by W.J. Deutsch employees that W.J. Deutsch engaged in this conduct during its contract dispute with Francis Ford Coppola's brand, and was reminded by W.J. Deutsch's President, Jim Mello, of the inventory dumping consequence in January of 2007 when the two parties were preparing for arbitration.

5.  In the event W.J. Deutsch dumps the cure inventory, our distributors will be unable to sell their wines at the posted prices, or the normal mark-up.  Accordingly, the wine would be de-listed from supermarkets, and distributors would have no reason to sell the wines.

I declare, under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and that this declaration was signed on June 9, 2008 in Sacramento, California.

ROBERT SMERLING

SUPPLEMENTAL AFFIDAVIT OF ROBERT SMERLING IN SUPPORT OF
(1) EX PARTE WRIT OF POSSESSION
OR (2) TEMPORARY RESTRAINING ORDER

1  WHITNEY A. DAVIS, SBN 149523
   MARIA S. ROSENFELD, SBN 186116
2  CHARTER DAVIS, LLP
   1730 I Street, Ste. 240
3  Sacramento, CA 95814
   (916) 448-9000
4  (916) 448-9009

5  ATTORNEYS FOR PLAINTIFF
   RENWOOD WINERY, INC.
6

7
                    UNITED STATES DISTRICT COURT
8
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10

11
   RENWOOD WINERY INC.              )   Case No.:  CV 08 2848 PJH
12                                  )
                                    )
13                                  )
              Plaintiff,            )
14                                  )
        vs.                         )   COMPENDIUM OF EXHIBITS
15                                  )
                                    )
16                                  )
   W.J. DEUTSCH & SONS LTD.,  a New )
17 York Corporation, and DOES 1-50  )
   inclusive,                       )
18                                  )
                                    )
19            Defendants.           )
                                    )
20                                  )
                                    )
21                                  )
                                    )
22                                  )
                                    )
23  _____

24

25

26

27

28

1  WHITNEY A. DAVIS, SBN 149523
   MARIA S. ROSENFELD, SBN 186116
2  CHARTER DAVIS, LLP
   1730 I Street, Ste. 240
3  Sacramento, CA  95814
   Tel:  (916) 448-9000
4  Fax: (916) 448-9009

5  Attorneys for Defendant
   RENWOOD WINERY, INC.

6

7

# ENDORSED

## JUN 0 9 2008

Clerk of the Napa Superior Court
By: _____ S. FERINA
                    Deputy

8              IN THE SUPERIOR COURT IN THE STATE OF CALIFORNIA

9                     IN AND FOR THE COUNTY OF NAPA

10

11  RENWOOD WINERY INC.              )    Case No.:  **26 - 4 2 8 3 7**
                                     )
12          Plaintiff,               )
                                     )    **COMPENDIUM OF EVIDENTIARY**
13      vs.                          )    **EXHIBITS**
                                     )
14  W.J. DEUTSCH & SONS LTD.,  a New York )
    Corporation, and DOES 1-50 inclusive, )
15                                   )
            Defendants.              )
16  _____)

17          Plaintiff RENWOOD WINERY INC. (hereinafter "RENWOOD") submits the following

18  Evidentiary Exhibit in support of the Temporary Restraining Order or, alternatively, Writ of

19  Possession against W.J. DEUTSCH & SONS LTD. (hereinafter "WJD"):

20      **Exhibit A:**    Services Agreement.

21      **Exhibit B:**    Interim Agreement.

22      **Exhibit C:**    Comparative shipment history between Renwood's inventory and WJD'

23                        cure inventory.

24      **Exhibit D:**    Letter from WJD re Exhaustion of Grandpere.

25      **Exhibit E:**    Renwood Side Agreement Letter and BevMo Confirming emails.

26      **Exhibit F:**    March 2008 Marketing Allowance Invoice.

27      **Exhibit G:**    BevMo Fraud email string re: Francois.

28      **Exhibit H:**    "Accounts Sold" report from WJD to Renwood.

-1-
COMPENDIUM OF EVIDENTIARY EXHIBIT

| | |
|---|---|
| **Exhibit I:** | "Accounts Sold" report by distributor SWS. |
| **Exhibit J:** | Data worksheet regarding cases SWS sold of Renwood wines to BevMo. |
| **Exhibit K:** | Fourth Quarter (OND) Marketing Contribution Claim Analysis |
| **Exhibit L:** | SWS faxed order dated 04/30/08 to WJD for 270 cases of Private Label wine. |
| **Exhibit M:** | Reserved. |
| **Exhibit N:** | Cure Demands. |
| **Exhibit O:** | Cure Analysis. |

DATED:  June 5, 2008

CHARTER DAVIS, LLP


WHITNEY A. DAVIS
Attorneys for Defendant
RENWOOD WINERY, INC.

# EXHIBIT A

Execution Copy

# SERVICES AGREEMENT

I.
## THE PARTIES

    A.    Renwood Winery, Inc., ("Renwood"), a California corporation, maintains its principal place of business at 8795 Folsom Boulevard, Sacramento, California, 95826.

    B.    W.J. Deutsch & Sons, Ltd ("Deutsch"), a New York corporation, maintains its principal place of business at 108 Corporate Park Drive, White Plains, New York, 10604.

II.
## RECITAL

    A.    Renwood produces distinctive brands of premium wines which it sells in the United States of America, Canada, the Caribbean Islands, Europe, and various locations worldwide through a broker and distributor network. These products bear the "Renwood®" name. Renwood possesses the required federal, state and local licenses to do so.

    B.    Deutsch purchases, markets and sells premium wines at wholesale on behalf of wine producers through its own international and domestic distributor network, and possesses the required federal, state and local licenses to do so.

    C.    By this agreement, Renwood hires Deutsch as its exclusive service provider to purchase, market, promote, sell and deplete Renwood® products on the terms and conditions set forth below. Except as set forth below, Deutsch accepts Renwood® as its exclusive Zinfandel brand and exclusive wine supplier from the regions designated below.

III.
## DEFINITIONS

    A.    **Anniversary Date**: July 1, 2007, and each succeeding first of July during the term of this agreement.

    B.    **Authorized Execution**: the execution of this contract pursuant to resolution by the governing body of each Party.

    C.    **Condition of Breach**: a defined event that vests in the aggrieved Party a right to terminate performance on this agreement.

    D.    **Contracted Products**: the Renwood® brand wine products that Deutsch acquires the exclusive right to market and sell, subject to the terms and limitations set forth below.

    E.    **Deplete**: shall mean the sale of wine by a distributor to merchants that sell the wine to the final consumer.

Execution Copy

F.   **Effective Date**: April 1, 2006, so long as Authorized Execution of this
     agreement by all signatories, in counterpart or otherwise, facsimile or
     original, takes place by that date.
G.   **Renwood Distribution Facilities**: the facilities, of Renwood's choosing,
     at which title of Contracted Products transfers to Deutsch.
H.   **Renwood Retail Facilities**: Any merchant operation from which
     Renwood or its affiliates sell wine products directly to the final consumer.
I.   **Renwood Tasting Room(s)**: Any merchant operation that offers tasting
     services and/or sells Renwood® products directly to the final consumer.
J.   **Retail**: a sale to a merchant that re-sells the product to the final consumer.
K.   **Territory**: the geographic area in which Deutsch shall enjoy the
     exclusive right to sell Contracted Products to licensed wholesalers, which
     area included the United States of America, its territories and possessions,
     the District of Columbia, Puerto Rico, the Virgin Islands and the
     Caribbean Islands, subject to those rights that Renwood retains as set forth
     below.
L.   **Transition Period**: The time period between the Effective Date and July
     1, 2006.
M.   **Wholesale**: all sales by Deutsch other than **Retail** sales.
N.   **Deutsch Portfolio**: the group of wine brands Deutsch successfully
     developed, the brand control of which Deutsch will use as leverage with
     distributors to sell Renwood® wines.

IV.
## TERM OF AGREEMENT

The agreement term is ten years from July 1, 2006. Absent termination, this agreement
will automatically renew for up to two successive five year periods.

V.
## CONTRACTED PRODUCTS AND SERVICES

A.   Products:

     i.   The Renwood products included in this agreement
          (**"Contracted Products"**) fall into the following Tiers:

          a.   **Tier 1**: Proprietary brands:

               Grandpere®
               Grandmere®.

          b.   **Tier 2**: Amador County:

               Old Vine Zinfandel
               Amador Barbera

Execution Copy

> Fiddletown Zinfandel
> Jack Rabbit Flat Zinfandel
> Amador Syrah

> c. **Tier 3**: Sierra Series/Select Series/Red Label:

>> Pinot Grigio
>> Viognier
>> Dry Rose
>> Syrah
>> Zinfandel
>> Barbera

> d. **Tier 4**: Dessert:

>> Port
>> Orange Muscat
>> Amador Ice Zinfandel

ii. Renwood will sell Contracted Products available within the Territory to Deutsch. Products may be added to this provision, transferred to other Tiers, or deleted from this provision only by written consent of all Parties.

iii. Products outside the scope of this agreement include:

> a. All Renwood products that are not wine;
> b. All Renwood products that are not Contracted Products;
> c. All Renwood products sold from a Renwood Tasting Room, Renwood Retail Facility or via electronic, telephonic or internet means to the final consumers;
> d. Incidental auction sales and/or donated wine;
> e. Bulk wine products;
> f. All Renwood products sold via any means to any person or entity outside of the Territory;
> g. All Renwood products, wherever delivered, that are sold for resale on any common carrier, airline, or cruise ship;
> h. All Santino brands, except, by agreement of the parties, Deutsch may assist Renwood in certain circumstances;
> i. All Renwood wine products that do not exist on the Effective Date.

Execution Copy

   B.    Services:

       i. Renwood abandoned its distributor network on the
          representation by Deutsch that Deutsch will exert its portfolio
          brand control to ensure priority distributor effort to meet or
          exceed Renwood Tier Sales Standards. Accordingly, Deutsch
          will provide wine marketing, sales, promotion and reporting
          services including, but not limited to:

               a. With the prior advice and consent of Renwood,
                  the retention of a talented and well-experienced
                  brand manager;

               b. The promotion of Renwood products at wine
                  industry meetings, conventions, trade shows and
                  press events;

               c. With the prior advice and consent of Renwood,
                  the composition of materials promoting
                  Renwood products;

               d. The sale of Renwood products in compliance
                  with Tier Sales Standards;

               e. Commercially reasonable cooperation and
                  coordination with Renwood's lenders and
                  vendors to the extent required by Renwood;

               f. Upon commercially reasonable request by
                  Renwood, Deutsch will arrange sales meetings,
                  ride-alongs and inspections of selected
                  distributors.

               g. Arranging for the transportation and storage of
                  Contracted Products, pursuant to industry
                  standards applicable to premium wines, and
                  similar to those employed for other Deutsch
                  premium wine brands;

               h. Deutsch will provide contact reports, order
                  reports, marketing contribution usage reports
                  and shipment summary reports to Renwood
                  within 30 days of the end of the target month.

               i. Deutsch will deliver sales, depletion, inventory
                  and accounts sold reports to Renwood by the

Execution Copy

20th day following the month for which the categories were measured;

j.  Deliver to Renwood final, adjusted annual versions of all reports by the 30th day after July 1, 2007 and every year on that date thereafter;

k.  Within 90 days of July 1 of every year during the term of this agreement, Deutsch will deliver to Renwood [Deutsch's] audited Balance Sheets and Profit/Loss Statements;

l.  Deutsch will ensure that depletions of Contracted Products do not fall below 80% of the Tier Sales Standards.

ii.  The failure of Deutsch to perform the services above constitutes a Condition of Breach.

iii.  Transition Period:

1.  During this period, the Parties will begin to transition the distribution network, make announcements regarding the Deutsch/Renwood relationship, and commence performance of the obligations under this agreement.

2.  During this period, the Parties will be bound by the terms of this agreement.

3.  Further, all Tier Sales Standards and cure obligations/ guarantees will apply during the transition period, except that:

a.  Deutsch will guarantee, through cure procedure, 100% of the prior year's sales for the months of April, May and June, 2005 as set forth in **Schedule A**.

b.  Deutsch shall not be responsible for collecting accounts receivable from Renwood's distributor network that existed prior to the Effective Date.

Execution Copy

        c.  In states where Deutsch is unable to post prices and register the brand by April 1, 2006, Renwood shall invoice the distributor. Within 30 days of collection by Renwood of the invoice amount from the distributor, Renwood shall forward Deutsch a copy of the invoice, payment to Deutsch of its services fee of 15%, and payment to Deutsch of the sample allowance of 1.5%.

## VI.
## MARKETING CONTRIBUTION

A.  Renwood will remit to Deutsch a marketing contribution as set forth in **Schedule B** for verified sales of Contracted Products. The marketing contribution shall be the sole payment to Deutsch to defray the costs of all Special Price Allowances, Distribution Allowances, sales person incentives, printing (neck-hangars, shelf-talkers, case cards, coupons and redemption thereof, and other point-of-sale material), promotional expenses, and trade-show/wine show expenses.

B.  Costs or allowances borne by Renwood due to special circumstances will be deducted from the next marketing contribution payment from Renwood to Deutsch. However, Renwood shall be responsible for the expenses its representatives incur to attend trade-shows or other industry functions. Deutsch will mail its marketing contribution claim and supporting documentation on the 15th day following each quarter to Renwood, on 30 day terms. Marketing contributions not exhausted by the end of the contract year shall be credited against Renwood's marketing contribution obligation for following year. Marketing contribution levels are subject to review at the end of the fifth year of this Service Agreement.

In addition, as a monthly sample allowance, from July 1, 2006 to July 1, 2007, Deutsch may take an additional 1.5% deduction from each sales invoice issued by Renwood. The Parties may extend or modify this provision after July 1, 2007.

As a sample allowance, Deutsch will also be entitled to a payment from Renwood equaling 1.5% of existing distributor inventory taken by Deutsch as of March 31, 2006. Deutsch assumes responsibility for all distributor samples used thereafter.  For purposes of offset, Renwood will forward to Deutsch those sample allowance invoices applicable to samples used after April 1, 2006, but received by Renwood after that date.

Execution Copy

VII.
PRICING AND PAYMENT

A.  Pricing:

    i.  On 90 days notice to Deutsch, Renwood will set the price of the Contracted Products, FOB Renwood Winery or Renwood Distribution Facility, at the option of Renwood.  Renwood covenants not to change the price of Sierra/Select Series/Red Label , Old Vine Zinfandel, Amador Syrah, Jack Rabbit Flat Zinfandel, Fiddletown Zinfandel for a period of two years from the Effective Date.

    ii.  Sales invoices from Renwood to Deutsch will reflect only the FOB list price, with instructions to Deutsch to deduct 15% therefrom.

    iii.  Deutsch will confer with Renwood to coordinate pricing of Contracted Products and use of corresponding marketing contributions.  Pricing disputes shall be handled pursuant to the terms of the Dispute Resolution Procedure, set forth below, subject to the following agreed limitations:

        a.  Price changes programmed prior to March 1, 2006 are not subject to dispute by Deutsch;

        b.  Unless otherwise agreed to by the parties, prices shall never fall below those of the prior year;

        c.  Deutsch cannot dispute price increases below 5% in any given year for any single product;

        d.  Deutsch cannot contest the pricing of any new or different Renwood® product for a period of two years from its inclusion by modification to this agreement.

B.  Payment:

Payment to Renwood by Deutsch will be made in U.S. dollars and will be wired or electronically transferred to Renwood's account as follows:

Wells Fargo Bank
5700 Folsom Blvd
Sacramento, CA 95829

| | |
|---|---|
| ABA Routing Number: | 121 042 882 |
| For Account: | Renwood Winery |
| Acct Number: | 008 766 2904 |

Execution Copy

    i.  Payment by Deutsch shall be made within 35 days of the date of invoice, which invoice date will not be earlier than the shipping date.

        a.  Balances not paid by the 35-day deadline are deemed late, and will be charged interest at the rate of 18% per annum. Renwood™ will not pay service fees or marketing contributions while the account is past due, unless all of the past due balance is attributed to a bona fide dispute between the parties, and the parties have submitted the dispute for resolution as set forth below.

        b.  A Condition of Breach is triggered upon a 60 day past due balance, at which time all receivables for Contracted Products revert to Renwood, and at which time Deutsch consents to the filing and satisfaction of stipulated Writs of Attachment and/or Execution against all Contracted Product inventory owned by Deutsch.

        c.  This agreement shall serve as a security agreement for all Renwood products delivered to, or for the benefit of, Deutsch. The Parties agree that Renwood is a secured creditor of Deutsch. Deutsch will prepare, execute and deliver to Renwood, for the benefit of Renwood or its lenders/designees, appropriate UCC documents necessary to perfect a security interest in all Contracted Products in Deutsch's possession. Deutsch also agrees to provide all commercially reasonable and necessary financial documentation as requested by Renwood, its lenders or their respective designees.

VIII.
PERFORMANCE STANDARDS

A. On a best efforts basis, Deutsch will promote, market, distribute, sell and deplete Contracted Products in the Territory in a manner in keeping with Renwood's reputation in the marketplace.

Execution Copy

B. Deutsch and its distributors will annually schedule reasonable sales and marketing time, including visits to accounts for Renwood personnel, and will arrange for general, regional and team manager sales meetings and annual tastings of Renwood Contracted Products with Renwood personnel in attendance.

C. Deutsch shall be responsible for all distributors they utilize as of April 1, 2006. Deutsch shall have the discretion to use channels of distribution of its choice, subject to:

      i. existing contractual obligations Renwood owes to certain disclosed distributors, and subject to state and federal franchise laws;

      ii. Deutsch may not enter into any new agreements regarding Contracted Products until after April 1, 2006.

      iii. Renwood's determination that Deutsch's selection of distribution channels is traditional and appropriate for Renwood products.

      iv. After the end of the Transition Period, Renwood shall be notified 60 days before the effective date of any proposed change in Deutsch's distributor network. Deutsch shall indemnify and hold Renwood completely harmless from any liability, fines or loss of any kind due to any change in Deutsch's distributor network,

D. Tier Sales Standards:

      i. Deutsch will sell Renwood products on a nine (9) liter case equivalent, by Tier, pursuant to the five-year performance guarantees set forth on **Schedule C**.

      ii. Failure of Deutsch to meet each Tier Sales Standard is a Condition of Breach.

      iii. Within 15 days of notice by Renwood of a Condition of Breach of Tier Sales Standards, Deutsch must cure the Condition of Breach by purchasing sufficient Renwood products at the scheduled price on its own account, by tier. To cure sales deficits for Tier 1 Contracted Products (Proprietary), and Tier 4 (Dessert) Deutsch must purchase up to a level of 100% of the standard then applicable. To cure sales deficits for all other Tiers of Contracted Products, Deutsch must purchase up to a level of 85% of the standard then applicable. Deutsch shall be

Execution Copy

responsible for all storage costs incurred by Renwood so long
as the products Deutsch purchased for purposes of cure remain
at the Renwood Distribution Facility.

IX.
AGREEMENT TERMINATION

A. Termination by Mutual Agreement:

1. No provision of this agreement prevents the Parties from terminating
this agreement by mutual agreement at any time on terms to be
determined at the time of such agreement.

2. The Parties agree that no stranger to this agreement has any interest in
this agreement as a third party beneficiary, and warrants that no such
rights or interests in the continued operation of this agreement have
been, or will be transferred.

3. In the event any third party claims any interest in this agreement, the
Parties' mutually agree that their obligations of performance on this
agreement are mutually terminated, absent the execution of a separate,
mutual written agreement to the contrary.

4. Upon the mutual termination of this agreement:

a. Unless otherwise agreed, Deutsch will
immediately discontinue the use of Renwood
trade names, trade labels, copyrights and other
advertising media and shall remove all signs and
displays relating thereto;

b. At Renwood's discretion, Renwood will
repurchase from Deutsch those of its products
that are in saleable condition on terms agreed to
by the Parties, and offset by any amounts due
and owing from Deutsch to Renwood;

c. Deutsch will cooperate in a commercially
reasonable manner with Renwood to ensure an
orderly transition of all contracted service
functions to Renwood or its designee;

d. Deutsch will continue to deliver Renwood
products to customers during all transition
periods, and will take no detrimental action
whatsoever to interfere with Renwood's

Execution Copy

establishment of a substitute distributor network.

e.  Deutsch agrees that under any termination scenario (i.e. mutual, unilateral without breach, or unilateral with breach) Deutsch shall not increase its distributors' inventories beyond that required to meet the current Tier Sales Standard.

f.  Deutsch will satisfy all balances due, and will take no detrimental action whatsoever to interfere with Renwood's reputation, solvency, or cash flow, and will make all payments promptly required pursuant to this agreement, which payment covenants shall survive the mutual termination of this agreement

B.  Unilateral Termination without Breach by the Other Party:

1.  The Parties acknowledge that this agreement will fundamentally change the distribution network that Renwood has developed over many years. Further, the Parties acknowledge that, in the event Deutsch terminates this agreement, Renwood will suffer damage to its distribution network and cash flow that is not reasonably subject to calculation.

2.  The Parties acknowledge that unilateral termination will disrupt Renwood and Deutsch business operations to an extent not reasonably subject to calculation.

3.  Therefore, the Parties agree as follows:

a.  In the event Deutsch unilaterally terminates this agreement in the absence of a Condition of Breach by Renwood, Deutsch shall pay to Renwood Liquidated Damages in the amount of $4 million if termination takes place before July 1, 2007, and that amount will increase by 20% annually on a compounded basis for the term of this agreement, except that the Liquidated Damages amount cannot exceed Renwood's gross sales for the prior 12 month period. All such damages amounts shall be offset by amounts Renwood owes to Deutsch under this agreement. Renwood has no obligation, in that event, to repurchase Renwood products in the

Execution Copy

inventory of Deutsc  or its distributors. Payment shall be made no more than 60 days from the date of ma ing written notice of termination.

b.  In the event Renwood unilaterally terminates this agreement in the absence of a Condition of Breach, Renwood shall pay to Deutsch Liquidated Damages in the amount equivalent to twelve (12) months of service fee as measured by the prior 12 months sales history, less any amounts Deutsch owes to Renwood. Renwood shall also have the obligation to re-purchase Renwood products in Deutsch's inventory at Deutsch's laid-in cost. Payment shall be made no more than 60 days from the date of mailing written notice of termination.

C.  Unilateral Termination with Breach by the Other Party:

1.  Either party may terminate this Agreement by written notice for the following reasons. in the absence of cure. with such termination to be effective sixty (60) days after receipt of notice of breach (unless provided otherwise below):

a)  The filing of a voluntary or involuntary petition in bankruptcy, reorganization or a similar proceeding concerning either party if not dismissed or vacated within ninety (90) days from the date of filing;

b)  The appointment of a receiver or trustee for all or a substantial part of the other party's property, provided such appointment is not vacated within ninety (90) days from the date of such appointment;

c)  The execution by the other party of an assignment for the benefit of creditors;

d)  The suspension of business, liquidation, dissolution, or termination of existence of the other party; the condemnation, attachment or appropriation of all or a material portion of the property of the other party;

e)  The failure of the other party to maintain, at all times, all federal licenses, permits, approvals, and consents necessary to perform its obligations here under, irrespective of the

Execution Copy

cause or reason for such failure, except that suspension of federal licenses or permits for period of less than ninety (90) days shall not be construed as a Condition of Breach;

f)   Misrepresentation of a material fact, or commission of a misdemeanor or felony in manufacturing, wine-making, selling, or related activities;

g)   The failure to fulfill any of the obligations in this Agreement;

h)   All Conditions of Breach otherwise provided for in the agreement;

i)   The failure to meet the Tier Sales Standards or cure through purchase within 15 days of notice;

j)   A substantial change in ownership and/or control of Deutsch;

2.   During the period in which the breaching party may cure the breach, if it can be cured, the *status quo ante* shall be preserved by the Parties, except for commercially reasonable measures taken to cure the breach. If the breaching party fails to timely cure the breach, then the other party may immediately terminate this agreement without consequence, and may recover damages for the breach in addition to reasonable costs of suit, attorney fees and/or mediator/arbitrator fees. If the defaulting party cures the breach within the cure period, then the agreement remains in force.

X.
ADDITIONAL TERMS, WARRANTIES AND COVENANTS

A.   Deutsch agrees to sell, promote, merchandise, and advertise Contracted Products to enhance the Renwood® brand and expand the markets for Contracted Products in the Territory in accordance with the Tier Sales Standards. Deutsch shall prominently display the Contracted Products at the major annual trade and wine shows in a manner consistent with Renwood's past practices.

B.   Within 30 days after the end of each month, Deutsch will supply to Renwood a report setting forth by product, vintage, Tier, state and distributor, on-premises, off-premises: 1) the accounts sold; 2) the quantities sold; 3) products depleted during the prior month; and 4) the prior month's ending inventories for each distributor and for Deutsch. In addition, the report shall contain the name of each retail account, as well as the total number of retail

Execution Copy

accounts, in which the products were sold during the prior month against the number of retail accounts that the products were sold in for monthly, quarterly and annual periods on a running three (3) year basis. All such reports shall be in a mutually agreeable computerized form such that the data may be utilized for market analysis purposes.

C.  Deutsch will not distribute or sell Contracted Products outside of the Territory or within the Territory for resale outside of the Territory, and shall take commercially reasonable measures to prevent extra-Territorial distribution or sale of Contracted Products by its distributors.

D.  Deutsch will defend, hold Renwood harmless from, and indemnify Renwood from any liability in connection with:

1.  Any claim, loss or expense (including reasonable attorneys fees and costs) arising from a Third Party claim alleging willful or negligent conduct, breach of an agreement, or breach of obligations arising from this agreement; and

2.  Any and all fines, levies, damages, and costs (including reasonable attorney fees) of judgments that Renwood suffers as a result of Deutsch's failure to comply with applicable laws in the Territory including, but not limited to, the payment of any sales taxes, license taxes and fees. Deutsch will pay all levies, excise taxes (except federal excise taxes imposed directly on Renwood), occupational taxes, and bonds, and shall maintain all appropriate licenses and permits in connection with shipments of Contracted Products to all portions of the Territory. Deutsch will not be responsible for judgments resulting from Renwood's failure to comply with applicable laws or pay applicable taxes with regard to Renwood Tasting Facilities or Retail Facilities.

E.  Under no circumstances will Deutsch ship or store Contracted Products, or allow its direct delivery customers to ship the products, in a manner likely to deteriorate product quality.

F.  Renwood may at any time (upon reasonable notice) inspect the products as sold and stored by Deutsch and distributors. Further, Renwood may contact any distributor, visit any retail account and will enjoy unfettered access to any Renwood product data furnished by distributors or retail accounts to Deutsch.

Execution Copy

G. Renwood warrants that all Contracted Products it makes available to Deutsch under this agreement will be of good quality, are suitable for beverage consumption, and are properly packaged by Renwood in conformity with applicable laws, regulations, and requirements in force in the Territory. Renwood will hold Deutsch harmless from any and all fines, levies, damages, and costs of judgments that Deutsch may suffer as a result of Renwood's failure to comply with the provisions of this section.

H. Deutsch will inform Renwood within seven days of notice of quality complaints and fully and completely cooperate with Renwood and the customer in complaint resolution.

I. Renwood shall enjoy reasonable access to the Deutsch sales force, which is expected to taste the Contracted Products;

J. Deutsch will present to Renwood on or before January 30th of each year the marketing plan and promotional schedule by which Deutsch plans to sell each Contracted Product, vintage and Tier for the next fiscal year commencing July 1.

K. Deutsch currently sells Zinfandel wines made by three other suppliers (Kunde, Artesa, and Esser). Deutsch warrants that it will not sell the Zinfandel wines of those three other suppliers, beyond 10% of 2006 levels. With the above exception, Deutsch will not represent any other Zinfandel wine products, or any wines produced by wineries located in Amador, Alameda, Sacramento and the Delta Region, Stanislaus, San Joaquin, El Dorado, Tuolumne or Calaveras County.

L. Deutsch will appoint a brand manager responsible for administering the Renwood wine program, subject to the approval of Renwood.

M. Deutsch shall require the distributors it engages to do the following at all times:

    1. Maintain an inventory level of the Renwood products sufficient to satisfy projected sales within the particular distributor's territory for a minimum 60-day period based upon Deutsch's forecast for the following quarter; and

    2. Deutsch will notify Renwood within a reasonable period of any event within the distributor's territory that could result in projections for that territory varying more than 25% during any calendar quarter.

Execution Copy

N. Renwood will not ship or sell Contracted Products in the Territory, except as otherwise provided in this agreement.

O. Renwood will refer to Deutsch any and all orders and inquiries for Contracted Products that it may receive for shipment from distributors, retailers or other persons in the business of buying wine for resale in the normal course of trade for sale within the Territory. Deutsch and its distributors must respond to all inquiries in a prompt manner and will report the results to Renwood.

P. Unless the transfer of right will cause the breach of existing contracts or obligations, Renwood grants to Deutsch the first right of refusal (which right shall expire within 90 days of written notice) to accept and merge into this agreement wine products acquired or developed by Renwood Winery after the Effective Date that will bear the Renwood® brand and be depleted within the Territory;

Q. That during the term of this agreement, Renwood shall maintain product liability coverage concerning the sale of Contracted Products in the Territory in an amount of not less than five million ($5,000,000) dollars per occurrence naming Deutsch as an additional named insured.

R. All un-merchantable products suffering from quality deficiencies, packaging problems or errors found to be the fault of Renwood may be returned to Renwood for full credit (less marketing contributions and service fees) provided that notice of such deficiency, problem or error has been given to Renwood within 10 days of discovery of the deficiency.

S. Renwood owes no obligation to provide any credit for products rendered un-merchantable while in the possession and/or control of Deutsch or its customers. Deutsch is not entitled to claim any marketing contribution from Renwood for such products. Notice of the discovery of an un-merchantable product condition will be provided immediately to all parties. In addition to other conditions, a product shall be deemed un-merchantable in the event the containers or labels become unsightly or of less than first class condition. Deutsch will not sell un-merchantable products or otherwise dispose of such products or permit them to become the property of any insurer, carrier or salvage company in the absence of prior written consent of Renwood. Renwood reserves the right to have such un-merchantable products destroyed on site at Deutsch or the applicable storage facility, and obtain destruction records from Deutsch.

T. Within 30 days following the end of each contact year, Deutsch will provide Renwood with a "Final Contract Year Performance Statistics" report.

U. The Parties will meet and confer on the anticipated quantity and quality of that year's harvest and meaningfully discuss and consider the portion of that year's

Execution Copy

harvest, by variety, which should be made into wines produced and marketed under the Renwood® brand name. The parties will also mutually agree at that time on the methods and allocation of costs of promotion and selling by Deutsch.

V.  Deutsch will obtain Renwood's permission before committing acts that could adversely affect Renwood with respect to existing contracts or the import, licensing or territorial registration requirements of any state, territory or political subdivision in the Territory. In the event that Deutsch takes action without obtaining Renwood prior written approval in any of these areas, Deutsch shall be responsible for all financial and other liability incurred by Renwood, including all recoverable damages (including attorney's fees and costs or the payments of fines to regulatory agencies or judgments in favor of distributors) in connection with the consequences of such action.

## XI.
## INTELLECTUAL PROPERTY

A.      Renwood grants to Deutsch for the term of this Agreement a right to use the Renwood® trademarks solely within the Territory in connection with and for the purpose of promoting, advertising and selling the products pursuant to the terms of this Agreement. The use of Renwood® trademarks or other intellectual property shall be consistent with and supportive of the current brand image. This provision does not constitute an assignment of Renwood® trademarks or intellectual property.

B.      Deutsch further agrees:

1.      To use the Renwood® Brand Identity Package as described in the attached CD-rom;

2.      Not to remove the trademarks from the Products;

3.      Not to alter the trademarks in any manner;

4.      Not to use any trademark, trade name, or designation of origin other than the Renwood® trademarks and Deutsch's trade name in connection with the promotion, advertising, or sale of Contracted Products; and

5.      Not to use the Trademarks in connection with any products, goods, business or services other than Renwood® products.

C.      Renwood warrants that, to the best of its knowledge, it is the sole and exclusive owner of the Renwood® trademarks and intellectual property and has not assigned or licensed in the Territory any right or interest therein that would interfere or conflict with Deutsch's use thereof.

D.      Renwood also warrants that there are no known claims or demands in the Territory pertaining to such trademarks and intellectual property, and that

VERSION RWI-5                    17

Execution Copy

        no proceeding is pending or threatened against Renwood challenging
        Renwood's rights in respect thereof.

E.     In the event Deutsch becomes aware of any infringement of the
        trademarks, or any claim that the trademarks infringe the proprietary rights
        of a third party, Deutsch will immediately notify Renwood thereof in
        writing.

## XII.
## MISCELLANEOUS TERMS

### A. FORCE MAJEURE

The Parties will not be liable in any way for any Condition of Breach caused by
events beyond their commercially reasonable control including, but not limited to, fire,
flood, pests, riots, wars, terrorism, sabotage, strikes, lockouts, anomalous and unfavorable
climate course, or any other unavoidable events or contingencies, including a national
financial crisis of catastrophic proportions.

### B. NOTICE

All notices or other written communications required or referred to in this
agreement shall be in writing an sent to the address of the recipient as it appears in the
introductory paragraph to this Agreement (or such other address as such party shall have
notified to the sender) by (in order of descending preferences (i) e-mail or facsimile
transmission, (ii) DHL, Federal Express, or other reputable commercial carrier, or (iii)
registered mail, return receipt requested, with all costs of delivery or transmission prepaid
and shall be deemed given when actually received. Copies of all such notices shall be
sent by email to the email addresses listed in the introductory paragraphs.

### C. SEVERABILITY

In the event any term or provision hereof is in violation of, or prohibited by the
law of the State of California, such term or provision shall be deemed to be amended or
deleted to conform to such law or regulation without invalidating or amending or deleting
any other term of this agreement.

### D. WAIVER

The failure or omission by either party to insist upon or enforce any of the terms
of this agreement shall not be deemed a waiver of such term unless the waiver is in
writing by the party against whom the waiver is sought to be enforced. Waiver of one
term will not be deemed a waiver of any other term. Waiver of a term on one occasion
shall not be deemed a waiver of the same term at any other time.

### E. GOVERNING LAW AND DISPUTE RESOLUTION

Execution Copy

This agreement shall at all times be interpreted pursuant to California law.

Any dispute regarding the terms and operation of this agreement, and any controversy or claim arising from of this agreement, shall first be submitted to mediation in the City and County of Sacramento by a mutually agreeable mediator. All settlements are deemed to have taken place pursuant to California Code of Civil Procedure section 664.6. The prevailing party in any action to enforce any such settlement shall be entitled to reasonable attorney fees and costs of enforcement.

In the event mediation does not resolve the claim or controversy, the parties will submit the matter to binding arbitration in the City and County of Sacramento, by a mutually-agreeable arbitrator, or in the event agreement cannot be reached, then to an arbitrator appointed by the Superior Court in and for the County of Sacramento. Attendant to such a proceeding, the parties shall enjoy rights of discovery per the California Code of Civil Procedure.

The arbitration proceedings shall take place pursuant to Comprehensive Rules and Procedures of JAMS or its successor then in effect, and judgment upon the award rendered by the arbitrator may be entered in any court of competent jurisdiction. The decision of the arbitrator shall be final and binding on the parties. The arbitrators are not empowered to award damages in excess of compensatory damages, but shall include in the final award an allocation of attorneys' fees, costs and expenses incurred in the arbitration to the prevailing party, whether or not such fees, costs and expenses would otherwise be recoverable under applicable statutes and rules of court.

The arbitrator shall render the award in writing, explaining the factual and legal basis for decision as to each of the principal controverted issues. The parties and each of them expressly agree that any petition to confirm, modify or enforce the arbitral award, shall be resolved in the Sacramento County Superior Court to which jurisdiction the parties hereby submit.

## F.  CONFIDENTIALITY/PROTECTION OF INFORMATION EXCHANGED

Renwood and Deutsch agree that each needs accurate and timely information from the other on a regular basis to satisfy their obligations under this agreement. Each will protect and safeguard received from the other will not share it with any person or entity outside of Renwood's or Deutsch's organization unless prior written consent of all parties is obtained, disclosure is compelled by authorities or disclosure is necessary to enforce the terms of this Agreement. Both parties acknowledge that information received from the other would be useful to competitors, and if furnished to such competitors, would cause irreparable harm to the Parties in the marketplace.

## G. NATURE OF AGREEMENT

The Parties acknowledge that they are dealing as independent contractors only. Neither party is granted any right or authority to act or hold itself out as the legal agent of

Execution Copy

the other, or to assume or create any obligations or responsibilities, express or implied, on behalf of or in the name of the other or any person or entity affiliated with the other or to bind the other in any manner whatsoever except as may otherwise be expressly agreed upon by the parties in writing for purposes of compliance with applicable state or federal laws or requirements.

### H.   ENTIRE AGREEMENT

This Agreement shall constitute the entire understanding by and between the parties as to the subject matter hereof, replacing and superseding all previous agreements and understandings between the parties hereto or their predecessors concerning such subject matter. No modification of this Agreement shall be effective unless set forth in writing and signed by both parties.  All notices required by this Agreement shall be in writing and shall be deemed given on the date of delivery.

### I.   BINDING AGREEMENT AND EXECUTION IN COUNTERPARTS

This Agreement shall bind and inure to the benefit of the parties hereto and their respective successors and assigns, provided that it may not be assigned by either party without the prior written consent of the other.  This Agreement may be executed in counterparts, and if so executed, shall be fully effective and enforceable in accordance with its terms.

Date: March 17, 06

Robert I. Smerling
Chairman and Chief Executive
Officer
Renwood Group, Inc

Date: _____

William Deutsch
Chairman
W.J. Deutsch & Sons, Ltd.

Date: _____

Peter Deutsch
President
W.J. Deutsch & Sons, Ltd.

VERSION RW1-5                    20

Execution Copy

## SCHEDULE A

TRANSITION PERIOD SALES STANDARDS

(Attached)

## SCHEDULE B
MARKETING CONTRIBUTION
(Applies to Sales through June 30, 2011)

SIERRA SERIES/RED LABEL ZINFANDEL AND SYRAH –

$11 PER CASE DISTRIBUTOR ALLOWANCE

SIERRA SERIES/SELECT SERIES/RED LABEL (other):

$5 PER CASE DISTRIBUTOR ALLOWANCE

OLD VINE ZINFANDEL:

$20 PER CASE DISTRIBUTOR ALLOWANCE

FIDDLETOWN ZINFANDEL:

$20 PER CASE DISTRIBUTOR ALLOWANCE

## SCHEDULE C

FIVE-YEAR TIER SALES STANDARDS
(Attached, to reflect 15% increase over prior year's sales, compounded)

MAR. 19. 2006 12:27PM  W. J. DEUTSCH 914-251-0283                03/19/06  09:40A  P. 2/2
                                                                5:08:50  NO. 954 2006 P. 3    2/2

MAR. 17. 2006  2:54PM    W. J. DEUTSCH 914-251-0283                        NO. 944    P. 21
   Execution Copy

counterparts, and if so executed, shall be fully effective and enforceable in accordance
with its terms.

