UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RENWOOD WINERY, INC.,

    Plaintiff(s),

    v.

WJ DEUTSCH & SONS LTD.,

    Defendant(s).
_____/

No. C 08-2848 PJH

**ORDER DENYING APPLICATION FOR WRIT OF POSSESSION AND/OR TEMPORARY RESTRAINING ORDER**

    The June 30, 2008 ex parte application of plaintiff, Renwood Winery, Inc., for a writ of possession and/or a temporary restraining order was heard on July 2, 2008. Notwithstanding its designation as an ex parte motion, it was served on defendant, who appeared through its counsel James Parrinello. Whitney Davis appeared for plaintiff. Given that both parties agree that the entirety of this case, and specifically the application under consideration, are subject to arbitration, which has been demanded by plaintiff, the court has doubts as to the legality and propriety of its jurisdiction over this application. However, the court finds that even if jurisdiction is proper, plaintiff has failed to meet its burden of establishing its entitlement to possession or to injunctive relief.

    To prevail on a motion for preliminary injunctive relief, including a temporary restraining order, plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). See Rodde v. Bonta, 357 F.3d 988, 994 (9th Cir. 2004). Alternatively, injunctive relief can be granted if the plaintiff merely "demonstrate[s] . . . a combination of probable

success on the merits and the possibility of irreparable injury." Id. Because a preliminary injunction is an extraordinary remedy, courts require the movant to carry its burden of persuasion by a "clear showing." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

Given the substantial questions raised by the papers as to ownership and validity of any security interest in the inventory, as well as which party breached the contract, the court is unable to conclude that plaintiff has either a strong likelihood or probable success on the merits. Moreover, plaintiff is unable to post the bond that would be required preliminary to its possession of the inventory that has been fully paid for by defendant. Further, plaintiff admits that it seeks this provisional relief in this court solely because it does not believe that the arbitral forum will proceed quickly enough. However, plaintiff has not acted with sufficient diligence in pursuing arbitration for the court to find it appropriate to essentially usurp the role of the arbitrator.

For all of these reasons, the application is DENIED. The parties shall meet and confer about the necessity for the motion to compel arbitration currently on the court's docket and advise the court no later than July 14, 2008 whether it will be withdrawn.

**IT IS SO ORDERED.**

Dated: July 3, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

2