NIELSEN, MERKSAMER, PARRINELLO,
   MUELLER & NAYLOR, LLP
JAMES R. PARRINELLO, SBN #63415
SEAN P. WELCH, SBN #227101
2350 KERNER BLVD., SUITE 250
SAN RAFAEL, CA 94901
TELEPHONE (415) 389-6800
FAX            (415) 388-6874
e-mail: jparrinello@nmgovlaw.com

*Attorneys for Defendant*
W.J. Deutsch & Sons, Ltd.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RENWOOD WINERY, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> W.J. DEUTSCH & SONS, LTD., a New York Corporation, and DOES 1-50, inclusive, <br><br> *Defendants.* | Case No. C 08-02848 PJH <br><br> **REPLY DECLARATION OF JAMES R. PARRINELLO IN SUPPORT OF MOTION TO DISMISS** <br><br> Date:  July 23, 2008 <br> Time:  9:00 a.m. <br> Hon. Phyllis J. Hamilton |

I, JAMES R. PARRINELLO, hereby declare under penalty of perjury as follows:

1. I am an attorney at law, licensed to practice in the State of California and before this Court. I am one of the attorneys for Defendant W.J. DEUTSCH & SONS, LTD. ("Defendant"), in the action filed by Plaintiff RENWOOD WINERY, INC. ("Plaintiff") and am familiar with the file, the documents, and the history related to the action. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would competently testify to the facts set forth below.

1

2. In light of the facts specified below, a comprehensive reply by Defendant W.J. Deutsch to Renwood's opposition to the motion to dismiss and compel arbitration is not warranted and would be a further waste of money and judicial resources.

3. The Court just last week, on July 2, 2008, issued an Order denying Renwood's application for writ of possession and/or temporary retaining order. The Court's Order observes that plaintiff has demanded arbitration and both parties agree the case is subject to arbitration. Accordingly, the Court ordered the parties to "meet and confer about the necessity for the motion to compel arbitration currently on the court's docket and advise the court no later than July 14, 2008 whether it will be withdrawn." A true and correct copy of the Court's July 2, 2008 Order is attached hereto as Exhibit 1.

4. Pursuant to the Court's Order on July 2, 2008, my associate, Sean Welch, wrote to counsel for Renwood via e-mail and initiated the meet and confer process to resolve this case. Counsel for Renwood, Whitney Davis, responded via e-mail and informed Defendant that Renwood intends to dismiss this case and proceed to arbitration. This is consistent with the multiple representations regarding Renwood's intent to arbitrate, which were made by Renwood's counsel both in papers previously filed with the Court and at the hearing on July 2.

5. Defendant W.J. Deutsch, therefore, fully expects Renwood to dismiss this action in its entirety, based on its express representations. Accordingly, W.J. Deutsch need not file a comprehensive reply to Renwood's opposition to Deutsch's motion to dismiss.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on July 9, 2008, at San Rafael, California.

_____
James R. Parrinello

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RENWOOD WINERY, INC.,

    Plaintiff(s),

    v.

WJ DEUTSCH & SONS LTD.,

    Defendant(s).
_____/

No. C 08-2848 PJH

**ORDER DENYING APPLICATION FOR WRIT OF POSSESSION AND/OR TEMPORARY RESTRAINING ORDER**

    The June 30, 2008 ex parte application of plaintiff, Renwood Winery, Inc., for a writ of possession and/or a temporary restraining order was heard on July 2, 2008. Notwithstanding its designation as an ex parte motion, it was served on defendant, who appeared through its counsel James Parrinello. Whitney Davis appeared for plaintiff. Given that both parties agree that the entirety of this case, and specifically the application under consideration, are subject to arbitration, which has been demanded by plaintiff, the court has doubts as to the legality and propriety of its jurisdiction over this application. However, the court finds that even if jurisdiction is proper, plaintiff has failed to meet its burden of establishing its entitlement to possession or to injunctive relief.

    To prevail on a motion for preliminary injunctive relief, including a temporary restraining order, plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). See Rodde v. Bonta, 357 F.3d 988, 994 (9th Cir. 2004). Alternatively, injunctive relief can be granted if the plaintiff merely "demonstrate[s] . . . a combination of probable

EXHIBIT 1

1   success on the merits and the possibility of irreparable injury." Id.  Because a preliminary
2   injunction is an extraordinary remedy, courts require the movant to carry its burden of
3   persuasion by a "clear showing." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).
4       Given the substantial questions raised by the papers as to ownership and validity of
5   any security interest in the inventory, as well as which party breached the contract, the
6   court is unable to conclude that plaintiff has either a strong likelihood or probable success
7   on the merits.  Moreover, plaintiff is unable to post the bond that would be required
8   preliminary to its possession of the inventory that has been fully paid for by defendant.
9   Further, plaintiff admits that it seeks this provisional relief in this court solely because it
10  does not believe that the arbitral forum will proceed quickly enough.  However, plaintiff has
11  not acted with sufficient diligence in pursuing arbitration for the court to find it appropriate to
12  essentially usurp the role of the arbitrator.
13      For all of these reasons, the application is DENIED.  The parties shall meet and
14  confer about the necessity for the motion to compel arbitration currently on the court's
15  docket and advise the court no later than July 14, 2008 whether it will be withdrawn.
16  **IT IS SO ORDERED.**
17  Dated: July 3, 2008

PHYLLIS J. HAMILTON
United States District Judge

2