Date: _____

                                    Robert I. Smerling
                                    Chairman and Chief Executive
                                    Officer
                                    Ranwood Group, Inc

Date: _____

                                    William Deutsch
                                    Chairman
                                    W.J. Deutsch & Sons, Ltd.

Date:  3/17/06

                                    Peter Deutsch
                                    President
                                    W.J. Deutsch & Sons, Ltd.


### SCHEDULE A

### TRANSITION PERIOD SALES STANDARDS

(Attached)


### SCHEDULE B
### MARKETING CONTRIBUTION
(Applies to Depletions through June 30, 2011)

### SIERRA SERIES/RED LABEL ZINFANDEL AND SYRAH –

### $11 PER CASE DISTRIBUTOR ALLOWANCE

### SIERRA SERIES/SELECT SERIES/RED LABEL (other):


VERSION RW1-5                    20

MAR. 17. 2006 12.26PM    W. J. DEUTSCH 914-251-0285    03/19/06 09:40A P. 01
                                                        NO. 954    P. 2

Execution Copy

counterparts, and if so executed, shall be fully effective and enforceable in accordance
with its terms.


Date: _____


                                    _____
                                    Robert I. Smerling
                                    Chairman and Chief Executive
                                    Officer
                                    Renwood Group, Inc

Date: __3/17/06__

                                    _____
                                    William Deutsch
                                    Chairman
                                    W.J. Deutsch & Sons, Ltd.


Date: _____

                                    _____
                                    Peter Deutsch
                                    President
                                    W.J. Deutsch & Sons, Ltd.




## SCHEDULE A

### TRANSITION PERIOD SALES STANDARDS

(Attached)


### SCHEDULE B
#### MARKETING CONTRIBUTION
(Applies to Depletions through June 30, 2011)

#### SIERRA SERIES/RED LABEL ZINFANDEL AND SYRAH –

#### $11 PER CASE DISTRIBUTOR ALLOWANCE

#### SIERRA SERIES/SELECT SERIES/RED LABEL (other):

## Sales & Cases April / May / June 2005 b,  roduct and Family (9L Equivalent)    <span>Schedule .</span>

| | Product | June 2005 Cases | June 2005 Sales | May 2005 Cases | May 2005 Sales | April 2005 Cases | April 2005 Sales |
|---|---|---|---|---|---|---|---|
| 1 | Grandmere | 30.0 | $4,500 | 67.5 | $10,125 | 48.5 | $7,275 |
| 2 | Grandpere | 92.5 | $17,760 | 111.0 | $21,312 | 62.0 | $11,904 |
| | Total Proprietary | 122.5 | $22,260 | 178.5 | $31,437 | 110.5 | $19,179 |
| 3 | Select Pinot Grigio | - | ($163) | - | $0 | - | $0 |
| 4 | Select Syrah Rose | 413.0 | $25,508 | 404.0 | $22,624 | 72.0 | $4,032 |
| 5 | Select Viognier | 352.0 | $25,344 | 697.0 | $50,184 | 246.0 | $17,712 |
| 6 | Sierra Barbera | 600.0 | $43,240 | 739.0 | $53,216 | 394.0 | $28,368 |
| 7 | Sierra Syrah | 656.0 | $43,496 | 496.0 | $35,712 | 318.0 | $22,896 |
| 8 | Sierra Zinfandel | 2,584.0 | $186,048 | 2,728.0 | $196,416 | 2,019.0 | $145,368 |
| | Total Sierra / Select | 4,605.0 | $323,474 | 5,064.0 | $358,152 | 3,049.0 | $218,376 |
| 9 | Amador Barbera | 60.0 | $7,200 | 112.0 | $13,440 | 52.0 | $6,240 |
| 10 | Amador Barbera 375 | 11.5 | $1,388 | 1.5 | $180 | 2.0 | $240 |
| 11 | Amador Sangiovese | 3.0 | $360 | 5.0 | $600 | - | $0 |
| 12 | Amador Syrah | 19.5 | $2,925 | 12.5 | $1,875 | 22.0 | $3,300 |
| 13 | Amador Viognier | 21.0 | $3,150 | 18.0 | $2,700 | - | $0 |
| 14 | D'Agostini Bros. | - | $0 | 17.0 | $3,060 | - | $0 |
| 15 | Fiddletown | 438.0 | $65,700 | 1,340.0 * | $201,000 | 49.0 | $7,350 |
| 16 | Fiddletown 375 | 40.5 | $6,075 | 2.5 | $375 | - | $0 |
| 17 | Jack Rabbit Flat | 80.0 | $14,400 | 51.0 | $9,180 | 23.0 | $4,140 |
| 18 | Old VIne | 2,583.7 | $314,160 | 1,931.3 | $235,020 | 1,154.0 | $140,172 |
| 19 | Old Vine 375 | 27.5 | $3,300 | 63.5 | $7,620 | 39.0 | $4,680 |
| | Total Amador County | 3,284.7 | $418,658 | 3,554.3 * | $475,050 | 1,341.0 | $166,122 |
| 20 | Ice Wine | 105.5 | $37,980 | - | $0 | - | $0 |
| 21 | Muscat | 27.0 | $5,256 | 57.5 | $11,040 | 18.0 | $3,456 |
| 22 | Port | 3.0 | $270 | 23.0 | $2,070 | 17.0 | $1,530 |
| | Total Dessert | 135.5 | $43,506 | 80.5 | $13,110 | 35.0 | $4,986 |
| | Grand Total | 8,147.7 | $807,898 | 8,877.3 * | $877,749 | 4,535.5 | $408,663 |

\* Includes BevMo sale of 1,100 cases. WJDeutsch will receive a credit of 1,100 Fiddletown Zinfandel cases against
Transition Period Standards if it does not receive a comparable order from BevMo

Sales & Cases Jul 2005 to June 2006 by Product and Tier (9L Equivalent)     **Schedule C**

| | Product | Jul-05 | | Aug-05 | | Sep-05 | | Oct-05 | | Nov-05 | | Dec-05 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Cases | Dollars | Cases | Dollars | Cases | Dollars | Cases | Dollars | Cases | Dollars | Cases | Dollars |
| 1 | Grandmere | 35.0 | $5,250 | 33.5 | $5,025 | 54.5 | $8,175 | 35.5 | $5,325 | 32.0 | $4,800 | 55.5 | $8,325 |
| 2 | Grandpere | 31.5 | $6,048 | 45.0 | $8,640 | 34.8 | $6,734 | 112.5 | $21,600 | 40.0 | $7,680 | 63.5 | $12,000 |
| | *Total Proprietary* | 66.5 | $11,298 | 78.5 | $13,665 | 89.3 | $14,909 | 148.0 | $26,925 | 72.0 | $12,480 | 119.0 | $20,325 |
| 3 | Select Pinot Grigio | 653.0 | $47,016 | 335.0 | $23,986 | 216.0 | $15,433 | 452.0 | $32,544 | 177.0 | $12,744 | 95.0 | $6,840 |
| 4 | Select Syrah Rose | 242.0 | $17,424 | 128.0 | $8,992 | 108.0 | $7,776 | 47.0 | $3,384 | 74.0 | $5,328 | 36.0 | $2,520 |
| 5 | Select Viognier | 232.0 | $16,704 | 365.0 | $26,280 | 396.0 | $28,512 | 513.0 | $36,936 | 250.0 | $18,000 | 307.0 | $21,888 |
| 6 | Sierra Barbera | 252.0 | $18,144 | 185.0 | $13,297 | 477.0 | $34,593 | 687.0 | $49,464 | 478.0 | $34,416 | 321.0 | $23,112 |
| 7 | Sierra Syrah | 185.0 | $13,392 | 188.0 | $17,249 | 436.0 | $31,392 | 508.0 | $36,576 | 611.0 | $43,992 | 519.0 | $37,296 |
| 8 | Sierra Zinfandel | 1,126.0 | $81,072 | 885.0 | $63,674 | 1,986.0 | $142,992 | 3,170.0 | $228,240 | 2,989.0 | $215,208 | 1,973.0 | $142,004 |
| | *Total Sierra / Select* | 2,691.0 | $193,752 | 2,086.0 | $153,478 | 3,619.0 | $260,698 | 5,377.0 | $387,144 | 4,579.0 | $329,688 | 3,251.0 | $233,660 |
| 9 | Amador Barbera | 42.0 | $5,040 | 106.0 | $12,720 | 46.0 | $5,184 | 155.0 | $18,600 | 75.0 | $9,000 | 54.0 | $6,360 |
| 10 | Amador Barbera 375 | - | $0 | 5.5 | $660 | 1.0 | $120 | - | $0 | - | $0 | 2.0 | $240 |
| 11 | Amador Sangiovese | - | $0 | - | $0 | - | $0 | - | $0 | - | $0 | - | $0 |
| 12 | Amador Syrah | 4.0 | $600 | 8.5 | $1,275 | 2.5 | $375 | 33.5 | $5,025 | 2.5 | $375 | 2.5 | $375 |
| 13 | Amador Viognier | 13.0 | $1,950 | - | $0 | 7.0 | $1,050 | 1.0 | $150 | - | $0 | 9.0 | $1,350 |
| 14 | D'Agostini Bros. | - | $0 | 13.0 | $2,340 | - | $0 | 112.0 | $20,160 | - | $0 | - | $0 |
| 15 | Fiddletown | 17.0 | $2,550 | 1,090.0 | $163,500 | 287.0 | $43,050 | 1,717.0 | $183,600 | 42.0 | $6,327 | 58.0 | $8,700 |
| 16 | Fiddletown 375 | 4.5 | $675 | 3.5 | $525 | 6.0 | $900 | 29.0 | $4,350 | - | $0 | - | $0 |
| 17 | Jack Rabbit Flat | 7.5 | $1,364 | 58.5 | $10,724 | 61.0 | $11,224 | 65.5 | $12,052 | 32.0 | $5,888 | 33.0 | $6,072 |
| 18 | Old Vine | 540.3 | $67,920 | 1,045.7 | $125,512 | 1,139.7 | $139,560 | 2,070.7 | $251,340 | 2,418.7 | $292,260 | 1,425.0 | $173,700 |
| 19 | Old Vine 375 | 13.0 | $1,560 | 35.5 | $4,260 | 15.0 | $1,800 | 80.0 | $9,600 | 32.5 | $3,900 | 19.0 | $2,280 |
| | *Total Amador County* | 641.3 | $81,659 | 2,366.2 | $321,516 | 1,565.2 | $203,263 | 4,263.7 | $504,877 | 2,602.7 | $317,750 | 1,602.5 | $199,077 |
| 20 | Ice Wine | 23.5 | $8,460 | 87.5 | $31,500 | 47.5 | $17,100 | 97.5 | $35,100 | 64.0 | $23,040 | 17.5 | $5,939 |
| 21 | Muscat | 41.3 | $7,920 | 34.5 | $6,624 | - | $0 | - | $0 | 2.5 | $480 | 5.0 | $960 |
| 22 | Port | 17.0 | $1,530 | 11.0 | $1,002 | 5.0 | $450 | 14.0 | $1,260 | 43.0 | $3,870 | 24.0 | $2,160 |
| | *Total Dessert* | 81.8 | $17,910 | 133.0 | $39,126 | 52.5 | $17,550 | 111.5 | $36,360 | 109.5 | $27,390 | 46.5 | $9,059 |
| | **Totals** | 3,480.6 | $304,619 | 4,663.7 | $527,785 | 5,326.0 | $496,420 | 9,900.2 | $955,306 | 7,363.2 | $687,308 | 5,019.0 | $462,121 |

**Sales Growth**
**Standards By Year**

| | Cases | Dollars | Cases | Dollars | Cases | Dollars | Cases | Dollars | Cases | Dollars | Cases | Dollars |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Year Ended June 2007 | 4,003.0 | $350,312 | 5,363.0 | $606,953 | 6,125.0 | $570,883 | 11,385.0 | $1,098,602 | 8,468.0 | $790,404 | 5,772.0 | $531,439 |
| Year Ended June 2008 | 4,603.0 | $402,859 | 6,167.0 | $697,996 | 7,044.0 | $656,515 | 13,093.0 | $1,263,392 | 9,738.0 | $908,965 | 6,638.0 | $611,155 |
| Year Ended June 2009 | 5,293.0 | $463,288 | 7,092.0 | $802,695 | 8,101.0 | $754,992 | 15,057.0 | $1,452,901 | 11,199.0 | $1,045,310 | 7,634.0 | $702,828 |
| Year Ended June 2010 | 6,087.0 | $532,781 | 8,156.0 | $923,099 | 9,316.0 | $868,241 | 17,316.0 | $1,670,836 | 12,879.0 | $1,202,107 | 8,779.0 | $808,252 |
| Year Ended June 2011 | 7,000.0 | $612,698 | 9,379.0 | $1,061,564 | 10,713.0 | $998,477 | 19,913.0 | $1,921,461 | 14,811.0 | $1,382,423 | 10,096.0 | $929,490 |

**Note:** Standards are calculated at 15% increase year over year. For simplicity sake only monthly totals are
shown on the schedule, but it is implicit that the Standards are applied product by product and tier by tier

Sales & Cases Jul 2005 to June 200  y Product and Tier (9L Equivalent)    **Schedule C**

** Note that March to June numbers are for 2005

| Product | Jan-06 Cases | Jan-06 Dollars | Feb-06 Cases | Feb-06 Dollars | Mar-05 ** Cases | Mar-05 ** Dollars | Apr-05 ** Cases | Apr-05 ** Dollars | May-05 ** Cases | May-05 ** Dollars | Jun-05 ** Cases | Jun-05 ** Dollars | Total Cases | Total Dollars |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 Grandmere | 50.5 | $8,214 | 30.5 | $5,124 | 19.0 | $2,850 | 48.5 | $7,275 | 67.5 | $10,125 | 30.0 | $4,500 | 492.0 | $74,988 |
| 2 Grandpere | 71.5 | $14,528 | 23.5 | $6,344 | 196.0 | $37,632 | 62.0 | $11,904 | 111.0 | $21,312 | 92.5 | $17,760 | 883.8 | $172,182 |
| **Total Proprietory** | 122.0 | $22,742 | 54.0 | $11,468 | 215.0 | $40,482 | 110.5 | $19,179 | 178.5 | $31,437 | 122.5 | $22,260 | 1,375.8 | $247,170 |
| 3 Select Pinot Grigio | 387.0 | $27,864 | 138.0 | $11,952 | - | $0 | - | $0 | - | $0 | - | ($163) | 2,453.0 | $178,217 |
| 4 Select Syrah Rose | 21.0 | $1,512 | 38.0 | $2,016 | 116.0 | $6,496 | 72.0 | $4,032 | 404.0 | $22,624 | 413.0 | $25,508 | 1,699.0 | $107,612 |
| 5 Select Viognier | 165.0 | $11,880 | 313.0 | $21,024 | 515.0 | $37,080 | 246.0 | $17,712 | 697.0 | $50,184 | 352.0 | $25,344 | 4,351.0 | $311,544 |
| 6 Sierra Barbera | 336.0 | $24,192 | 303.0 | $22,608 | 685.0 | $49,320 | 394.0 | $28,368 | 739.0 | $53,216 | 600.0 | $43,240 | 5,457.0 | $393,970 |
| 7 Sierra Syrah | 374.0 | $26,928 | 501.0 | $37,080 | 702.0 | $50,544 | 318.0 | $22,896 | 496.0 | $35,712 | 656.0 | $43,496 | 5,495.0 | $396,553 |
| 8 Sierra Zinfandel | 1,996.0 | $143,712 | 2,060.0 | $145,296 | 1,964.0 | $141,408 | 2,019.0 | $145,368 | 2,728.0 | $196,416 | 2,584.0 | $186,048 | 25,480.0 | $1,831,438 |
| **Total Sierra / Select** | 3,279.0 | $236,088 | 3,353.0 | $239,976 | 3,982.0 | $284,848 | 3,049.0 | $218,376 | 5,064.0 | $358,152 | 4,605.0 | $323,474 | 44,935.0 | $3,219,334 |
| 9 Amador Barbera | 96.0 | $11,520 | 44.0 | $5,280 | 85.0 | $10,200 | 52.0 | $6,240 | 112.0 | $13,440 | 60.0 | $7,200 | 927.0 | $110,784 |
| 10 Amador Barbera 375 | 6.0 | $720 | 5.0 | $600 | | | 2.0 | $240 | 1.5 | $180 | 11.5 | $1,388 | 34.5 | $4,148 |
| 11 Amador Sangiovese | - | $0 | - | $0 | 7.0 | $840 | - | $0 | 5.0 | $600 | 3.0 | $360 | 15.0 | $1,800 |
| 12 Amador Syrah | 14.0 | $2,100 | 1.5 | $225 | 20.0 | $3,000 | 22.0 | $3,300 | 12.5 | $1,875 | 19.5 | $2,925 | 143.0 | $21,450 |
| 13 Amador Viognier | 14.0 | $2,100 | 32.0 | $600 | 4.0 | $600 | - | $0 | 18.0 | $2,700 | 21.0 | $3,150 | 119.0 | $13,650 |
| 14 D'Agostini Bros | - | $0 | - | $0 | | | - | $0 | 17.0 | $3,060 | - | $0 | 142.0 | $25,560 |
| 15 Fiddletown | 331.0 | $49,650 | 108.0 | $17,250 | 319.0 | $47,850 | 49.0 | $7,350 | 1,340.0 | $201,000 | 438.0 | $65,700 | 5,796.0 | $796,527 |
| 16 Fiddletown 375 | 3.0 | $450 | 2.0 | $300 | 10.5 | $1,575 | - | $0 | 2.5 | $375 | 40.5 | $6,075 | 101.5 | $15,225 |
| 17 Jack Rabbit Flat | 36.5 | $6,716 | 22.5 | $5,244 | 87.0 | $15,660 | 23.0 | $4,140 | 51.0 | $9,180 | 80.0 | $14,400 | 557.5 | $102,664 |
| 18 Old Vine | 1,817.0 | $218,980 | 1,399.7 | $168,840 | 1,622.0 | $194,640 | 1,154.0 | $140,172 | 1,931.3 | $235,020 | 2,583.7 | $314,160 | 19,147.8 | $2,322,104 |
| 19 Old Vine 375 | 29.0 | $3,480 | 41.0 | $4,980 | 40.0 | $4,800 | 39.0 | $4,680 | 63.5 | $7,620 | 27.5 | $3,300 | 435.0 | $52,260 |
| **Total Amador County** | 2,346.5 | $295,716 | 1,655.7 | $203,319 | 2,194.5 | $279,165 | 1,341.0 | $166,122 | 3,554.3 | $475,050 | 3,284.7 | $418,658 | 27,418.3 | $3,466,172 |
| 20 Ice Wine | 10.5 | $3,780 | 3.0 | $1,080 | 16.0 | $5,760 | - | $0 | - | $0 | 105.5 | $37,980 | 472.5 | $169,739 |
| 21 Muscat | 29.0 | $5,568 | 28.5 | $6,336 | 45.5 | $8,736 | 18.0 | $3,456 | 57.5 | $11,040 | 27.0 | $5,256 | 288.8 | $56,376 |
| 22 Port | 23.0 | $2,070 | 16.0 | $1,440 | 40.5 | $3,672 | 17.0 | $1,530 | 23.0 | $2,070 | 3.0 | $270 | 236.5 | $21,324 |
| **Total Dessert** | 62.5 | $11,418 | 47.5 | $8,856 | 102.0 | $18,168 | 35.0 | $4,986 | 80.5 | $13,110 | 135.5 | $43,506 | 997.8 | $247,439 |
| **Totals** | 5,810.0 | $565,964 | 5,110.2 | $463,619 | 6,493.5 | $622,663 | 4,535.5 | $408,663 | 8,877.3 | $877,749 | 8,147.7 | $807,898 | 74,726.9 | $7,180,115 |

**Sales Growth**

**Standards By Year**

| | Cases | Dollars | Cases | Dollars | Cases | Dollars | Cases | Dollars | Cases | Dollars | Cases | Dollars | Cases | Dollars |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Year Ended June 2007 | 6,682.0 | $650,859 | 5,877.0 | $533,162 | 7,468.0 | $716,062 | 5,216.0 | $469,962 | 10,209.0 | $1,009,411 | 9,370.0 | $929,082 | 85,938.0 | $8,257,131 |
| Year Ended June 2008 | 7,684.0 | $748,488 | 6,759.0 | $613,136 | 8,588.0 | $823,471 | 5,998.0 | $540,456 | 11,740.0 | $1,160,823 | 10,776.0 | $1,068,444 | 98,828.0 | $9,495,700 |
| Year Ended June 2009 | 8,837.0 | $860,761 | 7,773.0 | $705,106 | 9,876.0 | $946,992 | 6,898.0 | $621,524 | 13,501.0 | $1,334,946 | (2,392.0) | $1,228,711 | 113,653.0 | $10,920,054 |
| Year Ended June 2010 | 10,163.0 | $989,875 | 8,939.0 | $810,872 | 11,357.0 | $1,089,041 | 7,933.0 | $714,753 | 15,526.0 | $1,535,188 | 14,251.0 | $1,413,018 | 130,702.0 | $12,558,063 |
| Year Ended June 2011 | 11,687.0 | $1,138,356 | 10,280.0 | $932,903 | 13,061.0 | $1,252,397 | 9,123.0 | $821,966 | 17,855.0 | $1,765,466 | 16,389.0 | $1,624,971 | 150,307.0 | $14,441,772 |

Note: Standards are calculated at 15% increase year over year. For simplicity sake only monthly totals are shown on the schedule, but it is implicit that the Standards are applied product by product and tier by tier

# EXHIBIT B

# INTERIM AGREEMENT

W.J. Deutsch & Sons, Ltd. ("Deutsch") and Renwood Winery, Inc. ("Renwood") hereby enter into the following agreement.

WHEREAS, Deutsch and Renwood signed a document known as the "Services Agreement" in or about March 2006;

WHEREAS, disputes arose related to several provisions of the Services Agreement;

WHEREAS, Deutsch commenced arbitration proceedings to resolve the issues and those proceedings were stayed by agreement of the parties pending good faith attempts to resolve the disputes through mediation;

WHEREAS, Deutsch and Renwood (collectively, "the Parties") have mediated with Judge Scott Snowden, Ret., and now agree to a framework to resolve their disputes as set forth below:

# EXHIBIT C



**Renwood/WJD Shipment History**
**May 13, 2008**
**FY07**

| Shipments from Renwood Inventory | July 2006 9L Cases | August 2006 9L Cases | September 2006 9L Cases | October 2006 9L Cases | November 2006 9L Cases | December 2006 9L Cases | January 2007 9L Cases | February 2007 9L Cases | March 2007 9L Cases | April 2007 9L Cases | May 2007 9L Cases | June 2007 9L Cases | FY 2007 9L Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Proprietary | 33.0 | 174.5 | 92.0 | 137.0 | 203.5 | 182.0 | 205.5 | 76.0 | 139.0 | 116.5 | 127.5 | 95.5 | 1,582.0 |
| Amador County | 856.2 | 1,378.8 | 2,031.8 | 1,564.8 | 1,872.2 | 1,232.8 | 1,463.2 | 558.5 | 25.5 | 41.5 | 131.0 | 319.5 | 11,475.8 |
| Dessert | 108.0 | 77.5 | 96.0 | 65.5 | 93.5 | 24.5 | 1.5 | 9.5 | 10.0 | - | - | - | 486.0 |
| Sierra/Select/Red Label | 2,750.0 | 1,786.0 | 2,356.0 | 1,350.0 | 2,537.0 | 2,673.0 | 2,595.0 | 1,443.0 | 565.0 | 654.0 | 416.0 * | 845.0 | 19,970.0 |
| **Grand Total** | 3747.2 | 3416.8 | 4575.8 | 3117.3 | 4706.2 | 4112.3 | 4265.2 | 2087.0 | 739.5 | 812.0 | 674.5 | 1260.0 | 33,513.8 |

| Shipments from WJD Western CA Inventory | July 2006 9L Cases | August 2006 9L Cases | September 2006 9L Cases | October 2006 9L Cases | November 2006 9L Cases | December 2006 9L Cases | January 2007 9L Cases | February 2007 9L Cases | March 2007 9L Cases | April 2007 9L Cases | May 2007 9L Cases | June 2007 9L Cases | FY 2007 9L Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Proprietary | | | | | 48.5 | | 35.5 | | | | 29.5 | 12.5 | 126.0 |
| Amador County | | | | | 1,401.0 | | 98.0 | 1,426.0 | 2,401.0 | 1,757.0 | 1,423.0 | 2,016.0 | 10,522.0 |
| Dessert | | | | 5.5 | 33.5 | | | 37.5 | 48.0 | 28.5 | 29.0 | 17.5 | 199.5 |
| Sierra/Select/Red Label | | 1,275.0 | 1,756.0 | 1,593.0 | 2,215.0 | | 512.0 | 2,563.0 | 3,546.0 | 2,822.0 | 2,254.0 | 2,605.0 | 21,143.0 |
| **Grand Total** | 0.0 | 1275.0 | 1756.0 | 1600.5 | 3698.0 | 0.0 | 645.5 | 4026.5 | 5995.0 | 4607.5 | 3735.5 | 4651.0 | 31,990.5 |

**Data Sources:**

Renwood Shipment Data - Proprietary sales database numbers based on Blend Sales & Distribution shipment software
WJD Shipment Data - Diver Software - wjd.interreport.com



**RENWOOD WINERY**
~dedicated to the art~

**Renwood/WJD Shipment History**
**May 13, 2008**
**FY08**

| Shipments from Renwood Inventory | July 2007 9L Cases | August 2007 9L Cases | September 2007 9L Cases | October 2007 9L Cases | November 2007 9L Cases | December 2007 9L Cases | January 2008 9L Cases | February 2008 9L Cases | March 2008 9L Cases | April 2008 9L Cases | May 2008 9L Cases | FY 2008 YTD 9L Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Proprietary | 63.0 | 186.0 | 37.5 | 158.0 | 27.0 | 24.5 | 11.7 | 35.5 | 32.5 | 12.0 | - | 587.7 |
| Amador County | 128.5 | 121.3 | 115.0 | 341.0 | 70.2 | 94.5 | 76.2 | 241.0 | 231.0 | 102.0 | 32.0 | 1,552.7 |
| Dessert | 41.0 | 39.5 | 5.0 | - | - | - | - | - | - | - | - | 85.5 |
| Sierra/Select/Red Label | 491.0 | 1,362.0 | 1,336.0 | 840.0 | 685.0 | 698.0 | 787.7 | 901.0 | 1,502.0 | 1,475.0 | 377.0 [a] | 10,454.7 |
| **Grand Total** | 723.5 | 1708.8 | 1493.5 | 1339.0 | 782.2 | 817.0 | 875.5 | 1177.5 | 1765.5 | 1589.0 | 409.0 | 12,680.5 |

| Shipments from WJD Western CA Inventory | July 2007 9L Cases | August 2007 9L Cases | September 2007 9L Cases | October 2007 9L Cases | November 2007 9L Cases | December 2007 9L Cases | January 2008 9L Cases | February 2008 9L Cases | March 2008 9L Cases | April 2008 9L Cases | May 2008 9L Cases | FY 2008 YTD 9L Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Proprietary | 55.5 | 50.5 | 7.5 | 39.0 | 46.0 | 22.5 | 39.5 | 65.0 | 35.0 | 11.5 | 11.5 | 399.0 |
| Amador County | 519.5 | 1,647.0 | 617.5 | 2,198.5 | 1,656.1 | 1,153.2 | 1,404.7 | 2,108.7 | 1,351.0 | 906.5 | 779.7 | 16,358.2 |
| Dessert | 17.5 | 37.5 | 8.5 | 79.0 | 42.5 | 21.5 | 40.0 | 65.0 | 105.0 | 10.5 | 62.5 | 507.0 |
| Sierra/Select/Red Label | 2,901.0 | 2,737.0 | 539.0 | 4,175.0 | 3,133.0 | 1,864.0 | 2,737.0 | 2,943.0 | 1,317.0 | 1,527.0 | 541.0 | 27,019.0 |
| **Grand Total** | 3493.5 | 4472.0 | 1172.5 | 6491.5 | 4877.6 | 3061.2 | 4221.2 | 5181.7 | 2808.0 | 2458.5 | 1394.7 | 44,283.2 |

**Data Sources:**

Renwood Shipment Data - Proprietary sales database numbers based on Blend Sales & Distribution shipment software

WJD Shipment Data - Diver Software - wd.interreport.com

Month-to-Date shipment data for May 2008 includes all shipment data up to May 13, 2008.

# EXHIBIT D

**From:** Dana Buonanno [mailto:danab@wjdeutsch.com]
**Sent:** Friday, May 16, 2008 8:17 AM
**To:** Danica; Joel
**Subject:** **REVISION** DB-D054744 (Columbia Dist.OR #P197367)
**Importance:** High

Hello Danica and Joel,

We have finished the WJD inventory on the Grandpere 2004 Zin so we will now be placing orders directly thru you for this item again. Please see attached revision for my order that was previously sent to you yesterday. I have added 4 cases of the Grandpere. Please confirm receipt of this revision and thanks for your help.

PS - I also added shipping instructions at the bottom of the PO.

*Thank you and best regards,*

**Dana M. Buonanno**
*W.J Deutsch & Sons, Ltd.*
*Supply Chain Specialist*
Phone: (914) 251-3254
Fax: (914) 251-3238



# EXHIBIT E



**RENWOOD.**

RENWOOD GROUP, INC.

Corporate Office

Sacramento, CA



SUBSIDIARIES

RENWOOD WINERY, INC.

Plymouth, CA

Ione, CA

renwood.com

RENWOOD VINEYARD
PROPERTIES, LTD

Amador County, CA

El Dorado County, CA

renwoodproperties.com

RENWOOD.COM

CORPORATE OFFICE                    WINERY

8705 Folsom Boulevard, Ste. 203     12225 Steiner Road

Sacramento, CA 95826                Plymouth, CA 95669

Phone: (916) 381-9463               Phone: (209) 245-6979

Fax: (916) 381-0458                 Fax: (209) 245-6617

Mr. Roy Danis
VP Sales & Marketing
W.J. Deutsch & Sons
108 Corporate Park drive
White Plains, NY 10604

Via: Mail and Fax; 914 251-0283

July 19, 2007

Re: BevMo,

Dear Roy,

This letter is to confirm the terms and conditions of Renwood's sale of 3 new items to BevMo for their "Nickel Sale", which falls outside the Service Agreement between W.J. Deutsch and Sons and Renwood Winery. The 3 new items: Shenandoah Valley Zin, Lodi Zin and Lodi Petite Sirah, were rejected by Jim Mello in our January meeting. These items were presented to BevMo to re-establish good will after the unauthorized sale of Renwood Old Vine to Costco. These 3 sku's are not part of the Service Agreement, they do not count as part of your monthly sales goal and will be sold directly to Southern by Renwood for the exclusive use by BevMo.

As these items are being sold direct to Southern, no benefit shall be given to W.J.Deutsch regarding marketing allowances, sampling allowances, depletion or sales towards monthly cure. W.J.Deutsch will receive a 10% commission on these 3 items after sale is made to BevMo and paid in full by Southern. This commission is outside the service agreement and is being paid so W.J.Deutsch sales team will help promote the 3 new sku's items. We are under no obligation to pay any commission, but do this as good will to W.J.Deutsch. This is a one time offer to pertaining to the Nickel Sale of October 2007 and April 2008. No commission will paid on sales after April 2008.

The pricing of the items is designed to support the Nickel Sale for one month. All SPA support will be removed after the end of the Nickel Sale. These wines are to be sold to BevMo only. All orders will come from Southern Wine and Spirits directly to Renwood.

I have received requests for details from Francois, Scott Evans and Al Della Corna. Because of Peter's insistence that issues pertaining to the contract are not discussed with your sales staff, please inform them of the terms I have set out in this letter.

Let's hope this resolves the BevMo situation. In the future please sell Costco Grandmere, Grandpere and Barbara as we did in the past.

Sincerely,

Robert Smerling
Chairman & CEO
Renwood Winery

## Robert I. Smerling

| | |
|---|---|
| **From:** | <royd@wjdeutsch.com> |
| **To:** | "RIS" <ris@renwood.com> |
| **Cc:** | "Francois Magnant" <francois.magnant@wjdeutsch.com>; "Danica Ratkovich" <Danica@renwood.com>; "Danny Mantle" <dm@renwood.com> |
| **Sent:** | Friday, July 20, 2007 3:34 AM |
| **Subject:** | Re: BevMo opportunity with Renwood |

Robert,
Thanks for your response. Here are my thoughts on the issues below.

Point #1. We need to make something on these cases obviously. I propose 10% commission.

Point #2. OK

Point #3. OK

Point #4. Please clarify. If Bev Month repeats purchase of these items, after Nickel sale, I assume you will provide same price?

Point #5. WJD will be unable to continue to support this price after the sale. Keep in mind, we receive no marketing or sample support and we are operating with a reduced commission on these wines.

Finally, other suppliers we deal with on special programs give us shipment/ depletion credit towards our contractual commitment as there are reasonable efforts expended by my sales team to develop and execute these programs. Please consider this point. Thanks Robert.

Best regards,

RD
RD
Sent from my Verizon Wireless BlackBerry

-----Original Message-----
From: "RIS" <ris@renwood.com>

Date: Thu, 19 Jul 2007 14:18:59
To:"Roy Danis" <royd@wjdeutsch.com>
Cc:"Francois Magnant" <francois.magnant@wjdeutsch.com>,"Danica Ratkovich" <Danica@renwood.com>,"Danny Mantle" <dm@renwood.com>
Subject: Re: BevMo opportunity with Renwood

Roy,

We are excited to lock in Bev Mo to this program. It was a great joint effort from Renwood and Deutsch.

Let me correct the following points regarding the 3 special sku's for Bev Mo, OFV Zin,Shenandoah Valley:Old Vine, Lodi and Petite Sirah, Lodi. All wines are packaged in 750mls, 12 packs, 56 to a

pallet.

1. The commission needs to be reduced, as this is a special program with reduced margins for all concerned. What do you recommend?

2. no sample allowance.

3. no marketing support provided to W. J. Deutsch except the spa for the nickel sale.

4. Renwood will provide an spa one month prior to the nickel sale and the month of the nickel sale. So in total four months*. We are committing this vintage which should run a year, (or two nickel sales,October 2007 and April 2008) .We will evaluate each product and consider making this an ongoing program for Bev Mo.

5. These wines are exclusively for Bev Mo. You can choose to support these wines for other Bev Mo sales throughout the year from your budget.

6. You and SWS may not sell these wines to any other account with out my permission.

Thank you for your assistance on this matter.

Robert l. Smerling
Vintner & Founder
Renwood Winery
916 381-9460 Private
916 3819457 Fax
916 798 3855 Cell
www.renwood.com <http://www.renwood.com>
----- Original Message -----
From: Roy Danis <mailto:royd@wjdeutsch.com>
To: RIS <mailto:ris@renwood.com>
Cc: Francois Magnant <mailto:francois.magnant@wjdeutsch.com>  ; Danica Ratkovich
<mailto:Danica@renwood.com>  ; Danny Mantle <mailto:dm@renwood.com>
Sent: Thursday, July 19, 2007 12:07 PM
Subject: FW: BevMo opportunity with Renwood


Robert,
Just want to confirm the following on this Bev Mo deal;


* WJD still receives their commission on these wines (15%)
* Sample allowance is still offered (1.6%)
* WJD receives no marketing support for these cases


Can you please confirm the above ASAP? Thanks very much.


Roy Danis

3/6/2008

Executive Vice President
Sales & Marketing
W.J. Deutsch & Sons, Ltd.
Purveyors of Fine Wines Since 1981
Tel: 914-251-9463
Fax: 914-251-0283


----------------

From: Roy Danis
Sent: Thursday, July 19, 2007 9:27 AM
To: 'RIS'; Francois Magnant
Cc: Al Della Corna; Danny Mantle; Danica Ratkovich
Subject: RE: BevMo opportunity with Renwood

Done.

By cc to Al, please confirm when orders will be placed.


Roy Danis
Executive Vice President
Sales & Marketing
W.J. Deutsch & Sons, Ltd.
Purveyors of Fine Wines Since 1981
Tel: 914-251-9463
Fax: 914-251-0283



----------------

From: RIS [mailto:ris@renwood.com]
Sent: Wednesday, July 18, 2007 11:41 AM
To: Roy Danis; Francois Magnant
Cc: Al Della Corna; Danny Mantle; Danica Ratkovich
Subject: Re: BevMo opportunity with Renwood


Roy,

Is this a done deal?

Robert

----- Original Message -----

From: Roy Danis <mailto:royd@wjdeutsch.com>

To: RIS <mailto:ris@renwood.com>  ; Francois Magnant <mailto:francois.magnant@wjdeutsch.com>

Cc: Al Della Corna <mailto:Al.DellaCorna@wjdeutsch.com>  ; Danny Mantle
<mailto:dm@renwood.com>  ; Danica
   Ratkovich <mailto:Danica@renwood.com>

Sent: Wednesday, July 18, 2007 5:33 AM

Subject: RE: BevMo opportunity with Renwood

Robert,
We just needed to confirm who was funding the deal. We too value our relationship with Bev Mo.
Thanks for your support.


Roy Danis
Executive Vice President
Sales & Marketing
W.J. Deutsch & Sons, Ltd.
Purveyors of Fine Wines Since 1981
Tel: 914-251-9463
Fax: 914-251-0283



----------------

From: RIS [mailto:ris@renwood.com]
Sent: Wednesday, July 18, 2007 1:12 AM
To: Francois Magnant
Cc: Roy Danis; Al Della Corna; Danny Mantle; Danica Ratkovich
Subject: Re: BevMo opportunity with Renwood


Francois,


If it is urgent to speak to me, in the future I strongly recommend that you call, as I sometime do not have
the opportunity to check my email on a regular bases.


Once again, Renwood has worked hard to keep our relationship with Bev Mo from fading. We have
recieved help from the Deutsch team in California in supporting our long term relationship with BevMo.
To this point, Bev Mo requested exclusive products, possibly because of your positioning Old Vine in
Costco. We have made an offer to Bev Mo and recieved confirmation of their acceptance of this deal.

You are correct this is outside our deal .We are in the process of procuring glass and labels for this order. If the powers that be in New York decide not to make this offer please notify us this week. The SPA is supported by Renwood for the nickel sale only.Southern will have two buy in periods lasting 30 days prior to each nickel sale and during each nickel sale. These sku's are for Bev Mo. No sample allowance is offered and payment for these items is 30 days net and not part of your cure or guarantee.


Any questions please get back to me as this was a done deal until we recieved your email.


Regards,


Robert I. Smerling
Vintner & Founder
Renwood Winery
916 381-9460 Private
916 3819457 Fax
916 798 3855 Cell
www.renwood.com <http://www.renwood.com>


----- Original Message -----

From: Francois Magnant <mailto:francois.magnant@wjdeutsch.com>

To: RIS <mailto:ris@renwood.com>

Cc: Roy Danis <mailto:royd@wjdeutsch.com> ; Al Della Corna
<mailto:Al.DellaCorna@wjdeutsch.com> ; Danny Mantle <mailto:dm@renwood.com>

Sent: Tuesday, July 17, 2007 12:05 PM

Subject: BevMo opportunity with Renwood


Robert,
An opportunity with BevMo was brought to my attention this afternoon to offer 3 SKUs exclusively to BevMo: Renwood Lodi Zin, Shenandoah Zin and Lodi Petite Sirah, that would be supported with heavy SPAs. I need to be clear on the economics. Are you supporting these SPAs? These 3 SKUs are not part of our regular portfolio and have not been budgeted for on our end.
The deadline to submit to BevMo is today. Your prompt reply would be greatly appreciated.
Thank you.

François

François Magnant
Brand Manager, Artesa, Renwood and Septima wines
W. J. Deutsch & Sons, ltd.
Office: 914-251-3292

**From:** Robert I. Smerling [mailto:ris@renwood.com]
**Sent:** Thursday, October 04, 2007 2:06 PM
**To:** Francois Magnant
**Cc:** Danica Ratkovich
**Subject:** Re: Renwood BevMo transaction

Francois,
These 3 sku's for Bev Mo are outside the service agreement. They do not apply to any goal. The decision to reject these and other new items was Jim Mello's. The 10%commission is due 30 days after receipt. Please confirm the details with Roy Danis.

Thank you,

 Robert I.Smerling
Chairman & CEO
Renwood Group Inc.
916 381-9460 private
916 381-9457 fax
916 798 3855 cell
www.renwood.com

----- Original Message -----
**From:** Francois Magnant
**To:** RIS
**Cc:** Danica@renwood.com ; Evis Savvides ; Jim Mello
**Sent:** Thursday, October 04, 2007 11:08 AM
**Subject:** Renwood BevMo transaction

Hi Robert,
I am following up on the BevMo transaction and the 3 exclusive SKUs:

- 3945 cases of these 3 wines have already shipped to SWS + 1064 cases are on open-order that do not show up in our system. How do you want to handle the billing (10% commission) since they do not show up in our system?
- Can you confirm the open orders that we have with you placed on 8/24 and 9/19 for 3,116 cases? Our customer service still has not received confirmation from you.
- To which Tier do you want to apply these SKUs against the contract goal? Given the pricing and origin of the wines, I suggest that we apply the 2 Lodi wines (Petite Sirah & Zin) against the Red Label Tier and the Shenandoah Valley Zin against the Amador County Tier. Same for Depletions reporting. Please confirm.

Thank you for your help.
François

François Magnant
Brand Manager, Artesa, Renwood and Septima wines
W. J. Deutsch & Sons, ltd.

6/5/2008

**From:** Robert I. Smerling [mailto:ris@renwood.com]
**Sent:** Thursday, December 20, 2007 3:02 PM
**To:** 'Francois Magnant'
**Cc:** 'Danica Ratkovich'; 'Stephen Lewin'; 'Danny Mantle'
**Subject:** RE: Renwood - Spring Nickel Sale @BevMo

Francois,
This is not how we operate with Bevmo. I would be happy to discuss it with you and Steve Lewin at our January meeting

Robert I. Smerling
Chairman & Founder
Renwood Winery Inc
8795 Folsom Blvd.
Sacramento, CA. 95826
PVT: 916 381-9460
Cell: 916 798-3855
ris@renwood.com
www.renwood.com

**From:** Francois Magnant [mailto:francois.magnant@wjdeutsch.com]
**Sent:** Wednesday, December 19, 2007 2:32 PM
**To:** ris@renwood.com
**Cc:** Danica Ratkovich; Stephen Lewin; Danny Mantle
**Subject:** FW: Renwood - Spring Nickel Sale @BevMo
**Importance:** High

Hi Robert,
BevMo wants to run 2 of the 3 Private Label SKUs for their next March Nickel Sale (Lodi Zin and Lodi Petite Sirah). SWS has enough inventory left from Sept to cover next March. BevMo also wants to add a white (Red Label Pinot Grigio), and are looking for a $5bottle cost which translates into a DA of $26.50 per case. Are you willing to fund?
- For the 2 private label SKUs, same conditions as this past Sept: 10% commission to WJD on net FOB, no sample allowance, no marketing allowance, but we need credit against the contract goals for either the Red Label Tier or the Amador County Tier.
- For the Pinot Grigio, if you want to proceed, we would set-up as a DA (bill-back to Renwood). For this transaction only, WJD would get its contractual 15% commission on front-line FOB ($72), no sample allowance, no marketing allowance (your net cost to fund this would therefore be $21.50/cs since you are saving the marketing allowance of $5/case).

6/5/2008

Please advise how you would like to proceed.
Thank you
François

François Magnant
Brand Manager, Artesa, Renwood and Septima wines
W. J. Deutsch & Sons, ltd.
Office: 914-251-3292



**From:** Susan Hwang
**Sent:** Friday, December 14, 2007 6:59 PM
**To:** Francois Magnant
**Cc:** Patrick McNamara; Al Della Corna; Michael Adair
**Subject:** Renwood - Spring Nickel Sale @BevMo

Francois,

BevMo will be doing another nickel sale in spring 2008 (Mar/Apr).  They will be featuring Renwood private label Syrah Lodi & Zinfandel Lodi (SWS has enough inventory) but would like to feature a white wine (PG/Viog?). BevMo would need a $5 bottle cost and would purchase 600cs for the state.

Due to timing demands from BevMo, we need to provide them with answers ASAP.

Please let me know what we can offer BevMo:
- Sku
- Bottle cost
- Quantities available

**Susan Hwang**
Regional Manager
No. California & Hawaii
W.J. Deutsch & Sons, Ltd.
Tel/Fax: (415) 668-6571
Mobile: (415) 269-7233
*Email: susan.hwang@wjdeutsch.com*
http://www.wjdeutsch.com



# EXHIBIT F



W.J. Deutsch & Sons, Ltd.
*fine wine merchants*

108 CORPORATE PARK DRIVE / WHITE PLAINS, NY 10604 / PHONE 914.251.9463 / FAX 914.251.0283 / www.wjdeutsch.com

April 25, 2008

Mr. Robert Smerling
Renwood Winery
10461 Old Placerville Road, Suite 150,
Sacramento, CA 95827

Dear Robert,

Attached please find our First Quarter Marketing Bill Back for Calendar Year 2008 together with a copy of the Depletion Report as back up.

In addition, please note that as of April 25, 2008, our 4th Quarter 07 Marketing Bill back is still showing a balance of $33,064.52, copy of our remittance advice is attached for your immediate reference. We request that said amount is paid immediately as it is significantly past due.

Best regards,

Dulce Bitanga
Controller

Cc: ESA, SC, DR, FM



N N I V E R S A R Y
1981 - 2006

| INVOICE | Page: 1 |
|---|---|

**W.J. Deutsch & Sons, Ltd.**
108 Corporate Park Drive, Suite 305
White Plains, NY 10604
Phone: 914.251.WINE Fax: 914.251.0283
E-mail: info@wjdeutsch.com
Federal Basic Permit Number: NY-I-1305

**Invoice Number:** 204850
**Invoice Date:** 04/25/08
**Due Date:** 05/25/08
**Deutsch REF#:** DB-8659

**Customer PO #:** 1ST QTR08
**Ship Date:**
**Shipping Terms:**

SELL TO:

**Customer No.** 0090140
RENWOOD WINERY INC.
10461 OLD PLACERVILLE ROAD
SUITE 150
SACRAMENTO, CA 95827

SHIP TO:

RENWOOD WINERY INC.
10461 OLD PLACERVILLE ROAD
SUITE 150
SACRAMENTO, CA 95827

| Item/Description | Unit | Quantity | Unit Price | Total Price |
|---|---|---|---|---|
| MARKETING SUPPORT - 1ST QUARTER 2008 | | 1 | 224,216.24 | 224,216.24 |
| AS PER ATTACHED | | | | |

| Type | Cases | Gallons | Liters | **Total QTY:** | |
|---|---|---|---|---|---|
| | | | | Subtotal: U.S. $ | 224,216.24 |
| | | | | Invoice Discount: | 0.00 |
| | | | | Excise Tax: | 0.00 |
| | | | | Total: U.S. $ | 224,216.24 |

**W. J. Deutsch & Sons, Ltd.**
**Marketing Support - Renwood**
**For the 1st Quarter 2008**

| Sub Brand | Item | 2008-Jan | 2008-Feb | 2008-Mar | Total | Marketing Support per case | Total Marketing Support |
|---|---|---|---|---|---|---|---|
| | | Depletion (Cases) | | | | | |
| Amador County Wines | RENWOOD BARBERA AMADOR COUNTY (140277550000) | 1.00 | - | - | 1.00 | | - |
| Amador County Wines | RENWOOD BARBERA AMADOR COUNTY 2002 12/375 (140277020300) | 0.08 | 2.00 | 5.33 | 7.41 | | - |
| Amador County Wines | RENWOOD BARBERA AMADOR COUNTY 2002 12/750 (140277020000) | 16.08 | 17.25 | 12.66 | 45.99 | | - |
| Amador County Wines | RENWOOD BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 3.80 | 21.01 | 32.16 | 56.97 | | - |
| Amador County Wines | RENWOOD BARBERA AMADOR COUNTY 2005 6/750 (140277050100) | 15.00 | 13.83 | 27.00 | 55.83 | | - |
| Sierra and Select Series Wines | RENWOOD BARBERA SIERRA SERIES (140278550000) | 3.60 | 5.33 | 24.91 | 33.84 | 5.00 | 169.20 |
| Sierra and Select Series Wines | RENWOOD BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040000) | 20.67 | 13.92 | 75.41 | 110.00 | 5.00 | 550.00 |
| Sierra and Select Series Wines | RENWOOD BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 260.46 | 315.49 | 479.16 | 1,055.11 | 5.00 | 5,275.55 |
| Sierra and Select Series Wines | RENWOOD DRY ROSE RED LABEL 2005 12/750 (146744050000) | 26.25 | 58.26 | 67.00 | 151.51 | 5.00 | 757.55 |
| Dessert Wines | RENWOOD ORANGE MUSCAT AMADOR COUNTY (146550550000) | 0.17 | 1.00 | 1.25 | 2.42 | | - |
| Dessert Wines | RENWOOD ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146560050300) | 11.55 | 11.16 | 2.25 | 24.96 | | - |
| Dessert Wines | RENWOOD ORANGE MUSCAT AMADOR COUNTY 2006 12/375 (146560060300) | 18.64 | 26.15 | 47.71 | 92.50 | | - |
| Sierra and Select Series Wines | RENWOOD PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 89.73 | 130.92 | 574.74 | 795.39 | 5.00 | 3,976.95 |
| Sierra and Select Series Wines | RENWOOD PINOT GRIGIO RED LABEL 2006 12/750 (146824060000) | 29.34 | 28.74 | 112.32 | 170.40 | 5.00 | 852.00 |
| Sierra and Select Series Wines | RENWOOD PINOT GRIGIO SIERRA SERIES (146824550000) | 0.91 | 2.08 | 0.25 | 3.24 | 5.00 | 16.20 |
| Sierra and Select Series Wines | RENWOOD PINOT GRIGIO SIERRA SERIES 2004 12/750 (146824040000) | (0.84) | 4.26 | (1.25) | 2.17 | 5.00 | 10.85 |
| Sierra and Select Series Wines | RENWOOD PINOT GRIGIO SIERRA SERIES 2004 12/750 (146824040066) | 43.00 | | | 43.00 | 5.00 | 215.00 |
| Dessert Wines | RENWOOD PORT SIERRA FOOTHILLS 12/375 (147052550300) | 1.25 | 0.26 | 5.67 | 7.18 | | - |
| Dessert Wines | RENWOOD PORT SIERRA FOOTHILLS 12/750 (147052550000) | 3.84 | 1.81 | 3.75 | 9.40 | | - |
| Dessert Wines | RENWOOD PORT SIERRA FOOTHILLS 12/750 (147052550066) | | | 0.58 | 0.58 | | - |
| Dessert Wines | RENWOOD PORT SIERRA FOOTHILLS 2003 12/375 (147052030300) | 5.00 | 3.75 | 4.15 | 12.90 | | - |
| Dessert Wines | RENWOOD PORT SIERRA FOOTHILLS 2004 12/750 (147052040000) | | | - | - | | - |
| Amador County Wines | RENWOOD SANGIOVESE 1999 12/750 (147975990000) | - | 0.50 | 4.91 | 5.41 | | |
| Amador County Wines | RENWOOD SYRAH AMADOR COUNTY (146742550000) | - | - | - | - | | |
| Amador County Wines | RENWOOD SYRAH AMADOR COUNTY 2002 6/750 (146742020100) | 1.00 | 12.33 | 5.01 | 18.34 | | - |
| Amador County Wines | RENWOOD SYRAH AMADOR COUNTY 2004 6/750 (146742040100) | - | 2.00 | 4.51 | 6.51 | | - |
| Sierra and Select Series Wines | RENWOOD SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 79.41 | 56.93 | 96.50 | 232.84 | 11.00 | 2,561.24 |
| Sierra and Select Series Wines | RENWOOD SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000) | 262.22 | 332.71 | 1,188.73 | 1,783.66 | 11.00 | 19,620.26 |
| Sierra and Select Series Wines | RENWOOD SYRAH ROSE SIERRA SERIES (146744550000) | - | - | - | - | 5.00 | |
| Sierra and Select Series Wines | RENWOOD SYRAH ROSE SIERRA SERIES 2004 12/750 (146744040000) | 2.49 | 7.51 | 18.49 | 28.49 | 5.00 | 142.45 |
| Sierra and Select Series Wines | RENWOOD SYRAH SIERRA SERIES (146743550000) | 3.66 | 12.25 | 2.67 | 18.58 | 11.00 | 204.38 |
| Sierra and Select Series Wines | RENWOOD SYRAH SIERRA SERIES 2002 12/750 (146743020066) | - | - | - | - | 11.00 | |
| Amador County Wines | RENWOOD VIOGNIER ESTATE VINEYA RD (149173550000) | 6.58 | 3.33 | 52.00 | 61.91 | | - |
| Amador County Wines | RENWOOD VIOGNIER ESTATE VINEYA RD 2002 12/750 (149173020000) | 12.56 | 24.25 | 24.00 | 60.81 | | - |
| Sierra and Select Series Wines | RENWOOD VIOGNIER SIERRA SERIES (149174550000) | 3.25 | 2.59 | 2.75 | 8.59 | 5.00 | 42.95 |
| Sierra and Select Series Wines | RENWOOD VIOGNIER SIERRA SERIES 2004 12/750 (149174040000) | 1.58 | 4.76 | 1.32 | 7.66 | 5.00 | 38.30 |
| Sierra and Select Series Wines | RENWOOD VIOGNIER SIERRA SERIES 2004 12/750 (149174040066) | 3.08 | | | 3.08 | 5.00 | 15.40 |
| Sierra and Select Series Wines | RENWOOD VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 212.55 | 206.32 | 320.95 | 739.82 | 5.00 | 3,699.10 |
| Sierra and Select Series Wines | RENWOOD VIOGNIER SIERRA SERIES 2006 12/750 (149174060000) | (5.00) | 9.17 | 369.51 | 373.68 | 5.00 | 1,868.40 |
| Dessert Wines | RENWOOD ZINFANDEL AMADOR ICE 2005 12/375 (149233050300) | 4.97 | 5.49 | 5.08 | 15.54 | | - |
| Dessert Wines | RENWOOD ZINFANDEL AMADOR ICE 2005 12/375 (149233050366) | - | - | - | - | | - |
| Dessert Wines | RENWOOD ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | 44.17 | 30.05 | 26.40 | 100.62 | | - |
| Dessert Wines | RENWOOD ZINFANDEL AMADOR ICE SHENANDOAH VALLEY (149233550000) | 0.17 | 2.25 | 1.08 | 3.50 | | - |
| Amador County Wines | RENWOOD ZINFANDEL D'AGOSTINI 2000 12/750 (149337000000) | | 2.66 | | 2.66 | | - |
| Amador County Wines | RENWOOD ZINFANDEL FIDDLETOWN (149323550000) | 0.17 | - | 0.17 | 0.34 | 20.00 | 6.80 |
| Amador County Wines | RENWOOD ZINFANDEL FIDDLETOWN 12/375 (149323550300) | - | - | - | - | 10.00 | - |

W. J. Deutsch & Sons, Ltd.
Marketing Support - Renwood
For the 1st Quarter 2008

| Sub Brand | Item | Depletion (Cases) | | | | Marketing Support per case | Total Marketing Support |
|---|---|---|---|---|---|---|---|
| | | 2008-Jan | 2008-Feb | 2008-Mar | Total | | |
| Amador County Wines | RENWOOD ZINFANDEL FIDDLETOWN 2002 12/375 (149323020300) | 0.42 | 3.59 | 0.83 | 4.84 | 10.00 | 48.40 |
| Amador County Wines | RENWOOD ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 0.59 | 8.97 | 7.50 | 17.06 | 20.00 | 341.20 |
| Amador County Wines | RENWOOD ZINFANDEL FIDDLETOWN 2003 12/750 (149323030000) | - | 0.16 | - | 0.16 | 20.00 | 3.20 |
| Amador County Wines | RENWOOD ZINFANDEL FIDDLETOWN 2004 12/750 (149323040000) | 1.74 | 6.65 | 42.91 | 51.30 | 20.00 | 1,026.00 |
| Amador County Wines | RENWOOD ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | 29.50 | 47.26 | 59.73 | 136.49 | 20.00 | 2,729.80 |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDMERE AM ADOR COUNTY 2004 6/750-soldout (149335040100) | 13.66 | 20.51 | 19.18 | 53.35 | | - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDMERE AM ADOR COUNTY 2005 6/750 (149335050100) | 12.67 | 18.17 | 28.32 | 59.16 | | - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDMERE AMADOR COUNTY (149335550000) | - | - | - | - | | - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 14.51 | 13.67 | 9.16 | 37.34 | | - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDMERE AMADOR COUNTY 6/750 (149335550100) | 0.67 | - | - | 0.67 | | - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANPERE AMADOR COUNTY (149322550000) | - | - | 1.17 | 1.17 | | - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 1/5L (149322550700) | - | - | - | - | | - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 2.49 | 39.48 | 24.34 | 66.31 | | - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030166) | - | - | 2.00 | 2.00 | | - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 80.97 | 77.00 | 88.83 | 246.80 | | - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 6/750 (149322550100) | 1.50 | - | 8.49 | 9.99 | | - |
| Amador County Wines | RENWOOD ZINFANDEL JACK RABBIT FLAT (149324550000) | - | - | - | - | | - |
| Amador County Wines | RENWOOD ZINFANDEL JACK RABBIT FLAT 2002 6/750 (149324020100) | 9.83 | 7.99 | 1.17 | 18.99 | | - |
| Amador County Wines | RENWOOD ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 24.32 | 45.31 | 21.66 | 91.29 | | - |
| Amador County Wines | RENWOOD ZINFANDEL JACK RABBIT FLAT 2004 6/750 (149324040100) | 3.50 | 9.17 | 16.83 | 29.50 | | - |
| Amador County Wines | RENWOOD ZINFANDEL JACK RABBIT FLAT 2005 6/750 (149324050100) | | | 3.33 | 3.33 | | - |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY (149232550000) | 0.92 | 1.83 | 4.50 | 7.25 | 20.00 | 145.00 |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 1/3L (149232550400) | 1.00 | - | - | 1.00 | | - |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 1/5L (149232550700) | - | - | | - | | - |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 12/375 (149232550300) | - | 0.33 | 1.50 | 1.83 | 10.00 | 18.30 |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2002 1/3L (149232020400) | - | 2.00 | 4.00 | 6.00 | | - |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2002 12/375 (149232020300) | 0.92 | 3.16 | 11.00 | 15.08 | 10.00 | 150.80 |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2002 12/750 (149232020000) | 11.92 | 16.25 | 15.25 | 43.42 | 20.00 | 868.40 |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2003 1/3L (149232030400) | - | 3.00 | - | 3.00 | | - |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2003 12/375 (149232030300) | 6.57 | 9.83 | 51.41 | 67.81 | 10.00 | 678.10 |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2003 12/750 (149232030000) | 110.65 | 60.91 | 51.42 | 222.98 | 20.00 | 4,459.60 |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 1/3L - PROMO (149232040401) | - | 15.00 | 3.00 | 18.00 | | - |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 1/3L (149232040400) | 11.00 | 12.00 | 19.00 | 42.00 | | - |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/375 (149232040300) | 65.82 | 41.02 | 62.17 | 169.01 | 10.00 | 1,690.10 |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 1,099.26 | 1,283.42 | 1,804.66 | 4,187.34 | 20.00 | 83,746.80 |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2005 12/375 (149232050300) | - | - | 5.33 | 5.33 | 10.00 | 53.30 |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2005 12/750 (149232050000) | 93.92 | 18.26 | 413.34 | 525.51 | 20.00 | 10,510.20 |
| Sierra and Select Series Wines | RENWOOD ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 1,188.41 | 1,150.46 | 2,442.50 | 4,779.37 | 11.00 | 52,573.07 |
| Sierra and Select Series Wines | RENWOOD ZINFANDEL RED LABEL 2005 12/750 (149234050000) | 301.31 | 196.66 | 1,041.32 | 1,539.29 | 11.00 | 16,932.19 |
| Sierra and Select Series Wines | RENWOOD ZINFANDEL SIERRA SERIE S (149234550000) | 114.65 | 100.07 | 168.24 | 382.96 | 11.00 | 4,212.56 |
| Sierra and Select Series Wines | RENWOOD ZINFANDEL SIERRA SERIE S FOOTHILLS 2003 12/750 (149234030000) | 82.42 | 121.91 | 159.91 | 364.24 | 11.00 | 4,006.64 |
| | TOTAL | 4,465.83 | 4,706.35 | 10,193.13 | 19,365.01 | | $ 224,216.24 |

# EXHIBIT G

# W. J. Deutsch & Sons, Ltd.
### 110 Corporate Park Drive, White Plains, NY 10604
### Phone (914) 251-WINE   Fax (914) 251-0283

**TO: RENWOOD WINERY**

**FROM:** Joanne Alfonso
email: joanne.alfonso@wideutsch.com

**Date:** April 25, 2008

**RE: REMITTANCE ADVICE**

USD

**Invoice/CM number:**

| | |
|---|---:|
| Balance carried forward from 4/18/08 | (37,001.92) |
| 46007CM | (10,584.00) |
| 46030 | 856.80 |
| 46031 | 428.40 |
| 46032 | 1,060.80 |
| 46029 | 428.40 |
| 46038 | 374.00 |
| 46036 | 428.40 |
| 46035 | 428.40 |
| 46033 | 1,713.60 |
| 46037 | 856.80 |
| 46034 | 605.20 |
| 46043 | 163.20 |
| 46042 | 856.80 |
| 46044 | 1,713.60 |
| 46040 | 367.20 |
| 46039 | 61.20 |
| 46041 | 1,040.40 |
| 46046 | 428.40 |
| 46045 | 428.40 |
| 46047 | 1,071.00 |
| 46048 | 523.60 |
| 46051 | 686.80 |

**Net Credit Due WJD**          (33,064.52)

---

**REMINDER**
Please fax us a copy of any invoice which you believe had already
matured and should have been included in the above schedule.

```
                    Francois Fraud e-mail string.txt
From:   Robert Smerling [ris@renwood.com]
Sent:   Monday, May 05, 2008 9:33 AM
To:     whitney davis
Subject:        FW: BevMo
Attachments:    BevMo depletions by type March08.xls


-----Original Message-----
From: Francois Magnant [mailto:francois.magnant@wjdeutsch.com]
Sent: Thursday, May 01, 2008 1:50 PM
To: Robert Smerling
Subject: RE: BevMo

Robert,
Find attached Diver information to which you have access.
Best,
François

François Magnant
Brand Manager, Renwood, [YellowTail] Reserve & Sparkling W. J. Deutsch & Sons,
ltd.
Office: 914-251-3292


-----Original Message-----
From: Robert Smerling [mailto:ris@renwood.com]
Sent: Thursday, May 01, 2008 1:02 PM
To: Francois Magnant
Subject: RE: BevMo

Francois,
 please send me the specifics of what items were purchased from southern by
BevMo in March.

Thank you,

Robert I. Smerling
Vintner & Founder
Renwood Winery
10461 Old Placerville Rd.
Suite 150
Sacramento, Ca. 95827
Tel: 916 381-9460
Fax: 916 381-9457
www.renwood.com


-----Original Message-----
From: Francois Magnant [mailto:francois.magnant@wjdeutsch.com]
Sent: Thursday, May 01, 2008 9:36 AM
To: ris@renwood.com
Subject: RE: BevMo

Robert,
knowing that Renwood is a high priority brand in the WJD portfolio and that
WJD's Fiscal Year ends in March, SWS CA made an all-out effort to maximize
sales for the month of March. BevMo has historically been a supporter of
Renwood and SWS executed on maximizing sales at BevMo on Red Label tier and
Old Vine Zin.
Best,
François
                              Page 1
```

Francois Fraud e-mail string.txt

François Magnant
Brand Manager, Renwood, [YellowTail] Reserve & Sparkling W. J. Deutsch & Sons, ltd.
Office: 914-251-3292


-----Original Message-----
From: Robert I. Smerling [mailto:ris@renwood.com]
Sent: Wednesday, April 30, 2008 5:09 PM
To: Francois Magnant
Subject: BevMo

François,

Can you please explain the unprecedented  increase in depletions for red label zin and syrah in the month March 2008 for Bev Mo. Also have any orders for private label, non contracted items being sold to Southern directly by Renwood been diverted to Deutsch?

I must have answer by Friday morning.


Robert I. Smerling
Chairman & Founder
Renwood Winery Inc
10461 Old Placerville Rd
Suite #150
Sacramento, CA. 95827
PVT: 916 381-9460
Fax: 916 381 9458
Cell:  916 798-3855
ris@renwood.com
www.renwood.com

PSave a tree.Before printing this email, assess if it is really needed

*DIVER FROM FRANCOIS*

## Renwood BevMo Depletions March 2008

| Distributor Group | Dist.State | Wine Type Flavor | Cases |
|---|---|---|---|
| Totals | Totals | Totals | 2036 |
| Southern Wine & Spirits Group | AZ | RENWOOD BARBERA SIERRA SERIES | 19 |
| Southern Wine & Spirits Group | AZ | RENWOOD SYRAH SIERRA SERIES | 18 |
| Southern Wine & Spirits Group | AZ | RENWOOD VIOGNIER SIERRA SERIES | 41 |
| Southern Wine & Spirits Group | AZ | RENWOOD ZINFANDEL FIDDLETOWN | 33 |
| Southern Wine & Spirits Group | AZ | RENWOOD ZINFANDEL GRANDPERE | 1 |
| Southern Wine & Spirits Group | AZ | RENWOOD ZINFANDEL JACK RABBIT FLAT | 1 |
| Southern Wine & Spirits Group | AZ | RENWOOD ZINFANDEL OLD VINE | 61 |
| Southern Wine & Spirits Group | AZ | RENWOOD ZINFANDEL SIERRA SERIES | 19 |
| Southern Wine & Spirits Group | CA | RENWOOD BARBERA SIERRA SERIES | 23 |
| Southern Wine & Spirits Group | CA | RENWOOD ORANGE MUSCAT AMADOR CTY | 3 |
| Southern Wine & Spirits Group | CA | RENWOOD PORT SIERRA FOOTHILLS | 1 |
| Southern Wine & Spirits Group | CA | RENWOOD SYRAH SIERRA SERIES | 689 |
| Southern Wine & Spirits Group | CA | RENWOOD VIOGNIER SIERRA SERIES | 13 |
| Southern Wine & Spirits Group | CA | RENWOOD ZINFANDEL AMADOR ICE | 5 |
| Southern Wine & Spirits Group | CA | RENWOOD ZINFANDEL FIDDLETOWN | 1 |
| Southern Wine & Spirits Group | CA | RENWOOD ZINFANDEL GRANDMERE | 3 |
| Southern Wine & Spirits Group | CA | RENWOOD ZINFANDEL GRANDPERE | 16 |
| Southern Wine & Spirits Group | CA | RENWOOD ZINFANDEL OLD VINE | 334 |
| Southern Wine & Spirits Group | CA | RENWOOD ZINFANDEL SIERRA SERIES | 754 |

BevMo Orderm - Evis.txt

-----Original Message-----
From: Evis Savvides [mailto:savvides@wjdeutsch.com]
Sent: Thursday, May 01, 2008 9:17 AM
To: ris@renwood.com; r.smerling@mycingular.blackberry.net
Cc: Peter Deutsch; William Deutsch; Jim Mello; Scott Cooper
Subject: BevMo

Robert:

We are in receipt of your memo to Francois (copy below).

As you are possibly aware by now, SWS incorrectly sent to us the Private
Label order for BevMo, an order that was cancelled shortly after they sent
it to us.

We shall treat this order for Private Label as we did in the past and shall
invoice Renwood a 10% commission on the gross proceeds realized from the
sales of goods through SWS.

Thank you.

_____

Evis Savvides
Chief Operating Officer
W.J. Deutsch & Sons, Ltd.
108 Corporate Park Drive * White Plains * NY 10604
Tel   914.251.3242
Fax   914.251.0283

-----Original Message-----
From: Robert I. Smerling [mailto:ris@renwood.com]
Sent: Wednesday, April 30, 2008 5:09 PM
To: Francois Magnant
Subject: BevMo

François,

Can you please explain the unprecedented  increase in depletions for red
label zin and syrah in the month March 2008 for Bev Mo. Also have any orders
for private label, non contracted items being sold to Southern directly by
Renwood been diverted to Deutsch?

I must have answer by Friday morning.


Robert I. Smerling
Chairman & Founder
Renwood Winery Inc
10461 Old Placerville Rd
Suite #150
Sacramento, CA. 95827
PVT: 916 381-9460
Fax: 916 381 9458
Cell:  916 798-3855
ris@renwood.com
www.renwood.com

PSave a tree.Before printing this email, assess if it is really needed

Page 1

BevMo Orderm - Evis.txt

Sent via BlackBerry by AT&T

```
                          BevMo order -.txt
From:   Robert I. Smerling [ris@renwood.com]
Sent:   Friday, May 02, 2008 4:54 PM
To:     'Evis Savvides'
Cc:     'Peter Deutsch'; 'William Deutsch'; 'Jim Mello'; 'Scott Cooper'; 'Stephen
Lewin'; 'Francois Magnant'; al.dellacorna@wjdeutsch.com;
susan.hwang@wjdeutsch.com; ryanr@wjdeutsch.com; danny mantle;
'Danica Ratkovich'
Subject:        RE: BevMo
```

Peter and Bill,

Renwood is not satisfied with Evis's explanation, and lack of contrition.
Renwood is likewise not satisfied by an explanation provided by someone who
does not appear to be an officer of WJD.

TO the contrary, based upon the initial level of information Renwood could
find, Renwood has reason to believe that the following took place:

1.  The invoice for the Private Label order for BevMo that SWS sent to WJD,
was definitely improper, but was not a mistake.  Instead, this intentional act
of diversion resulted from months of pressure from WJD employees upon SWS
representatives to give the Private Label orders to WJD.  It does not matter
that the invoice was eventually amended and sent to Renwood.  The invoice was
only changed after WJD discovered that Renwood finally caught WJD engaging in
this conduct.

2. We do not believe that SWS knowingly participated in this WJD effort, but
instead, believe that SWS was deceived by WJD employees or officers.

3. The incorrect invoice was sent to WJD in proximity to a meeting held
between Peter Deutsch, Jim Mello and SWS California Management.

4. A comparison of orders, invoices and reports (inventory, sales and
depletions)from WJD, SWS and Renwood leads Renwood to believe that Diver data
was intentionally manipulated by WJD for its own monetary benefit, and to
stymie cash flow to Renwood.  This manipulation by WJD took place at the same
time that WJD requested that it be credited with Private Label depletions, and
when WJD was protesting the 10% reduced commission it received on the BevMo
sales.  Not surprisingly, this diversion and manipulation took place at the
same time WJD stopped acknowledging the Renwood cure demands.  WJD's
accounting department could not square the depletion data and the cure data.

5. WJD only enjoyed a 10% commission on Renwood's direct sales to BevMo during
the Sept. 07 and March 08 nickel sale per my agreement with Roy Dannis.  The
nickel sale was over when the 5/1/08 invoice was changed and sent to Renwood.
WJD remains ineligible for a commission on that BevMo order, which may explain
why WJD manipulated its Diver reporting and instructed SWS to capture Private
Label sales taking place after the nickel sale for improper commission and
marketing allowance purposes.

6. WJD improperly report Private Label depletions as WJD depletions under the
Services Agreement for purposes of meeting its 80% depletion covenant and its
cure covenant under the contract, even though WJD expressly excluded the
Private Label products from the Services Agreement long ago.

7.  If WJD believes that the acts of its employees will place WJD's license at
risk in California with the ABC, we must know this immediately so we can take
appropriate action.

I am sure that other corroborating factors will arise in the investigation
that will follow.  We request that all notes, correspondence, e-mails, phone
messages and reports be preserved pending an investigation by authorities.

BevMo order -.txt
In the mean time stop placing blame and pressure on SWS to embarrass us and
interfere with our non Deutsch business. Southern has been nothing but
forthright in this matter and you can learn from them on this subject.

If there is an innocent explanation for all of this, we suggest you bring it
to my attention in writing by a WJD officer by Monday, May 5, 2008 by close of
business.  Absent such an explanation, we will presume that our information is
correct and take appropriate action.


Robert I. Smerling
Chairman & Founder
Renwood Winery Inc
10461 Old Placerville Rd
Suite #150
Sacramento, CA. 95827
PVT: 916 381-9460
Fax: 916 381 9458
Cell:  916 798-3855
ris@renwood.com
www.renwood.com

?Save a tree.Before printing this email, assess if it is really needed


-----Original Message-----
From: Evis Savvides [mailto:savvides@wjdeutsch.com]
Sent: Thursday, May 01, 2008 9:17 AM
To: ris@renwood.com; r.smerling@mycingular.blackberry.net
Cc: Peter Deutsch; William Deutsch; Jim Mello; Scott Cooper
Subject: BevMo


Robert:

We are in receipt of your memo to Francois (copy below).

As you are possibly aware by now, SWS incorrectly sent to us the Private Label
order for BevMo, an order that was cancelled shortly after they sent it to us.

We shall treat this order for Private Label as we did in the past and shall
invoice Renwood a 10% commission on the gross proceeds realized from the sales
of goods through SWS.

Thank you.

_____
Evis Savvides
Chief Operating Officer
W.J. Deutsch & Sons, Ltd.
108 Corporate Park Drive * White Plains * NY 10604
Tel   914.251.3242
Fax   914.251.0283

-----Original Message-----
From: Robert I. Smerling [mailto:ris@renwood.com]
Sent: Wednesday, April 30, 2008 5:09 PM
To: Francois Magnant
Subject: BevMo

François,

Page 2

BevMo order -.txt
Can you please explain the unprecedented  increase in depletions for red
label zin and syrah in the month March 2008 for Bev Mo. Also have any orders
for private label, non contracted items being sold to Southern directly by
Renwood been diverted to Deutsch?

I must have answer by Friday morning.


Robert I. Smerling
Chairman & Founder
Renwood Winery Inc
10461 Old Placerville Rd
Suite #150
Sacramento, CA. 95827
PVT: 916 381-9460
Fax: 916 381 9458
Cell:  916 798-3855
ris@renwood.com
www.renwood.com

PSave a tree.Before printing this email, assess if it is really needed



Sent via BlackBerry by AT&T

# EXHIBIT H

**INVOICE NO. 45648**

RENWOOD WINERY INC.

*"dedicated to the art"*
10461 Old Placerville Road, Ste. 150
Sacramento, CA 95827
Tel (916) 381-9463 * Fax (916) 381-9458

SOLD TO:

Southern Wine & Spirits Bill
Shared Services Division
P.O. Box 279250
Miramar, FL 33027-9250
UNITED STATES

SHIPPED TO:

Southern Wine & Spirits of CA
33321 Dowe Ave
Union City, CA 94587
UNITED STATES

| INVOICE DATE | TERMS | DUE ON OR BEFORE | ORDER DATE | ORDER NO. | SALESPERSON | CUSTOMER P.O.# |
|---|---|---|---|---|---|---|
| 09/21/07 | Net 30 days | 10/21/07 | 09/17/07 | 17569 | WEST | 0231142FIX |

| PLEASE PAY FROM THIS INVOICE | | ROUTING | SHIPPING POINT | DATE SHIPPED |
|---|---|---|---|---|
| | | Rodgers Truc | 4836BW | 09/21/07 |

| PRODUCT | PRODUCT DESCRIPTION | SIZE | QUANTITY SHIPPED | WINE GALLONS | CASE PRICE | DISCOUNT | AMOUNT |
|---|---|---|---|---|---|---|---|
| 05RWLZ2A | 2005 Lodi Zinfandel 750 ml | 750 ml | 600 | 1,426.52 | 120.00 | 0.00 | 72,000.00 |
| SPA05RWLZ2A | SPA - 2005 Lodi Zinfandel | | 600 | | -56.00 | 0.00 | -33,600.00 |
| | Correction to Invoice 45641 | | | | | | |

| | | QUANTITY | WINE GALLONS | | | AMOUNT |
|---|---|---|---|---|---|---|
| Total Other | | 600 | | | | -33,600.00 |
| Total Wine | | 600 | 1,426.52 | | | 72,000.00 |
| | | | | | Grand Total | 38,400.00 |

TERMS: A service charge of 1.5% per month will be added as a time-price differential on amounts past due. Claims for shortage or damage should be made to the transportation company by the customer immediately upon receipt of goods. No allowance for breakage. Shipment at risk of consignee. Merchandise returned without permission will not be accepted. Orders from accounts past due are subject to being held. Wholesaler must be in compliance with state and federal agencies. Shipment of this order is subject to your license being in good standing.

INVOICE NO. 45649

RENWOOD WINERY INC.

*"dedicated to the art"*

10461 Old Placerville Road, Ste. 150
Sacramento, CA 95827
Tel (916) 381-9463 * Fax (916) 381-9458

| SOLD TO: | SHIPPED TO: |
|---|---|
| Southern Wine & Spirits Bill | Southern Wine & Spirits of CA |
| Shared Services Division | 13500 Foster Road |
| P.O. Box 279250 | Santa Fe Springs, CA 90670 |
| Miramar, FL 33027-9250 | UNITED STATES |
| UNITED STATES | |

| INVOICE DATE | TERMS | DUE ON OR BEFORE | ORDER DATE | ORDER NO. | SALESPERSON | CUSTOMER P.O # |
|---|---|---|---|---|---|---|
| 09/20/07 | Net 30 days | 10/20/07 | 09/17/07 | 17572 | WEST | 0231002FIX |

## PLEASE PAY FROM THIS INVOICE

| | ROUTING | SHIPPING POINT | DATE SHIPPED |
|---|---|---|---|
| | MEGA | 4836BW | 09/20/07 |

| PRODUCT | PRODUCT DESCRIPTION | SIZE | QUANTITY SHIPPED | WINE GALLONS | CASE PRICE | DISCOUNT | AMOUNT |
|---|---|---|---|---|---|---|---|
| 05RWLZ2A | 2005 Lodi Zinfandel 750 ml | 750 ml | 532 | 1,264.85 | 120.00 | 0.00 | 63,840.00 |
| SPA05RWLZ2A | SPA - 2005 Lodi Zinfandel | | 532 | | -56.00 | 0.00 | -29,792.00 |
| 05RWOZ2A | 2005 OFV Zinfandel 750 ml | 750 ml | 308 | 732.28 | 196.00 | 0.00 | 60,368.00 |
| SPA05RWOZ2A | SPA - 2005 OFV Zinfandel | | 308 | | -96.00 | 0.00 | -29,568.00 |
| 05RWPL2A | 2005 Lodi Petite Sirah 750 ml | 750 ml | 308 | 732.28 | 150.00 | 0.00 | 46,200.00 |
| SPA05RWPL2A | SPA - 2005 Lodi Petite Sirah | | 308 | | -78.00 | 0.00 | -24,024.00 |

Correction to Invoice 45642

| | | | | | | |
|---|---|---|---|---|---|---|
| Total Other | 1,148 | | | | | -83,384.00 |
| Total Wine | 1,148 | 2,729.40 | | | | 170,408.00 |
| | | | | | Grand Total | 87,024.00 |

TERMS: A service charge of 1.5% per month will be added as a time-price differential on amounts past due. Claims for shortage or damage should be made to the transportation company by the customer immediately upon receipt of goods. No allowance for breakage. Shipment at risk of consignee. Merchandise returned without permission will not be accepted. Orders from accounts past due are subject to being held. Wholesaler must be in compliance with state and federal agencies. Shipment of this order is subject to your license being in good standing.

05/02/08     Page 1

**INVOICE NO. 45650**

RENWOOD WINERY INC.

*"dedicated to the art"*

10461 Old Placerville Road, Ste. 150
Sacramento, CA 95827
Tel (916) 381-9463 * Fax (916) 381-9458

SOLD TO:

Southern Wine & Spirits Bili
Shared Services Division
P.O. Box 279250
Miramar, FL 33027-9250
UNITED STATES

SHIPPED TO:

Southern Wine & Spirits of CA
33321 Dowe Ave
Union City, CA 94587
UNITED STATES

| INVOICE DATE | TERMS | DUE ON OR BEFORE | ORDER DATE | ORDER NO. | SALESPERSON | CUSTOMER P.O.# |
|---|---|---|---|---|---|---|
| 09/19/07 | Net 30 days | 10/19/07 | 09/17/07 | 17574 | WEST | 0231143FIX |

### PLEASE PAY FROM THIS INVOICE

| | ROUTING | SHIPPING POINT | DATE SHIPPED |
|---|---|---|---|
| | Rodgers Truc | 4836BW | 09/19/07 |

| PRODUCT | PRODUCT DESCRIPTION | SIZE | QUANTITY SHIPPED | WINE GALLONS | CASE PRICE | DISCOUNT | AMOUNT |
|---|---|---|---|---|---|---|---|
| 05RWOZ2A | 2005 OFV Zinfandel 750 ml | 750 ml | 400 | 951.01 | 196.00 | 0.00 | 78,400.00 |
| SPA05RWOZ2A | SPA - 2005 OFV Zinfandel | | 400 | | -96.00 | 0.00 | -38,400.00 |
| 05RWLZ2A | 2005 Lodi Zinfandel 750 ml | 750 ml | 400 | 951.01 | 120.00 | 0.00 | 48,000.00 |
| SPA05RWLZ2A | SPA - 2005 Lodi Zinfandel | | 400 | | -56.00 | 0.00 | -22,400.00 |
| 05RWPL2A | 2005 Lodi Petite Sirah 750 ml | 750 ml | 400 | 951.01 | 150.00 | 0.00 | 60,000.00 |
| SPA05RWPL2A | SPA - 2005 Lodi Petite Sirah | | 400 | | -78.00 | 0.00 | -31,200.00 |

Correction to Invoice 45643

| | | QUANTITY | WINE GALLONS | | | AMOUNT |
|---|---|---|---|---|---|---|
| Total Other | | 1,200 | | | | -92,000.00 |
| Total Wine | | 1,200 | 2,853.04 | | | 186,400.00 |
| | | | | | Grand Total | 94,400.00 |

TERMS: A service charge of 1.5% per month will be added as a time-price differential on amounts past due. Claims for shortage or damage should be made to the transportation company by the customer immediately upon receipt of goods. No allowance for breakage. Shipment at risk of consignee. Merchandise returned without permission will not be accepted. Orders from accounts past due are subject to being held. Wholesaler must be in compliance with state and federal agencies. Shipment of this order is subject to your license being in good standing.

**INVOICE NO. 45670**

**RENWOOD WINERY INC.**

*"dedicated to the art"*

10461 Old Placerville Road, Ste. 150
Sacramento, CA 95827
Tel (916) 381-9463 * Fax (916) 381-9458

SOLD TO:

Southern Wine & Spirits Bill
Shared Services Division
P.O. Box 279250
Miramar, FL 33027-9250
UNITED STATES

SHIPPED TO:

Southern Wine & Spirits of CA
33321 Dowe Ave
Union City, CA 94587
UNITED STATES

| INVOICE DATE | TERMS | DUE ON OR BEFORE | ORDER DATE | ORDER NO. | SALESPERSON | CUSTOMER P.O.# |
|---|---|---|---|---|---|---|
| 10/02/07 | Net 30 days | 11/01/07 | 09/28/07 | 17584 | WEST | 0237303 |

| | ROUTING | SHIPPING POINT | DATE SHIPPED |
|---|---|---|---|
| **PLEASE PAY FROM THIS INVOICE** | Rodgers Truc | 4836BW | 10/02/07 |

| PRODUCT | PRODUCT DESCRIPTION | SIZE | QUANTITY SHIPPED | WINE GALLONS | CASE PRICE | DISCOUNT | AMOUNT |
|---|---|---|---|---|---|---|---|
| 05RWPL2A | 2005 Lodi Petite Sirah 750 ml | 750 ml | 200 | 475.51 | 150.00 | 0.00 | 30,000.00 |
| SPA05RWPL2A | SPA - 2005 Lodi Petite Sirah | | -200 | | 78.00 | 0.00 | -15,600.00 |
| 05RWOZ2A | 2005 OFV Zinfandel 750 ml | 750 ml | 200 | 475.51 | 196.00 | 0.00 | 39,200.00 |
| SPA05RWOZ2A | SPA - 2005 OFV Zinfandel | | -200 | | 96.00 | 0.00 | -19,200.00 |
| 05RWLZ2A | 2005 Lodi Zinfandel 750 ml | 750 ml | 600 | 1,426.52 | 120.00 | 0.00 | 72,000.00 |
| SPA05RWLZ2A | SPA - 2005 Lodi Zinfandel | | -600 | | 56.00 | 0.00 | -33,600.00 |

| | | Total Other | -1,000 | | | | -68,400.00 |
|---|---|---|---|---|---|---|---|
| | | Total Wine | 1,000 | 2,377.53 | | | 141,200.00 |
| | | | | | | Grand Total | 72,800.00 |

TERMS: A service charge of 1.5% per month will be added as a time-price differential on amounts past due. Claims for shortage or damage should be made to the transportation company by the customer immediately upon receipt of goods. No allowance for breakage. Shipment at risk of consignee. Merchandise returned without permission will not be accepted. Orders from accounts past due are subject to being held. Wholesaler must be in compliance with state and federal agencies. Shipment of this order is subject to your license being in good standing.                    05/02/08          Page 1

# INVOICE NO. 45672

RENWOOD WINERY INC.

*"dedicated to the art"*

10461 Old Placerville Road, Ste. 150
Sacramento, CA 95827
Tel (916) 381-9463 * Fax (916) 381-9458

SOLD TO:

Southern Wine & Spirits Bill
Shared Services Division
P.O. Box 279250
Miramar, FL 33027-9250
UNITED STATES

SHIPPED TO:

Southern Wine & Spirits of CA
13500 Foster Road
Santa Fe Springs, CA 90670
UNITED STATES

| INVOICE DATE | TERMS | DUE ON OR BEFORE | ORDER DATE | ORDER NO. | SALESPERSON | CUSTOMER P.O.# |
|---|---|---|---|---|---|---|
| 10/03/07 | Net 30 days | 11/02/07 | 09/17/07 | 17552 | WEST | 0231003 |

| PLEASE PAY FROM THIS INVOICE | ROUTING | SHIPPING POINT | DATE SHIPPED |
|---|---|---|---|
| | Pacer | 4836BW | 10/03/07 |

| PRODUCT | PRODUCT DESCRIPTION | SIZE | QUANTITY SHIPPED | WINE GALLONS | CASE PRICE | DISCOUNT | AMOUNT |
|---|---|---|---|---|---|---|---|
| 05RWLZ2A | 2005 Lodi Zinfandel 750 ml | 750 ml | 168 | 399.42 | 120.00 | 0.00 | 20,160.00 |
| SPA05RWLZ2A | SPA - 2005 Lodi Zinfandel | | -168 | | 56.00 | 0.00 | -9,408.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Total Other | | | -168 | | | | -9,408.00 |
| Total Wine | | | 168 | 399.42 | | | 20,160.00 |
| | | | | | | Grand Total | 10,752.00 |

TERMS: A service charge of 1.5% per month will be added as a time-price differential on amounts past due. Claims for shortage or damage should be made to the transportation company by the customer immediately upon receipt of goods. No allowance for breakage. Shipment at risk of consignee. Merchandise returned without permission will not be accepted. Orders from accounts past due are subject to being held. Wholesaler must be in compliance with state and federal agencies. Shipment of this order is subject to your license being in good standing.

05/02/08                Page 1

**INVOICE NO. 45677**

**RENWOOD WINERY INC.**

*"dedicated to the art"*

10461 Old Placerville Road, Ste. 150
Sacramento, CA 95827
Tel (916) 381-9463 * Fax (916) 381-9458

SOLD TO:

Southern Wine & Spirits Bill
Shared Services Division
P.O. Box 279250
Miramar, FL 33027-9250
UNITED STATES

SHIPPED TO:

Southern Wine & Spirits of CA
13500 Foster Road
Santa Fe Springs, CA 90670
UNITED STATES

| INVOICE DATE | TERMS | DUE ON OR BEFORE | ORDER DATE | ORDER NO. | SALESPERSON | CUSTOMER P.O.# |
|---|---|---|---|---|---|---|
| 10/03/07 | Net 30 days | 11/02/07 | 10/01/07 | 17588 | WEST | 0238154 |

| **PLEASE PAY FROM THIS INVOICE** | ROUTING | SHIPPING POINT | DATE SHIPPED |
|---|---|---|---|
| | By Truck | 4836BW | 10/03/07 |

| PRODUCT | PRODUCT DESCRIPTION | SIZE | QUANTITY SHIPPED | WINE GALLONS | CASE PRICE | DISCOUNT | AMOUNT |
|---|---|---|---|---|---|---|---|
| 05RWPL2A | 2005 Lodi Petite Sirah 750 ml | 750 ml | 224 | 532.57 | 150.00 | 0.00 | 33,600.00 |
| SPA05RWPL2A | SPA - 2005 Lodi Petite Sirah | | -224 | | 78.00 | 0.00 | -17,472.00 |
| 05RWOZ2A | 2005 OFV Zinfandel 750 ml | 750 ml | 448 | 1,065.13 | 196.00 | 0.00 | 87,808.00 |
| SPA05RWOZ2A | SPA - 2005 OFV Zinfandel | | -448 | | 96.00 | 0.00 | -43,008.00 |
| 05RWLZ2A | 2005 Lodi Zinfandel 750 ml | 750 ml | 224 | 532.57 | 120.00 | 0.00 | 26,880.00 |
| SPA05RWLZ2A | SPA - 2005 Lodi Zinfandel | | -224 | | 56.00 | 0.00 | -12,544.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Total Other | -896 | | | | | -73,024.00 |
| Total Wine | 896 | 2,130.27 | | | | 148,288.00 |
| | | | | | Grand Total | 75,264.00 |

TERMS: A service charge of 1.5% per month will be added as a time-price differential on amounts past due. Claims for shortage or damage should be made to the transportation company by the customer immediately upon receipt of goods. No allowance for breakage. Shipment at risk of consignee. Merchandise returned without permission will not be accepted. Orders from accounts past due are subject to being held. Wholesaler must be in compliance with state and federal agencies. Shipment of this order is subject to your license being in good standing.

05/02/08          Page 1



| Sum of Cases | Year-Mo |
|---|---|
| Item Name | 2008-Mar |
| RENWOOD BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 | 23 |
| RENWOOD ORANGE MUSCAT AMADOR COUNTY 2006 12/375 | 3.03 |
| RENWOOD PORT SIERRA FOOTHILLS 2003 12/375 | 1.48 |
| RENWOOD SYRAH RED LABEL FOOTHILLS 2004 12/750 | 689.17 |
| RENWOOD VIOGNIER SIERRA SERIES 2005 12/750 | 4 |
| RENWOOD VIOGNIER SIERRA SERIES 2006 12/750 | 9 |
| RENWOOD ZINFANDEL RED LABEL 2004 12/750 | 9 |
| RENWOOD ZINFANDEL RED LABEL 2005 12/750 | 745.17 |
| RENWOOD ZINFANDEL AMADOR ICE 2006 12/375 | 5 |
| RENWOOD ZINFANDEL FIDDLETOWN 2005 12/750 | 1 |
| RENWOOD ZINFANDEL GRANDMERE AM ADOR COUNTY 2005 6/750 | 3 |
| RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 | 16 |
| RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2005 12/750 | 308.92 |
| RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 | 25 |
| Grand Total | 1842.77 |

RAD2008-CABevMoOnly.xls
Source: Diver
Server:wd.interreport.com
Sub Source: BDN

Downloaded: 5/6/08
Printed 6/5/2008



WJD Depletions by SKU
1st Qtr 2008
Data as of 5/5/08

| Sub Brand | Item | 2008-Jan | 2008-Feb | 2008-Mar | Total | Rate per Case | Marketing Support |
|---|---|---|---|---|---|---|---|
| Amador County Wines | RENWOOD BARBERA AMADOR COUNTY (140277550000) | 1 | 0 | 0 | 1 | $  - | $  - |
| Amador County Wines | RENWOOD BARBERA AMADOR COUNTY 2002 12/375 (140277020300) | 0.08 | 2 | 5.33 | 7.41 | $  - | $  - |
| Amador County Wines | RENWOOD BARBERA AMADOR COUNTY 2002 12/750 (140277020000) | 16.08 | 17.25 | 12.66 | 45.99 | $  - | $  - |
| Amador County Wines | RENWOOD BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 3.8 | 21.01 | 32.16 | 56.97 | $  - | $  - |
| Amador County Wines | RENWOOD BARBERA AMADOR COUNTY 2005 6/750 (140277050100) | 15 | 13.83 | 27 | 55.83 | $  - | $  - |
| Sierra and Select Series Wines | RENWOOD BARBERA SIERRA SERIES (140278550000) | 3.6 | 5.33 | 24.91 | 33.84 | $  5.00 | $  169.20 |
| a and Select Series Wines | RENWOOD BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040000) | 20.67 | 13.92 | 75.41 | 110 | $  5.00 | $  550.00 |
| ..rra and Select Series Wines | RENWOOD BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 260.46 | 315.49 | 479.16 | 1055.11 | $  5.00 | $  5,275.55 |
| Sierra and Select Series Wines | RENWOOD DRY ROSE RED LABEL 2005 12/750 (146744050000) | 26.25 | 58.26 | 67 | 151.51 | $  5.00 | $  757.55 |
| Dessert Wines | RENWOOD ORANGE MUSCAT AMADOR COUNTY (146550550000) | 0.17 | 1 | 1.25 | 2.42 | $  - | $  - |
| Dessert Wines | RENWOOD ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146550050300) | 11.55 | 11.16 | 2.25 | 24.96 | $  - | $  - |
| Dessert Wines | RENWOOD ORANGE MUSCAT AMADOR COUNTY 2006 12/375 (146550060300) | 18.64 | 26.15 | 47.71 | 92.5 | $  - | $  - |
| Sierra and Select Series Wines | RENWOOD PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 89.73 | 130.92 | 574.74 | 795.39 | $  5.00 | $  3,976.95 |
| Sierra and Select Series Wines | RENWOOD PINOT GRIGIO RED LABEL 2006 12/750 (146824060000) | 29.34 | 28.74 | 112.32 | 170.4 | $  5.00 | $  852.00 |
| Sierra and Select Series Wines | RENWOOD PINOT GRIGIO SIERRA SERIES (146824550000) | 0.91 | 2.08 | 0.25 | 3.24 | $  5.00 | $  16.20 |
| Sierra and Select Series Wines | RENWOOD PINOT GRIGIO SIERRA SERIES 2004 12/750 (146824040000) | -0.84 | 4.26 | -1.25 | 2.17 | $  5.00 | $  10.85 |
| Sierra and Select Series Wines | RENWOOD PINOT GRIGIO SIERRA SERIES 2004 12/750 (146824040066) | 43 |  |  | 43 | $  5.00 | $  215.00 |
| Dessert Wines | RENWOOD PORT SIERRA FOOTHILLS 12/375 (147052550300) | 1.25 | 0.26 | 5.67 | 7.18 | $  - | $  - |
| Dessert Wines | RENWOOD PORT SIERRA FOOTHILLS 12/750 (147052550000) | 3.84 | 1.81 | 3.75 | 9.4 | $  - | $  - |
| Dessert Wines | RENWOOD PORT SIERRA FOOTHILLS 12/750 (147052550066) |  |  | 0.58 | 0.58 | $  - | $  - |
| Dessert Wines | RENWOOD PORT SIERRA FOOTHILLS 2003 12/375 (147052030300) | 5 | 3.75 | 4.15 | 12.9 | $  - | $  - |
| Dessert Wines | RENWOOD PORT SIERRA FOOTHILLS 2004 12/750 (147052040000) |  |  | 0 | 0 | $  - | $  - |
| Amador County Wines | RENWOOD SANGIOVESE 1999 12/750 (147975990000) |  | 0.5 | -4.91 | 5.41 | $  - | $  - |
| Amador County Wines | RENWOOD SYRAH AMADOR COUNTY (146742550000) | 0 | 0 | 0 | 0 | $  - | $  - |
| Amador County Wines | RENWOOD SYRAH AMADOR COUNTY 2002 6/750 (146742020100) | 1 | 12.33 | 5.01 | 18.34 | $  - | $  - |
| Amador County Wines | RENWOOD SYRAH AMADOR COUNTY 2004 6/750 (146742040100) | 0 | 2 | 4.51 | 6.51 | $  - | $  - |
| ...rra and Select Series Wines | RENWOOD SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 79.41 | 56.93 | 96.5 | 232.81 | $  11.00 | $  2,561.24 |
| rra and Select Series Wines | RENWOOD SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000) | 262.22 | 332.71 | 1188.73 | 1783.66 | $  11.00 | $  19,620.26 |
| Sierra and Select Series Wines | RENWOOD SYRAH ROSE SIERRA SERIES (146744550000) | 0 | 0 | 0 | 0 | $  5.00 | $  - |
| Sierra and Select Series Wines | RENWOOD SYRAH ROSE SIERRA SERIES 2004 12/750 (146744040000) | 2.49 | 7.51 | 18.49 | 28.49 | $  5.00 | $  142.45 |
| Sierra and Select Series Wines | RENWOOD SYRAH SIERRA SERIES (146743550000) | 3.66 | 12.25 | 2.67 | 18.58 | $  11.00 | $  204.38 |
| Sierra and Select Series Wines | RENWOOD SYRAH SIERRA SERIES 2002 12/750 (146743020066) | 0 | 0 | 0 | 0 | $  11.00 | $  - |
| Amador County Wines | RENWOOD VIOGNIER ESTATE VINEYA RD (149173550000) | 6.58 | 3.33 | 52 | 61.91 | $  - | $  - |
| Amador County Wines | RENWOOD VIOGNIER ESTATE VINEYA RD 2002 12/750 (149173020000) | 12.56 | 24.25 | 24 | 60.81 | $  - | $  - |
| Sierra and Select Series Wines | RENWOOD VIOGNIER SIERRA SERIES (149174550000) | 3.25 | 2.59 | 2.75 | 8.59 | $  5.00 | $  42.95 |
| Sierra and Select Series Wines | RENWOOD VIOGNIER SIERRA SERIES 2004 12/750 (149174040000) | 1.53 | 4.76 | 1.32 | 7.66 | $  5.00 | $  38.30 |
| Sierra and Select Series Wines | RENWOOD VIOGNIER SIERRA SERIES 2004 12/750 (149174040066) | 3.03 |  |  | 3.08 | $  5.00 | $  15.40 |
| Sierra and Select Series Wines | RENWOOD VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 212.55 | 206.32 | 320.95 | 739.82 | $  5.00 | $  3,699.10 |
| Sierra and Select Series Wines | RENWOOD VIOGNIER SIERRA SERIES 2006 12/750 (149174060000) | -5 | 9.17 | 369.51 | 373.68 | $  5.00 | $  1,868.40 |
| Dessert Wines | RENWOOD ZINFANDEL AMADOR ICE 2005 12/375 (149233050300) | 4.97 | 5.49 | 5.08 | 15.54 | $  - | $  - |
| Dessert Wines | RENWOOD ZINFANDEL AMADOR ICE 2005 12/375 (149233050366) | 0 | 0 | 0 | 0 | $  - | $  - |
| Dessert Wines | RENWOOD ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | 44.17 | 30.05 | 26.4 | 100.62 | $  - | $  - |

| Category | Description | | | | | | |
|---|---|---|---|---|---|---|---|
| Dessert Wines | RENWOOD ZINFANDEL AMADOR ICE SHENANDOAH VALLEY (149233550000) | 0.17 | 2.25 | 1.08 | 3.5 | $ - | $ - |
| Amador County Wines | RENWOOD ZINFANDEL D'AGOSTINI 2000 12/750 (149337000000) | 0 | 2.66 | 0 | 2.66 | $ - | $ - |
| Amador County Wines | RENWOOD ZINFANDEL FIDDLETOWN (149323550000) | 0.17 | 0 | 0.17 | 0.34 | $ 20.00 | $ 6.80 |
| Amador County Wines | RENWOOD ZINFANDEL FIDDLETOWN 12/375 (149323550300) | 0 | 0 | 0 | 0 | $ 10.00 | $ - |
| Amador County Wines | RENWOOD ZINFANDEL FIDDLETOWN 2002 12/375 (149323020300) | 0.42 | 3.59 | 0.83 | 4.84 | $ 10.00 | $ 48.40 |
| Amador County Wines | RENWOOD ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 0.59 | 8.97 | 7.5 | 17.06 | $ 20.00 | $ 341.20 |
| Amador County Wines | RENWOOD ZINFANDEL FIDDLETOWN 2003 12/750 (149323030000) | 0 | 0.16 | 0 | 0.16 | $ 20.00 | $ 3.20 |
| Amador County Wines | RENWOOD ZINFANDEL FIDDLETOWN 2004 12/750 (149323040000) | 1.74 | 6.65 | 42.91 | 51.3 | $ 20.00 | $ 1,026.00 |
| Amador County Wines | RENWOOD ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | 29.5 | 47.26 | 59.73 | 136.49 | $ 20.00 | $ 2,729.80 |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDMERE AM ADOR COUNTY 2004 6/750-soldout (149335040100) | 13.66 | 20.51 | 19.18 | 53.35 | $ - | $ - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDMERE AM ADOR COUNTY 2005 6/750 (149335050100) | 12.67 | 18.17 | 28.32 | 59.16 | $ - | $ - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDMERE AMADOR COUNTY (149355500000) | 0 | 0 | 0 | 0 | $ - | $ - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 14.51 | 13.67 | 9.16 | 37.34 | $ - | $ - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDMERE AMADOR COUNTY 6/750 (149335550100) | 0.67 | 0 | 0 | 0.67 | $ - | $ - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY (149322550000) | 0 | 0 | 1.17 | 1.17 | $ - | $ - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 1/5L (149322550700) | 0 | 0 | 0 | 0 | $ - | $ - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 2.43 | 39.48 | 24.34 | 66.31 | $ - | $ - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030166) | 0 | 0 | 2 | 2 | $ - | $ - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 80.97 | 77 | 88.83 | 246.8 | $ - | $ - |
| Proprietary Wines | RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 6/750 (149322550100) | 1.5 | 0 | 8.49 | 9.99 | $ - | $ - |
| Amador County Wines | RENWOOD ZINFANDEL JACK RABBIT FLAT (149324550000) | 0 | 0 | 0 | 0 | $ - | $ - |
| Amador County Wines | RENWOOD ZINFANDEL JACK RABBIT FLAT 2002 6/750 (149324020100) | 9.83 | 7.99 | 1.17 | 18.99 | $ - | $ - |
| Amador County Wines | RENWOOD ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 24.32 | 45.31 | 21.66 | 91.29 | $ - | $ - |
| Amador County Wines | RENWOOD ZINFANDEL JACK RABBIT FLAT 2004 6/750 (149324040100) | 3.5 | 9.17 | 16.83 | 29.5 | $ - | $ - |
| Amador County Wines | RENWOOD ZINFANDEL JACK RABBIT FLAT 2005 6/750 (149324050100) | | | 3.33 | 3.33 | $ - | $ - |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY (149232550000) | 0.92 | 1.83 | 4.5 | 7.25 | $ 20.00 | $ 145.00 |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 1/3L (149232550400) | 1 | 0 | 0 | 1 | $ - | $ - |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 1/5L (149232550700) | 0 | 0 | 0 | 0 | $ - | $ - |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 12/375 (149232550300) | 0 | 0.33 | 1.5 | 1.83 | $ 10.00 | $ 18.30 |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2002 1/3L (149232020400) | 0 | 2 | 4 | 6 | $ - | $ - |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2002 12/375 (149232020300) | 0.92 | 3.16 | 11 | 15.08 | $ 10.00 | $ 150.80 |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2002 12/750 (149232020000) | 11.92 | 16.25 | 15.25 | 43.42 | $ 20.00 | $ 868.40 |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2003 1/3L (149232030400) | 0 | 3 | 0 | 3 | $ - | $ - |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2003 12/375 (149232030300) | 6.57 | 9.83 | 51.41 | 67.81 | $ 10.00 | $ 678.10 |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2003 12/750 (149232030000) | 110.65 | 60.91 | 51.42 | 222.98 | $ 20.00 | $ 4,459.60 |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 1/3L - PROMO (149232040401) | 0 | 15 | 3 | 18 | $ - | $ - |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 1/3L (149232040400) | 11 | 12 | 19 | 42 | $ - | $ - |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/375 (149232040300) | 65.82 | 41.02 | 62.17 | 169.01 | $ 10.00 | $ 1,690.10 |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 1099.26 | 1283.42 | 1804.66 | 4187.34 | $ 20.00 | $ 83,746.80 |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2005 12/375 (149232050300) | | | 5.33 | 5.33 | $ 10.00 | $ 53.30 |
| Amador County Wines | RENWOOD ZINFANDEL OLD VINE AMA DOR COUNTY 2005 12/750 (149232050000) | 93.92 | 18.25 | 413.34 | 525.51 | $ 20.00 | $ 10,510.20 |
| Sierra and Select Series Wines | RENWOOD ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 1186.41 | 1150.46 | 2442.5 | 4779.37 | $ 11.00 | $ 52,573.07 |
| Sierra and Select Series Wines | RENWOOD ZINFANDEL RED LABEL 2005 12/750 (149234050000) | 301.31 | 196.66 | 1041.32 | 1539.29 | $ 11.00 | $ 16,932.19 |
| Sierra and Select Series Wines | RENWOOD ZINFANDEL SIERRA SERIE S (149234550000) | 114.65 | 100.07 | 168.24 | 382.96 | $ 11.00 | $ 4,212.56 |
| Sierra and Select Series Wines | RENWOOD ZINFANDEL SIERRA SERIE S FOOTHILLS 2003 12/750 (149234030000) | 82.42 | 121.91 | 159.91 | 364.24 | $ 11.00 | $ 4,006.64 |
| | Grand Total | 4465.53 | 4706.35 | 10193.13 | 19365.01 | | $ 224,216.24 |

**EXHIBIT I**



| Sum of TY CS | |
|---|---|
| ITEM_DESCRIPTION | Total |
| RENWOOD BARBERA SIERRA FOOTHILLS05 750ML (56720) | 4 |
| RENWOOD BARBERA SIERRA SERIES 05 750ML (56720) | 19 |
| RENWOOD ORANGE MUSCAT 06 375ML (179592) | 3.04 |
| RENWOOD PETITE SYRAH LODI 05 750ML (180493) | 347.09 |
| RENWOOD PETITE SYRAH LODI(BEVMO)05 750ML (180493) | 326.08 |
| RENWOOD PORT VINTAGE 03 375ML (173841) | 1.5 |
| RENWOOD SYRAH RED LABEL 04 750ML (56718) | 10 |
| RENWOOD SYRAH SIERRA 03/04 750ML (56718) | 6 |
| RENWOOD VIOGNIER SELECT 05/06 750ML (42884) | 4 |
| RENWOOD VIOGNIER SELECT 750ML (42884) | 9 |
| RENWOOD ZIN LODI 05 750ML (180495) | 245.17 |
| RENWOOD ZIN OFV SHENANDOAH 05 750ML (180494) | 5 |
| RENWOOD ZIN SIERRA SER RED LBL 05 750ML (135781) | 9 |
| RENWOOD ZINF AMADOR ICE 06 375ML (178961) | 5 |
| RENWOOD ZINF FIDDLETOWN 05 750ML (178193) | 1 |
| RENWOOD ZINF GRANDMERE 05 750ML (183402) | 3 |
| RENWOOD ZINF GRANDPERE 04 750ML (175084) | 16 |
| RENWOOD ZINF LODI (BEVMO) 05 750ML (180495) | 500 |
| RENWOOD ZINF OFV SHENAND(BEVMO)05 750ML (180494) | 303.92 |
| RENWOOD ZINF OLD VINES 04 750ML (175034) | 25 |
| Grand Total | 1842.8 |

Copy of Renwood BevMo Mar 08 No  So.xls
Date rec d: 5/5/08
Source: Southern Wine Spirits                                    Printed 6/5/2008

# EXHIBIT J

Renwood Winery, Inc.
Data Analysis
SWS v. WJD
Account Sold Data
Period: March 08

 **SWS**     **WJD**

| Common Name | Item Name from File "Renwood BevMo Mar 08 No So" - Provided by SWS | Data from WJD Diver application - Account Sold RAD | BevMo | WJD | Difference |
|---|---|---|---|---|---|
| Red Label Barbera | RENWOOD BARBERA SIERRA SERIES FOOTHILLS05 750ML (56720) | RENWOOD BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 | 4 | 23 | |
| | RENWOOD BARBERA SIERRA SERIES 05 750ML (56720) | | 19 | | |
| | | Total Red Label Barbera | 23 | 23 | 0 |
| Orange Muscat | RENWOOD ORANGE MUSCAT 06 375ML (179592) | RENWOOD ORANGE MUSCAT AMADOR COUNTY 2006 12/375 | 3.04 | 3.03 | |
| | | Total Orange Muscat | 3.04 | 3.03 | 0.01 |
| Port 375ml | RENWOOD PORT VINTAGE 03 375ML (173841) | RENWOOD PORT SIERRA FOOTHILLS 2003 12/375 | 1.5 | 1.48 | |
| | | Total Port 375ml | 1.5 | 1.48 | 0.02 |
| Red Label Syrah | RENWOOD SYRAH RED LABEL 04 750ML (56718) | RENWOOD SYRAH RED LABEL FOOTHILLS 2004 12/750 | 10 | 689.17 | |
| | RENWOOD SYRAH SIERRA 03/04 750ML (56718) | | 6 | | |
| | | Total Red Label Syrah | 16 | 689.17 | -673.17 |
| Petite Sirah BevM | RENWOOD PETITE SYRAH LODI 05 750ML (180493) | | 347.09 | | |
| | RENWOOD PETITE SYRAH LODI(BEVMO)05 750ML (180493) | | 326.08 | | |
| | | Total Petite Sirah BevMo | 673.17 | 0 | 673.17 |
| Red Label Viognier | RENWOOD VIOGNIER SELECT 05/06 750ML (42884) | RENWOOD VIOGNIER SIERRA SERIES 2005 12/750 | 4 | 4 | |
| | RENWOOD VIOGNIER SELECT 750ML (42884) | RENWOOD VIOGNIER SIERRA SERIES 2006 12/750 | 9 | 9 | |
| | | Total Red Label Viognier | 13 | 13 | 0 |
| Lodi Zin BevMo | RENWOOD ZIN LODI 05 750ML (180495) | | 245.17 | | |
| | RENWOOD ZINF LODI (BEVMO) 05 750ML (180495) | | 500 | | |
| | | Total Lodi Zin BevMo | 745.17 | 0 | 745.17 |
| Red Label Zin | RENWOOD ZIN SIERRA SER RED LBL 05 750ML (135781) | RENWOOD ZINFANDEL RED LABEL 2004 12/750 | 9 | 9 | |
| | | RENWOOD ZINFANDEL RED LABEL 2005 12/750 | | 745.17 | |
| | | Total Red Label Zin | 9 | 754.17 | -745.17 |
| Amador Ice | RENWOOD ZINF AMADOR ICE 06 375ML (178961) | RENWOOD ZINFANDEL AMADOR ICE 2006 12/375 | 5 | 5 | |
| | | Total Amador Ice | 5 | 5 | 0 |
| Fiddletown | RENWOOD ZINF FIDDLETOWN 05 750ML (178193) | RENWOOD ZINFANDEL FIDDLETOWN 2005 12/750 | 1 | 1 | |
| | | Total Fiddletown | 1 | 1 | 0 |
| Grandmere | RENWOOD ZINF GRANDMERE 05 750ML (183402) | RENWOOD ZINFANDEL GRANDMERE AMADOR COUNTY 2005 6/750 | 3 | 3 | |
| | | Total Grandmere | 3 | 3 | 0 |
| Grandpere | RENWOOD ZINF GRANDPERE 04 750ML (175084) | RENWOOD ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 | 16 | 16 | |
| | | Total Grandpere | 16 | 16 | 0 |
| Old Vine Zin | RENWOOD ZINF OLD VINES 04 750ML (175034) | RENWOOD ZINFANDEL OLD VINE AMADOR COUNTY 2005 12/750 | 25 | 308.92 | |
| | | RENWOOD ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 | | 25 | |
| | | Total Old Vine Zin | 25 | 333.92 | -308.92 |
| OFV Zin | RENWOOD ZIN OFV SHENANDOAH 05 750ML (180494) | | 5 | | |
| | RENWOOD ZINF OFV SHENAND(BEVMO)05 750ML (180494) | | 303.92 | | |
| | | Total OFV Zin BevMo | 308.92 | 0 | 308.92 |
| | | Grand Total | 1842.8 | 1842.77 | 0.03 |

# EXHIBIT K

| WJD Diver Data - December 2007 | SWS Account Sold Data - December 2007 | WJD | SWS | Diff |
|---|---|---|---|---|
| | RENWOOD PETITE SYRAH LODI(BEVMO)05 750ML (180493) | | 19 | -19 |
| RENWOOD SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000) | RENWOOD SYRAH RED LABEL 04 750ML (56718) | 60 | 33 | |
| | RENWOOD SYRAH SIERRA 03/04 750ML (56718) | | 8 | |
| | | 60 | 41 | 19 |
| | RENWOOD ZINF OFV SHENAND(BEVMO)05# 750ML (180494) | | 29 | -29 |
| RENWOOD ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149232040000) | RENWOOD ZINF OLD VINES 04 750ML (175034) | 43 | 43 | |
| RENWOOD ZINFANDEL OLD VINE AMADOR COUNTY 2005 12/750 (149232050000) | | 29 | | |
| | | 72 | 43 | 29 |
| | RENWOOD ZINF LODI (BEVMO) 05 750ML (180495) | | 106 | -106 |
| RENWOOD ZINFANDEL RED LABEL 2004 12/750 (149234040000) | RENWOOD ZIN SIERRA SER RED LBL 05 750ML (135781) | 34 | 30 | |
| RENWOOD ZINFANDEL RED LABEL 2005 12/750 (149234050000) | RENWOOD ZINF SIERRA SER RED LBL 05 750ML (135781) | 106 | 4 | |
| | | 140 | 34 | 106 |

YJD Depletions by SKU
th Quarter 2007
ata as of 2/1/08

| Item | 2007-Oct | 2007-Nov | 2007-Dec | Total | Rate per Case | | Marketing Support |
|---|---|---|---|---|---|---|---|
| BARBERA AMADOR COUNTY | | | 1.83 | 5.83 | | S | - |
| BARBERA AMADOR COUNTY 2002 12/375 | 0.66 | 0.57 | 1.5 | 2.73 | | S | - |
| BARBERA AMADOR COUNTY 2002 12/750 | 3.57 | 0.83 | 2 | 6.4 | | S | - |
| BARBERA AMADOR COUNTY 2004 6/750 | 10.83 | 16.51 | 29.33 | 54.67 | | S | - |
| BARBERA AMADOR COUNTY 2005 6/750 | 17.5 | 9.83 | 18.97 | 46 | | S | - |
| BARBERA SIERRA SERIES | -2.76 | 13.49 | 24.92 | 34.65 | 5.00 | S | 173.25 |
| BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 | 14.17 | 17.82 | 61.65 | 93.64 | 5.00 | S | 468.20 |
| BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 | 344.66 | 358.64 | 495.72 | 1199.02 | 5.00 | S | 5,995.10 |
| DRY ROSE RED LABEL 2005 12/750 | 21.62 | 46.66 | 52.19 | 120.67 | 5.00 | S | 603.35 |
| ORANGE MUSCAT AMADOR COUNTY | 1.08 | -0.41 | 2.08 | 2.75 | | S | - |
| ORANGE MUSCAT AMADOR COUNTY 2005 12/375 | 17.57 | 29.57 | 19.06 | 66.2 | | S | - |
| ORANGE MUSCAT AMADOR COUNTY 2006 12/375 | 25.99 | 30.39 | 35.62 | 92 | | S | - |
| PINOT GRIGIO RED LABEL 2006 12/750 | 157.01 | 141.84 | 377.59 | 676.44 | 5.00 | S | 2,382.20 |
| PINOT GRIGIO SIERRA SERIES | | | 27.5 | 27.5 | 5.00 | S | 137.50 |
| PINOT GRIGIO SIERRA SERIES | 0.33 | 0.33 | 0.5 | 1.16 | 5.00 | S | 5.80 |
| PINOT GRIGIO SIERRA SERIES 2004 12/750 | 2.34 | 10.9 | 5.75 | 18.99 | 5.00 | S | 94.95 |
| POR SIERRA FOOTHILLS 12/375 | 0.49 | 2.5 | 0.83 | 3.82 | | S | - |
| POR SIERRA FOOTHILLS 12/750 | 6.62 | 6.92 | 8.73 | 22.46 | | S | - |
| POR SIERRA FOOTHILLS 2003 12/375 | 3.32 | - | 11.3 | 18.62 | | S | - |
| SAN OVESE 1999 12/750 | 0 | 0 | | 0 | | S | - |
| SIR PETITE LODI 2005 12/750 | 34 | 14 | | 48 | | S | - |
| SYR H AMADOR COUNTY | 0 | 0 | | 0 | | S | - |
| SYR H AMADOR COUNTY 2002 6/750 | 5.83 | 6.83 | 6.17 | 18.83 | | S | - |
| SYR H AMADOR COUNTY 2004 6/750 | 8.5 | 1.33 | 2.34 | 12.17 | | S | - |
| SYR H RED LABEL FOOTHILLS 2003 12/750 | 99.5 | 108.39 | 249.9 | 457.79 | 11.00 | S | 5,035.69 |
| SYR H RED LABEL FOOTHILLS 2004 12/750 | 318.74 | 303.43 | 349.47 | 971.64 | 11.00 | S | 10,688.04 |
| SYRAH ROSE SIERRA SERIES | 0.33 | 1 | -.1 | 1.33 | 5.00 | S | 6.65 |
| SYRAH ROSE SIERRA SERIES 2003 12/750 | 0 | | | 0 | 5.00 | S | - |
| SYRAH ROSE SIERRA SERIES 2004 12/750 | 22.91 | 0.09 | 2.75 | 25.75 | 5.00 | S | 128.75 |
| SYRAH SIERRA SERIES | 8.75 | 8 | 4.5 | 21.25 | 11.00 | S | 233.75 |
| SYRAH SIERRA SERIES 2002 12/750 | | 0 | | 0 | 11.00 | S | - |
| VIOGNIER ESTATE VINEYA RD | 6.83 | 10 | 2.33 | 21.16 | | S | - |
| VIOGNIER ESTATE VINEYA RD 2002 12/750 | 9.34 | 13.24 | 16.41 | 38.99 | | S | - |
| VIOGNIER SIERRA SERIES | 4.92 | 3.92 | 3.41 | 12.25 | 5.00 | S | 61.25 |
| VIOGNIER SIERRA SERIES 2004 12/750 | 2.16 | 1.42 | 12.93 | 16.92 | 5.00 | S | 79.60 |
| VIOGNIER SIERRA SERIES 2005 12/750 | 280.29 | 323.72 | 355.73 | 959.78 | 5.00 | S | 4,798.90 |
| VIOGNIER SIERRA SERIES 2006 12/750 | 14.42 | 19.17 | -4 | 47.59 | 5.00 | S | 237.95 |
| ZINFANDEL AMADOR ICE 2005 12/375 | 12.81 | 5.69 | 7.76 | 26.68 | | S | - |
| ZINFANDEL AMADOR ICE 2006 12/375 | 24.67 | 43.5 | 91.35 | 159.25 | | S | - |
| ZINFANDEL AMADOR ICE SHENANDOAH VALLEY | 0.08 | 1.32 | 3.4 | 4.81 | | S | - |
| ZINFANDEL D'AGOSTINI 2000 12/750 | 0 | 7.33 | 0.25 | 7.58 | | S | - |
| ZINFANDEL FIDDLETOWN | 0.33 | 0.42 | 0.42 | 1.17 | 20.00 | S | 23.40 |
| ZINFANDEL FIDDLETOWN 12/375 | | 0 | | 0 | 10.00 | S | - |
| ZINFANDEL FIDDLETOWN 2002 12/375 | 3.75 | 4.33 | -0.33 | 7.75 | 10.00 | S | 77.50 |
| ZINFANDEL FIDDLETOWN 2002 12/750 | 26.49 | 29.84 | 7.83 | 64.16 | 20.00 | S | 1,283.20 |
| ZINFANDEL FIDDLETOWN 2003 12/750 | -0.35 | 1.25 | | 1.9 | 20.00 | S | 38.00 |
| ZINFANDEL FIDDLETOWN 2004 12/750 | 14.83 | 9.34 | 14.83 | 39.09 | 20.00 | S | 781.80 |
| ZINFANDEL FIDDLETOWN 2005 12/750 | 21.98 | 34 | 41.67 | 97.49 | 20.00 | S | 1,949.80 |
| ZINFANDEL GRANDMERE AM ADOR COUNTY 2004 6/750-soldout | 62.33 | 31.17 | 12.83 | 106.33 | | S | - |
| ZINFANDEL GRANDMERE AM ADOR COUNTY 2005 6/750 | 16 | 25.5 | 33.33 | 74.83 | | S | - |
| ZINFANDEL GRANDMERE AMADOR COUNTY | 0 | 0 | 0 | 0 | | S | - |
| ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 | 27.99 | 18.47 | 42.84 | 89.3 | | S | - |
| ZINFANDEL GRANDMERE AMADOR COUNTY 6/750 | 0.33 | 0.33 | 1.34 | 2 | | S | - |
| ZINFANDEL GRANDPERE AMADOR COUNTY | 1 | 0 | | 1 | | S | - |
| ZINFANDEL GRANDPERE AMADOR COUNTY 1/5L | 0 | 0 | 0 | 0 | | S | - |
| ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 | 32.51 | 19.67 | 57 | 109.18 | | S | - |
| ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 | 64.49 | 126.46 | 115.03 | 305.98 | | S | - |
| ZINFANDEL GRANDPERE AMADOR COUNTY 6/750 | 3.16 | 2.66 | 8 | 13.82 | | S | - |
| ZINFANDEL JACK RABBIT FLAT | 3.25 | 2.09 | 0 | 5.34 | | S | - |
| ZINFANDEL JACK RABBIT FLAT 2002 6/750 | 8.01 | 6.83 | 13.63 | 28.47 | | S | - |
| ZINFANDEL JACK RABBIT FLAT 2003 6/750 | 68.14 | 49.16 | 79.48 | 196.78 | | S | - |
| ZINFANDEL LODI 2005 12/750 | 116 | 13 | | 129 | | S | - |
| ZINFANDEL OLD VINE AMA DOR COUNTY | 2.75 | 0.83 | 1.75 | 5.33 | 20.00 | S | 106.60 |
| ZINFANDEL OLD VINE AMA DOR COUNTY 1/3L | 1 | 5 | 2 | 8 | | S | - |
| ZINFANDEL OLD VINE AMA DOR COUNTY 1/5L | 0 | 0 | 0 | 0 | | S | - |
| ZINFANDEL OLD VINE AMA DOR COUNTY 12/375 | 1 | 0.5 | 1.08 | 2.58 | 10.00 | S | 25.80 |
| ZINFANDEL OLD VINE AMA DOR COUNTY 2002 1/3L | 18 | 1 | 2 | 21 | | S | - |
| ZINFANDEL OLD VINE AMA DOR COUNTY 2002 12/375 | 3.33 | 0.08 | 0.49 | 3.9 | 10.00 | S | 39.00 |
| ZINFANDEL OLD VINE AMA DOR COUNTY 2002 12/750 | 22.83 | 11.25 | 35.58 | 69.66 | 20.00 | S | 1,393.20 |
| ZINFANDEL OLD VINE AMA DOR COUNTY 2003 1/3L | 1 | 0 | 0 | 1 | | S | - |
| ZINFANDEL OLD VINE AMA DOR COUNTY 2003 12/375 | 9.88 | 4.74 | 1.76 | 16.38 | 10.00 | S | 163.80 |
| ZINFANDEL OLD VINE AMA DOR COUNTY 2003 12/750 | 83.96 | 51.48 | 182.74 | 317.75 | 20.00 | S | 6,355.60 |
| ZINFANDEL OLD VINE AMA DOR COUNTY 2004 1/3L | 8 | 210 | 39 | 257 | | S | - |
| ZINFANDEL OLD VINE AMA DOR COUNTY 2004 1/3L - PROMO | | | | 0 | | S | - |
| ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/375 | 63.63 | 64.9 | 66.91 | 195.44 | 10.00 | S | 1,954.40 |
| ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 | 1466.86 | 1627.29 | 1953.31 | 5047.46 | 20.00 | S | 100,949.60 |
| ZINFANDEL OLD VINE AMA DOR COUNTY 2005 12/750 | | | 29 | 29 | 20.00 | S | 580.00 |
| ZINFANDEL RED LABEL 2004 12/750 | 1701.42 | 1575.29 | 2583.8 | 5860.51 | 11.00 | S | 64,465.61 |
| ZINFANDEL RED LABEL 2006 12/750 | 63.67 | 69.74 | 350.07 | 483.38 | 11.00 | S | 5,317.18 |
| ZINFANDEL SHENANDOAH VALLEY OFV 2005 12/750 | 63 | 12 | | 65 | | S | - |
| ZINFANDEL SIERRA SERIES | 115.83 | 107.65 | 145.65 | 367.31 | 11.00 | S | 4,036.43 |
| ZINFANDEL SIERRA SERIES FOOTHILLS 2003 12/750 | 206.91 | 312.02 | 599.49 | 915.62 | 11.00 | S | 10,074.02 |
| Grand Total | 5521.32 | 5554.66 | 6537.52 | 20313.5 | | S | 5331,747.67 |

| Sub Brand | (All) | | | | |
| Distributor | (All) | | | | |

| Depl Total | | Year Month | | | 2007 Total |
| --- | --- | --- | --- | --- | --- |
| Dist State | Item | October | November | December | |
| CA | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | | 3 | 2 | 9 |
| | BARBERA AMADOR COUNTY 2005 6/750 (140277050100) | 5 | 9.83 | 12 | 26.83 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | .75 | 1.02 | 1.12 | 2.89 |
| | ORANGE MUSCAT AMADOR COUNTY 2006 12/375 (146550060300) | 7.96 | 11.57 | 9.2 | 28.75 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 7.92 | 6 | 10.08 | 24 |
| | PORT SIERRA FOOTHILLS 2003 12/375 (147052050300) | 3.4 | 2.83 | 7.79 | 14.02 |
| | SIRAH PETITE LODI 2005 12/750 (146746050000) | 34 | 14 | | 48 |
| | SYRAH AMADOR COUNTY 2002 6/750 (146742020100) | 1 | 1 | 0 | 2 |
| | SYRAH AMADOR COUNTY 2004 6/750 (146742040100) | 0.5 | 1 | 1.17 | 2.67 |
| | SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000) | 140.91 | 107.75 | 126.75 | 375.41 |
| | SYRAH ROSE SIERRA SERIES 2004 12/750 (146744040000) | 16.75 | 1 | 0 | 17.75 |
| | VIOGNIER ESTATE VINEYA RD 2002 12/750 (149173020000) | -0.83 | 2 | 2 | 3.17 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (14917405000) | 22 | 34.41 | 45 | 101.41 |
| | ZINFANDEL AMADOR ICE 2005 12/375 (149233050300) | 0.08 | | | 0.08 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | 3.42 | 23.51 | 27.33 | 54.26 |
| | ZINFANDEL FIDDLETOWN 2002 12/375 (149323020300) | | 0.25 | | 0.25 |
| | ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | 10 | 11 | 13.42 | 34.42 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2004 6/750-solcout (149335040100) | 25.67 | 4.17 | | 29.84 |
| | ZINFANDEL GRANDMERE AM ADOR COUNTY 2005 6/750 (149335060100) | 15 | 20 | 19 | 54 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 5.17 | | | 5.17 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 6 | 28.5 | 41.17 | 75.67 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 35 | 9 | 12.17 | 56.17 |
| | ZINFANDEL OLD VINE 2005 12/750 (149319050000) | 116 | 13 | | 129 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 1/3L - PROMO (149322040401) | | | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 1/3L (149322040400) | 0 | 188 | 20 | 208 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/375 (149322040300) | 20.33 | 7.41 | 21.17 | 48.91 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149322040000) | 379.84 | 463.91 | 435.91 | 1279.66 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2005 12/750 (149322050000) | | 29 | | 29 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 547.42 | 292.75 | 311.84 | 1152.01 |
| | ZINFANDEL RED LABEL 2005 12/750 (149234050000) | | | 107 | 107 |
| | ZINFANDEL SHENANDOAH VALLEY OFV 2005 12/750 (149339050000) | 83 | 12 | | 95 |
| CA Total | | 1564.57 | 1369.89 | 1366.1 | 4300.46 |
| AK | BARBERA SIERRA SERIES (140278550000) | -17.92 | 0 | 0 | -17.92 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | -3.92 | 0 | 0 | -3.92 |
| | VIOGNIER ESTATE VINEYA RD (149173550000) | 0 | 0.5 | 0.5 | 1 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL JACK RABBIT FLAT 2002 6/750 (149324020100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149322040000) | -2.08 | 3 | 3 | 3.92 |
| | ZINFANDEL SIERRA SERIE S FOOTHILLS 2003 12/750 (149234030000) | 28 | 0 | 1.25 | 29.25 |
| AK Total | | 4.08 | 4.5 | 4.75 | 13.33 |
| AL | BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040000) | 0.84 | 0.5 | 1.5 | 2.84 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 0.25 | 0 | 0 | 0.25 |
| | ORANGE MUSCAT AMADOR COUNTY 2006 12/375 (146550050300) | 0 | 0 | 0.58 | 0.58 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 4 | 2.33 | 1.42 | 7.75 |
| | PINOT GRIGIO SIERRA SERIES (146824550000) | 0.33 | 0.33 | 0 | 0.66 |
| | PINOT GRIGIO SIERRA SERIES 2004 12/750 (146824040000) | 0 | 0 | 0 | 0 |
| | SYRAH AMADOR COUNTY 2002 6/750 (146742020100) | 0 | 0 | 0 | 0 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | -1 | 0 | 0 | -1 |
| | SYRAH ROSE SIERRA SERI ES 2004 12/750 (146744040000) | 0 | 0 | 0 | 0 |
| | VIOGNIER ESTATE VINEYA RD 2002 12/750 (149173020000) | 0.25 | 0.08 | 0 | 0.33 |
| | VIOGNIER SIERRA SERIES 2004 12/750 (149174040000) | 0 | 0 | 0.17 | 0.17 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 0.17 | -0.42 | 1.25 | 1 |
| | ZINFANDEL FIDDLETOWN 2002 12/375 (149323020300) | 0 | 0 | 0 | 1 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 0.25 | 0 | 0 | 0.25 |
| | ZINFANDEL JACK RABBIT FLAT 2002 6/750 (149324020100) | 0 | 0 | 0.5 | 0.5 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2002 1/3L (149322020400) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2002 12/375 (149322020300) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2003 12/750 (149322030000) | 2.17 | 0 | 0.42 | 2.59 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149322040000) | 0.5 | 0.67 | 0 | 1.17 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 8 | 7.08 | 6.5 | 21.58 |
| | ZINFANDEL SIERRA SERIE S FOOTHILLS 2003 12/750 (149234030000) | 0.92 | 0.92 | 1.08 | 2.92 |
| AL Total | | 16.68 | 11.49 | 13.42 | 41.59 |
| AR | BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040000) | 0 | 0 | 0 | 0 |
| | ORANGE MUSCAT AMADOR COUNTY 2006 12/375 (146550060300) | 0.33 | 1 | 0 | 1.33 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 1 | -0.08 | 1 | 1.92 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 0 | 1.25 | 0 | 1.25 |
| | SYRAH ROSE SIERRA SERI ES 2004 12/750 (146744040000) | 0.91 | 0 | 0 | 0.91 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | 0.33 | 1 | 0 | 1.33 |
| | ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | | 5.08 | 0 | 5.08 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0 | 0 | 0 | 1 |
| | ZINFANDEL JACK RABBIT FLAT (149324550000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 1 | 0.5 | 0 | 1.5 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2002 1/3L (149322020400) | | | | |

| | | | | | |
|---|---|---|---|---|---|
| AP | ZINFANDEL OLD VINE AMA DOR COUNTY 2002 | 149232020000 | C | C | | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 | 149232040300 | 0 | 0.5 | 1.16 | 1.66 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 | 149232040000 | 5.5 | 3.33 | 5.75 | 14.58 |
| | ZINFANDEL RED LABEL 2004 12/750 (14923474 | | 11 | 3.5 | 4.1 | 14.5 |
| AP Total | | | 16.0¹ | 17.08 | 11.8² | 47.06 |
| AZ | BARBERA AMADOR COUNTY 2004 6/750 (14027 | | 0 | 0 | 0 | 0 |
| | BARBERA SIERRA SERIES FOOTHILLS 2006 12 | 027805000C | 8 | 2 | 6.58 | 14.58 |
| | DRY ROSE RED LABEL 2006 12/750 (140744080 | | 0 | 0 | 0 | 0 |
| | ORANGE MUSCAT AMADOR COUNTY 2006 12/ | 5500603001 | 1 | 0.58 | 0.92 | 2.5 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824 | | 0 | 0 | 0 | 0 |
| | SYRAH AMADOR COUNTY 2002 6/750 (1467420 | | 0 | | | 0 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (14 | 0000) | 2 | 3 | 8 | 13 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (14917¹ | | 2.33 | 2.92 | 2 | 7.25 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (1492330 | | 1.25 | 6 | 37 | 40.25 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149333C | 100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL FIDDLETOWN 2003 12/750 (149333C | | 0 | 0 | 0 | 0 |
| | ZINFANDEL FIDDLETOWN 2004 12/750 (149333C | | 4.25 | 1 | 1.42 | 6.67 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 20 | 0 (149232030100) | 0.17 | 0 | 0 | 0.17 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 20 | 0 (149232040100) | 5.83 | 4.83 | 2.34 | 13 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149 | 100) | 3 | 3 | 3 | 9 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 | 49232040400 | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 | (149232040300) | 2 | 3.0¹ | 1.83 | 6.84 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 | (149232040000) | 13.5 | 13.92 | 12 | 39.42 |
| | ZINFANDEL RED LABEL 2004 12/750 (14923404¹ | | 16.28 | 26 | 14 | 56.26 |
| AZ Total | | | 57.59 | 66.26 | 89.09 | 214.94 |
| CO | BARBERA AMADOR COUNTY 2002 12/375 (1402¹ | 100) | 0 | 0.08 | 0 | 0.08 |
| | BARBERA AMADOR COUNTY 2004 6/750 (1402¹ | 0G) | 0 | 1 | 2.66 | 3.66 |
| | BARBERA AMADOR COUNTY 2005 6/750 (1402¹ | 00) | 0 | | | 0 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12¹ | 40278050000) | 22.5 | 14.08 | 21 | 57.58 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050( | | 0 | 0.33 | 0 | 0.33 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/37 | 65500503001 | 1.25 | 2.75 | 0.33 | 4.33 |
| | ORANGE MUSCAT AMADOR COUNTY 2006 12/37 | 5550060300) | 1 | 0.08 | 0 | 1.08 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146820-0G | 0) | 8.42 | 4.92 | 7.17 | 20.51 |
| | PORT SIERRA FOOTHILLS 12/750 (14705255060¹ | | 1 | 0 | 1 | 2 |
| | SYRAH AMADOR COUNTY 2002 6/750 (1467420¹ | | 0 | | | 0 |
| | SYRAH AMADOR COUNTY 2004 6/750 (1467420² | | 0 | | 0 | 0 |
| | **SYRAH RED LABEL FOOTHILLS 2004 12/750 (14 | 040000)** | **21.33** | **19.26** | **23** | **63.59** |
| | SYRAH ROSE SIERRA SERIES 2004 12/750 (1467 | 50000) | 1 | | | 1 |
| | VIOGNIER ESTATE VINEYA RD 2002 12/750 (1 | 20000) | 0 | 0 | 1 | 1 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (1491740¹ | | 5 | 11.83 | 2 | 18.83 |
| | ZINFANDEL AMADOR ICE 2005 12/375 (149233¹ 3¹ | ) | 0.75 | 0 | 0 | 0.75 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233¹ 0¹ | ) | | 1.08 | 2.34 | 3.42 |
| | ZINFANDEL D'AGOSTINI 2000 12/750 (1493370 0¹ | | 0 | | | 0 |
| | ZINFANDEL FIDDLETOWN 2002 12/375 (14933¹0² | 0) | 2 | -1 | 0 | 1 |
| | ZINFANDEL FIDDLETOWN 2005 12/750 (1493230¹ | | 3 | 1 | 4 | 8 |
| | ZINFANDEL GRANDMERE AM ADOR COUNTY 20¹ | 750 (149835050100) | | 0 | 1.5 | 1.5 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 20¹ | 750 (149335030100) | 2 | | 0 | 2 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 20¹0 | 750 (149232030100) | 0 | 1 | 1.5 | 2.5 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 200 | 750 (149232040100) | 3 | 0.99 | 0 | 3.99 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (14S3¹ | | 2 | 3 | 2 | 7 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2002 ¹ | 0 (149232020000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2003 ¹ | 75 (149232030300) | 1 | 0.75 | | 1.75 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 | 149232040400) | 2 | 18 | 11 | 31 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004- | 75 (149232040300) | | 2 | 3.92 | 5.92 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004- | 50 (149232040000) | 78.58 | 135.25 | 104.08 | 317.91 |
| | ZINFANDEL RED LABEL 2004 12/750 (14923404¹0 | | 52.08 | 56.5 | 52.08 | 160.66 |
| CO Total | | | 207.91 | 272.9 | 240.58 | 721.39 |
| CT | BARBERA AMADOR COUNTY 2004 6/750 (14027¹ | 100) | 0.16 | 0 | | 0.16 |
| | BARBERA SIERRA SERIES FOOTHILLS 2004 12¹ | 140278040000) | 2.25 | 1 | 2 | 5.25 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050¹ | | 1 | 0 | | 1 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/3¹ | 46550050300) | 3.16 | 2.41 | | 5.57 |
| | ORANGE MUSCAT AMADOR COUNTY 2006 12/3¹ | 46550060300) | | | 1.91 | 1.91 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824¹ | 00) | 1 | 0 | | 1 |
| | PORT SIERRA FOOTHILLS 12/375 (14705255030¹ | | 0.41 | 0 | | 0.41 |
| | PORT SIERRA FOOTHILLS 12/750 (14705255010¹ | | 1.66 | 1 | 0.16 | 2.82 |
| | SANGIOVESE 1999 12/750 (147975990000) | | 0 | 0 | | 0 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (14¹ | 030000) | 8.25 | 0.08 | 3.16 | 11.49 |
| | **SYRAH RED LABEL FOOTHILLS 2004 12/750 (14¹** | **3040000)** | **0** | **0** | **0** | **0** |
| | VIOGNIER ESTATE VINEYA RD 2002 12/750 (14¹ | 20000) | 0 | 0 | 0 | 0 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174¹ | 00) | 7.25 | 2.08 | 3.25 | 12.58 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233¹0 | 0) | 0 | 0.25 | | 0.25 |
| | ZINFANDEL D'AGOSTINI 2000 12/750 (14933700¹ | | | | 0.5 | 0.5 |
| | ZINFANDEL FIDDLETOWN 2005 12/750 (1493230¹ | 00) | 0 | 0 | 0.16 | 0.16 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 20¹ | ¹750 (149335030100) | 1.16 | 3.33 | 2 | 6.49 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 20¹ | ¹750 (149232030100) | 0.5 | 1 | 1.5 | 3 |
| | ZINFANDEL JACK RABBIT FLAT 2002 6/750 (14S¹ | 420100) | 0.5 | 2 | 4.16 | 4.66 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 | 75 (149232040300) | 0 | 0.08 | 0.5 | 0.58 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 | 50 (149232040000) | 48.5 | 10.66 | 27.08 | 86.24 |
| | ZINFANDEL SIERRA SERIE S FOOTHILLS 2002 | 3. (149234090000) | 33.66 | 55.5 | 31.91 | 121.07 |
| CT Total | | | 159.46 | 77.39 | 78.29¹ | 315.14 |

N:\Danica\DEUTSCH\Depletions\AllDepletionsJan05-Mar08 04291     votTable
Source: Diver
Server:wd.interreport.com
Gub Source: BDN

Printed 5/20/2008

| | | | | |
|---|---|---|---|---|
| DC | BARBERA AMADOR COUNTY 2002 12/375 (140277020300) | | | |
| | BARBERA AMADOR COUNTY 2003 12/750 (140277020000) | 0.08 | | 0.08 |
| | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | | | |
| | BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040000) | | 0.25 | 10.74 | 23.5 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | | | | |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146560050300) | 0.75 | | | |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | | 4.25 | 2.99 | 12.33 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | | | | |
| | PORT SIERRA FOOTHILLS 2003 12/375 (147052570300) | 0 | 0.17 | 0 | 0.17 |
| | SYRAH AMADOR COUNTY 2002 6/750 (146742020100) | | | | |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743020000) | 2.08 | -0.9 | 0 | 1.18 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 12.5 | 29.75 | -5.42 | 36.83 |
| | ZINFANDEL AMADOR ICE 2005 12/375 (149330670300) | 1.25 | | | 1.25 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | | 0.42 | 0 | 0.42 |
| | ZINFANDEL FIDDLETOWN 2002 12/375 (149323020300) | 0 | 0 | 0 | 0 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 0.17 | 0.08 | 0 | 0.25 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 0.17 | 0.17 | 0 | 0.34 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0.17 | 0.17 | 0 | 0.34 |
| | ZINFANDEL JACK RABBIT FLAT 2002 6/750 (149334020100) | 1.17 | 0.17 | 0 | 1.34 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2002 12/375 (149232020300) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2002 12/750 (149232020000) | 10.67 | 2.67 | 8.42 | 21.76 |
| | ZINFANDEL SIERRA SERIES FOOTHILLS 2003 12/750 (149234150000) | 19.33 | 26.67 | | |
| DC Total | | 56.51 | 74.6 | 39.58 | 171.69 |
| DE | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 0 | 0 | 0 | 0 |
| | BARBERA SIERRA SERIES 2004 12/750 (140278050000) | 0 | 0 | 0 | 0 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050100) | 0 | 0 | 0 | 0 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 0 | 1.67 | 0 | 1.67 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146560050300) | 0 | 0.5 | 0 | 0.5 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 0 | 1.75 | 0.17 | 1.92 |
| | PORT SIERRA FOOTHILLS 12/375 (147052550300) | 0 | 0.5 | 0 | 0.5 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | 0 | 1.58 | 0 | 1.58 |
| | **SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000)** | **0** | **0** | **0** | **0** |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 2.41 | 2.59 | 3 | 8 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | 0 | 0 | 0 | 0 |
| | ZINFANDEL D'AGOSTINI 2000 12/750 (149337000000) | 0 | 0.58 | 0.25 | 0.83 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2004 6/750-solo (149335040100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 0 | 1.33 | 2 | 3.33 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 12/375 (149232550) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2002 1/3L (149232...00) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149232040000) | 4.58 | 11.92 | 9.41 | 25.91 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 3 | 4 | 4.66 | 11.66 |
| | ZINFANDEL SIERRA SERIE S (149234550000) | 1 | 1 | 1 | 3 |
| DE Total | | 10.99 | 33.33 | 20.15 | 64.47 |
| FL | BARBERA AMADOR COUNTY 2002 12/375 (140277020300) | 0 | 0 | 0 | 0 |
| | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 0 | 1 | 4 | 5 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050100) | 3 | 2 | 13 | 18 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 0 | 4 | 12.69 | 16.69 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146560050300) | 1 | 7 | 8 | 16 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 0 | 10 | 128.92 | 138.92 |
| | PORT SIERRA FOOTHILLS 12/375 (147052550300) | 0 | 0 | 0 | 0 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | 0 | 0 | 0 | 0 |
| | SYRAH AMADOR COUNTY 2002 6/750 (146742020100) | 2 | 1 | 4 | 7 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743020000) | 5 | 12 | 41 | 58 |
| | VIOGNIER ESTATE VINEYA RD (149173550000) | 0 | -0.83 | 0 | -0.83 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 4 | 5.59 | 49.59 | 59.18 |
| | ZINFANDEL D'AGOSTINI 2000 12/750 (149337000000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL FIDDLETOWN 2002 12/375 (149323020300) | 0.75 | 4 | -0.58 | 4.17 |
| | ZINFANDEL FIDDLETOWN 2003 12/750 (149323030000) | 0 | 2 | 1 | 3 |
| | ZINFANDEL FIDDLETOWN 2004 12/750 (149323040000) | -0.67 | 1 | 0 | 0.33 |
| | ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | 1 | 3 | 9 | 13 |
| | ZINFANDEL GRANDMERE AM ADOR COUNTY 2004 6/750-solo (149335040100) | 2 | -2 | 0 | 0 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 1 | -0.19 | 0 | 0.81 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 0 | 0 | 4.17 | 4.17 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 6/750 (149322550100) | 1 | 2 | 2 | 5 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 1 | 0 | 15 | 16 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 12/375 (149232520300) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2002 1/3L (149232020400) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2003 12/375 (149232030300) | 2 | -0.5 | 0 | 1.5 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2003 12/750 (149232030000) | 0 | -0.1 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/375 (149232040300) | 2.33 | 2 | 2 | 6.33 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 37 | 36 | 60 | 133 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 13 | 20 | -29 | 100 |
| | ZINFANDEL SIERRA SERIE S FOOTHILLS 2003 12/750 (149234050000) | | | | |
| FL Total | | 80.41 | 109.07 | 48.79 | 47. 17 |
| GA | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 7.59 | 3.5 | 7.59 | 18.68 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | -1.83 | 7 | 1.25 | 6.42 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146560050300) | 0 | 2 | 2.42 | 0.42 |

| | | | | | |
|---|---|---|---|---|---|
| GA | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 2.75 | 1.92 | 2.83 | 7 |
| | PORT SIERRA FOOTHILLS 12/375 (147052550300) | 0 | 0 | 0 | 0 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | 0 | 0.25 | 0.25 | 0.5 |
| | SYRAH AMADOR COUNTY 2004 6/750 (146742040100) | 0 | 0.33 | 0.17 | 0.5 |
| | SYRAH RED LABEL FOOTHILLS 2005 12/750 (146743030000) | 2.67 | 6.42 | 1.5 | 10.59 |
| | VIOGNIER ESTATE VINEYA RD 2005 12/750 (149173020000) | 0 | 0 | 0 | 0 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 7.67 | 7.83 | 5.42 | 20.92 |
| | ZINFANDEL AMADOR ICE 2005 12/375 (149233060300) | 3.08 | 1.67 | 0 | 4.75 |
| | ZINFANDEL FIDDLETOWN 2002 12/375 (149322020300) | 0 | 0.08 | 0 | 0.08 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 0.58 | 0 | 0.5 | 1.08 |
| | ZINFANDEL GRANDMERE AM ADOR COUNTY 2004 6/750-soldout (149335040100) | 1.33 | 0 | 1 | 2.33 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY (149322550000) | 0 | 0 | 0 | 1 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0.34 | 0.16 | 0.5 | 1 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 0.33 | 2 | 1 | 3.33 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2003 1/3L (149232030400) | 6 | 1 | 0 | 7 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2002 12/375 (149232020300) | 2.67 | 0.08 | 0.25 | 3 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2003 12/750 (149232040000) | 15.25 | 13.58 | 17 | 45.83 |
| | **ZINFANDEL RED LABEL 2005 12/750 (149234050000)** | **15.75** | **18.5** | **26.08** | **60.33** |
| GA Total | | 66.17 | 65.33 | 59.25 | 190.74 |
| HI | BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040000) | -2 | 0 | 1 | 0 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146550050300) | 0 | 0.83 | 0 | 0.83 |
| | PORT SIERRA FOOTHILLS 2003 12/375 (147052030300) | 0 | 0 | 0.01 | 0.01 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 0 | 2 | 0 | 1 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 0 | 5 | -0.08 | 4.92 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL JACK RABBIT FLAT 2002 6/750 (149324020100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 1/3L (149232550400) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2003 12/750 (149232030000) | 3.91 | 0 | 3 | 6.91 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 0 | 1 | 0 | 2 |
| | **ZINFANDEL RED LABEL 2004 12/750 (149234040000)** | -8 | 7.92 | 13.16 | 13.08 |
| HI Total | | -4.09 | 17.75 | 19.09 | 32.75 |
| IA | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 0 | 0 | 0 | 0 |
| | BARBERA AMADOR COUNTY 2005 6/750 (140277050100) | 0 | 0 | 0 | 5 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 7 | 0 | 0.5 | 7.5 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 4 | 0 | 5 | 9 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146550050300) | 0.16 | 0 | 0 | 0.16 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 7 | 0.5 | 0.75 | 8.25 |
| | PINOT GRIGIO SIERRA SERIES 2004 12/750 (146824040000) | 0.66 | 0 | 0 | 0.66 |
| | **SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000)** | 4 | 1 | 0 | 5 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 0 | 0 | 5 | 5 |
| | ZINFANDEL AMADOR ICE 2005 12/375 (149233050300) | 0 | 0 | 1.16 | 1.16 |
| | ZINFANDEL FIDDLETOWN 2004 12/750 (149323040000) | 0 | 1 | 5 | 6 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0 | 0 | 16 | 16 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 0 | 0 | 6 | 6 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 1/3L (149232040400) | 2 | 0 | 0 | 2 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 0 | 0 | 10 | 10 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 36.75 | 5 | 2.08 | 43.83 |
| | **ZINFANDEL RED LABEL 2005 12/750 (149234050000)** | 0 | 0 | 10.5 | 10.5 |
| IA Total | | 61.57 | 7.5 | 66.99 | 136.06 |
| ID | BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040000) | 0 | 0.16 | 0.16 | 0.32 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 0.59 | 0.75 | 0 | 1.34 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 0 | 0.16 | 0.75 | 0.91 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 9.5 | 0.75 | 1.42 | 11.67 |
| | **SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000)** | 0 | **0** | **0.41** | **0.41** |
| | ZINFANDEL GRANDMERE AM ADOR COUNTY 2004 6/750-soldout (149335040100) | 0 | 0 | 0.33 | 0.33 |
| | ZINFANDEL GRANDMERE AM ADOR COUNTY 2005 6/750 (149335050100) | 0 | 0.5 | 0.17 | 0.67 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 1 | 0 | 0.5 | 1.5 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 0 | 0 | 1.5 | 1.5 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2003 12/375 (149232030300) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 0 | 2.33 | 3.33 | 5.66 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 1.25 | 0.33 | 0 | 1.58 |
| | **ZINFANDEL RED LABEL 2005 12/750 (149234050000)** | **1.83** | **1.5** | **1.24** | **4.57** |
| ID Total | | 14.17 | 6.48 | 9.81 | 30.46 |
| IL | BARBERA AMADOR COUNTY 2002 12/375 (140277020300) | 0 | 0 | 0 | 0 |
| | BARBERA AMADOR COUNTY 2002 12/750 (140277020000) | 0 | 0 | 0 | 0 |
| | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 0 | 0.17 | 0 | 0.17 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 2.17 | 7 | 1.58 | 10.75 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 0.17 | 0 | 0 | 0.17 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146550050300) | 1.25 | 3.58 | 0.75 | 5.58 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | -14.58 | -2.92 | 1 | -16.5 |
| | PINOT GRIGIO RED LABEL 2006 12/750 (146824060000) | 0 | 0 | 12 | 12 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | 0 | 0 | 0 | 0 |
| | SYRAH AMADOR COUNTY 2002 6/750 (146742020100) | 0 | 0 | 0 | 0 |
| | **SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000)** | **4.33** | **2.92** | **6.08** | **13.33** |
| | VIOGNIER ESTATE VINEYA RD (149173550000) | 0 | 0 | 0 | 0 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 10.58 | 2.58 | 4.08 | 17.24 |
| | ZINFANDEL AMADOR ICE 2005 12/375 (149233050300) | 0 | 0 | 0 | 0 |
| | ZINFANDEL AMADOR ICE 2005 12/375 (149233060300) | 0 | 0 | 0.17 | 0.17 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 2.17 | 0.25 | 0 | 2.42 |
| | ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | | | 1.17 | 1.17 |

N:\Danica\DEUTSCH\Depletions\AllDepletionsJan05-Mar08 042308wPivotTable
Source: Diver
Server:wd.interreon.com
Sub Source: SDN

Printed 5/20/2008

| | | | | | |
|---|---|---|---|---|---|
| IL | ZINFANDEL GRANDMERE AMADOR COUNTY 2005 6/750 (149335030100) | | 0 | 0 | 0 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 4.5 | 1.17 | 0 | 5.67 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149330030100) | 0.83 | 0 | 1.17 | 4 |
| | ZINFANDEL JACK RABBIT FLAT 2002 6/750 (149324020100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2002 12/750 (149232030300) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2003 12/375 (149230030300) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149232030300) | 30.19 | 26.33 | 21.84 | 78.33 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 34.5 | 46.75 | 22.25 | 103.5 |
| | ZINFANDEL SIERRA SERIES FOOTHILLS 2002 12/750 (149234030000) | 0 | 0 | 0 | 0 |
| IL Total | | 76.95 | 80.85 | 72.09 | 228.1 |
| IN | BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040000) | 1.08 | 0 | 0.41 | 1.49 |
| | ORANGE MUSCAT AMADOR COUNTY 2006 12/375 (146550060300) | 0 | 0 | 1 | 1 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 1 | 0 | 0 | 1 |
| | PINOT GRIGIO SIERRA SERIES 2004 12/750 (146824040000) | 0 | 0 | 0 | 0 |
| | SYRAH AMADOR COUNTY 2002 6/750 (146742020100) | 0 | 0.83 | -0.83 | 0 |
| | SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000) | 0 | 0 | 2.16 | 2.16 |
| | VIOGNIER ESTATE VINEYA RD 2002 12/750 (149173020000) | 0 | 0 | 0 | 0 |
| | VIOGNIER SIERRA SERIES 2004 12/750 (149174040000) | 0 | 0 | 0 | 0 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 2.25 | 1.25 | 2.25 | 6.75 |
| | ZINFANDEL AMADOR ICE 2005 12/375 (149233050300) | 0.08 | 0.16 | 1.16 | 1.4 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | 0 | 0 | 0 | 0 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149323030000) | 0.16 | 0 | 0 | 0.16 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY (149335550000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0 | 0 | 1 | 1 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 0 | 0 | 0.33 | 0.33 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 1/3L (149232040400) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/375 (149232040300) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 10.08 | 11.25 | 21.58 | 42.91 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 9 | 6.75 | 6.75 | 22.5 |
| IN Total | | 35.65 | 23.24 | 35.81 | 84.7 |
| KS | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 0 | 0 | 0 | 0 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 0.25 | 0 | 2 | 2.25 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 2.25 | 1 | 1 | 4.25 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 3.5 | 0.25 | 3.08 | 6.83 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 3.17 | 0 | 3.42 | 6.59 |
| | SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000) | 0 | 0 | 0.08 | 0.08 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 0 | 1 | 5.33 | 6.33 |
| | ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | 0 | 0.17 | 0 | 0.17 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 1.17 | 0 | 1.67 | 2.84 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 25.33 | 0.83 | 46.83 | 72.99 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 12.58 | 3.25 | 23.17 | 39 |
| KS Total | | 48.25 | 6.5 | 86.58 | 141.33 |
| KY | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 0 | 0 | 0 | 0 |
| | BARBERA AMADOR COUNTY 2005 6/750 (140277050100) | 3.67 | -1 | 0 | -1 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 4 | 4 | 8.17 | 16.17 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 2 | -1 | 0 | 1 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146550050300) | 0.26 | 1 | 1 | 2.26 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 1.5 | 2.25 | 3.33 | 7.08 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | 0 | 0 | 0 | 0 |
| | SANGIOVESE 1999 12/750 (147975990000) | 0 | 0 | 0 | 0 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 0.01 | 0 | 0 | 0.01 |
| | SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000) | 0 | 2 | 1.99 | 3.99 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 6.25 | 6.17 | 8.26 | 20.68 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | 0.84 | 0.16 | 1.17 | 2.17 |
| | ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 1.17 | 0 | 0 | 1.17 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0.33 | 0 | 0 | 0.33 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2002 1/3L (149232020400) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2002 12/375 (149232020300) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 10.83 | 18.83 | 19.25 | 48.91 |
| | ZINFANDEL RED LABEL 2005 12/750 (149234050000) | 11.17 | 8.17 | 38.75 | 58.09 |
| KY Total | | 42.03 | 40.58 | 82.09 | 164.7 |
| LA | BARBERA AMADOR COUNTY 2005 6/750 (140277050100) | 1 | 0 | 0 | 1 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 2 | 6 | 6.25 | 14.25 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 0 | 0 | 0 | 0 |
| | ORANGE MUSCAT AMADOR COUNTY (146550050000) | 0 | 0 | 0.25 | 0.25 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 0.5 | 0.5 | 3.66 | 4.66 |
| | PINOT GRIGIO SIERRA SERIES (146824550000) | 0 | 0 | 0 | 0 |
| | PINOT GRIGIO SIERRA SERIES 2004 12/750 (146824040000) | 0 | 0 | 0 | 0 |
| | PORT SIERRA FOOTHILLS 12/375 (147052550300) | 0.08 | 0 | 0.25 | 0.33 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | 0 | 0 | 0 | 0 |
| | SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000) | 1.33 | 0.66 | 1.25 | 3.24 |
| | VIOGNIER ESTATE VINEYA RD (149173500000) | 0 | 0 | 0 | 0 |
| | VIOGNIER SIERRA SERIES 2004 12/750 (149174040000) | 0 | 0 | 0.08 | 0.08 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 0.91 | 0.33 | 4.25 | 5.49 |
| | ZINFANDEL AMADOR ICE 2005 12/375 (149233050300) | 0.16 | 0.24 | 0.33 | 0.73 |
| | ZINFANDEL FIDDLETOWN 12/375 (149323550300) | 0 | 0 | 0 | 0 |

N:\Danica\DEUTSCH\Depletions\AllDepletionsJan05-Mar08 042308wPivotTable
Source: Diver
Server:wci.interreport.com
Sub Source: BDN

Printed 5/20/2008

| | | | | |
|---|---|---|---|---|
| ZINFANDEL FIDDLETOWN 2003 12/750 (149323030000) | 0.16 | -0.16 | 0.5 | 0.5 |
| ZINFANDEL FIDDLETOWN 2004 12/750 (149323040000) | 1.33 | 1.33 | 0 | 2.66 |
| ZINFANDEL GRANDMERE AMADOR COUNTY (14933505000) | 0 | | 0 | 0 |
| ZINFANDEL GRANDMERE AMADOR COUNTY 6/750 (149335050100) | 0 | | | 0 |
| ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0 | | | 0 |
| ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 0.83 | 0.16 | 0.5 | 1.49 |
| ZINFANDEL JACK RABBIT FLAT (149324550000) | 0 | 0 | | 0 |
| ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 1.16 | 1 | 2.83 | 4.99 |
| ZINFANDEL OLD VINE AMADOR COUNTY 12/375 (149323550000) | 0 | | | 0 |
| ZINFANDEL OLD VINE AMADOR COUNTY 2003 12/750 (149323020000) | 0 | 0 | 0.08 | 0.08 |
| ZINFANDEL OLD VINE AMADOR COUNTY 2003 12/375 (149323010300) | 0 | 0 | 0 | 0 |
| ZINFANDEL OLD VINE AMADOR COUNTY 2003 12/750 (149323030000) | 1.83 | 2.08 | 2.24 | 6.15 |
| ZINFANDEL OLD VINE AMADOR COUNTY 2004 1/3L (149323040400) | 0 | 0 | 0 | 0 |
| ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149323040000) | 5.58 | 10.08 | 8.08 | 23.74 |
| ZINFANDEL RED LABEL 2004 12/750 (149324040000) | 3.66 | 2.58 | 4.24 | 10.48 |
| **ZINFANDEL RED LABEL 2005 12/750 (149324050000)** | **14.16** | **6.08** | **24.25** | **44.49** |
| LA Total | 35.86 | 30.5 | 57.04 | 123.53 |
| MA  BARBERA AMADOR COUNTY 2002 12/750 (140277620000) | | | | |
| BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 0 | 0 | 0 | 0 |
| BARBERA AMADOR COUNTY 2005 6/750 (140277050100) | 7.83 | 4.17 | 2.33 | 6.5 |
| BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050100) | 72.92 | 42.75 | 58.25 | 173.92 |
| DRY ROSE RED LABEL 2005 12/750 (146744050000) | 1.16 | 8.25 | 4.5 | 13.91 |
| ORANGE MUSCAT AMADOR COUNTY 2006 12/375 (1465500603) | 3.5 | 2.5 | 2.33 | 8.33 |
| PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 68.42 | 25.67 | 46.92 | 141.01 |
| PORT SIERRA FOOTHILLS 2003 12/375 (147052030300) | 0 | 1 | 0.33 | 1.33 |
| SYRAH AMADOR COUNTY 2002 6/750 (146742020100) | 1 | 3 | 0 | 4 |
| **SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000)** | **42.17** | **62.92** | **17.25** | **122.34** |
| VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 53.25 | 68.33 | 30.5 | 152.08 |
| VIOGNIER SIERRA SERIES 2006 12/750 (149174060000) | 14.42 | 19.17 | 14 | 47.59 |
| ZINFANDEL AMADOR ICE 2006 12/375 (149323060300) | 9 | 1.67 | 7.08 | 17.75 |
| ZINFANDEL FIDDLETOWN 2002 12/375 (149323020300) | 0.67 | 1 | 0 | 1.67 |
| ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | 2.83 | 5.25 | 4.41 | 12.49 |
| ZINFANDEL GRANDMERE AMADOR COUNTY 2004 6/750-soldout (149335040100) | 1.17 | | | 1.17 |
| ZINFANDEL GRANDPERE AMADOR COUNTY (149335050100) | | 5 | 11.33 | 17.33 |
| ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0.33 | 0 | 1 | 1.33 |
| ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 4.67 | 7.33 | 2.17 | 14.17 |
| ZINFANDEL JACK RABBIT FLAT (149324550000) | 0 | 0 | 0 | 0 |
| ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 1 | 1 | 1 | 3 |
| ZINFANDEL OLD VINE AMADOR COUNTY 2002 12/750 (149323020000) | 0 | 0 | 0 | 0 |
| ZINFANDEL OLD VINE AMADOR COUNTY 2004 1/3L (149323040400) | 0 | 0 | 0 | 0 |
| ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/375 (149323040300) | 3.75 | 1.5 | 4.58 | 9.83 |
| ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149323040000) | 189.75 | 156.17 | 219.42 | 565.34 |
| ZINFANDEL RED LABEL 2004 12/750 (149324040000) | 346.5 | 259.34 | 327.17 | 933.01 |
| MA Total | 825.34 | 676.02 | 754.57 | 2255.93 |
| MD  BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 0.33 | | | 0.33 |
| BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050100) | 3.92 | 2.75 | 2.42 | 9.09 |
| DRY ROSE RED LABEL 2005 12/750 (146744050000) | 1 | 0.25 | 0.25 | 1.5 |
| ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (14655005) | 0.17 | 0.25 | | 0.42 |
| ORANGE MUSCAT AMADOR COUNTY 2006 12/375 (14655006) | | | 0 | 0 |
| PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 2.5 | 6 | 5.5 | 14 |
| PORT SIERRA FOOTHILLS 2003 12/375 (147052050000) | 0.25 | 0.17 | 0.67 | 1.08 |
| PORT SIERRA FOOTHILLS 2003 12/375 (147052030300) | 0 | 0 | 0 | 0 |
| SYRAH AMADOR COUNTY (146742550000) | 0 | 0 | 0 | 0 |
| SYRAH AMADOR COUNTY 2002 6/750 (146742020100) | 0 | 0 | 0 | 0 |
| SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 0.08 | 2.42 | 0.5 | 3 |
| VIOGNIER ESTATE VINEYA RD (149173550000) | 0 | 0 | 0 | 0 |
| VIOGNIER ESTATE VINEYA RD 2002 12/750 (149173020000) | 3 | | 2 | 5 |
| VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 7.83 | 4.42 | 2.25 | 14.5 |
| ZINFANDEL FIDDLETOWN 2002 12/375 (149323020300) | 0 | 0 | 0 | 0 |
| ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | 0.25 | 0 | 0.17 | 0.42 |
| ZINFANDEL GRANDMERE AM ADOR COUNTY 2004 6/750-sol (149335040100) | 0 | 0.5 | | 0.5 |
| ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 0.5 | 0.33 | 4 | 4.83 |
| ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 0 | 0.5 | 0 | 0.5 |
| ZINFANDEL OLD VINE AMADOR COUNTY 2003 1/3L (149323010400) | 1 | 0 | 0 | 1 |
| ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/375 (149323040300) | 0.25 | 2.33 | 2.08 | 4.66 |
| ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149323040000) | 7.5 | 15.58 | 8.42 | 31.5 |
| ZINFANDEL RED LABEL 2004 12/750 (149324040000) | 13.25 | 14.5 | 21.58 | 49.33 |
| ZINFANDEL SIERRA SERIE S FOOTHILLS 2003 12/750 (149323030000) | 5 | | 1 | 5 |
| MD Total | 46.83 | 50.5 | 51.34 | 48.67 |
| ME  BARBERA AMADOR COUNTY (140277550000) | 0 | 2 | 1.83 | 3.83 |
| BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 5.25 | 1.92 | 3 | 10.17 |
| PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 0.75 | 1.17 | 1.33 | 3.25 |
| PORT SIERRA FOOTHILLS 12/750 (147052550000) | 1.67 | 0.5 | 1.33 | 3.5 |
| SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 0.25 | 0 | 0.08 | 0.83 |
| SYRAH ROSE SIERRA SERIES 2004 12/750 (146744040000) | 0.25 | 0 | 0 | 0.25 |
| VIOGNIER SIERRA SERIES (149174550000) | 3 | 3 | 1 | 7 |
| VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 3.25 | 1.42 | 4.42 | 9.09 |
| ZINFANDEL AMADOR ICE 2005 12/375 (149323050300) | 0.58 | 0.08 | 1.92 | 2.58 |
| ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | 0.5 | 0 | 0 | 0.5 |
| ZINFANDEL GRANDMERE AM ADOR COUNTY 2004 6/750-soldout (149335040100) | | | -0.17 | -0.17 |
| ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 0.5 | 0.17 | | 0.67 |

| | | | | | |
|---|---|---|---|---|---|
| ME | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 1.83 | | | 3.83 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2002 12/750 (149232020600) | | 2 | 14 | 16 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/375 (149232040300) | 0.17 | 0.33 | -0.08 | 0.42 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149232040000) | 1.09 | 1.25 | 4.33 | 6.83 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 12.58 | 6.33 | 13.58 | 32.49 |
| | ZINFANDEL SIERRA SERIES (149232550000) | | 9 | | 9 |
| ME Total | | 36.3 | 21.17 | 51.83 | 119.07 |
| MI | BARBERA AMADOR COUNTY 2002 12/375 (140277020300) | | | 0.25 | 0.25 |
| | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 0.84 | 1.34 | 0.84 | 3.02 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 6.75 | 14.67 | 12.75 | 34.17 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 2.75 | 2.42 | 1.17 | 6.34 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146550050300) | 1.08 | 0.67 | 1 | 2.75 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 1.83 | 2.42 | 2.42 | 6.67 |
| | SANGIOVESE 1999 12/750 (147975990000) | 0 | 0 | | 0 |
| | **SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000)** | 0 | 0 | 0.08 | 0.08 |
| | VIOGNIER ESTATE VINEYA RD (149173550000) | 0.83 | 0.33 | 1.83 | 2.99 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 11.83 | 12.58 | 9.17 | 33.58 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | | | 0 | 0 |
| | ZINFANDEL D'AGOSTINI 2000 12/750 (149337000000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 0.17 | 1.75 | 0.5 | 2.42 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2004 6/750-soldout (149335040100) | 2.5 | 2.17 | 2.83 | 7.5 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 3.67 | 0.33 | 1.5 | 5.5 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | | 12 | 0.33 | 13.33 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 1/3L (149232040400) | 0 | 0 | 2 | 2 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/375 (149232040300) | 4.41 | 0.59 | 1 | 6 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149232040000) | 39.67 | 47 | 40 | 126.67 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 61.67 | 71.75 | 88.16 | 221.58 |
| MI Total | | 139 | 170.02 | 165.83 | 474.85 |
| MN | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 0 | 1 | 0 | 0 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 11.83 | 18 | 39.5 | 69.33 |
| | DRY ROSE 2005 12/750 (146744050000) | 0 | 0 | 4 | 4 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146550060300) | 6.59 | 4.34 | 5 | 15.93 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 6.59 | 7 | 38.6 | 52.19 |
| | PORT SIERRA FOOTHILLS 12/375 (147052550000) | 0 | 0 | 0 | 0 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | 0 | 0.09 | 0 | 0.09 |
| | SANGIOVESE 1999 12/750 (147975990000) | 0 | 0 | 0 | 0 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 7.84 | 13 | 39.5 | 60.34 |
| | **SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000)** | 0 | 0 | 0.5 | 0.5 |
| | VIOGNIER ESTATE VINEYA RD (149173550000) | 0 | 0 | 0 | 0 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 1 | 0 | 11.59 | 12.59 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | 0 | 0 | 0 | 0 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 0 | 0 | 1 | 1 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 0 | 0.33 | 3 | 3.33 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 1 | | | 1 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | | 2 | 1 | 3 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 3 | 1 | 2 | 6 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 1/3L (149232040400) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149232040000) | 42.58 | 28.67 | 54.93 | 126.18 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 40.09 | 35.42 | 119.76 | 195.27 |
| MN Total | | 120.52 | 110.85 | 320.38 | 551.75 |
| MO | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | | 1 | | 1 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 2 | 1 | 1 | 4 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146550050300) | 1.08 | 0.16 | 0.5 | 1.74 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 2 | 4.67 | 3.41 | 10.08 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | 0.08 | 0.33 | 2.24 | 2.65 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 2 | 1.16 | 1.25 | 4.41 |
| | SYRAH ROSE SIERRA SERIES 2004 12/750 (146744040000) | 0 | 1 | 0.75 | 1.75 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 0.99 | 3.08 | 3.41 | 7.48 |
| | ZINFANDEL AMADOR ICE 2005 12/375 (149233050000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL AMADOR ICE SHENANDOAH VALLEY (149233550000) | 0 | 0.49 | 0.25 | 0.74 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 0.5 | 0 | 1 | 1.5 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 6/750 (149322550100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 0.66 | 2.99 | 2.5 | 6.15 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 12/375 (149232550300) | 0 | 0.25 | 0 | 0.25 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2002 1/3L (149232020400) | 0.16 | | 0 | 0.16 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2002 12/750 (149232020000) | 0.16 | | 0.08 | 0.24 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2003 12/750 (149232030000) | 0.41 | -0.25 | 0.08 | 0.24 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149232040000) | 7.66 | 6.08 | 9.24 | 22.98 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 13.74 | 13.32 | 16.41 | 43.47 |
| MO Total | | 31.44 | 35.25 | 41.12 | 107.84 |
| MS | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | | | | |
| | VIOGNIER RED LABEL 2004 12/750 (149234040000) | 2 | | 3 | 5 |
| | **ZINFANDEL RED LABEL 2005 12/750 (149235050000)** | | | 2 | 2 |
| MS Total | | 2 | | 5 | 7 |
| MT | BARBERA SIERRA SERIES (140278550000) | | 0.83 | 0.375 | |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | -0.09 | 0.92 | | 0.83 |
| | ORANGE MUSCAT AMADOR COUNTY (146550550000) | 0 | 0 | 0 | 0 |

N:\Danica\DEUTSCH\Depletions\AllDepletionsJan05-Mar06_042308wPivotTable
Source: Diver
Server:wqunterreport.com
Sub Source: BDN

Printed 5/20/2008

| | | | | | |
|---|---|---|---|---|---|
| MT | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 0.33 | 0 | 0 | 0.33 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 0.42 | 0.83 | 0.58 | 1.83 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY (149332550000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 0.42 | 0 | 0.75 | 2.17 |
| MT Total | | 2.08 | 4.83 | 1.8 | 8.16 |
| NC | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 1.67 | 2.17 | 8 | 11.84 |
| | BARBERA SIERRA SERIES (140278550000) | 1.16 | 1.66 | 4.75 | 7.57 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12 750 (140278050000) | 11.16 | 9.17 | 6.83 | 27.16 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 1.08 | 3.59 | 2.83 | 7.5 |
| | ORANGE MUSCAT AMADOR COUNTY (146550550000) | 0.25 | 0 | 1.83 | 2.08 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146550050300) | 0.58 | 0.17 | 0 | 0.76 |
| | ORANGE MUSCAT AMADOR COUNTY 2006 12/375 (146550060300) | 3.5 | 0.17 | 3.41 | 7.08 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 3 | 5.41 | 5.17 | 13.58 |
| | PINOT GRIGIO SIERRA SERIES (146824550000) | | | 0.5 | 0.5 |
| | PINOT GRIGIO SIERRA SERIES 2004 12/750 (146824040000) | 0.42 | 0.33 | 1.5 | 2.25 |
| | PORT SIERRA FOOTHILLS 12/375 (147052550300) | 0 | 0.58 | 0.75 | 1.33 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | 0 | 0 | 0 | 0 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 0.58 | 0 | 1.17 | 1.75 |
| | **SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000)** | 15.92 | 17.17 | 32.92 | 66.01 |
| | SYRAH ROSE SIERRA SERI ES (146744550000) | 0 | 0 | 0 | 0 |
| | SYRAH SIERRA SERIES (146743550000) | 3.42 | 3.08 | 3.5 | 10 |
| | VIOGNIER ESTATE VINEYA RD 2002 12/750 (149173020000) | 0 | 0 | 0 | 0 |
| | VIOGNIER SIERRA SERIES (149174550000) | 1.92 | 0.75 | 2.41 | 5.08 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 14.51 | 13.58 | 22.25 | 50.34 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | 0 | 0.67 | 1.83 | 2.5 |
| | ZINFANDEL AMADOR ICE SHENANDOAH VALLEY (149233550000) | | | 0.08 | 0.08 |
| | ZINFANDEL D'AGOSTINI 2000 12/750 (149337000000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL FIDDLETOWN (149323550000) | 0.33 | 0.42 | 0.42 | 1.17 |
| | ZINFANDEL FIDDLETOWN 2002 12/375 (149323020300) | 0 | 0 | 0 | 0 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 0 | 0 | 0.17 | 0.17 |
| | ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | 0.58 | 1.75 | 0.67 | 3 |
| | ZINFANDEL GRANDMERE AM ADOR COUNTY 2004 6/750-soldout (149335040100) | 6.17 | 3.17 | 0.33 | 9.67 |
| | ZINFANDEL GRANDMERE AM ADOR COUNTY 2005 6/750 (149335050100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 0 | 0.33 | 0.67 | 1 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 6/750 (149335550100) | 0.33 | 0.33 | 1.34 | 2 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149323030100) | 0 | 0 | 0.17 | 0.17 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149323040000) | 1.17 | 2.83 | 2.34 | 6.34 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 6/750 (149323550100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL JACK RABBIT FLAT 2002 6/750 (149324020100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 0.33 | 2.5 | 0.83 | 3.66 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY (149232550000) | 2.75 | 0.83 | 1.75 | 5.33 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 1/3L (149232550400) | 1 | | | 1 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 12/375 (149232550300) | 1 | 0.25 | 1.08 | 2.33 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2002 12/750 (149232020000) | 10 | 8.58 | 13.08 | 31.66 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 1/3L (149232040400) | 0 | 0 | 3 | 3 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/375 (149232040300) | 0.33 | 0.42 | 2.92 | 3.67 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 26.67 | 53 | 76.42 | 156.09 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 52.26 | 51.66 | 76.66 | 180.58 |
| | ZINFANDEL SIERRA SERIE S (149234550000) | 26.42 | 19 | 21.75 | 67.17 |
| NC Total | | 188.52 | 203.57 | 303.33 | 695.42 |
| ND | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 0.17 | 0 | 0 | 0.17 |
| | BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040000) | 0.5 | 0 | 3.33 | 3.83 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 0 | 0 | 6.17 | 6.17 |
| | VIOGNIER SIERRA SERIES 2004 12/750 (149174040000) | 1.08 | 0 | 2.17 | 3.25 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | 0 | 0 | 0 | 0 |
| | ZINFANDEL FIDDLETOWN 2003 12/750 (149323030000) | 0.08 | 0 | 0.5 | 0.58 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 0.5 | 0 | 0.67 | 1.17 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 12/750 (149323030100) | 0.33 | 0 | 0 | 0.33 |
| | ZINFANDEL JACK RABBIT FLAT (149324550000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 0 | 0 | 4 | 4 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2003 12/750 (149232030000) | 5.58 | 2.92 | 7.25 | 15.75 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 6.17 | 0.25 | 14.25 | 20.67 |
| ND Total | | 14.41 | 3.17 | 38.34 | 55.92 |
| NE | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 2 | 3 | 12 | 17 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 1 | 0 | 6 | 7 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | 1 | 0 | 0 | 1 |
| | **SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000)** | 0 | 0 | 8 | 8 |
| | SYRAH ROSE SIERRA SERI ES 2004 12/750 (146744040000) | 0 | 0 | 0 | 0 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 1 | 1 | 12.08 | 14.08 |
| | ZINFANDEL AMADOR ICE 2005 12/375 (149233050300) | 1 | 0.08 | 0.25 | 1.33 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 0 | 0 | 0.17 | 0.17 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 1/3L (149232040400) | 0 | 0 | 2 | 2 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 1 | 2 | 2 | 5 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 12.17 | 4.42 | 30.17 | 46.76 |
| NE Total | | 19.17 | 10.5 | 72.67 | 102.34 |
| NH | BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040000) | 1 | 1 | 1 | 1 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 1 | 1 | 1 | 1 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | 1 | 1 | 2 | 4 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 7 | 7 | 5 | 19 |
| | VIOGNIER ESTATE VINEYA RD 2002 12/750 (149173020000) | 1 | 1 | 4 | 12 |

N:\Danica\DEUTSCH\Depletions\AllDepletionsJan05-Mar08 042308wPivotTable
Source: Diver
Server:wd.interreport.com
Sub Source: BDN

Printec 5/20/2008

| | | | | | |
|---|---|---|---|---|---|
| NF | ZINFANDEL AMADOR ICE 2005 12/375 (149233050300) | | 0 | | 2 | 4 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149232040000) | 17 | 8 | 6 | 31 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 6 | 6 | 8 | 20 |
| NF Total | | 36 | 21 | 35 | 92 |
| NJ | BARBERA SIERRA SERIES (140278850000) | | | | 1 |
| | BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040000) | -4 | 2 | 0 | -2 |
| | BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040066) | 3.67 | | | 3.67 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 0 | 2 | 4 | 6 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 0 | 4 | 5 | 9 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146650050300) | 0 | 0 | 1 | 2 |
| | ORANGE MUSCAT AMADOR COUNTY 2006 12/375 (146650060300) | 0 | 0 | 0 | 0 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 0 | 7 | 2 | 9 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 0 | 0 | 0 | 1 |
| | SYRAH ROSE SIERRA SERIES (146744050000) | 0 | 1 | 0 | 1 |
| | SYRAH SIERRA SERIES (146743550000) | 4 | 4 | 1 | 9 |
| | VIOGNIER ESTATE VINEYARD (149173550000) | 8 | 10 | 0 | 18 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | 3 | 2 | 1 | 6 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149323020066) | 12 | | | 12 |
| | ZINFANDEL FIDDLETOWN 2004 12/750 (149323040000) | 2 | | 0 | 3 |
| | ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | 0 | 0 | 1 | 1 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2004 6/750-soldout (149335040100) | 4 | 9 | 2 | 15 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2005 6/750 (149335050100) | | 0 | 0 | 0 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 0 | 0 | 1 | 1 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 3 | 1 | | 4 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 0 | 0 | 1 | 3 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 1 | 2 | 1 | 4 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 1/3L (149232550400) | 0 | 7 | 0 | 7 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2002 1/3L (149232020400) | 1 | 0 | | 1 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2002 1/3L (149232020466) | 8 | | | 8 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2002 12/750 (149232020000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2003 12/375 (149232030300) | 3 | 0 | 0 | 3 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 1/3L - PROMO (149232040...1) | | | 0 | 0 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/375 (149232040300) | 1 | 0 | 0 | 1 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149232040000) | 40 | 73 | 65 | 178 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 28 | 117 | 41 | 186 |
| NJ Total | | 120.67 | 243 | 126 | 489.67 |
| NM | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 0 | 1 | 0 | 1 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 0 | 0 | 0 | 0 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146650050300) | 0 | 0 | 0.17 | 0.17 |
| | ORANGE MUSCAT AMADOR COUNTY 2006 12/375 (146650060300) | 0 | 0 | 0.17 | 0.17 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 0.5 | 0.08 | 0.5 | 1.08 |
| | SYRAH AMADOR COUNTY 2002 6/750 (146742020100) | 0 | 0 | 0 | 0 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 0.08 | 0 | 6.75 | 6.83 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 1.08 | 0 | 2 | 3.08 |
| | ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | 0.08 | 0 | 1.17 | 1.25 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2004 6/750-soldout (149335-...100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 1.67 | 0 | 1.17 | 2.84 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 3.66 | 1.17 | 0.33 | 5.16 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2002 12/750 (149232020000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149232040000) | 3.83 | 4.92 | 3.75 | 12.5 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 8.84 | 4.83 | 5.33 | 19 |
| NM Total | | 19.74 | 12 | 21.34 | 53.08 |
| NV | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 1 | 0 | 0.5 | 1.5 |
| | BARBERA AMADOR COUNTY 2005 6/750 (140277050100) | 0 | 0 | 0.5 | 0.5 |
| | BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040000) | 0 | 0 | 0 | 0 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 7 | 6.08 | 16 | 29.08 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 0 | 0 | 0 | 0 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146650050300) | 2 | 2 | 0 | 4 |
| | ORANGE MUSCAT AMADOR COUNTY 2006 12/375 (146650060300) | | 2 | 0 | 0 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 6.25 | 7 | 43 | 56.25 |
| | PINOT GRIGIO SIERRA SERIES 2004 12/750 (146824040000) | 0.09 | 8.58 | | 8.67 |
| | PORT SIERRA FOOTHILLS 2003 12/375 (147052030300) | -0.08 | 0 | 2.17 | 2.09 |
| | SYRAH AMADOR COUNTY 2002 6/750 (146742020100) | 0.83 | 0 | 0.84 | 1.67 |
| | SYRAH AMADOR COUNTY 2004 6/750 (146742040100) | -1 | 0 | 2 | 1 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 2 | 1 | 8.83 | 11.83 |
| | SYRAH ROSE SIERRA SERIES 2004 12/750 (146744040000) | 0 | 0 | 0 | 0 |
| | VIOGNIER ESTATE VINEYARD 2002 12/750 (149173020000) | 1.42 | 0.08 | 0.08 | 1.58 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 0 | 0 | 2 | 2 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | 1.92 | 1 | 2.67 | 5.59 |
| | ZINFANDEL AMADOR ICE SHENANDOAH VALLEY (149233550000) | 0 | 0.5 | 0 | 0.5 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 1 | 0 | 1.16 | 2.16 |
| | ZINFANDEL FIDDLETOWN 2004 12/750 (149323040000) | 4.08 | 2.17 | 7.08 | 13.33 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2004 6/750-soldout (149335040100) | 1 | 1 | 1.17 | 3.17 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 0 | 0 | 0.5 | 0.5 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 4.67 | 0 | 2.67 | 9.34 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 0 | 1 | 0.17 | 1.17 |
| | ZINFANDEL JACK RABBIT FLAT (149324550000) | 3 | 2.09 | 0 | 5.09 |
| | ZINFANDEL JACK RABBIT FLAT 2002 6/750 (149324020100) | 0 | 1 | 4.17 | 5.17 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | -0.5 | 0 | 4.83 | 4.33 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2003 12/375 (149232030300) | 0.33 | 1.33 | 0.42 | 2.08 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2003 12/750 (149232030000) | 0 | 0 | 0.75 | 0.75 |

N:\Danica\DEUTSCH\Depletions\AllDepletionsJan05-Mar08 042308wPivotTable
Source: Diver
Server:wd.interreport.com
Sub Source: BDN

Printed 5/20/2008

| | | | | | |
|---|---|---|---|---|---|
| NV | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/375 (149323040300) | | | | 8 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149323040000) | 28 | 63.55 | 105 | 196.55 |
| | ZINFANDEL RED LABEL 2004 12/750 (149324040000) | | | 2 | 8 |
| | ZINFANDEL RED LABEL 2005 12/750 (149324050000) | 19.67 | 8.25 | 37.33 | 59.25 |
| NV Total | | 81.9: | 193.5: | 261.84 | 537.28 |
| NY | BARBERA AMADOR COUNTY (140277550000) | 0 | 0 | 0 | 0 |
| | BARBERA AMADOR COUNTY 2002 12/750 (140277020000) | 0 | 0 | 2 | 2 |
| | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 0 | 0 | 2 | 2 |
| | BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040000) | 0 | 8 | 31 | 39 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146550050300) | 0 | 11 | 9 | 20 |
| | ORANGE MUSCAT AMADOR COUNTY 2006 12/375 (146550060300) | 0 | 0 | 0 | 0 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 0 | 10 | 20 | 30 |
| | PORT SIERRA FOOTHILLS 12/375 (147052550300) | 0 | 0 | 0 | 1 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | 0 | 0 | 0 | 0 |
| | SANGIOVESE 1999 12/750 (147975990000) | 0 | 0 | 0 | 0 |
| | SYRAH AMADOR COUNTY 2002 6/750 (146742020100) | 0 | 0 | 0 | 0 |
| | SYRAH AMADOR COUNTY 2004 6/750 (146742040100) | 9 | 0 | 0 | 9 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 10 | 5 | 25 | 44 |
| | **SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000)** | 8 | 7 | 2 | 17 |
| | SYRAH ROSE SIERRA SERIES 2003 12/750 (146744030066) | 0 | 0 | 0 | 0 |
| | SYRAH ROSE SIERRA SERIES 2004 12/750 (146744040000) | 2.92 | 0 | 0 | 2.92 |
| | SYRAH SIERRA SERIES 2002 12/750 (146743020066) | 0 | 0 | 0 | 0 |
| | VIOGNIER ESTATE VINEYA RD (149173550000) | 0 | 0 | 0 | 0 |
| | VIOGNIER ESTATE VINEYA RD 2002 12/750 (149173020000) | 0 | 0 | 0 | 0 |
| | VIOGNIER SIERRA SERIES 2004 12/750 (149174040000) | 0 | 0 | 0 | 0 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 15 | 15 | 31.5 | 61.5 |
| | ZINFANDEL AMADOR ICE 2005 12/375 (149233050390) | 1.92 | 2.92 | -0.08 | 4.76 |
| | ZINFANDEL AMADOR ICE 2005 12/375 (149233050366) | 0 | 0 | 0 | 0 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | 0 | 0 | 0 | 0 |
| | ZINFANDEL D'AGOSTINI 2000 12/750 (149337000000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL FIDDLETOWN 2004 12/750 (149323040000) | 0 | 2 | 1 | 3 |
| | ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | 0 | 2 | 1 | 3 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2004 6/750-soldo (149335040100) | 2 | 8 | 2.84 | 12.84 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335040166) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 6/750 (149335550000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 1/5L (149332550700) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149332030100) | 0 | 3 | 2 | 5 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149332030166) | 0 | 2 | 0 | 2 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149332040100) | 2 | 0 | 0 | 2 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 6/750 (149332550) | 0 | 0 | 6 | 6 |
| | ZINFANDEL JACK RABBIT FLAT 2002 6/750 (149324020100) | 0 | 3 | 3 | 6 |
| | ZINFANDEL JACK RABBIT FLAT 2002 6/750 (149324020166) | 0 | 0 | 0 | 0 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 2 | 2 | 3 | 7 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 1/5L (149323550700) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2003 12/375 (149323000) | 0 | 1 | 0 | 1 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 1/3L (149323040000) | 18.91 | 0 | 0 | 18.91 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 1/3L (149323040000) | 1 | 0 | 0 | 1 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/375 (149323000) | 20 | 33 | 9 | 62 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149323000) | 67.92 | 73.84 | 54.84 | 196.6 |
| | ZINFANDEL RED LABEL 2004 12/750 (149324040000) | 123.84 | 274.84 | 873.34 | 1272.02 |
| | **ZINFANDEL RED LABEL 2005 12/750 (149324050000)** | | | | |
| NY Total | | 285.51 | 469.6 | 1075.44 | 1830.55 |
| OH | BARBERA AMADOR COUNTY 2002 12/750 (140277020000) | 0 | 0 | 0 | 0 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050) | 5.91 | 8.07 | 8.49 | 22.47 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 0.5 | 0.16 | 0.91 | 1.57 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146550050) | 0 | 0 | 0.16 | 0.16 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 0.25 | 3.16 | 5.5 | 8.91 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | 0 | 0 | 0.08 | 0.08 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 4.5 | 2.49 | 3.91 | 10.9 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 4.74 | 6.07 | 9.75 | 20.56 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | 1.25 | 1.07 | 0.99 | 3.31 |
| | ZINFANDEL FIDDLETOWN 2002 12/375 (149323020300) | 0 | 0 | 0.25 | 0.25 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 0.16 | 0.83 | 0 | 0.99 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149332030100) | 2.16 | 1.66 | 0.66 | 4.48 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149332040100) | 0 | 4.83 | 2 | 6.83 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 2.16 | 0.83 | 3.99 | 6.98 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 1/3L (149323040000) | 0.08 | 0.16 | 0.58 | 0.82 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/375 (149323040300) | 46.41 | 50.83 | 68.25 | 165.49 |
| | ZINFANDEL RED LABEL 2004 12/750 (149324040000) | 41.16 | 40.25 | 65.49 | 146.9 |
| OH Total | | 109.28 | 120.4° | 171.01: | 400.7 |
| OK | BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040000) | 0 | 0 | 0 | 0 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 0 | 0 | 0 | 0 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 0 | 0 | 0 | 0 |
| | SYRAH ROSE SIERRA SERIES 2004 12/750 (146744040000) | 0 | 0 | 0 | 0 |
| | VIOGNIER SIERRA SERIES 2004 12/750 (149174040000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149323040000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL RED LABEL 2004 12/750 (149324040000) | 0 | 0 | 0 | 0 |
| OK Total | | 0 | 0 | 0 | 0 |
| OR | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 0.17 | 0.5 | 0.67 | 1.34 |

N:\Danica\DEUTSCH\Depletions\AllDepletionsJan05-Mar08 042308wPivotTable
Source: Diver
Server:wo.interreport.com
Sub Source: BDN

Printed 5/20/2008

| | | | | | |
|---|---|---|---|---|---|
| OR | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 25 | 24 | 26.5 | 73.5 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 0.25 | 1.83 | 0 | 2.08 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146550050300) | 0.33 | 0.25 | 0.5 | 1.08 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 3.00 | -0.08 | 3 | 6.25 |
| | PORT SIERRA FOOTHILLS 12/375 (147052050000) | 0 | 0.42 | -0.17 | 0.25 |
| | SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000) | 23.25 | 28.17 | 34.17 | 85.59 |
| | SYRAH ROSE SIERRA SERIES 2004 12/750 (146744040000) | 0.67 | 0 | | 0.67 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 7.42 | 11.33 | 11.42 | 30.17 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | 0.25 | 0.5 | 0.33 | 1.08 |
| | ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | 1.25 | 0.33 | 0.83 | 2.91 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 1.5 | 4.33 | 0.83 | 6.66 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 0 | 0 | 1.67 | 1.67 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 1.17 | 2.17 | 0.5 | 3.84 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/375 (149232040300) | 6.08 | 5.58 | 7.17 | 18.83 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 84.17 | 96.42 | 117.83 | 298.42 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 37.17 | 32.75 | 50.08 | 121 |
| OR Total | | 186.01 | 210 | 255.33 | 654.34 |
| PA | BARBERA SIERRA SERIES (140278550000) | 13 | 10 | 20 | 43 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 6 | 8 | 4.5 | 18.5 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146550050300) | 0.16 | | 0.66 | 0.82 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 2.17 | 2.17 | 9.92 | 14.26 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 27 | 25 | 65 | 117 |
| | VIOGNIER ESTATE VINEYA RD 2002 12/750 (149173020000) | 4.5 | 2.83 | 7.08 | 14.41 |
| | ZINFANDEL AMADOR ICE SHENANDOAH VALLEY (149233550000) | | | 2 | 2 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 1.33 | 1 | 3 | 5.33 |
| | ZINFANDEL GRANDMERE AM ADOR COUNTY 2004 6/750-soloout (149335(040100) | 1.5 | 1 | 0.84 | 3.34 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 4 | 8 | 32 | 44 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 4 | 4 | 20 | 28 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 6/750 (149322550100) | 2.16 | 0.66 | | 2.82 |
| | ZINFANDEL JACK RABBIT FLAT 2002 6/750 (149324020100) | 6.34 | 2.66 | 2 | 11 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2002 12/375 (149232020300) | 0.66 | | 0.24 | 0.9 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2003 12/375 (149232030300) | 0.64 | 0.5 | | 1.14 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2003 12/750 (149232030000) | 51 | 45 | 169 | 265 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 6.5 | | 8.33 | 14.83 |
| | ZINFANDEL SIERRA SERIE S FOOTHILLS 2003 12/750 (149234030000) | 69 | 76 | 495 | 640 |
| PA Total | | 199.96 | 186.82 | 839.57 | 1226.35 |
| RI | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 0 | 0 | 3 | 3 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 5.42 | 2 | 5 | 12.42 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 0 | 0 | 0 | 0 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146550050300) | 0 | 1.25 | 0.08 | 1.33 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 12 | 2.5 | 3 | 17.5 |
| | SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000) | 11.25 | 1.5 | 19.17 | 31.92 |
| | SYRAH ROSE SIERRA SERI ES 2004 12/750 (146744040000) | 0 | | | 0 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 14.17 | 1.25 | 4 | 19.42 |
| | ZINFANDEL AMADOR ICE SHENANDOAH VALLEY (149233550000) | 0.08 | 0 | 1.08 | 1.16 |
| | ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | 1 | 0 | 1.33 | 2.33 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 1.17 | | | 1.17 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 1.17 | 0 | 4.5 | 5.67 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 5 | 0.33 | 6 | 11.33 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2003 12/375 (149232030300) | 1.33 | 0.83 | 0.67 | 2.83 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 26.83 | 7.17 | 20.92 | 54.92 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 34.42 | 12.33 | 39 | 85.75 |
| RI Total | | 114.84 | 29.16 | 106.75 | 250.75 |
| SC | BARBERA AMADOR COUNTY 2002 12/375 (140277020300) | 0 | 0.41 | -0.25 | 0.16 |
| | BARBERA AMADOR CCUNTY 2004 6/750 (140277040100) | 1.66 | 3.17 | | 4.83 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 1.5 | 6.41 | 5.67 | 13.58 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 0.33 | 1.33 | 0 | 1.66 |
| | ORANGE MUSCAT AMADOR COUNTY 2006 12/375 (146550060300) | 0.5 | 0.33 | 0.26 | 1.09 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 1.16 | 6.84 | 1.08 | 9.08 |
| | PORT SIERRA FOOTHILLS 12/750 (147052650000) | 0 | 0.5 | -0.17 | 0.33 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 1.92 | 4.42 | 6.08 | 12.42 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 2.66 | 2.84 | 1.92 | 7.42 |
| | ZINFANDEL AMADOR ICE 2005 12/375 (149233050300) | 0.17 | 0.42 | 0 | 0.59 |
| | ZINFANDEL FIDDLETOWN 2002 12/375 (149323020300) | 0.08 | 0 | | 0.08 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 5.16 | 17.92 | | 23.08 |
| | ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | | | 0 | 0 |
| | ZINFANDEL GRANDMERE AM ADOR COUNTY 2004 6/750-soloout (149335040100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0 | 0.01 | 0 | 0.01 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2003 12/375 (149232030300) | 0.16 | 0.75 | 0.17 | 1.08 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 10.25 | 11.92 | 12.08 | 34.25 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 0 | 0 | 0.5 | 0.5 |
| | ZINFANDEL RED LABEL 2005 12/750 (149234050000) | 15.08 | 19.58 | 20.17 | 54.83 |
| SC Total | | 40.63 | 76.85 | 47.51 | 164.99 |
| SD | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 0.17 | | 0 | 0.17 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 0 | 0 | 0 | 0 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | | | 0 | 0 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 0 | 0 | 0 | 0 |
| | SYRAH ROSE SIERRA SERI ES (146744550000) | 0 | 0 | 0 | 0 |
| | VIOGNIER SIERRA SERIES (149174550000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | | | 0 | 0 |

| | | | | |
|---|---|---|---|---|
| **SD** | ZINFANDEL AMADOR ICE SHENANDOAH VALLEY (149233550000) | 0 | 0.33 | | 0.33 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149232020300) | 0 | | 0 | 0 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0.5 | | 0 | 0.5 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2002 1/5L (149232020400) | 0 | 0 | 1 | 1 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2003 12/750 (149232030000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 0.33 | | 0.08 | 1.41 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 0 | | 0.5 | 0.5 |
| **SD Total** | | | 0.33 | 1.59 | 2.91 |
| **TN** | BARBERA AMADOR COUNTY 2002 12/750 (140277020000) | 3.16 | | 0 | 2.16 |
| | BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040000) | 5 | 0.08 | 3.92 | 9 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 0.25 | 1 | 3 | 4.25 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146550050300) | 0 | 0 | 0 | 0 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146624050000) | 1 | 0 | 0 | 1 |
| | PINOT GRIGIO SIERRA SERIES 2004 12/750 (146624040000) | 0.17 | 0.08 | 0 | 0.25 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | 0 | 0 | 0 | 0 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | 0 | 0 | 0 | 0 |
| | SYRAH AMADOR COUNTY 2002 6/750 (146742020100) | 0 | 0 | 0 | 0 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 2 | 0 | 0 | 2 |
| | **SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000)** | | 2 | 2 | 4 |
| | VIOGNIER ESTATE VINEYA RD 2002 12/750 (149173020000) | 0 | 0 | 0 | 0 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 0.33 | 0.33 | 0.08 | 0.74 |
| | ZINFANDEL AMADOR ICE 2005 12/375 (149233050300) | 0.75 | 0.25 | 0.08 | 1.08 |
| | ZINFANDEL AMADOR ICE SHENANDOAH VALLEY (149233550000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149232020000) | 2.17 | 0.5 | 0 | 2.67 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 0 | 4.16 | 0 | 4.16 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 12/375 (149232550300) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2002 1/5L (149232020400) | 0 | 0 | 1 | 1 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 1/5L (149232040400) | 2 | 3 | 1 | 6 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 14.33 | 10.41 | 12.18 | 36.92 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 14.66 | 26.49 | 21.34 | 62.49 |
| | **ZINFANDEL RED LABEL 2005 12/750 (149234050000)** | 9.75 | 5.75 | 5.42 | 20.92 |
| **TN Total** | | 55.57 | 54.08 | 50.02 | 159.64 |
| **TX** | BARBERA AMADOR COUNTY 2002 12/375 (140277020300) | 0 | 0 | 1.5 | 1.5 |
| | BARBERA AMADOR COUNTY 2002 12/750 (140277020000) | 0.33 | 0.83 | 0 | 1.16 |
| | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 0 | 0 | 0 | 0 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 14.25 | 15.33 | 42.66 | 72.24 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 1.66 | 3 | 3 | 7.66 |
| | ORANGE MUSCAT AMADOR COUNTY (146550550000) | 0.83 | -0.41 | 0 | 0.42 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146550050300) | 0.08 | 0 | 0.16 | 0.24 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146624050000) | 4.33 | 3.58 | 2.33 | 10.24 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | 0 | 0 | 0 | 0 |
| | SANGIOVESE 1999 12/750 (147975990000) | 0 | 0 | 0 | 0 |
| | SYRAH AMADOR COUNTY 2002 6/750 (146742020100) | 0 | 1 | 2.16 | 3.16 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 3.74 | 9.08 | 15.41 | 28.23 |
| | SYRAH ROSE SIERRA SERI ES (146744550000) | 0.33 | 0 | 0 | 0.33 |
| | VIOGNIER SIERRA SERIES 2004 12/750 (149174040000) | 1 | 0 | 0 | 1 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 2.25 | 8.5 | 1 | 11.75 |
| | ZINFANDEL AMADOR ICE 2005 12/375 (149233050300) | 1.66 | 0.91 | 0 | 2.57 |
| | ZINFANDEL D'AGOSTINI 2000 12/750 (149337000000) | 0 | 6.75 | | 6.75 |
| | ZINFANDEL FIDDLETOWN 2002 12/375 (149232020300) | 0.25 | | | 0.25 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149232020000) | 0.5 | 2 | 0 | 2.5 |
| | ZINFANDEL GRANDMERE AM ADOR COUNTY 2004 6/750-soldout (149335040100) | 9.82 | 1.16 | 0.5 | 11.48 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 1 | 0 | 1 | 2 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 3.16 | 2.5 | 3 | 8.66 |
| | ZINFANDEL JACK RABBIT FLAT (149324550000) | 0.25 | 0 | 0 | 0.25 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/375 (149232040300) | 1.66 | 1.41 | 1.5 | 4.57 |
| | ZINFANDEL OLD VINE AMA DOR COUNTY 2004 12/750 (149232040000) | 43.99 | 39.73 | 58.82 | 142.54 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 1 | -3.51 | | -1.51 |
| | ZINFANDEL SIERRA SERIE S (149234550000) | 82.41 | 80.65 | 118.9 | 281.96 |
| | ZINFANDEL SIERRA SERIE S FOOTHILLS 2003 12/750 (149234030000) | 0 | 0 | 0 | 0 |
| **TX Total** | | 174.5 | 172.91 | 252.94 | 599.95 |
| **VA** | BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040000) | 0.08 | 0 | 0 | 0.08 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 3.91 | 11.58 | 9.25 | 24.74 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 0.08 | 0 | 0 | 0.08 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146550050300) | 0.25 | 0.25 | 1.33 | 1.83 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146624050000) | 0 | 3 | 1.75 | 4.75 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | 0 | 0 | 0.25 | 0.25 |
| | PORT SIERRA FOOTHILLS 2003 12/375 (147052030300) | 0 | 0 | 0 | 0 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 0.92 | 5.08 | 2.42 | 8.42 |
| | **SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000)** | 0.58 | 5 | 4.58 | 10.16 |
| | SYRAH ROSE SIERRA SERI ES 2004 12/750 (146744040000) | 0.08 | 0 | 0 | 0.08 |
| | VIOGNIER ESTATE VINEYA RD 2002 12/750 (149173020000) | 0 | 1 | 0.25 | 1.25 |
| | VIOGNIER SIERRA SERIES 2004 12/750 (149174040000) | 0 | 1 | 1.17 | 2.17 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 5.75 | 9.91 | 7.58 | 24.24 |
| | ZINFANDEL AMADOR ICE 2005 12/375 (149233050300) | 0.08 | 0.08 | 0 | 0.16 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233060300) | 0 | 0 | 8 | 8 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149232020300) | 0 | 0 | 0 | 0 |

N:\Danica\DEUTSCH\Depletions\AllDepletionsJan05-Mar08 042308w\PivotTable
Source: Diver
Server: wd.winereport.com
Sub Source: BDN

Printed 5/20/2008

| State | Product | | | | |
|---|---|---|---|---|---|
| VA | ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 0 | 0.5 | 0.25 | 0.75 |
| | ZINFANDEL FIDDLETOWN 2003 12/750 (149323030000) | 0.08 | 0.41 | 0 | 0.49 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2004 6/750-soldout (149335040100) | 0 | 0 | 0 | 1 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2003 6/750 (149335030100) | 7.66 | 0 | 0 | 7.66 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2003 12/375 (149323030300) | 0.17 | 0.08 | 0.25 | 0.5 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2003 12/750 (149323030000) | 0 | 1.58 | 0 | 1.58 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 1/3L - PROMO (149323040040*) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 1/3L (149323040040) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/375 (149323040300) | 0.83 | 0.5 | 1.33 | 2.66 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149323040000) | 53.75 | 86.5 | 78.25 | 79.65 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 16.32 | 24.66 | 36.66 | 79.65 |
| VA Total | | 94.55 | 152.13 | 153.32 | 400 |
| VT | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 2.25 | 1.42 | 5.08 | 8.75 |
| | ORANGE MUSCAT AMADOR COUNTY 2006 12/375 (146550060300) | 0.58 | 0 | 0.84 | 1.42 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 0.58 | 0.17 | 0 | 0.75 |
| | **SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000)** | | | 2.75 | 2.75 |
| | SYRAH SIERRA SERIES (146743550000) | 1.33 | 0.92 | | 2.25 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 3.67 | 1 | 4.42 | 9.09 |
| | ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | 0.25 | 1.75 | 1.59 | 3.59 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 0.67 | | 1.33 | 2 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149323040000) | 1 | 0.67 | 2 | 3.67 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149323040000) | 6.42 | 1.5 | 10.41 | 18.33 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 13.25 | 14.67 | 21.17 | 49.09 |
| VT Total | | 30 | 22.1 | 49.59 | 101.69 |
| WA | BARBERA AMADOR COUNTY 2002 12/375 (140277020300) | 0.66 | 0.08 | | 0.74 |
| | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 0.83 | 0.99 | 1.33 | 3.15 |
| | BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040000) | 0.58 | 0.83 | 0.25 | 1.66 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 24.5 | 26.17 | 35.08 | 85.75 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 4.08 | 6.25 | 3.5 | 13.83 |
| | ORANGE MUSCAT AMADOR COUNTY 2006 12/375 (146550060300) | 0 | 0.58 | 1.08 | 1.66 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 4.75 | 4.25 | 0 | 9 |
| | PINOT GRIGIO RED LABEL 2006 12/750 (146824060000) | 0 | 0 | 15.5 | 15.5 |
| | PORT SIERRA FOOTHILLS 12/750 (147052550000) | 0.16 | 0.5 | 0.91 | 1.57 |
| | SYRAH AMADOR COUNTY 2002 6/750 (146742020100) | 0 | | | 0 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743030000) | 0.25 | 0.58 | 0.25 | 1.08 |
| | **SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000)** | 40.92 | 39.83 | 51.92 | 132.67 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 33 | 44.75 | 41.59 | 119.34 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233050300) | 0.33 | 0.75 | 0 | 1.08 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL FIDDLETOWN 2004 12/750 (149323040000) | 1.17 | 0.92 | 0.42 | 2.51 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2004 6/750-soldout (149335040100) | 2.67 | 0.83 | 0 | 3.5 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 31.83 | 65 | 45.83 | 142.66 |
| | ZINFANDEL JACK RABBIT FLAT 2002 6/750 (149324020100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 0 | 0.17 | 0.5 | 0.67 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2003 12/375 (149323030300) | 0 | 0 | 0 | 0 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/375 (149323040300) | 0 | 1.33 | 1.17 | 2.5 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149323040000) | 8.58 | 14.5 | 11.75 | 34.83 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 33.67 | 33.5 | 62.33 | 129.5 |
| | **ZINFANDEL RED LABEL 2005 12/750 (149234050000)** | **2.16** | **1.91** | **2.08** | **6.15** |
| WA Total | | 190.14 | 243.72 | 275.49 | 709.35 |
| WI | BARBERA AMADOR COUNTY 2004 6/750 (140277040100) | 0 | 0 | 0 | 0.74 |
| | BARBERA SIERRA SERIES FOOTHILLS 2004 12/750 (140278040000) | 2 | 0 | 0 | 2 |
| | BARBERA SIERRA SERIES FOOTHILLS 2005 12/750 (140278050000) | 5.67 | 10.32 | 22.42 | 38.41 |
| | DRY ROSE RED LABEL 2005 12/750 (146744050000) | 1.09 | 2.58 | 7.09 | 10.76 |
| | ORANGE MUSCAT AMADOR COUNTY 2005 12/375 (146550050300) | 3 | 0 | 0.25 | 3.25 |
| | ORANGE MUSCAT AMADOR COUNTY 2006 12/375 (146550060300) | 0 | 1.74 | 1.5 | 3.24 |
| | PINOT GRIGIO RED LABEL 2005 12/750 (146824050000) | 3.59 | 8 | 10.42 | 22.01 |
| | PINOT GRIGIO SIERRA SERIES 2004 12/750 (146824040000) | 1 | 1.91 | 4.25 | 7.16 |
| | PORT SIERRA FOOTHILLS 12/375 (147052550300) | 0 | 0 | 1 | 1 |
| | PORT SIERRA FOOTHILLS 2003 12/375 (147052030300) | 0 | 0 | 0 | 0 |
| | **SYRAH RED LABEL FOOTHILLS 2004 12/750 (146743040000)** | 4.75 | 6.25 | 12.41 | 23.41 |
| | SYRAH ROSE SIERRA SERIES 2004 12/750 (146744050000) | 0.33 | -1.91 | 0 | -1.58 |
| | VIOGNIER ESTATE VINEYA RD 2002 12/750 (149173020000) | 0 | 0.25 | 0 | 0.25 |
| | VIOGNIER SIERRA SERIES 2004 12/750 (149174040000) | 0.08 | 0.42 | 8.75 | 9.25 |
| | VIOGNIER SIERRA SERIES 2005 12/750 (149174050000) | 7.82 | 6.59 | 8 | 22.41 |
| | ZINFANDEL AMADOR ICE 2006 12/375 (149233050300) | 2.33 | 0.5 | 16 | 18.83 |
| | ZINFANDEL FIDDLETOWN 2002 12/750 (149323020000) | 0 | 0 | 0.67 | 0.67 |
| | ZINFANDEL FIDDLETOWN 2004 12/750 (149323040000) | 1 | 0.59 | 0.83 | 2.42 |
| | ZINFANDEL FIDDLETOWN 2005 12/750 (149323050000) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2004 6/750-soldout (149335040100) | 0.08 | 0.42 | 1.08 | 1.58 |
| | ZINFANDEL GRANDMERE AMADOR COUNTY 2005 6/750 (149335050100) | 2.5 | 1.67 | 0.66 | 4.83 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | | | 1.33 | 1.33 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0 | 0 | 0 | 0 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | 2.5 | 0.17 | 1.5 | 4.17 |
| | ZINFANDEL JACK RABBIT FLAT 2002 6/750 (149324020100) | 0 | 0 | 1 | 1 |
| | ZINFANDEL JACK RABBIT FLAT 2003 6/750 (149324030100) | 1 | 0 | 0.17 | 1.17 |

N:\Danica\DEUTSCH\Depletions\AllDepletionsJan05-Mar08 042305>... votTable
Source: Diver
Server:wd.interreport.com
Sub Source: SDN

Printec 5/20/2008

| | | | | | |
|---|---|---|---|---|---|
| W | ZINFANDEL OLD VINE AMADOR COUNTY 2008 12/375 (149232033300) | 0.25 | 0 | 0.25 | 0.5 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/... (149232040400) | - | - | 0 | 2 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149232040000) | 24.09 | 19.91 | 89.34 | 133.34 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 33.43 | 43.33 | 51.37 | 131.48 |
| | **ZINFANDEL RED LABEL 2005 12/750 (149254050000)** | | | 56.25 | 56.35 |
| W Total | | 105.50 | 102.74 | 281 | 488.5 |
| IWV | BARBERA AMADOR COUNTY (140277550000) | 0 | 0 | 0 | 0 |
| | BARBERA SIERRA SERIES (140278550000) | 0 | 0 | 0 | 0 |
| | PORT SIERRA FOOTHILLS 2003 12/375 (147052030300) | 0 | 0 | 0 | 0 |
| | SYRAH RED LABEL FOOTHILLS 2003 12/750 (146743330000) | 0.75 | 0 | 0.08 | 0.83 |
| | VIOGNIER SIERRA SERIES (149174550000) | 0 | 0.17 | 0 | 0.17 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2003 6/750 (149322030100) | 0 | 0.17 | | 0.17 |
| | ZINFANDEL GRANDPERE AMADOR COUNTY 2004 6/750 (149322040100) | | | 0 | 0 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149232040000) | 2.25 | 1.42 | 0.58 | 4.25 |
| | ZINFANDEL RED LABEL 2004 12/750 (149234040000) | 1.25 | 0.75 | 1.17 | 3.17 |
| IWV Total | | 4.25 | 2.51 | 1.83 | 8.59 |
| IWY | BARBERA AMADOR COUNTY 2005 6/750 (140277050100) | | | 1 | 1 |
| | ZINFANDEL OLD VINE AMADOR COUNTY 2004 12/750 (149232040000) | 2 | | 1 | 3 |
| IWY Total | | 2 | | 1 | 3 |
| Grand Total | | 5821.32 | 5854.66 | 8637.52 | 20313.5 |

N:\Danica\DEUTSCH\Depletions\AllDepletionsJan05-Mar08_042306wPivotTable
Source: Diver
Server:wd.interreport.com
Sub Source: BDN

Printed 5/20/2008

# EXHIBIT L

## INVOICE

Page: 1

**W.J. Deutsch & Sons, Ltd.**
108 Corporate Park Drive, Suite 305
White Plains, NY 10604
Phone: 914.251.WINE Fax: 914.251.0283
E-mail: info@wjdeutsch.com

Federal Basic Permit Number: NY-I-1305

**Invoice Number:** 205106
**Invoice Date:** 05/01/08
**Due Date:** 05/31/08
**Deutsch REF#:** LS-8674

**Customer PO #:**
**Ship Date:**
**Shipping Terms:**

SELL TO:

| Customer No.  0090140 |
| RENWOOD WINERY INC. |
| 10461 OLD PLACERVILLE ROAD |
| SUITE 150 |
| SACRAMENTO, CA  95827 |

SHIP TO:

RENWOOD WINERY INC.
10461 OLD PLACERVILLE ROAD
SUITE 150
SACRAMENTO, CA  95827

| Item/Description | Unit | Quantity | Unit Price | Total Price |
|---|---|---|---|---|
| 10% COMMISSION EARNED ON SWS PO# 0326085 | | 1 | 6,048.00 | 6,048.00 |

| Type | | Cases | Gallons | Liters | **Total QTY:** |
|---|---|---|---|---|---|

| | |
|---|---|
| Subtotal: U.S. $ | 6,048.00 |
| Invoice Discount: | 0.00 |
| Excise Tax: | 0.00 |
| Total: U.S. $ | 6,048.00 |

04/30/2008  15:31:42          Southern Wine GSD      -->                    P.002/002

# PURCHASE ORDER
### SOUTHERN WINE & SPIRITS OF AMERICA

| PO # 0326085 | ORDER DATE:  4/30/2008 |

**SHIP TO:**
Name:   SOUTHERN WINE & SPIRITS UC #25
Address: 33321 DOWE AVE.
City:   UNION CITY
State: CA   Zip:  94587
Phone  (510) 477-5591

Vendor Number:   00100564
Vendor Name    W.J.DEUTSCH & SONS LTD    207
Address
City, State, Zip   WHITE PLAINS NY 10604
Phone/Fax   (914) 251-3252 / (914) 251-3238

**BILL TO:**
Name:   SOUTHERN WINE & SPIRITS UC #25
Address: P O BOX 279250
City:   MIRAMAR
State: FL   Zip:  33027

SHIP VIA/CARRIER  RODGERS TRUCKING
SHIP FROM/FOB POINT          WESTERN WINE
SHIP DATE:  5/06/2008
EXPECTED ARRIVAL DATE:  5/12/2008

PLEASE ADVISE WAREHOUSE OF DELIVERY 24 HOURS IN ADVANCE TO SCHEDULE APPOINTMENT AT NUMBER ABOVE
IMPORT ORDERS - BELOW DECK STORAGE IS REQUIRED. CONSIGNEE TO INSURE

| Item # | Pk/sz | Product Description | Unit Cost | Unit Weight | Order Quantity |
|--------|-------|---------------------|-----------|-------------|----------------|
| 000180493 | 012/750ML | RENWOOD PETITE SYRAH LODI(BEVMO)05 | 150.00 | 36.000 | 224 |
| 000180495 | 012/750ML | RENWOOD ZINF LODI (BEVMO) 05 | 120.00 | 36.000 | 224 |
| | | special order S Coburn | | | |

DO 54372

| Total cs | 448 |
| Total weight | 16,128.000 |
| Total cost | 60,480.00 |

Buyer   TRINA W. FAX 510-475-7094
Phone :   (510   )  477   5591
1   PAGE   OF   1

# INVOICE

Page: 1

**..ı & Sons, Ltd.**
, Park Drive, Suite 305
ə Plains, NY 10604
+.251.WINE Fax: 914.251.0283
_-mail: Info@wjdeutsch.com

əeral Basic Permit Number: NY-I-1305

**Invoice Number:** 201914
**Invoice Date:** 02/29/08
**Due Date:** **03/30/08**
**Deutsch REF#:** DB-8404

**Customer PO #:** COM SWS #2
**Ship Date:**
**Shipping Terms:**

SELL TO:

| Customer No.  0090140 |
| --- |
| RENWOOD WINERY INC. |
| 10461 OLD PLACERVILLE ROAD |
| SUITE 150 |
| SACRAMENTO, CA  95827 |

SHIP TO:

| RENWOOD WINERY INC. |
| --- |
| 10461 OLD PLACERVILLE ROAD |
| SUITE 150 |
| SACRAMENTO, CA  95827 |

| Item/Description | Unit | Quantity | Unit Price | Total Price |
| --- | --- | --- | --- | --- |
| Depletion-based commissions earned on direct | | | | |
| shipments to SWS, as per attached schedule | | 1 | 18,130.40 | 18,130.40 |
| Less: Previously billed per Inv No. 196562 | | -1 | 15,440.91 | -15,440.91 |

pe

Cases    Gallons    Liters

**Total QTY:**

| | |
| --- | --- |
| Subtotal:  U.S. $ | 2,689.49 |
| Invoice Discount: | 0.00 |
| Excise Tax: | 0.00 |
| Total:  U.S. $ | 2,689.49 |

**W. J. Deutsch & Sons, Ltd.**                                                Prepared:      2/11/2008
Commission due on direct sales to SWS
As of February 8, 2008

|  | | | Product Description | |
|---|---|---|---|---|
|  | **TOTAL** | Petite Syrah Lodi | Shenendoah Valley Zin | Lodi Zinfandel |
| **a.  PO issued by SWS to Renwood (Cases)** | | | | |
| 0237303 | 1,000 | 200 | 200 | 600 |
| 0231143 | 1,200 | 400 | 400 | 400 |
| 0231142 | 600 | | | 600 |
| 0231002 | 1,148 | 308 | 308 | 532 |
| 0231003 | 168 | | | 168 |
| 0238154 | 896 | 224 | 224 | 448 |
| Total Cases | 5,012 | 1,132 | 1,132 | 2,748 |

**b.  Cases Depleted  as of 02/08/08**

| | | | | |
|---|---|---|---|---|
| Total (as above) | 5,012 | 1,132 | 1,132 | 2,748 |
| Less: Goods remaining in SWS inventory: | | | | |
| North CA (run date 2/8/08) | 1,179 | 343 | 307 | 529 |
| South CA (run date 2/8/08) | 1,196 | 356 | 573 | 267 |
| | 2,375 | 699 | 880 | 796 |
| Total Cases Depleted | 2,637 | 433 | 252 | 1,952 |

**c.  Commission due to WJD at 10% on depleted cases**

| | | | | |
|---|---|---|---|---|
| Total Cases Depleted (as above) | 2,637 | 433 | 252 | 1,952 |
| Discounted FOB prices | | $  72.00 | $  100.00 | $  64.00 |
| Total Cost of Goods Purchased | $  181,304 | $  31,176 | $  25,200 | $  124,928 |
| Commission due WJD @ 10% | $  18,130.40 | | | |
| Previously billed to Renwood (Inv No. 196562) | (15,440.91) | | | |
| **Balance to be invoiced** | **$    2,689.49** | | | |

# INVOICE

Page: 1

**W.J. Deutsch & Sons, Ltd.**
108 Corporate Park Drive, Suite 305
White Plains, NY 10604
Phone: 914.251.WINE Fax: 914.251.0283
E-mail: Info@wjdeutsch.com
Federal Basic Permit Number: NY-I-1305

**Invoice Number:** 203345
**Invoice Date:** 03/27/08
**Due Date:** **04/26/08**
**Deutsch REF#:** DB-8506

**Customer PO #:** COM - SWS #3
**Ship Date:** 03/27/08
**Shipping Terms:**

SELL TO:

**Customer No.** 0090140
RENWOOD WINERY INC.
10461 OLD PLACERVILLE ROAD
SUITE 150
SACRAMENTO, CA 95827

SHIP TO:

RENWOOD WINERY INC.
10461 OLD PLACERVILLE ROAD
SUITE 150
SACRAMENTO, CA 95827

| Item/Description | Unit | Quantity | Unit Price | Total Price |
|---|---|---|---|---|
| Depletion-based commissions earned on direct | | | | |
| shipments to SWS for the period 02/08/08 to | | 1 | 414.80 | 414.80 |
| 02/29/08, as per attached schedule | | | | |

| Type | Cases | Gallons | Liters | Total QTY: | |
|---|---|---|---|---|---|

|  | |
|---|---|
| Subtotal: U.S. $ | 414.80 |
| Invoice Discount: | 0.00 |
| Excise Tax: | 0.00 |
| Total: U.S. $ | 414.80 |

**W. J. Deutsch & Sons, Ltd.**
**Commission due on direct sales to SWS**
**For the period from February 8 through February 29, 2008**

| | TOTAL | Petite Syrah Lodi | Shenendoah Valley Zin | Lodi Zinfandel |
|---|---|---|---|---|
| | | **Product Description** | | |

**a. Cases Depleted for the period**

Goods remaining in SWS inventory as of 2/08/08

| | | | | |
|---|---|---|---|---|
| North CA | 1,179 | 343 | 307 | 529 |
| South CA | 1,196 | 356 | 573 | 267 |
| | 2,375 | 699 | 880 | 796 |

Goods remaining in SWS inventory as of 2/29/08

| | | | | |
|---|---|---|---|---|
| North CA | 1,133 | 328 | 303 | 502 |
| South CA | 1,183 | 347 | 572 | 264 |
| | 2,316 | 675 | 875 | 766 |

Total Cases Depleted for period from 2/8 thru 2/29/08 — 59    24    5    30

**b. Commission due to WJD at 10% of depleted cases**

| | TOTAL | Petite Syrah Lodi | Shenendoah Valley Zin | Lodi Zinfandel |
|---|---|---|---|---|
| Total Cases Depleted (as above) | 59 | 24 | 5 | 30 |
| Discounted FOB prices | | $ 72.00 | $ 100.00 | $ 64.00 |
| Total Cost of Goods Purchased | $ 4,148 | $ 1,728 | $ 500 | $ 1,920 |
| Commission due WJD @ 10% | $ 414.80 | | | |

# INVOICE

Page: 1

**W.J. Deutsch & Sons, Ltd.**
108 Corporate Park Drive, Suite 305
White Plains, NY 10604
Phone: 914.251.WINE Fax: 914.251.0283
E-mail: Info@wjdeutsch.com

Federal Basic Permit Number: NY-I-1305

| | |
|---|---|
| **Invoice Number:** | 196562 |
| **Invoice Date:** | 11/06/07 |
| **Due Date:** | **12/06/07** |
| **Deutsch REF#:** | DB-8091 |
| **Customer PO #:** | BEV & MOORE |
| **Ship Date:** | 11/06/07 |
| **Shipping Terms:** | |

SELL TO:

**Customer No.**  0090140
RENWOOD WINERY INC.
8795 FOLSOM BLVD., STE. 203
Sacramento, CA  95826

SHIP TO:

RENWOOD WINERY INC.
8795 FOLSOM BLVD., STE. 203
Sacramento, CA  95826

| Item/Description | Unit | Quantity | Unit Price | Total Price |
|---|---|---|---|---|
| COMMISSION EARNED ON SWS SHIPMENTS FOR | | 154,409.12 | 0.10 | 15,440.91 |
| SEP/OCT 2007 CALCULATED AT 10% OF FOB | | | | |

| Type | Cases | Gallons | Liters | **Total QTY:** | |
|---|---|---|---|---|---|
| | | | | Subtotal:  U.S. $ | 15,440.91 |
| | | | | Invoice Discount: | 0.00 |
| | | | | Excise Tax: | 0.00 |
| | | | | Total:  U.S. $ | 15,440.91 |

*Handwritten note (right margin):* Renwood SALES To SWS

| SUPPLIER NAME | ITEM DESCRIPTION | POSTING PERIOD | CHAIN | CASE SALE | SALES | FOB | |
|---|---|---|---|---|---|---|---|
| RENWOOD WINERY INC (309) | RENWOOD PETITE SYRAH LODI(BEVMO)05 750ML (180495) | 200709 | BEVERAGES & MORE (307) | 188.00 | 17,296.00 | 72.00 | 13536 |
| RENWOOD WINERY INC (309) | RENWOOD PETITE SYRAH LODI(BEVMO)05 750ML (180495) | 200710 | BEVERAGES & MORE (307) | 12.00 | 1,104.00 | 72.00 | 864 |
| RENWOOD WINERY INC (309) | RENWOOD ZINF OFV SHENAND(BEVMO)05 750ML (180494) | 200709 | BEVERAGES & MORE (307) | 192.00 | 24,576.00 | 100.00 | 19200 |
| RENWOOD WINERY INC (309) | RENWOOD ZINF OFV SHENAND(BEVMO)05 750ML (180494) | 200710 | BEVERAGES & MORE (307) | 55.00 | 7,039.96 | 100.00 | 5500 |
| RENWOOD WINERY INC (309) | RENWOOD ZINFANDEL LODI (BEVMO) 05 750ML (180495) | 200709 | BEVERAGES & MORE (307) | 721.00 | 57,680.00 | 64.00 | 46144 |
| RENWOOD WINERY INC (309) | RENWOOD ZINFANDEL LODI (BEVMO) 05 750ML (180495) | 200710 | BEVERAGES & MORE (307) | 84.00 | 6,816.04 | 64.00 | 5376 |
| TOTAL | | | | 1,252.00 | 114,514.04 | | 90620 |

| SUPPLIER NAME | ITEM DESCRIPTION | POSTING PERIOD | CHAIN | CASE SALE | SALES | FOB | |
|---|---|---|---|---|---|---|---|
| RENWOOD WINERY INC (326) | RENWOOD PETITE SYRAH LODI 05 750ML (180493) | 200709 | BEVERAGES & MORE (307) | 135.00 | 12,420.00 | 72.00 | 9720 |
| RENWOOD WINERY INC (326) | RENWOOD PETITE SYRAH LODI 05 750ML (180493) | 200710 | BEVERAGES & MORE (307) | 22.00 | 2,024.00 | 72.00 | 1584 |
| RENWOOD WINERY INC (326) | RENWOOD ZIN LODI 05 750ML (180495) | 200709 | BEVERAGES & MORE (307) | 532.00 | 42,560.00 | 64.00 | 34048 |
| RENWOOD WINERY INC (326) | RENWOOD ZIN LODI 05 750ML (180495) | 200710 | BEVERAGES & MORE (307) | 31.83 | 2,546.68 | 64.00 | 2037.12 |
| RENWOOD WINERY INC (326) | RENWOOD ZIN OFV SHENANDOAH 05 750ML (180494) | 200709 | BEVERAGES & MORE (307) | 135.00 | 17,280.00 | 100.00 | 13500 |
| RENWOOD WINERY INC (326) | RENWOOD ZIN OFV SHENANDOAH 05 750ML (180494) | 200709 | MORTONS OF CHICAGO (359) | 1.00 | 275.00 | 100.00 | 100 |
| RENWOOD WINERY INC (326) | RENWOOD ZIN OFV SHENANDOAH 05 750ML (180494) | 200710 | BEVERAGES & MORE (307) | 28.00 | 3,584.00 | 100.00 | 2800 |
| TOTAL | | | | 884.83 | 80,689.68 | | 63,789.12 |

| SUPPLIER NAME | ITEM DESCRIPTION | POSTING PERIOD | CHAIN | CASE SALE | SALES | FOB | |
|---|---|---|---|---|---|---|---|
| RENWOOD WINERY INC (326) | RENWOOD PETITE SYRAH LODI 05 750ML (180493) | 200709 | BEVERAGES & MORE (307) | 135.00 | 12,420.00 | 72.00 | 9720 |
| RENWOOD WINERY INC (326) | RENWOOD PETITE SYRAH LODI 05 750ML (180493) | 200710 | BEVERAGES & MORE (307) | 22.00 | 2,024.00 | 72.00 | 1584 |
| RENWOOD WINERY INC (309) | RENWOOD PETITE SYRAH LODI(BEVMO)05 750ML (180495) | 200709 | BEVERAGES & MORE (307) | 188.00 | 17,296.00 | 72.00 | 13536 |
| RENWOOD WINERY INC (309) | RENWOOD PETITE SYRAH LODI(BEVMO)05 750ML (180495) | 200710 | BEVERAGES & MORE (307) | 12.00 | 1,104.00 | 72.00 | 864 |
| RENWOOD WINERY INC (326) | RENWOOD ZIN OFV SHENANDOAH 05 750ML (180494) | 200709 | BEVERAGES & MORE (307) | 135.00 | 17,280.00 | 100.00 | 13500 |
| RENWOOD WINERY INC (326) | RENWOOD ZIN OFV SHENANDOAH 05 750ML (180494) | 200709 | MORTONS OF CHICAGO (359) | 1.00 | 275.00 | 100.00 | 100 |
| RENWOOD WINERY INC (326) | RENWOOD ZIN OFV SHENANDOAH 05 750ML (180494) | 200710 | BEVERAGES & MORE (307) | 28.00 | 3,584.00 | 100.00 | 2800 |
| RENWOOD WINERY INC (309) | RENWOOD ZINF OFV SHENAND(BEVMO)05 750ML (180494) | 200709 | BEVERAGES & MORE (307) | 192.00 | 24,576.00 | 100.00 | 19200 |
| RENWOOD WINERY INC (309) | RENWOOD ZINF OFV SHENAND(BEVMO)05 750ML (180494) | 200710 | BEVERAGES & MORE (307) | 55.00 | 7,039.96 | 100.00 | 5500 |
| RENWOOD WINERY INC (326) | RENWOOD ZIN LODI 05 750ML (180495) | 200709 | BEVERAGES & MORE (307) | 532.00 | 42,560.00 | 64.00 | 34048 |
| RENWOOD WINERY INC (326) | RENWOOD ZIN LODI 05 750ML (180495) | 200710 | BEVERAGES & MORE (307) | 31.83 | 2,546.68 | 64.00 | 2037.12 |
| RENWOOD WINERY INC (309) | RENWOOD ZINFANDEL LODI (BEVMO) 05 750ML (180495) | 200709 | BEVERAGES & MORE (307) | 721.00 | 57,680.00 | 64.00 | 46144 |
| RENWOOD WINERY INC (309) | RENWOOD ZINFANDEL LODI (BEVMO) 05 750ML (180495) | 200710 | BEVERAGES & MORE (307) | 84.00 | 6,816.04 | 64.00 | 5376 |
| TOTAL | | | | 2,136.83 | 195,203.72 | | 154409.12 |

*Handwritten:*

COM RATE    10%

TOTAL COMMISSION    $15,440.91

**EXHIBIT M**

# EXHIBIT N

## Renwood Winery, Inc
### 8795 Folsom Blvd, Ste 203
### Sacramento, CA 95826



Inv Nbr:    2006063002
Inv Date:   June 30th 2006

WJ Deutsch and Sons Ltd
108 Corporate Park Drive
White Plains, NY 10604

| Invoice to cure overstatement of Open Invoices balance applied to Transition Period cure |
|---|

### 1. Calculation of shortfall to be cured

| | |
|---|---:|
| Agreed total of Open Invoices at July 15th 2006 applied to transition period cure | $56,049.00 |
| Actual amounts shipped during July 2006 | ($50,561.00) |
| Balance to ship | $5,488.00 |

WJD Order PO# DB-D030027 Deluca Liquor & Spirits
This order was not shipped, and was not cancelled by WJ Deutsch

### 3. Additional balance to be paid to Renwood Winery to cure Transition Period shortfall    $5,488.00

This amount should be paid at the same time as Invoice 2006063001, which is due on August 4th 2006

**Please remit by wire transfer to:**

        Account:  Renwood Winery, Inc.
           Bank:  Wells Fargo Bank, Howe Avenue Business Center
        Address:  1578 Howe Ave
                  Sacramento CA 95825
            ABA:  121042882
    Acct Number:  6018468527



### Renwood Winery, Inc
### 8795 Folsom Blvd, Ste 203
### Sacramento, CA 95826

Inv Nbr:    2006063003
Inv Date:   June 30th 2006

WJ Deutsch and Sons Ltd
108 Corporate Park Drive
White Plains, NY 10604

## PAST DUE

| Invoice to cure overstatement of Open Invoices balance applied to Transition Period cure |
|---|

### 1. Calculation of shortfall to be cured

| | |
|---|---:|
| Agreed total of Open Invoices at July 15th 2006 applied to transition period cure | $56,049.00 |
| Actual amounts shipped during July 2006 | ($50,561.00) |
| Balance to ship | $5,488.00 |

WJD Order PO# DB-D030027 Deluca Liquor & Spirits
This order was not shipped, and was not cancelled by WJ Deutsch

| | |
|---|---:|
| **Additional balance to be paid to Renwood Winery to cure Transition Period shortfall** | **$5,488.00** |

**Balance Due and
Payable
Immediately**

**Please remit by wire transfer to:**

Account:  Renwood Winery, Inc.
Bank: Wells Fargo Bank, Howe Avenue Business Center
Address: 1578 Howe Ave
Sacramento CA 95825
ABA: 121042882
Acct Number: 6018468527



# Renwood Winery, Inc
## 8795 Folsom Blvd, Ste 203
## Sacramento, CA 95826

Inv Nbr:   2006073102

Inv Date:   July 31st 2006

WJ Deutsch and Sons Ltd
108 Corporate Park Drive
White Plains, NY 10604

## <u>July Invoice</u>

Invoice to cure Service Agreement Condition of Breach of Performance Standards for July 2006

### 1. Calculation of shortfall to be cured

| Month | Goals | Actual Sales | Cure Ratio | Short Fall |
|---|---|---|---|---|
| Proprietary | $12,992.70 | $1,352.00 | 100% | $11,640.70 |
| Amador County | $93,907.85 | $8,008.00 | 85% | $71,813.67 |
| Dessert Wine | $20,596.00 | $24,900.00 | | no default |
| Sierra /Select/Red Label | $222,814.80 | $20,736.00 | 85% | $168,656.58 |
| | $350,311.35 | $54,996.00 | | |

Any Tier                                                      $43,204.90

**Amount of Cure for July 2006**                              $295,315.85

**Balances to be applied to cure**

   Sales to August 14th, 2006, per list attached          $83,861.00

   Open Orders August 14tn 2006 per list attached          $99,048.00

Total applied to cure                                        $182,909.00

**Balance to be cured for July 2006**                        $112,406.85

**Please remit by wire transfer to:**

          Account:  Renwood Winery, Inc.

          Bank: Wells Fargo Bank, Howe Avenue Business Center

          Address: 1578 Howe Ave

                 Sacramento CA 95825

          ABA: 121042882

          Acct Number: 6018468527

**Renwood Winery, Inc**
**8795 Folsom Blvd, Ste 203**
**Sacramento, CA 95826**



Inv Nbr:    2006083101
Inv Date:  August 31st 2006

WJ Deutsch and Sons Ltd
108 Corporate Park Drive
White Plains, NY 10604

August 2006 Invoice

Corrected Invoice

| Invoice to cure Service Agreement |
|---|

**1. Calculation of shortfall to be cured**

| Month | Goals | Actual Sales | Cure Ratio | Short Fall |
|---|---|---|---|---|
| Proprietary | $15,714.75 | $16,108.00 | 100% | No Default |
| Amador County | $369,743.40 | $87,570.00 | 85% | $239,847.39 |
| Dessert Wine | $44,994.90 | $17,448.00 | 100% | $27,546.90 |
| Sierra /Select/Red Label | $176,499.70 | $39,312.00 | 85% | $116,609.55 |
| | $606,952.75 | $160,438.00 | | $384,003.84 |

| | |
|---|---|
| Any Tier | $62,510.92 |
| Amount of Cure for August 2006 | $446,514.75 |

**Balances to be applied to cure**
Sales to September 15th 2006 per attached list                        ($283,479.80)

**Balance to be cured for August 2006**                                 $163,034.95

**Please remit by wire transfer to:**

Account:  Renwood Winery, Inc.
Bank: Wells Fargo Bank, Howe Avenue Business Center
Address: 1578 Howe Ave
Sacramento CA 95825
ABA: 121042882
Acct Number: 6018468527

**Renwood Winery, Inc**
**8795 Folsom Blvd, Ste 203**
**Sacramento, CA 95826**



Inv Nbr:      2006093001

Inv Date: September 30th 2006

WJ Deutsch and Sons Ltd
108 Corporate Park Drive
White Plains, NY 10604

<u>September 2006  Invoice</u>

| Corrected Invoice |
| --- |

| Invoice to cure Service Agreement |
| --- |

**<u>Calculation of shortfall to be cured</u>**

| Month | Goals | Actual Sales | Cure Ratio | Short Fall |
| --- | --- | --- | --- | --- |
| Proprietary | $17,145.35 | $9,004.00 | 100% | $8,141.35 |
| Amador County | $233,752.45 | $52,343.00 | 85% | $154,198.03 |
| Dessert Wine | $20,182.50 | $6,168.00 | 100% | $14,014.50 |
| Sierra /Select/Red Label | $299,802.70 | $78,336.00 | 85% | $188,246.70 |
|  | $570,883.00 | $145,851.00 |  | $364,600.58 |

Any Tier | $60,431.42

<u>Amount of Cure for September 2006</u>                     $425,032.00

**Balance to be cured for September 2006**          $425,032.00

**Please remit by wire transfer to:**

Account:  Renwood Winery, Inc.
Bank: Wells Fargo Bank, Howe Avenue Business Center
Address: 1578 Howe Ave
Sacramento CA 95825
ABA: 121042882
Acct Number: 6018468527

WJDCureInvoice2006093001V3.xls

Renwood Winery, Inc
8795 Folsom Blvd, Ste 203
Sacramento, CA 95826



Inv Nbr:      20061031001
Inv Date:   October 31st 2006

WJ Deutsch and Sons Ltd
108 Corporate Park Drive
White Plains, NY 10604

## October 2006  Invoice

| Invoice to cure Service Agreement |
|---|

**Calculation of shortfall to be cured**

| Tier | Goals | Actual Sales | Cure Ratio | Short Fall |
|---|---|---|---|---|
| Proprietary | $30,963.75 | $25,056.00 | 100% | $5,907.75 |
| Amador County | $580,608.55 | $206,595.80 | 85% | $317,910.84 |
| Dessert Wine | $41,814.00 | $18,996.00 | 100% | $22,818.00 |
| Sierra /Select/Red Label | $445,215.60 | $95,800.00 | 85% | $297,003.26 |
|  | $1,098,601.90 | $346,447.80 |  | $643,639.85 |

Any Tier                                                                              $108,514.25

**Balance to be cured for October 2006**                               $752,154.10

**Please remit by wire transfer to:**

Account:  Renwood Winery, Inc.
Bank:  Wells Fargo Bank, Howe Avenue Business Center
Address:  1578 Howe Ave
Sacramento CA 95825
ABA:  121042882
Acct Number:  6018468527

### Renwood Winery, Inc
### 8795 Folsom Blvd, Ste 203
### Sacramento, CA 95826



| | |
|---|---|
| Inv Nbr: | 20061231001 |
| Inv Date: | January 2nd, 2007 |
| Terms: | 15 days |
| Due Date: | January 17th, 2007 |

WJ Deutsch and Sons Ltd

108 Corporate Park Drive

White Plains, NY 10604

## December 2006 Cure Invoice

| Invoice to cure Service Agreement |
|---|

### Calculation of shortfall to be cured

| Tier | Goals | Actual Sales | Cure Ratio | Short Fall |
|---|---|---|---|---|
| Proprietary | $23,373.75 | $34,676.00 | 100% | No Default |
| Amador County | $228,938.55 | $150,762.00 | 85% | $66,450.07 |
| Dessert Wine | $10,417.85 | $5,124.00 | 100% | $5,293.85 |
| Sierra /Select/Red Label | $268,709.00 | $192,456.00 | 85% | $64,815.05 |
| | $531,439.15 | $383,018.00 | | $136,558.97 |

| | | |
|---|---|---|
| Any Tier | | $11,862.18 |
| **Balance to be cured for December 2006** | **Due 15 days** | $148,421.15 |

**Please remit by wire transfer to:**

| | |
|---|---|
| Account: | Renwood Winery, Inc. |
| Bank: | Wells Fargo Bank, Howe Avenue Business Center |
| Address: | 1578 Howe Ave |
| | Sacramento CA 95825 |
| ABA: | 121042882 |
| Acct Number: | 6018468527 |

Renwood Winery, Inc
8795 Folsom Blvd, Ste 203
Sacramento, CA 95826



| | |
|---|---|
| Inv Nbr: | 20071231001 |
| Inv Date: | January 1st, 2007 |
| Terms: | 15 days |
| Due Date: | January 16th, 2007 |

WJ Deutsch and Sons Ltd
108 Corporate Park Drive
White Plains, NY 10604

## January 2007 Cure Invoice

| Invoice to cure Service Agreement |
|---|

### Calculation of shortfall to be cured

| Tier | Goals | Actual Sales | Cure Ratio | Short Fall |
|---|---|---|---|---|
| Proprietary | $26,879.81 | $5,292.00 | 100% | $21,587.81 |
| Amador County | $263,279.33 | $10,656.00 | 85% | $214,729.83 |
| Dessert Wine | $11,980.53 | $0.00 | 100% | $11,980.53 |
| Sierra /Select/Red Label | $309,015.35 | $48,240.00 | 85% | $221,659.05 |
| | $611,155.02 | $64,188.00 | | $469,957.22 |

| Any Tier | | | | $77,009.80 |
|---|---|---|---|---|
| **Balance to be cured for January 2007** | | | **Due 15 days** | $546,967.02 |

**Please remit by wire transfer to:**

| | |
|---|---|
| Account: | Renwood Winery, Inc. |
| Bank: | Wells Fargo Bank, Howe Avenue Business Center |
| Address: | 1578 Howe Ave |
| | Sacramento CA 95825 |
| ABA: | 121042882 |
| Acct Number: | 6018468527 |

WJDCureInvoice20071231001

### Renwood Winery, Inc
### 8795 Folsom Blvd, Ste 203
### Sacramento, CA 95826



| | | |
|---|---|---|
| Inv Nbr: | 2007033101 |
| Inv Date: | April 1st, 2007 |
| Terms: | 15 days |
| Due Date: | April 16th, 2007 |

WJ Deutsch and Sons Ltd

108 Corporate Park Drive

White Plains, NY 10604

## March 2007 Cure Invoice

| Invoice to cure Service Agreement |
|---|

### Calculation of shortfall to be cured

| Tier | Goals | Actual Sales | Cure Ratio | Short Fall |
|---|---|---|---|---|
| Proprietary | $46,554.30 | $24,612.00 | 100% | $21,942.30 |
| Amador County | $321,039.75 | $3,660.00 | 85% | $269,772.79 |
| Dessert Wine | $20,893.20 | $3,600.00 | 100% | $17,293.20 |
| Sierra /Select/Red Label | $327,575.20 | $40,680.00 | 85% | $243,860.92 |
| | $716,062.45 | $72,552.00 | | $552,869.21 |

| Any Tier | | | | $90,641.24 |
|---|---|---|---|---|
| **Balance to be cured for March 2007** | | **Due 15 days** | | $643,510.45 |

**Please remit by wire transfer to:**

| | |
|---|---|
| Account: | Renwood Winery, Inc. |
| Bank: | Wells Fargo Bank, Howe Avenue Business Center |
| Address: | 1578 Howe Ave |
| | Sacramento CA 95825 |
| ABA: | 121042882 |
| Acct Number: | 6018468527 |

WJDCureInvoice2007033101.xls



### Renwood Winery, Inc
### 8795 Folsom Blvd, Ste 203
### Sacramento, CA 95826

Inv Nbr:    20070831001

Inv Date: September 1st, 2007

WJ Deutsch and Sons Ltd

Terms:        15 days

108 Corporate Park Drive

Due Date: September 16th, 2007

White Plains, NY 10604

## August 2007 Cure Invoice

| Invoice to cure Service Agreement |
|---|

**Calculation of shortfall to be cured**

| Tier | Goals | Actual Sales | Cure Ratio | Short Fall |
|---|---|---|---|---|
| Proprietary | $18,071.96 | $34,836.00 | 100% | No Default |
| Amador County | $425,204.91 | $16,800.00 | 85% | $347,144.17 |
| Dessert Wine | $51,744.14 | $8,330.00 | 100% | $43,414.14 |
| Sierra /Select/Red Label | $202,974.66 | $98,064.00 | 85% | $89,174.06 |
|  | $697,995.66 | $158,030.00 |  | $479,732.37 |

| Any Tier | $60,233.30 |
|---|---|

| **Balance to be cured for August 2007** | **Due 15 days** | $539,965.66 |
|---|---|---|

**Please remit by wire transfer to:**

Account:  Renwood Winery, Inc.

Bank: Wells Fargo Bank, Howe Avenue Business Center

Address: 1578 Howe Ave

Sacramento CA 95825

ABA: 121042882

Acct Number: 6018468527

WJDCureInvoice20070831001

### Renwood Winery, Inc
### 8795 Folsom Blvd, Ste 203
### Sacramento, CA 95826



| | |
|---|---|
| Inv Nbr: | 20070930002 |
| Inv Date: | October 1st, 2007 |
| Terms: | 15 days |
| Due Date: | September 16th, 2007 |

WJ Deutsch and Sons Ltd

108 Corporate Park Drive

White Plains, NY 10604

## September 2007 Cure Invoice

Invoice to cure Service Agreement

**Calculation of shortfall to be cured**

| Tier | Goals | Actual Sales | Cure Ratio | Short Fall |
|---|---|---|---|---|
| Proprietary | $19,717.15 | $8,100.00 | 100% | $11,617.15 |
| Amador County | $268,815.32 | $15,325.00 | 85% | $215,466.77 |
| Dessert Wine | $23,209.88 | $1,000.00 | 100% | $22,209.88 |
| Sierra /Select/Red Label | $344,773.11 | $96,192.00 | 85% | $211,293.94 |
| | $656,515.45 | $120,617.00 | | $460,587.74 |

| | | |
|---|---|---|
| Any Tier | | $75,310.71 |
| **Balance to be cured for September 2007** | Due 15 days | $535,898.45 |

**Please remit by wire transfer to:**

| | |
|---|---|
| Account: | Renwood Winery, Inc. |
| Bank: | Wells Fargo Bank, Howe Avenue Business Center |
| Address: | 1578 Howe Ave |
| | Sacramento CA 95825 |
| ABA: | 121042882 |
| Acct Number: | 6018468527 |

WJDCureInvoice20070930001



## Renwood Winery, Inc
## 8795 Folsom Blvd, Ste 203
## Sacramento, CA 95826

Inv Nbr:      20070930002
Inv Date: November 1st, 2007
Terms:        5 days
Due Date:  October 6th, 2007

WJ Deutsch and Sons Ltd
108 Corporate Park Drive
White Plains, NY 10604

## October 2007 Cure Invoice

| Invoice to cure Interim Agreement |
|---|

**Calculation of shortfall to be cured**

| Tier | Goals | Cure Ratio | Adjusted Goal | Actual Sales | Short Fall |
|---|---|---|---|---|---|
| Proprietary | $35,608.31 | 100% | $35,608.31 | $8,100.00 | $27,508.31 |
| Amador County | $667,699.83 | 93% | $620,960.84 | $15,325.00 | $605,635.84 |
| Dessert Wine | $48,086.10 | 100% | $48,086.10 | $1,000.00 | $47,086.10 |
| Sierra /Select/Red Label | $511,997.94 | 93% | $476,158.08 | $96,192.00 | $379,966.08 |
|  | $1,263,392.19 |  | $1,180,813.34 | $120,617.00 | $1,060,196.34 |

**Balance to be cured for October 2007**                    Due 15 days    $1,060,196.34

**Please remit by wire transfer to:**

Account:  Renwood Winery, Inc.
Bank: Wells Fargo Bank, Howe Avenue Business Center
Address: 1578 Howe Ave
Sacramento CA 95825
ABA: 121042882
Acct Number: 06018468527



# Renwood Winery, Inc
## 8795 Folsom Blvd, Ste 203
## Sacramento, CA 95826

| | |
|---|---|
| Inv Nbr: | 20070930002 |
| Inv Date: | December 1st, 2007 |
| Terms: | 15 days |
| Due Date: | December 16th, 2007 |

WJ Deutsch and Sons Ltd

108 Corporate Park Drive

White Plains, NY 10604

## November 2007 Cure Invoice

| Invoice to cure Service Agreement |
|---|

### Calculation of shortfall to be cured

| Tier | Goals | Actual Sales | Cure Ratio | Short Fall |
|---|---|---|---|---|
| Proprietary | $16,504.80 | $5,312.00 | 100% | $11,192.80 |
| Amador County | $420,224.38 | $9,735.00 | 85% | $348,915.97 |
| Dessert Wine | $36,223.28 | $0.00 | 100% | $36,223.28 |
| Sierra /Select/Red Label | $436,012.38 | $49,320.00 | 85% | $328,688.52 |
| | $908,964.83 | $64,367.00 | | $725,020.57 |

| | | |
|---|---|---|
| Any Tier | | $119,577.26 |
| **Balance to be cured for November 2007** | **Due 15 days** | $844,597.83 |

**Please remit by wire transfer to:**

| | |
|---|---|
| Account: | Renwood Winery, Inc. |
| Bank: | Wells Fargo Bank, Howe Avenue Business Center |
| Address: | 1578 Howe Ave |
| | Sacramento CA 95825 |
| ABA: | 121042882 |
| Acct Number: | 6018468527 |

WJDCureInvoice20071130001



**Renwood Winery, Inc**
**8795 Folsom Blvd, Ste 203**
**Sacramento, CA 95826**

| | |
|---|---|
| Inv Nbr: | 20080131001 |
| Inv Date: | February 1st, 2008 |
| Terms: | 15 days |
| Due Date: | February 16th, 2008 |

WJ Deutsch and Sons Ltd

108 Corporate Park Drive

White Plains, NY 10604

## January 2008 Cure Invoice

| Invoice to cure Service Agreement |
|---|

**Calculation of shortfall to be cured**

| Tier | Goals | Actual Sales | Cure Ratio | Short Fall |
|---|---|---|---|---|
| Proprietary | $30,076.30 | $704.00 | 100% | $29,372.30 |
| Amador County | $391,084.41 | $11,048.00 | 85% | $323,030.95 |
| Dessert Wine | $15,100.31 | $0.00 | 100% | $15,100.31 |
| Sierra /Select/Red Label | $312,226.38 | $47,592.00 | 85% | $224,939.22 |
| | $748,487.39 | $59,344.00 | | $592,442.77 |

| | | |
|---|---|---|
| Any Tier | | $96,700.62 |
| **Balance to be cured for January 2008** | **Due 15 days** | **$689,143.39** |

**Please remit by wire transfer to:**

| | |
|---|---|
| Account: | Renwood Winery, Inc. |
| Bank: | Wells Fargo Bank, Howe Avenue Business Center |
| Address: | 1578 Howe Ave |
| | Sacramento CA 95825 |
| ABA: | 121042882 |
| Acct Number: | 6018468527 |

WJDCureInvoice20080131001



**RENWOOD WINERY®**
*"dedicated to the art".*

**WJD Sales & Cases YTD v Goal**
**August 22, 2007**
**Cure Recap FY 2007**

| | July 2006 Gross Sales | August 2006 Gross Sales | September 2006 Gross Sales | October 2006 Gross Sales | November 2006 Gross Sales | December 2006 Gross Sales | January 2007 Gross Sales | February 2007 Gross Sales | March 2007 Gross Sales | April 2007 Gross Sales | May 2007 Gross Sales | June 2007 Gross Sales | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Proprietary | 6,224 | 30,516 | 17,236 | 25,056 | 38,428 | 34,676 | 38,744 | 14,288 | 24,932 | 23,356 | 23,720 | 16,988 | |
| Amador County | 113,220 | 166,755 | 216,779 | 206,596 | 226,784 | 150,762 | 185,169 | 74,862 | 3,568 | 4,980 | 15,720 | 45,750 | |
| Dessert | 31,758 | 23,028 | 27,252 | 18,996 | 27,612 | 5,124 | 252 | 2,940 | 3,600 | - | - | - | |
| Sierra/Select/Red Label | 198,000 | 128,592 | 168,064 | 95,800.00 | 182,664 | 192,456 | 186,840 | 103,896 | 40,680 | 47,088 | 29,952 [7] | 60,840 | |
| Grand Total | $ 349,202 | $ 348,891 | $ 429,331 | $ 346,448 | $ 475,488 | $ 383,018 | $ 411,005 | $ 195,986 | $ 72,780 [6] | $ 75,424 | $ 69,392 | $ 123,578 | 3,280,543 |
| Adjustments | $ (294,206) [1] | $ (188,453) [3] | (283,180) [5] | | | | | | | | | | |
| Adjusted Sales | 54,996 | 160,438 | 145,851 | 346,448 | 475,488 | 383,018 | 411,005 0 | 195,986 0 | 72,780 | 75,424 | 69,392 | 123,578 | 2,514,404 |
| Goal | 350,311 | 606,953 | 570,883 | 1,058,650 | 790,404 | 531,439 | 650,859 | 533,162 | 716,062 | 469,962 | 1,009,411 | 929,083 | 8,217,180 |
| Shortfall | 295,315 | 446,515 | 425,032 | 712,203 | 314,916 | 148,421 | 239,854 0 | 337,176 0 | 643,282 | 394,538 | 940,019 | 805,505 | |
| Balances Applied To Cure | 182,909 [2] | 283,180 [4] | | | | | | | | | | | |
| Purchase Order for Cure | 112,464 | 163,080 | 425,100 | 712,308 | 315,024 | 148,536 | 240,012 | 337,458 | 644,444 | 394,992 | 707,178 | 58,674 | |
| Sales Adjusted for Cure | $ 350,369 | $ 606,998 | $ 570,951 | $ 1,058,756 | $ 790,512 | $ 531,554 | $ 651,017 | $ 533,444 | $ 717,224 | $ 470,416 | $ 776,570 | $ 182,252 | 7,240,063 |
| | | | | | | | | | | Defaults: | 232,841 | 746,831 | 979,672 |

$ 8,219,735

[1] Less Sales July 1-July 15, 2006, Less Open Orders as of July 15, 2006. Less Purchase order for 1245 cases.

[2] Sales to August 14, 2006 and Open Orders as of August 14, 2006

[3] Less July Cure $112,464 shipped in August and $5544 for Transition Period cure shipped in August

[4] Sales September 1-September 15, 2006

[5] Less September sales applied to August Cure

[6] One case of Jack Rabbit Flat FOB $92.00 credited back to WJD and transferred back to RW inventory due to breakage of one bottle. Not reflected on original cure invoice.
Adjustment made for PO 181263 - Columbia Oregon for $320 (Grandpere shipped as Grandmere FOB). Not reflected on original cure invoice.

[7] Red Label Syrah invoiced at $0 in May, fixed in June after cure had been settled. $2016 add'l in gross sales.

# EXHIBIT O

Renwood Winery
FY 2007
WJD Cure Analysis

| July 2006 | Performance Standard | Cure * Ratio | = | July 2006 Adjusted Goal | July 2006 Gross Sales | - | Less Sales Out July to FY06 | = | Adjusted Sales | + | Cure PO | + | Borrowed from August 2006 | = | Total Sales & Cures | Variance Adjusted Goal Less Total Sales & Cures |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Proprietary | 12,993 | 100% | | 12,993 | 6,224 | | 4,872 | | 1,352 | | - | | 14,408 | | 15,760 | |
| Amador County | 93,908 | 93% | | 87,334 | 115,220 | | 105,212 | | 8,008 | | - | | 79,185 | | 87,193 | 141 |
| Dessert Wine | 20,596 | 100% | | 20,596 | 31,758 | | 6,858 | | 24,900 | | - | | 5,580 | | 30,480 | |
| Sierra /Select/Red Label | 222,815 | 93% | | 207,218 | 198,000 | | 177,264 | | 20,736 | | 112,464.00 | | 83,736.00 | | 216,936.00 | (9,718) |
| Grand Total | 350,311 | | | 328,141 | $ 349,202 | | 294,206 | | 54,996 | | 112,464 | | $ 182,909 | | $ 350,369 | |

| August 2006 | Performance Standard | Cure * Ratio | = | August 2006 Adjusted Goal | August 2006 Gross Sales | - | Less Sales Out August 06 | = | Adjusted Sales | + | Cure PO | + | Borrowed from September 2006 | = | Total Sales & Cures | Variance Adjusted Goal Less Total Sales & Cures |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| roprietary | 15,715 | 100% | | 15,715 | 30,516 | | 14,408 | | 16,108 | | - | | 8,232 | | 24,340 | |
| Amador County | 369,743 | 93% | | 343,861 | 166,755 | | 79,185 | | 87,570 | | - | | 164,436 | | 252,006 | 91,856 |
| Dessert Wine | 44,995 | 100% | | 44,995 | 23,028 | | 5,580 | | 17,448 | | - | | 21,084 | | 38,532 | |
| Sierra /Select/Red Label | 176,500 | 93% | | 164,145 | 128,592 | | 89,280 | | 39,312 | | 163,080 | # | 89,728 | | 292,120 | (127,975) |
| Grand Total | 606,953 | | | 568,716 | $ 348,891 | | 188,453 | | 160,438 | | 163,080 | | 283,480 | | 606,998 | |

| September 2006 | Performance Standard | Cure * Ratio | = | September 2006 Adjusted Goal | September 2006 Gross Sales | - | Less Sales Out September 06 | = | Adjusted Sales | + | Cure PO | = | Total Sales & Cures | Variance Adjusted Goal Less Total Sales & Cures |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Proprietary | 17,145 | 100% | | 17,145 | 17,236 | | 8,232 | | 9,004 | | 8,148 | | 17,152 | |
| Amador County | 233,752 | 93% | | 217,390 | 216,779 | | 164,436 | | 52,343 | | 181,440 | | 233,783 | (16,393) |
| Dessert Wine | 20,183 | 100% | | 20,183 | 27,252 | | 21,084 | | 6,168 | | 14,040 | | 20,208 | |
| Sierra /Select/Red Label | 299,803 | 93% | | 278,817 | 168,064 | | 89,728 | | 78,336 | | 221,472 | | 299,808 | (20,591) |
| Grand Total | 570,883 | | | 533,534 | $ 429,331 | | 283,480 | | 145,851 | | 425,100 | | 570,951 | |

**Ranwood Winery**
**FY 2007**
**WJD Cure Analysis**

| October 2006 | Performance Standard | Cure * Ratio | October 2006 Adjusted Goal | October 2006 Gross Sales | - | Less Adjustments | = | Adjusted Sales | + | Cure PO | = | Total Sales & Cures | Variance Adjusted Goal Less Total Sales & Cures |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Proprietary | 30,964 | 100% | 30,964 | 25,056 | | - | | 25,056 | | 5,964 | | 31,020 | |
| Amador County | 540,657 * | 93% | 502,811 | 206,596 | | - | | 206,596 | | 284,040 | | 490,636 | 12,175 |
| Dessert Wine | 41,814 | 100% | 41,814 | 18,996 | | - | | 18,996 | | 22,848 | | 41,844 | |
| Sierra /Select/Red Label | 445,216 | 93% | 414,051 | 95,800.00 | | - | | 95,800 | | 399,456 | | 495,256 | (81,205) |
| Grand Total | 1,058,650 | | 989,639 | $ 346,448 | | - | | 346,448 | | 712,308 | | 1,058,756 | |

* Adjusted for Fiddletown reduction

| November 2006 | Performance Standard | Cure Ratio | November 2006 Adjusted Goal | November 2006 Gross Sales | - | Less Adjustments | = | Adjusted Sales | + | Cure PO | = | Total Sales & Cures | Variance Adjusted Goal Less Total Sales & Cures |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Proprietary | 14,352 | 100% | 14,352 | 38,428 | | - | | 38,428 | | - | | 38,428 | |
| Amador County | 365,413 | 93% | 339,834 | 226,784 | | - | | 226,784 | | 117,840 | | 344,624 | (4,790) |
| Dessert Wine | 31,499 | 100% | 31,499 | 27,612 | | - | | 27,612 | | 3,936 | | 31,548 | |
| Sierra /Select/Red Label | 379,141 | 93% | 352,601 | 182,664 | | - | | 182,664 | | 193,248 | | 375,912 | (23,311) |
| Grand Total | 790,404 | | 738,285 | $ 475,488 | | - | | 475,488 | | 315,024 | | 790,512 | |

| December 2006 | Performance Standard | Cure Ratio | December 2006 Adjusted Goal | December 2006 Gross Sales | - | Less Adjustments | = | Adjusted Sales | + | Cure PO | = | Total Sales & Cures | Variance Adjusted Goal Less Total Sales & Cures |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Proprietary | 23,374 | 100% | 23,374 | 34,676 | | - | | 34,676 | | - | | 34,676 | |
| Amador County | 228,939 | 93% | 212,913 | 150,762 | | - | | 150,762 | | 66,480 | | 217,242 | (4,329) |
| Dessert Wine | 10,418 | 100% | 10,418 | 5,124 | | - | | 5,124 | | 5,376 | | 10,500 | |
| Sierra /Select/Red Label | 268,709 | 93% | 249,899 | 192,456 | | - | | 192,456 | | 76,680 | | 269,136 | (19,237) |
| Grand Total | 531,439 | | 496,604 | $ 383,018 | | - | | 383,018 | | 148,536 | | 531,554 | |

Renwood Winery
FY 2007
WJD Cure Analysis

| January 2007 | Performance Standard | Cure Ratio | January 2007 Adjusted Goal | January 2007 Gross Sales | - | Less Adjustments | = | Adjusted Sales | + | Cure PO | = | Total Sales & Cures | Variance Adjusted Goal Less Total Sales & Cures |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Proprietary | 26,153 | 100% | 26,153 | 38,744 | | - | | 38,744 | | - | | 38,744 | |
| Amador County | 340,073 | 93% | 316,268 | 185,169 | | - | | 185,169 | | 131,748 | | 316,917 | (649) |
| Dessert Wine | 13,131 | 100% | 13,131 | 252 | | - | | 252 | | 12,936 | | 13,188 | |
| Sierra /Select/ Red Label | 271,501 | 93% | 252,496 | 186,840 | | - | | 186,840 | | 95,328 | | 282,168 | (29,672) |
| Grand Total | 650,859 | | 608,048 | $ | 411,005 | - | | 411,005 | | 240,012 | | 651,017 | |

| February 2007 | Performance Standard | Cure Ratio | February 2007 Adjusted Goal | February 2007 Gross Sales | - | Less Adjustments | = | Adjusted Sales | + | Cure PO | = | Total Sales & Cures | Variance Adjusted Goal Less Total Sales & Cures |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| roprietary | 13,188 | 100% | 13,188 | 14,288 | | - | | 11,288 | | - | | 14,288 | |
| Amador County | 233,817 | 93% | 217,450 | 74,862 | | - | | 74,862 | | 159,118 | | 233,980 | (16,530) |
| Dessert Wine | 10,184 | 100% | 10,184 | 2,940 | | - | | 2,940 | | 7,392 | | 10,332 | |
| Sierra /Select/ Red Label | 275,972 | 93% | 256,654 | 103,896 | | - | | 103,896 | | 170,856 | | 274,752 | (18,098) |
| Grand Total | 533,162 | | 497,477 | $ | 195,986 | - | | 195,986 | | 337,366 | | 533,352 | |

| March 2007 | Performance Standard | Cure Ratio | March 2007 Adjusted Goal | March 2007 Gross Sales | - | Less Adjustments | = | Adjusted Sales | + | Cure PO | = | Total Sales & Cures | Variance Adjusted Goal Less Total Sales & Cures |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Proprietary | 46,554 | 100% | 46,554 | 24,932 | | - | | 24,932 | | 21,924 | | 46,856 | |
| Amador County | 321,040 | 93% | 298,567 | 3,660 | | - | | 3,660 | | 269,880 | | 273,540 | 25,027 |
| Dessert Wine | 20,893 | 100% | 20,893 | 3,600 | | - | | 3,600 | | 18,128 | | 21,728 | |
| Sierra /Select/ Red Label | 327,575 | 93% | 304,645 | 40,680 | | - | | 40,680 | | 334,512 | | 375,192 | (70,547) |
| Grand Total | 716,062 | | 670,659 | $ | 72,872 | - | | 72,872 | | 644,444 | | 717,316 | |

Renwood Winery
FY 2007
WJD Cure Analysis

| April 2007 | Performance Standard | Cure Ratio | April 2007 Adjusted Goal | April 2007 Gross Sales | - Less Adjustments | = Adjusted Sales | + Cure PO | = Total Sales & Cures | Variance Adjusted Goal Less Total Sales & Cures |
|---|---|---|---|---|---|---|---|---|---|
| Proprietary | 22,056 | 100% | 22,056 | 23,356 | - | 23,356 | - | 23,356 | |
| Amador County | 191,040 | 93% | 177,667 | 4,980 | - | 4,980 | 215,400 | 220,380 | (42,713) |
| Dessert Wine | 5,734 | 100% | 5,734 | - | - | - | 6,072 | 6,072 | |
| Sierra /Select/Red Label | 251,132 | 93% | 233,553 | 47,088 | - | 47,088 | 173,520 | 220,608 | 12,945 |
| Grand Total | 469,962 | | 439,010 | $ 75,424 | - | 75,424 | 394,992 | 470,416 | |

| May 2007 | Performance Standard | Cure Ratio | May 2007 Adjusted Goal | May 2007 Gross Sales | - Less Adjustments | = Adjusted Sales | + Cure PO | = Total Sales & Cures | Variance Adjusted Goal Less Total Sales & Cures |
|---|---|---|---|---|---|---|---|---|---|
| oprietary | 36,153 | 100% | 36,153 | 23,720 | - | 23,720 | 12,528 | 36,248 | |
| .mador County | 546,308 | 93% | 508,066 | 15,720 | - | 15,720 | 456,000 | 471,720 | 36,346 |
| Dessert Wine | 15,077 | 100% | 15,077 | - | - | - | 15,450 | 15,450 | |
| Sierra /Select/Red Label | 411,875 | 93% | 383,044 | 29,952 | - | 29,952 | 223,200 | 253,152 | 129,892 |
| Grand Total | 1,009,411 | | 942,339 | $ 69,392 | - | 69,392 | 707,178 | 776,570 | |

| June 2007 | Performance Standard | Cure Ratio | June 2007 Adjusted Goal | June 2007 Gross Sales | - Less Adjustments | = Adjusted Sales | + Cure PO | = Total Sales & Cures | Variance Adjusted Goal Less Total Sales & Cures |
|---|---|---|---|---|---|---|---|---|---|
| Proprietary | 25,599 | 100% | 25,599 | 16,988 | - | 16,988 | 8,640 | 25,628 | |
| Amador County | 481,457 | 93% | 447,755 | 45,750 | - | 45,750 | - | 45,750 | 402,005 |
| Dessert Wine | 50,032 | 100% | 50,032 | - | - | - | 50,034 | 50,034 | |
| Sierra /Select/Red Label | 371,995 | 93% | 345,955 | 60,840 | - | 60,840 | - | 60,840 | 285,115 |
| Grand Total | 929,083 | | 869,341 | $ 123,578 | - | 123,578 | 58,674 | 182,252 | |

| FY 2007 Totals | Performance Standard | Cure Ratio | FY 2007 Adjusted Goal | FY 2007 Gross Sales | - Less Adjustments Out FY07 to FY06 | = Adjusted Sales | + Cure PO | = Total Sales & Cures | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Proprietary | 284,246 | 100% | 284,246 | 294,164 | 4,872 | 289,292 | 57,204 | 346,496 | | |
| Amador County | 3,946,146 | 93% | 3,669,916 | 1,411,037 | 105,212 | 1,305,825 | 1,881,946 | 3,187,771 | 482,145 | |
| Dessert Wine | 284,554 | 100% | 284,554 | 140,562 | 6,858 | 133,704 | 156,212 | 289,916 | | |
| Sierra /Select/Red Label | 3,702,234 | 93% | 3,443,078 | 1,434,872 | 182,808 | 1,252,064 | 2,163,816 | 3,415,880 | 27,198 | |
| Grand Total | 8,217,180 | | 7,681,794 | $ 3,280,635 | 299,750 | 2,980,885 | 4,259,178 | 7,240,063 | 509,343 | 509,343 |